1  Brent H. Blakely (SBN 157292)
   bblakely@blakelylawgroup.com
2  Jamie Fountain (SBN 316567)
   jfountain@blakelylawgroup.com
3  BLAKELY LAW GROUP
   1334 Parkview Avenue, Suite 280
4  Manhattan Beach, California 90266
   Telephone: (310) 546-7400
5  Facsimile: (310) 546-7401

6  **Attorneys for Plaintiff**
   **Deckers Outdoor Corporation**

7
   Arent Fox LLP
8  Allan E. Anderson (SBN 133672)
   555 West 5th Street, 48th Floor
9  Los Angeles, CA 90013
   Telephone: 213.629.7400
10 Facsimile: 213.629.7401

11 OF COUNSEL
   Amster, Rothstein & Ebenstein LLP
12 Anthony F. Lo Cicero (*Pro hac vice*)
   Marc J. Jason (*Pro hac vice*)
13 Richard S. Mandaro (*Pro hac vice*)
   90 Park Avenue
14 New York, NY 10016
   Telephone: 212.336.8000
15 Facsimile: 212.336.8001

16 **Attorneys for Defendant**
   **Walmart Inc.**

17

18             **UNITED STATES DISTRICT COURT**

19             **CENTRAL DISTRICT OF CALIFORNIA**

20 DECKERS OUTDOOR CORPORATION, a
   Delaware Corporation,
21                                              Case No.: 2:20-cv-09521-FLA-Ex
                        Plaintiff,
22                                              **STIPULATED PROTECTIVE**
        vs.                                     **ORDER**
23
   WALMART, INC., a Delaware Corporation;
24 and DOES 1-10, inclusive,

25                      Defendants.

26

27

28

1    Plaintiff Deckers Outdoor Corporation ("Plaintiff" or "Deckers") and

2  Defendant Walmart Inc. ("Defendant" or "Walmart") (collectively the "Parties"), by

3  and through their respective attorneys of record, hereby stipulate to the following

4  Protective Order:

5  **I.      PURPOSES AND LIMITATIONS**

6      Discovery in this action is likely to involve production of confidential,

7  proprietary, or private information for which special protection from public

8  disclosure and from use for any purpose other than prosecuting this litigation may

9  be warranted. Accordingly, the parties hereby stipulate to and petition the Court to

10 enter the following Stipulated Protective Order ("Order'). The Parties acknowledge

11 that this Order does not confer blanket protections on all disclosures or responses to

12 discovery and that the protection it affords from public disclosure and use extends

13 only to the limited information or items that are entitled to confidential treatment

14 under the applicable legal principles. The Parties further acknowledge that this

15 Order does not entitle them to file confidential information under seal; Civil Local

16 Rule 79-5 sets forth the procedures that must be followed and the standards that will

17 be applied when a party seeks permission from the court to file material under seal.

18 **II.     GOOD CAUSE STATEMENT**

19     This action is likely to involve trade secrets, customer and pricing lists and

20 other valuable research, development, commercial, financial, technical and/or

21 proprietary information for which special protection from public disclosure and

22 from use for any purpose other than prosecution of this action is warranted.  Such

23 confidential and proprietary materials and information consist of, among other

24 things, confidential business or financial information, information regarding

25 confidential business practices, or other confidential research, development, or

26 commercial information (including information implicating privacy rights of third

27 parties), information otherwise generally unavailable to the public, or which may be

28 privileged or otherwise protected from disclosure under state or federal statutes,

court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## III.   DEFINITIONS

A.     Action:  This pending federal lawsuit.

B.     Challenging Party:  A Party or Non-Party that challenges the designation of information or items under this Order.

C.     "CONFIDENTIAL" Information or Items:  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

D.     "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" Information or Items: Information that contains or discloses information that the Designating Party, in good faith, believes to be extremely commercially sensitive or would provide a competitive advantage to competitors or compromise or jeopardize the Designating Party's business interests if disclosed, including, but not limited to, information containing corporate trade secrets, nonpublic research, cost data, pricing formulas, inventory management programs, and other financial, sales or business information not known to the public; information obtained from a Non-Party pursuant to a non-disclosure

agreement; and customer-related data to be subject to federal, state or foreign data protection laws or other privacy obligations.

E.     Counsel:  Outside Counsel of Record and In-House Counsel (as well as their support staff).

F.     Designating Party:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY".

G.     Disclosure or Discovery Material:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

H.     Expert:  A person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

I.     In-House Counsel:  Attorneys and legal department staff members who are employees of a party to this Action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

J.     Non-Party:  Any natural person, partnership, corporation, association, or other legal entity not named as a party to this Action.

K.     Outside Counsel of Record:  Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party and includes support staff.

L.   Party:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

M.   Producing Party:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

N.   Professional Vendors:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

O.   Protected Material:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY."

P.   Receiving Party:  A Party that receives Disclosure or Discovery Material from a Producing Party.

## IV.   SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## V.   DURATION

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be (1) dismissal of all claims and defenses in this Action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all

appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## VI.   DESIGNATING PROTECTED MATERIAL

A.   <u>Exercise of Restraint and Care in Designating Material for Protection</u>

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

B.   <u>Manner and Timing of Designations</u>

Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires the following:

a.   For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the

legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
ATTORNEY'S EYES ONLY" (hereinafter "CONFIDENTIAL
Legend"), to each page that contains protected material.  If only a
portion or portions of the material on a page qualifies for protection, the
Producing Party also must clearly identify the protected portion(s) (e.g.,
by making appropriate markings in the margins).

b.      A Party or Non-Party that makes original documents available for
inspection need not designate them for protection until after the
inspecting Party has indicated which documents it would like copied
and produced.  During the inspection and before the designation, all of
the material made available for inspection shall be deemed "HIGHLY
CONFIDENTIAL – ATTORNEY'S EYES ONLY." After the
inspecting Party has identified the documents it wants copied and
produced, the Producing Party must determine which documents, or
portions thereof, qualify for protection under this Order.  Then, before
producing the specified documents, the Producing Party must affix the
CONFIDENTIAL Legend to each page that contains Protected Material.
If only a portion or portions of the material on a page qualifies for
protection, the Producing Party also must clearly identify the protected
portion(s) (e.g., by making appropriate markings in the margins).

c.      For testimony given in depositions, that the Designating Party
identify the Disclosure or Discovery Material on the record, before the
close of the deposition all protected testimony. Failure of counsel to
designate testimony or exhibits at a deposition, however, shall not waive
the protected status of the testimony or exhibits. Counsel may designate
specific testimony or exhibits as Protected Material within fifteen (15)
calendar days after receiving the transcript of the deposition or fifteen
(15) calendar days after the date on which this Order becomes effective,

whichever occurs later. Counsel may agree on the record during the

deposition that the testimony shall be considered and treated as

"HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" during

the pendency of this fifteen (15) calendars day period should this be

necessary. If counsel for the deponent or Party fails to designate the

transcript or exhibits as Protected Material within the above-described

fifteen-day period, any Party shall be entitled to treat the transcript or

exhibits as non-Protected Material. For purposes of this Paragraph, this

Order shall be deemed effective on the date this stipulation is filed with

the Court. When material disclosed during a deposition is designated as

Protected Material at the time testimony is given, the reporter shall

separately transcribe those portions of the testimony so designated, shall

mark the face of the transcript with the appropriate designation, and

shall maintain that portion of the transcript or exhibits in separate files

marked to designate the confidentiality of their contents. The reporter

shall not file or lodge with the Court any Protected Material without

obtaining written consent from the Party who designated the material as

Protected Material. For convenience, if a deposition transcript or exhibit

contains repeated references to Protected Material which cannot

conveniently be segregated from non-confidential material, any Party

may request that the entire transcript or exhibit be maintained by the

reporter as Protected Material.

d.      For information produced in form other than document and for

any other tangible items, that the Producing Party affix in a prominent

place on the exterior of the container or containers in which the

information is stored the appropriate CONFIDENTIAL Legend.  If only

a portion or portions of the information warrants protection, the

Producing Party, to the extent practicable, shall identify the protected portion(s).

C.    Inadvertent Failure to Designate

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VII.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

A.    Timing of Challenges

Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order, the Local Rules, and, as necessary, all relevant authority governing *ex parte* motion practice.

B.    Meet and Confer

The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq., except as required under the circumstances and in good faith application of all relevant authority governing *ex parte* motion practice.

C.    Burden

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

## VIII.    ACCESS TO AND USE OF PROTECTED MATERIAL

A.    Basic Principles

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section XIV (Final Disposition) below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

B.    Disclosure of "CONFIDENTIAL" Information or Items

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a.    The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b.    The Receiving Party's In-House Counsel;

c.    The officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action;

d.    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action subject to the Designating Party's consent to be obtained pursuant to Paragraph VIII.D. of this Order

e.    The Court and its personnel;

f.    Court reporters and their staff;

g.    Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary or this

-10-

Action and who have signed the "Acknowledgment and Agreement to be Bound" attached as Exhibit A hereto;

h.      The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

h.      Any person who is determined to have been an author and/or previous recipient of the information designated as CONFIDENTIAL, but is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the information; and

i.      Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

C.      Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" Information or Items

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" only to:

a.      The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b.      The Receiving Party's In-House Counsel;

c.      Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action subject to the Designating Party's consent to be obtained pursuant to Paragraph VIII.D. of this Order;

d.      The Court and its personnel;

e.      Court reporters and their staff;

-11-

f.      Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary or this Action and who have signed the "Acknowledgment and Agreement to be Bound" attached as Exhibit A hereto;

g.      The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

h.      Any person who is determined to have been an author and/or previous recipient of the information designated as HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY, but is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the information; and

i.      Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

D.      Disclosure of Protected Material to Certain Experts.

If a Party wants to disclose another Party's or a Non-Party's Protected Material to an Expert, disclosure shall be allowed only if the Party desiring such disclosure obtains the Designating Party's consent for disclosure pursuant to the following procedure  or a Court order:

(a) Notice of the name, address, telephone number and title or position of such expert, a curriculum vitae for the expert, notice of the relevant professional or employment-related relationship with a Party, a list of all other cases in which, during the previous four years, the expert testified as an expert at trial or by deposition, and a copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A) signed by the expert, shall be served in writing by e-mail on counsel of record for the Designating Party for such Party's consent to disclosure of Protected Material to such expert.

-12-

(b) Consent to the disclosure shall not be unreasonably withheld, and shall be granted or denied, by e-mail to all counsel of record in this Action, within seven (7) days of receipt of the notice by e-mail. A failure to respond within that seven-day period shall operate as consent.

(c) If any objection to disclosing Protected Material to such an identified expert is made within that seven-day period, and that objection cannot be resolved by agreement between the Party seeking disclosure and the Designating Party, the Party seeking disclosure of the Protected Material may move the Court for an order allowing such disclosure, in accordance with the procedures set forth in C.D. CAL. LOCAL RULES 37-1 through 37-4.

(d) The parties further agree that an expert without percipient knowledge whose identity is disclosed pursuant to this Paragraph cannot be deposed regarding any subject related to this Action, unless the expert has been designated as a testifying expert by the retaining party, and then in a manner consistent with the Federal Rules of Civil Procedure governing expert discovery.

## IX. PROTECTED MATERIAL SUPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material of a Producing Party, the Receiving Party must:

1.    Promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

2.    Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Order; and

3.      Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Receiving Party served with the subpoena or court order shall not produce any Protected Material of the Designating Party before a determination by the Court from which the subpoena or order issued, unless the Receiving Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## XI.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

## XII.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

A. If a Receiving Party has reason to believe that a produced document or other information may reasonably be subject to a claim of privilege, then the Receiving Party shall immediately sequester the document or information, cease using the document or information and cease using any work product containing the information, and shall inform the Producing

Party of the beginning BATES number of the document or, if no BATES number is available, shall otherwise inform the Producing Party of the information.

B. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection (a "Clawback Request"), the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B), including immediately sequestering the document and shall not review or use that document, or any work product containing information taken from that document, for any purpose.  The Parties shall meet and confer regarding any Clawback Request.  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the Order submitted to the Court.

## XIII.   MISCELLANEOUS

### A.   Right to Further Relief

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

### B.   Right to Assert Other Objections

By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

### C.   Filing Protected Material

A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## XIV.  FINAL DISPOSITION

After the final disposition of this Action, as defined in Section V, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day (60-day) deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section V (Duration).

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**:


DATED: October 22, 2021                    BLAKELY LAW GROUP


                                           By:    /s/ Brent Blakely
                                                  Brent H. Blakely
                                                  Jamie Fountain
                                                  ***Attorneys for Plaintiff***
                                                  ***Deckers Outdoor Corporation***


DATED: October 22, 2021                    ARENT FOX LLP


                                           By:    /s/ Allan E. Anderson
                                                  Allan E. Anderson
                                                  ***Attorneys for Defendant***
                                                  ***Walmart, Inc.***

DATED: October 22, 2021                    AMSTER, ROTHSTEIN &
                                           EBENSTEIN LLP


                                           By:    Anthony F. Lo Cicero
                                                  Anthony F. Lo Cicero (*pro hac vice)*
                                                  Marc J. Jason (*pro hac vice*)
                                                  Richard S. Mandaro (*pro hac vice*)
                                                  ***Attorneys for Defendant***
                                                  ***Walmart, Inc***

1  **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED**.

2      DATED:  10/22/2021                    /s/ CHARLES F. EICK

3                                       _____

                                        HONORABLE  CHARLES F. EICK
4                                       United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that I have

read in its entirety and understand the Stipulated Protective Order that was issue by

the United States District Court for the Central District of California on

_____[DATE] in the case of _____[insert

formal name of the case and the number and initials assigned to it by the Court].  I

agree to comply with and to be bound by all the terms of this Stipulated Protective

Order and I understand and acknowledge that failure to so comply could expose me

to sanctions and punishment in the nature of contempt.  I solemnly promise that I

will not disclose in any manner any information or item that is subject to this

Stipulated Protective Order to any person or entity except in strict compliance with

the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____