1  Brent H. Blakely (SBN 157292)
   bblakely@blakelylawgroup.com
2  Jamie Fountain (SBN 316567)
   jfountain@blakelylawgroup.com
3  BLAKELY LAW GROUP
   1334 Parkview Avenue, Suite 280
4  Manhattan Beach, California 90266
   Telephone: (310) 546-7400
5  Facsimile: (310) 546-7401

6  ***Attorneys for Plaintiff***
   ***Deckers Outdoor Corporation***

7

8                UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10

11 DECKERS OUTDOOR              ) CASE NO. 2:20-cv-09521-FLA (Ex)
   CORPORATION, a Delaware      )
12 Corporation,                 ) **[PROPOSED] ORDER RE DECKERS'**
                                ) **EVIDENTIARY OBJECTIONS**
13              Plaintiff,       )
                                ) Hearing
14         v.                   )
                                ) Date:    April 1, 2022
15 WALMART INC., and DOES 1-10, ) Time:    1:30 P.M.
   inclusive                    ) Ctrm.:   6d
16                              )
                Defendants.     ) Complaint Filed:         10/16/2020
17                              ) Motion Hearing Cut-Off: 04/01/2022
                                ) Pre-Trial Conference:    05/13/2022
18                              ) Trial Date:              05/24/2022
                                )
19                              )
                                )      **Hon. Fernando L. Aenlle-Rocha**
20                              )
                                )
21                              )
                                )
22                              )
                                )
23                              )

24

25

26

27

28

Having considered Plaintiff Deckers' Evidentiary Objections to Defendant Walmart's Motion for Summary Judgment, the Court hereby ORDERS as follows:

The following evidence is excluded for the reasons stated:

EXPERT OPINION OF DAVID NEAL ECF No. 54-4

| Excluded Evidence | Reason |
| --- | --- |
| Neal Declaration Paragraph 26.1.2 Paragraph 26.1.3 Paragraphs 27&28 | As the "gatekeeper" of expert evidence, this Court may and should exclude unfounded surveys. See, e.g., *Mixed Chicks LLC v. Sally Beauty Supply LLC*, 879 F. Supp. 2d 1093, 1094 (C.D. Cal. 2012). Where, as here, a trademark action contemplates a jury trial rather than a bench trial, the Court should scrutinize survey evidence with particular care.  See, e.g., *Kargo Global, Inc. v. Advance Magazine Publrs., Inc*., No. 06-Civ.-550, 2007 WL 2258688, *11(S.D.N.Y. Aug. 6, 2007).  Expert testimony may not be admitted unless it is both "relevant and reliable," *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993).  Rule 702 implements Daubert's reliability prong by requiring expert testimony to be "based upon sufficient facts or data" and "the product of reliable principles and methods." Further, a court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury . . . ." Fed. R. Evid. 403. This rule applies with as much force to expert surveys as it does to other types of evidence. See, e.g., *Starter Corp. v. Converse, Inc*., 170 F.3d 286, 296–97 (2d Cir. 1999) (affirming exclusion of survey where probative value was outweighed by prejudicial effect).  As the "gatekeeper" of expert evidence, this Court may and should exclude irrelevant and unfounded surveys. See, e.g., *Mixed Chicks LLC v. Sally Beauty Supply LLC*, 879 F. Supp. 2d 1093, 1094 (C.D. Cal. 2012). Where, as here, a trademark action contemplates a jury trial rather than a bench trial, the Court should scrutinize survey evidence with particular care.  See, e.g., |

*Kargo Global, Inc. v. Advance Magazine Publrs., Inc.*, No. 06-Civ.-550, 2007 WL 2258688, *11(S.D.N.Y. Aug. 6, 2007). Evidence is relevant, and thus admissible under Rule 401, only when it would make a material fact "more or less probable." See *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 897 (9th Cir. 1994). Moreover, expert testimony may not be admitted unless it is both "relevant and reliable," *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). Rule 702 implements *Daubert's* reliability prong by requiring expert testimony to be "based upon sufficient facts or data" and "the product of reliable principles and methods." Further, a court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury . . . ." Fed. R. Evid. 403. This rule applies with as much force to expert surveys as it does to other types of evidence. See, e.g., *Starter Corp. v. Converse, Inc.*, 170 F.3d 286, 296–97 (2d Cir. 1999) (affirming exclusion of survey where probative value was outweighed by prejudicial effect).

Prof. Neal's survey is inadmissible in its entirety because it is fundamentally flawed in its methodology. Specifically, Prof Neal uses the exact same heel strap depicted in the test cell in the control cell, which resulted in an erroneous 19.2% result.

 

Despite respondents not always being able to articulate their reasons for a particular belief that the Control Cell was associated with UGG, no fewer than 6 of Neal's control cell respondents specifically mentioned the strap as the reason for their association.

- o    169 "The style and the **strap in the back**"
- o    187 "The **design and back**"
- o    189 "The **strap**"
- o    226 "They look like slides that Ugg has put out recently. The **thick band around the ankle is where the logo is**."
- o    17 "They have **straps** on most of there [sic] shoes"

[PROPOSED] ORDER RE PLAINTIFF'S EVIDENTIARY OBJECTIONS

| | |
|---|---|
| | o  233 "The **band behind the heel**" |
| | Prof. Neal's survey effectively predetermined the result by showing the respondents a sandal with the exact same heel strap as the UGG Fluff Yeah Slide.  See e.g., *Bobrick Washroom Equip., Inc. v. Am. Specialties, Inc.*, 2012 U.S. Dist. LEXIS 111465 **49-51 (C.D. Cal. Aug. 8, 2012); *Mattel, Inc. v. MCA Records, Inc.*, 28 F. Supp. 2d 1120, 1135 (C.D. Cal. 1998) ("A survey question which begs its answer cannot be a true indicator of the likelihood of consumer confusion.") (quoting *Universal City Studios, Inc. v. Nintendo Co.*, 746 F.2d 112 (2d Cir. 1984) |
| | Although methodological flaws often bear on the weight a survey receives rather than its admissibility, serious, foundational errors such as the one made by Prof. Neal are sufficient to "make any reliance on th[e] survey unreasonable." *Icon Enterprises Int'l, Inc. v. Am. Products Co.*, No. CV 04-1240, 2004 WL 5644805, *22 (C.D. Cal. Oct. 7, 2004) (emphasis added) (quoting *Scott Fetzer Co. v. House of Vacuums Inc.*, 381 F.3d 477, 488 (5th Cir. 2004)). |

EXPERT OPINION OF LENNY HOLDEN ECF No. 54-6

| Excluded Evidence | Reason |
|---|---|
| Holden's: <br><br> Declaration in support of Motion for Summary Judgment ECF NO. 54, which is supported by the: <br> -Initial Report | <u>Holden's Opinions Concerning the Affirmative Defense of Obviousness Should be Excluded For Failure to Disclose</u> <br><br> <u>Relevance FRE 401, 403; Failure to Plead in Accordance with FRCP 8; Violation of the Scheduling Order.</u> The first time Walmart raised an invalidity defense (obviousness) was in its Motion for Summary Judgment. (ECF No. 54) Obviousness was never addressed in any of Walmart's expert reports. *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011)(parties are required to make their expert disclosures at the time and in the manner ordered by the court) Walmart's invalidity defense for obviousness is barred, and therefore prior art is irrelevant. *Advanced Cardiovascular Sys. v. Medtronic, Inc.*, 1996 U.S. Dist. LEXIS 11700 **9-10 |

| | | |
|---|---|---|
| 1 | -Rebuttal Report | (N.D. Cal. July 24, 2006)(not alleged); *Metso Minerals, Inc. v. Powerscreen Int'l Distrib., Ltd.*, 681 F. Supp. 2d 309, 327 (EDNY 2010) (not in report); *Christiansen v. Syverson*, 516 F. Supp. 3d 1151, 1154 (D. Idaho 2021) |

<u>Failure to Disclose FRCP 26 & 37</u>. Walmart's prior art references contained in the search report, all of which were produced for the first time after the fact discovery deadline in this case, should be excluded. *Apple Inc. v. Samsung Elecs. Co.*, 786 F.3d 983, 1000 (Fed. Cir. 2015)

<u>Mr. Holden's opinions Fail the Requirements Set forth for Experts in Rule 702</u>

Mr. Holden's opinions should be excluded in their entirety. Expert testimony is admissible under Federal Rule of Evidence 702 only if (1) it will assist the trier of fact to understand the evidence or to determine a fact in issue, (2) it is based on sufficient data, (3) it is the product of reliable principles and methods, and (4) the witness has properly applied the principles and methods to the facts of the case. *Daubert v. Merrell DowPharms., Inc.*, 509 U.S. 579, 591-95 (1993). When a party seeks to exclude expert testimony, the proponent of the expert testimony has the burden of establishing, by a preponderance of the evidence, that the pertinent admissibility requirements are met. District Courts are given wide latitude to determine the admissibility of expert testimony, and their decision to exclude such testimony will be affirmed on appeal absent an abuse of discretion. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 138-139 (1997). Mr. Holden's opinions within his report regarding infringement and alleged prior art, if offered as testimony, would fail the requirements for experts as set forth in Rule 702. By introducing testimony that relates to prior art and obviousness, as well as his opinions on trade dress, Mr. Holden's opinions are based on deeply flawed methodology and inadmissible evidence that cannot be allowed to be presented to the trier of fact.

As a threshold matter, during his deposition Mr. Holden demonstrated a complete lack of technical knowledge regarding the matters upon which he was giving opinions - patent and trade dress infringement. FRE 702. While Mr.

1   Holden clearly has experience making shoes, he couldn't
2   differentiate between a patent and a trade dress, articulate the
    test for either patent or trade dress infringement, or even
3   identify the definition for obviousness or prior art. As such, he
    was clearly unqualified to render opinions on these matters.
4

5       Mr. Holden's opinions are also unsubstantiated. "[A]n
    ultimate conclusion with no analysis is meaningless and is not
6   helpful to the factfinder. *Winters v. Fru-Con Inc.*, 498 F. 3d
    734, 743 (7th Cir. 2007).
7

8   <u>Mr. Holden's opinions regarding obviousness are conclusory
    and based on inadmissible evidence</u>.  As this Court held in a
9   previous case involving another Deckers' patent:
10

11  "First, Deckers argues that "Poetsch's expert opinions should
    be excluded because they are entirely conclusory and based on
12  inadmissible evidence."(Id.) Deckers contends that Poetsch's
    opinions regarding obviousness are conclusory because she
13  fails to provide sufficient analysis for her legal conclusion.
    (Id.) To support their argument, Deckers cites *Innogenetics*,
14  where the district court excluded an expert's testimony because
    the expert failed to "state how or why a person ordinarily
15  skilled in the art would have found the claims . . . obvious . . ."
16  *Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1373 (Fed.
    Cir. 2008) (upholding district court's exclusion of expert
17  testimony).  R&J opposes Deckers' Motion and argues that
    Poetsch's testimony "is not conclusory merely because it can
18  be stated succinctly." (ECF No. 204 at 2.) However, the Court
19  agrees with Deckers, and finds that Poetsch's testimony fails to
    provide sufficient analysis which states how or why a person
20  skilled in the art would have found the claims of the patents at
21  issue obvious. See *Innogenetics*, 512 F.3d at 1373. The court
    in *Innogenetics* found that vague expert testimony would not
22  be helpful and stated, that "there must be some articulated
    reasoning with some rational underpinning to support the legal
23  conclusion of obviousness." *Id*. at 1373 (citing *In re Kahn*, 441
24  F.3d 977, 988 (Fed. Cir. 2006)). Therefore, the Court finds that
    to the extent that Poetsch's report provides conclusory opinions
25  regarding the obviousness of the '189 Patent, that evidence is
26  excluded from trial."
27

28

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8 | | *Deckers Outdoor Corp. v. Romeo & Juliette, Inc.*, 2017 U.S. Dist. LEXIS 217136 *9 (C.D. Cal. Oct. 6, 2017)<br><br>      Similarly, Mr. Holden fails to articulate any reason why the '941 Patent is invalidated by the purported prior art. He does not discuss primary or secondary references.  Rather, Mr. Holden's opinions do nothing more than parrot Walmart's counsel's statements that the website screenshots are prior art (when they're not) and makes no analysis whatsoever as to why said purported prior art renders the '941 Patent obvious under clear and convincing evidence. |
| 9<br>10<br>11<br>12<br>13<br>14<br>15 | Holden Dec. Paragraphs 5-5.3 concerning the "mule" style.  See also Expert Report of Holden Section 2 pages 4-8. | <u>Relevance FRE 401, 403; Foundation 901</u>.   The Ugg Fluff Yeah Slide is not a "mule" and has never been called a mule by anyone other than Mr. Holden. |
| 16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26<br>27<br>28 | Holden Dec. Sections 6-8 regarding the purported prior art; See also Holden Report Sections 5 &6, pages 17-26 (same); Holden Rebuttal sections 8-12, pages 13-18. | <u>Relevance FRE 401, 403; Failure to assert obviousness as an affirmative defense. FRCP 8; Violation of the Scheduling Order.</u><br><br>Prior art is only relevant to certain patent invalidity defenses (e.g., obviousness, anticipation, inequitable conduct), none of which were plead as an affirmative defense in Walmart's Answer.  The first time Walmart raised an invalidity defense (obviousness) was in its Motion for Summary Judgment. (ECF No. 54) Obviousness was never addressed in any of Walmart's expert reports.  Walmart's invalidity defense for obviousness is barred, and therefore prior art is irrelevant. *Advanced Cardiovascular Sys. v. Medtronic, Inc.*, 1996 U.S. Dist. LEXIS 11700 **9-10 (N.D. Cal. July 24, 2006)(not alleged); *Metso Minerals, Inc. v. Powerscreen Int'l Distrib., Ltd.*, 681 F. Supp. 2d 309, 327 (EDNY 2010) (not in report).<br><br><u>Failure to Disclose FRCP 26 & 37.</u> Walmart's prior art references contained in the search report, all of which were |

1
2
produced for the first time after the fact discovery deadline in
this case, should be excluded.  *Apple Inc. v. Samsung Elecs.
Co.*, 786 F.3d 983, 1000 (Fed. Cir. 2015)

3
4
5
6
7
8
9
Foundation FRE 602; Speculation. No declaration signed
under penalty of perjury is submitted in connection with the
search report that lays a foundation for the documents
contained therein (the internet screenshots), and thus said
documents cannot be considered on summary judgment. [Fed.
R. Civ. P. 56(e); See also *United States for Use and Benefit of
Austin v. W. Elec. Co*., 337 F.2d 568, 574-75 (9th Cir. 1964);
*Robinson v. Penner*, 2008 U.S. Dist. LEXIS 14481, at *2 (E.D.
Cal. Feb. 25, 2008)]

10
11
Hearsay 801(c), 802. The internet screenshots are out of court
statements used to prove the truth of the matter asserted and
are not admissible.

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
Failure to Authenticate FRE 901(a).  Defendant has failed to
authenticate any of internet screenshots and they are therefore
inadmissible as prior art. To be authenticated, some statement
or affidavit from someone with knowledge is required.  *In re
Homestore.com, Inc. Sec. Litig*., 347 F. Supp. 2d 769, 782-83
(C.D. Cal. 2004) ("for example, Homestore's web master or
someone else with personal knowledge would be sufficient" to
authenticate content of homestore.com printouts) Defendants
has not submitted any affidavits from the web master or
anyone else for that matter with personal knowledge of the
various websites to lay foundation for the printouts.  Content
on the printouts is thus nothing more than inadmissible
hearsay. FRE 801, 802.  Even then, the printouts alone are
insufficient to demonstrate that the purported prior art depicted
therein were in public use, such as invoices and other indicia
of actual sales in commerce, in the United States.  *Deckers v.
Romeo & Juliette*, 2017 U.S. Dist. LEXIS 91711 **6-15 (June
13, 2017); *Apple, Inc. v. Samsung Elecs. Co*., 2012 U.S. Dist.
LEXIS 90889, at *38 (N.D. Cal. June 29, 2012) ("Other than
Mr. Bogue's declaration, Samsung cites no evidence that
Tablecloth was known or used in a publicly accessible manner,
or that Tablecloth was in public use or on sale. Absent
corroboration, Mr. Bogue's declaration cannot serve to
invalidate the '381 Patent.")

[PROPOSED] ORDER RE PLAINTIFF'S EVIDENTIARY OBJECTIONS

<u>Mr. Holden's opinions regarding obviousness are conclusory and based on inadmissible evidence</u>.  As this Court held in a previous case involving another Deckers' patent:

"First, Deckers argues that "Poetsch's expert opinions should be excluded because they are entirely conclusory and based on inadmissible evidence."(Id.) Deckers contends that Poetsch's opinions regarding obviousness are conclusory because she fails to provide sufficient analysis for her legal conclusion. (Id.) To support their argument, Deckers cites *Innogenetics*, where the district court excluded an expert's testimony because the expert failed to "state how or why a person ordinarily skilled in the art would have found the claims . . . obvious . . ." *Innogenetics, N.V. v. Abbott Labs*., 512 F.3d 1363, 1373 (Fed. Cir. 2008) (upholding district court's exclusion of expert testimony).  R&J opposes Deckers' Motion and argues that Poetsch's testimony "is not conclusory merely because it can be stated succinctly." (ECF No. 204 at 2.) However, the Court agrees with Deckers, and finds that Poetsch's testimony fails to provide sufficient analysis which states how or why a person skilled in the art would have found the claims of the patents at issue obvious. See *Innogenetics*, 512 F.3d at 1373. The court in *Innogenetics* found that vague expert testimony would not be helpful and stated, that "there must be some articulated reasoning with some rational underpinning to support the legal conclusion of obviousness." *Id*. at 1373 (citing *In re Kahn*, 441 F.3d 977, 988 (Fed. Cir. 2006)). Therefore, the Court finds that to the extent that Poetsch's report provides conclusory opinions regarding the obviousness of the '189 Patent, that evidence is excluded from trial."

*Deckers Outdoor Corp. v. Romeo & Juliette, Inc*., 2017 U.S. Dist. LEXIS 217136 *9 (C.D. Cal. Oct. 6, 2017)

Similarly, Mr. Holden fails to articulate any reason why the '941 Patent is invalidated by the purported prior art. He does not discuss primary or secondary references.  Rather, Mr. Holden's report does nothing more than parrot Walmart's counsel's statements that the website screenshots are prior art (when they're not) and makes no analysis whatsoever as to why said purported prior art renders the '941 Patent obvious under clear and convincing evidence.

| | |
|---|---|
| Holden Dec. Paragraph 8 regarding non-infringement; See also Holden Report section 3, pages 9-13 (same) | "[T]he trial court must assure that the expert testimony 'both rests on a reliable foundation and is relevant to the task at hand.'" *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010) (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993)] "The district court is not tasked with deciding whether the expert is right or wrong, just whether his testimony has substance such that it would be helpful to a jury." *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc*., 738 F.3d 960, 969-70 (9th Cir. 2013)] "[S]tatements in declarations based on speculation or improper legal conclusions, or argumentative statements, are not facts and likewise will not be considered on a motion for summary judgment." *Burch v. Regents of the Univ. of Cal.*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006). <br><br> "The comparison step of the infringement analysis requires the fact-finder to determine whether the patented design as a whole is substantially similar in appearance to the accused design." *OddzOn Prods. v. Just Toys*, 122 F.3d 1396, 1405 (Fed. Cir. 1997). "[I]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other." *Gorham Co. v. White*, 81 U.S. 511, 528 (1871). Complete similarity is not required to find infringement, and "minor changes in a design are often readily made without changing its overall appearance." Id.; see also *Crocs, Inc. v. Int'l Trade Com'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010) ("minor differences between a patented design and an accused article's design cannot, and shall not, prevent a finding of infringement."). <br><br> During his deposition Mr. Holden demonstrated a total lack of ignorance regarding the test for infringement in a design patent case.  Indeed, his deconstruction of the sandals is completely irrelevant, as consumers don't saw apart footwear they are considering purchasing.  Whether the strap on the Accused Product is 5mm shorter than the Fluff Yeah Slide is irrelevant if the overall appearance is still similar. Holden's opinion |

| | |
|---|---|
| 1 2 3 | should be excluded because it is entirely conclusory and not based on proper methodology. |
| 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28 | Holden Dec. Paragraph 9 regarding trade dress and secondary meaning; See also Holden Report section 4, pages 13-16, Sections 7 and 8, pages 26-30. (same); Holden Rebuttal sections 5-7, pages 7-13, Sections 13-14, pages 19-21. | This Court should find Mr. Holden's testimony regarding secondary meaning to be inadmissible. At the outset, Mr. Holden has no basis or qualifications to form an opinion as to whether consumers associate the Fluff Yeah Trade Dress with the Accused Product, and indeed, his opinion on this issue lacks any basis whatsoever.

Secondary meaning for trade dress means that a significant number of potential customers associate the trade dress with a single source of the product. *Inwood Laboratories, Inc. v. Ives Laboratories, Inc*., 456 U.S. 844, 851, 102 S. Ct. 2182, 72 L. Ed. 2d 606 (1982). "Secondary meaning can be established in many ways, including (but not limited to) direct consumer testimony; survey evidence; exclusivity, manner, and length of use of a mark; amount and manner of advertising; amount of sales and number of customers; established place in the market; and proof of intentional copying by the defendant." *Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns, Inc.*, 198 F.3d 1143, 1151 (9th Cir. 1999).

While Mr. Holden concludes, incorrectly and without providing any basis, that shoes must be sold for decades before they can obtain secondary meaning, he does not actually analyze whether consumers would associate the Fluff Yeah Trade Dress with the Accused Product. Mr. Holden fails to consider any of the other relevant secondary meaning factors with respect to the Fluff Yeah Slide, making his ultimate opinion severely flawed. For instance, Holden fails to sales volume, media coverage, amount of advertising, and prevalence among a celebrity audience. *adidas Am., Inc*., 890 F.3d 747 at 754; *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1016 (9th Cir. 1985) (finding evidence of sales, promotional efforts, and duration of exclusive use indicative of secondary meaning). In *adidas*, the Court also found it indicative of secondary meaning that the shoes received extensive media coverage and iconic status. *Adidas Am. Inc*, 890 F.3d at 754-55; See *Golden Door, Inc. v. Odisho*, 646 F.2d 347, 350–51 (9th Cir. 1980) ("The district court's |

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11 | | finding that a secondary meaning has attached is supported by evidence of the extensive media coverage ....").  Indeed, Mr. Holden was unable to articulate the test for secondary meaning when asked during his deposition. Thus, his opinion cannot even withstand basic scrutiny.<br><br>    Expert testimony that fails to follow the proper legal standard is irrelevant and based on an unreliable methodology, and therefore must be excluded. See *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 341 (5th Cir. 1999). Incorrect statements of law are no more admissible through "experts" than are falsifiable scientific theories. *Herbert v. Lisle Corp.*, 99 F.3d 1109, 1117 (Fed. Cir. 1996); see also *Am. Med. Sys. v. Laser Peripherals, LLC*, 712 F. Supp. 2d 885, 901 (D. Minn. 2010) (excluding expert opinions based on incorrect legal standard) |
| 12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26<br>27<br>28 | Holden Dec. Ex. 3<br>GLS Search Report;<br>See also Holden<br>Report, Exhibit 3<br>(same) | <u>Relevance FRE 401, 403; Failure to plead obviousness as an affirmative defense.</u> <u>FRCP 8; Violation of the Scheduling Order.</u>  Prior art is only relevant to certain patent invalidity defenses (e.g., obviousness, anticipation, inequitable conduct), none of which were plead as an affirmative defense in Walmart's Answer.  The first time Walmart raised an invalidity defense (obviousness) was in its Motion for Summary Judgment. (ECF No. 54) Obviousness was never addressed in any of Walmart's expert reports.  Walmart's invalidity defense for obviousness is barred, and therefore prior art is irrelevant.  *Advanced Cardiovascular Sys. v. Medtronic, Inc.*, 1996 U.S. Dist. LEXIS 11700 **9-10 (N.D. Cal. July 24, 2006)(not alleged); *Metso Minerals, Inc. v. Powerscreen Int'l Distrib., Ltd.*, 681 F. Supp. 2d 309, 327 (EDNY 2010) (not in report).<br><br><u>Failure to Disclose FRCP 26 & 37.</u> Walmart's prior art references contained in the search report, all of which were produced for the first time after the fact discovery deadline in this case, should be excluded.  *Apple Inc. v. Samsung Elecs. Co.*, 786 F.3d 983, 1000 (Fed. Cir. 2015)<br><br><u>Foundation FRE 602; Speculation.</u> No declaration signed under penalty of perjury is submitted in connection with the search report that lays a foundation for the documents contained therein (the internet screenshots), and thus said |

| | | |
|---|---|---|
| 1 | | documents cannot be considered on summary judgment. [Fed. R. Civ. P. 56(e); See also *United States for Use and Benefit of Austin v. W. Elec. Co.*, 337 F.2d 568, 574-75 (9th Cir. 1964); *Robinson v. Penner*, 2008 U.S. Dist. LEXIS 14481, at *2 (E.D. Cal. Feb. 25, 2008)] |
| | | <u>Hearsay 801(c), 802</u>. The internet screenshots are out of court statements used to prove the truth of the matter asserted and are not admissible. *Deckers v. Romeo & Juliette*, 2017 U.S. Dist. LEXIS 91711 **6-15 (June 13, 2017) |
| | | <u>Failure to Authenticate FRE 901(a).</u>  Defendant has failed to authenticate any of internet screenshots and they are therefore inadmissible as prior art. To be authenticated, some statement or affidavit from someone with knowledge is required.  *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004) ("for example, Homestore's web master or someone else with personal knowledge would be sufficient" to authenticate content of homestore.com printouts)  Defendants has not submitted any affidavits from the web master or anyone else for that matter with personal knowledge of the various websites to lay foundation for the printouts.  Content on the printouts is thus nothing more than inadmissible hearsay. FRE 801, 802.  Even then, the printouts alone are insufficient to demonstrate that the purported prior art depicted therein were in public use, such as invoices and other indicia of actual sales in commerce, in the United States.  *Deckers v. Romeo & Juliette*, 2017 U.S. Dist. LEXIS 91711 **6-15 (June 13, 2017); *Apple, Inc. v. Samsung Elecs. Co.*, 2012 U.S. Dist. LEXIS 90889, at *38 (N.D. Cal. June 29, 2012) ("Other than Mr. Bogue's declaration, Samsung cites no evidence that Tablecloth was known or used in a publicly accessible manner, or that Tablecloth was in public use or on sale. Absent corroboration, Mr. Bogue's declaration cannot serve to invalidate the '381 Patent."). |
| | Hoden Dec. Ex. 6 Lack of Trade Dress; See also Holden Report Exhibit 6 (same) | Relevance FRE 401, 403; Foundation FRE 901. |

| | |
|---|---|
| Holden Rebuttal Report to Caroline de Beare; comments regarding prior art. Paragraphs/Sections 4.2, 5.1, 5.3-5.8, 7.1, 7.3, 8, 9, 10. | Deckers' expert report from Caroline de Beare primarily concerned with Deckers' trade-dress claims:<br><br>A. The Fluff Yeah Trade Dress is Non-Functional;<br>B. The Fluff Yeah Trade Dress is Distinctive and has Acquired Secondary Meaning;<br>C. Infringement of Trade Dress.<br><br>Regarding Deckers Patent claim, Ms. de Beare only gave an opinion on infringement of the '941 Patent under the ordinary observer test.  Because Walmart never plead obviousness as an affirmative defense or mentioned it in any expert reports, and waited until it filed its Motion for Summary Judgment to raise this argument, Ms. de Beare did not give any opinions on invalidity due to obviousness in her expert report.<br><br>FRCP 26(a)(2)(D)(ii) permits expert disclosures "intended solely to contradict or rebut evidence on the same subject matter" from an opposing party's expert.  Rebuttal testimony "is intended solely to contradict or rebut evidence on the same subject matter identified by another party." Fed.R.Civ.P. 26(a)(2)(D)(ii). "Rebuttal evidence is appropriate only to 'explain, repel, counteract or disprove the evidence of the adverse party.'" *United States ex rel. Brown v. Celgene Corp.*, No. CV 10-3165 GHK (SS), 2016 U.S. Dist. LEXIS 189600, 2016 WL 6542730, at *4 (C.D. Cal. June 29, 2016) (quoting *Crowley v. Chait*, 322 F. Supp. 2d 530, 551 (D.N.J. 2004)). Rule 26 "anticipates that litigants will disclose expert evidence necessary to support their case-in-chief in the initial round of expert disclosures." 2016 U.S. Dist. LEXIS 189600, [WL] at *3. Rebuttal experts may not testify in their parties' case-in-chief. See, e.g., *Lindner v. Meadow Gold Dairies, Inc*., 249 F.R.D. 625, 636 (D. Haw. 2008); see also *Oracle Am., Inc. v. Google Inc.*, No. C 10-03561 WHA, 2011 U.S. Dist. LEXIS 131706, 2011 WL 5572835, at *3 (N.D. Cal. Nov. 15, 2011) ("A party with the burden of proof on an issue should not be allowed to secretly prepare an army of "rebuttal" experts to attack the opposition reports"); *Daly v. Far Eastern Shipping Co.*, 238 F. Supp. 2d 1231, 1239 (W.D. Wash. 2003)(beyond the scope of proper rebuttal, because it "did not address any particular opinion in [defendant's expert]'s report) Holden's comments in his rebuttal report addressing invalidity due to |

| | obviousness over prior art, which he then relies on in his Declaration in support of his motion for summary judgment, should be excluded because they are not proper rebuttal. |
|---|---|

**IT IS SO ORDERED.**

DATED:_____    _____

                                                   **Hon. Fernando L. Anelle-Rocha**

                                                   United States District Court Judge