**THE LAW OFFICES OF BENJAMIN TAYLOR**
BENJAMIN TAYLOR (SBN 240636)
btaylor@taylorlawfirmpc.com
1880 Century Park East, Suite 714
Los Angeles, CA, 90067
Tel: (310) 201-7600
Fax: (310) 201-7601

OF COUNSEL
**GS2 LAW PLLC**
ROBERT D. GARSON (PRO HAC VICE)
rg@gs2law.com
JOHN R. LANE (PRO HAC VICE)
jrl@gs2law.com
20803 Biscayne Blvd, 4th Floor
Aventura, Fl 33154
Tel: (305) 780-5212
Fax: (347) 537-4540
**Attorneys for Defendant Walmart, Inc**.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>WALMART, INC., and DOES 1-10, inclusive<br><br>Defendants. | Case No. 2:20-cv-09521 FLA-E<br><br>**DEFENDANT WALMART, INC.'S REPLY IN SUPPORT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 54]**<br><br>Hearing Date: April 1, 2022<br>Time: 1:30 p.m.<br>Courtroom: 6B<br><br>Hon. Fernando L. Aenlle-Rocha |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................. ii

I. INTRODUCTION AND SUMMARY OF REPLY ARGUMENT ................................... 1

II. DEFENDANT'S PRIOR ART EVIDENCE IS ADMISSIBLE AND RENDERS
THE DECKER'S DESIGN PATENT INVALID .............................................................. 2

    a. The Issues of Patent Interpretation and Invalidity are Properly Before the
Court .................................................................................................................... 3

    b. Defendant's Disclosure of Prior Art Was Proper and is Not Barred by *Fed.
R. Civ. P.* 37 or Otherwise .................................................................................... 4

    c. Defendant's Prior Art Evidence Is Admissible ..................................................... 7

    d. Defendant's Expert Has Presented a Proper Analysis of the Prior Art in
Comparison to the '941 Design Patent ................................................................. 8

III. PLAINTIFF'S UNREGISTERED TRADE DRESS CLAIM IS FATALLY
FLAWED ........................................................................................................................ 10

    a. Plaintiff Cannot Establish Secondary Meaning ................................................... 10

    b. The Claimed Trade Dress is Weakened by the Manner of Inconsistent Use ........ 13

    c. Plaintiff's Length of Use and Advertising Evidence Falls Well Short of the
Mark .................................................................................................................... 13

    d. The Claimed Trade Dress is Clearly Functional .................................................. 15

IV. CONCLUSION ............................................................................................................... 15

**TABLE OF AUTHORITIES**

**Cases**

*Abbott Laboratories v. Sandoz, Inc.*
 743 F.Supp.2d 762 (N.D. Ill. 2010) ............................................................. 5,6

*Adidas-Salomon AG v. Target Corp.*
 228 F.Supp.2d 1192 (D. Or. 2002) ............................................................. 14

*Akers v. Beal Bank*
 845 F.Supp.2d 238 (D.D.C. 2012) ............................................................. 7

*Boston Beer Co. v. Slesar Bros. Brewing Co.*
 9 F.3d 175, 28 USPQ2d 1778 (1st Cir. 1993) ............................................. 11

*Cole v. Layrite Products Co.*
 439 F.2d 958 (9th Cir. 1971) ..................................................................... 4

*DataQuill Ltd. v. Handspring, Inc.*
 2003 WL 25696445 (N.D. Ill., Dec. 19, 2003)) ......................................... 5, 6

*Firehouse Restaurant Group, Inc.*
 2011 WL 3555704 (D.S.C., August 11, 2011) ........................................... 7,8

*Flowers Indus. Inc. v. Interstates Brands Corp.*
 5 USPQ2d 1580 (TTAB 1987) .................................................................. 11

*Foreward Magazine, Inc. v. OverDrive, Inc.*
 2011 WL 5169384 (W.D. Mich., Oct. 31, 2011) ........................................ 7,8

*Golden Eye Media USA, Inc. v. Trolley Bags UK Ltd.*
 525 F.Supp.3d 1145 (S.D.Cal. 2021) ......................................................... 4

*Graham v. John Deere Co. of Kan. City*
 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966) ...................................... 10

*Grand Gen. Accessories Mfg. v. United Pac. Indus. Inc.*
 732 F.Supp.2d 1014 (C.D.Cal. 2010) ........................................................ 10

*High Point Design LLC v. Buyers Direct, Inc.*
 730 F.3d 1301 (Fed. Cir. 2013) ................................................................. 4, 10

*In re Boston Beer Co.*
 198 F.3d 1370, 53 USPQ2d 1056 (Fed. Cir. 1999) ................................... 14

*In re Busch Entm't Corp.*
 60 USPQ2d 1130 (TTAB 2000) ................................................................ 14

*In re Pennzoil Prods. Co.*
 20 USPQ2d 1753 (TTAB 1991) ................................................................ 15

*In re Redken Labs., Inc.*
    170 USPQ 526 (TTAB 1971) .......................................................................... 14

*In re Wilcher Corp.*
    40 USPQ2d 1929 (TTAB 1996) ...................................................................... 11

*KSR Int'l Co. v. Teleflex Inc.*
    550 U.S. 398, 127 S.Ct. 1727, 167 L.Ed.2d 705 (2007) ................................. 10

*Lorraine v. Markel Am. Ins. Co.*
    241 F.R.D. 534 (D. Md. 2007) ......................................................................... 7

*Martin v, Performance Boat Brockerage.com, LLC*
    973 F.Supp.2d 820 (W.D. Tenn, 2013) ............................................................ 7

*Medcursor Inc. v. Shenzen KLM Internet Trading Co., Ltd.*
    543 F.Supp.3d 866 (C.D.Cal. 2021) .............................................................. 10

*Medtronic, Inc. v. Cardiac Pacemakers, Inc.*
    721 F.2d 1563 (Fed. Cir. 1983) ........................................................................ 3

*Nana-Akua Takyiwaa Shalom v. Payless Shoesource Worldwide, Inc.*
    921 F.Supp.2d 470 (D. Md. 2013) ................................................................... 7

*Nextel Commc'ns, Inc. v. Motorola, Inc.*
    91 USPQ2d 1393 (TTAB 2009) ...................................................................... 11

*Sackett v. Beaman*
    399 F.2d 884 (9th Cir. 1968) ............................................................................ 4

*Stuart Spector Designs Ltd. v. Fender Musical Instruments Corp.*
    94 USPQ2d 1549 (TTAB 2009) ...................................................................... 11

*Vineyard House v. Constellation Brands US Ops.*
    515 F.Supp.3d 1061 (N.D. Cal. 2021) ........................................................... 12

*Wal-Mart Stores, Inc. v. Samara Bros.*
    529 U.S. at 205 (2000) .................................................................................... 11

*Yeti by Molly Ltd. v. Deckers Outdoor Corp.*
    259 F.3d 1101 (9th Cir. 2001) .......................................................................... 4

*Zivkovic v. S. Cal. Edison Co.*
    302 F.3d 1080 (9th Cir. 2002) .......................................................................... 3

**Statutes**

*Fed.R.Civ.P.* 37(c)(1) ............................................................................................ 4,6

*Fed.R.Civ.P.* 56(c) ................................................................................................. 7,8

# I. INTRODUCTION AND SUMMARY OF REPLY ARGUMENT

Plaintiff's Opposition, places form over substance by attempting to exclude Defendant's prior art evidence that it takes great pains to avoid dealing with because of its overwhelming import and substance. In doing so, Plaintiff tries to put the cart before the horse in seeking to elevate issues such as infringement of its clearly invalid design patent and confusion of its nonexistent alleged trade dress, that this Court need not and should not even reach in the context of Defendant's pending Motion for Summary Judgment [ECF No. 54] ("Motion").

First, Plaintiff has simply ignored the substantial prior art that Defendant timely produced during fact and expert discovery. It failed to even provide the prior art to its experts at any point during expert discovery, denying them the ability to address it in any of Plaintiff's expert reports[1].

Second once its experts had the benefit of Defendant's expert reports and opinions relating to such prior art evidence, Plaintiff curiously opted to waive its opportunity to rebut Defendant's expert opinions by failing to prepare or disclose a single expert rebuttal report during expert discovery.

Third, Plaintiff can now only muster a vainglorious argument that the Court should simply disregard all of Defendant's expert evidence and opinions in rebuttal

---

[1] Presumably by design because the prior art is irrebuttable, especially in light of Plaintiff's failure to perform a search prior to filing the patent.

1
DEFENDANT WALMART, INC.'S REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

so that Plaintiff may avoid dealing with its substance and prematurely jump start the issues of infringement that it should never be entitled to reach in this case.

With respect to Plaintiff's allegations of unregistered trade dress infringement, Plaintiff again adopts a very similar approach, by ignoring Defendant's survey expert's compelling conclusions, which demonstrate a total absence of any acquired distinctiveness (ie. secondary meaning), for a product configuration trade dress that most court's are extremely reluctant to recognize, largely due to the commonplace nature of functional product shapes such as the sandal designs involved in this case. Here, again, Plaintiff neglected to produce any expert rebuttal evidence against Defendant's survey expert's report and conclusions, leaving its status as knockout evidence completely unchallenged.

The remainder of Plaintiff's overreaching and voluminous Opposition submissions are largely irrelevant and should be ignored. They serve only to distract the Court from the total absence of valid intellectual property rights and attempt to bypass a dispositive adjudication of Plaintiff's hollow and overreaching assertions of invalid design patent and unregistered trade dress rights. The Court should not allow Plaintiff to avoid the evidence of record and should grant Defendant's Motion.

## II. DEFENDANT'S PRIOR ART EVIDENCE IS ADMISSIBLE AND RENDERS THE DECKER'S DESIGN PATENT INVALID

### a. The Issues of Patent Interpretation and Invalidity are Properly Before the Court

Defendant emphatically rejects the assertion that a challenge to the validity of the '941 Design Patent is not before the Court in this case (Opp at 7-9). The issue was sufficiently raised in the affirmative defenses pleaded and has formed part of Defendant's case throughout discovery. First, it should be noted: (1) that "invalid claim[s] cannot give rise to liability for infringement," *Medtronic, Inc. v. Cardiac Pacemakers, Inc.*, 721 F.2d 1563, 1583 (Fed. Cir. 1983) and that (2) "[a] defense which demonstrates that plaintiff has not met its burden of proof as to an element plaintiff is required to prove is not an affirmative defense." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).

Defendant has demonstrated in its Motion that the '941 Design Patent is invalid and that the Court should further adjudicate Defendant's Motion for Summary Judgment in full on its merits. Further, Defendant pleaded in its Answer, the affirmative defense that "Defendant has not infringed and is not infringing any ***valid*** claim of the '941 Patent. ECF No. 20 at p. 7, ll. 14-15 (emphasis added). Defendant states a similar request in its Prayer for Relief. *Id.* at ll. 21-22. See Lane Decl. at ¶¶18-21. Moreover, Defendant requested prior art from Plaintiff in its discovery requests (Garson Decl. ¶¶ 7-14), produced prior art found from independent searches and examined Decker's 30(b)(6) witness about such prior art at its deposition during fact discovery. Garson Decl. at ¶¶ 25-27. Plaintiff cannot

now plausibly assert that the validity of the '941 Patent has not been part of this case or that it is inexplicably prejudiced by such challenge.

Prior art is directly relevant to the issues of patent validity and interpretation. *See Golden Eye Media USA, Inc. v. Trolley Bags UK Ltd.,* 525 F.Supp.3d 1145, 1177 (S.D.Cal. 2021); *High Point Design LLC v. Buyers Direct, Inc.,* 730 F.3d 1301, 1311-12 (Fed. Cir. 2013). Therefore, Defendant has directly pursued the issues of validity and patent interpretation throughout this action. To the extent that the pleadings could be augmented more specifically, the Court has complete discretion to conform the pleadings to the facts forming part of the case. *See Cole v. Layrite Products Co.*, 439 F.2d 958, 961 (9th Cir. 1971) (citing *Sackett v. Beaman*, 399 F.2d 884 (9th Cir. 1968).

### b. Defendant's Disclosure of Prior Art Was Proper and is Not Barred by *Fed. R. Civ. P.* 37 or Otherwise.

Prior art was clearly disclosed during fact discovery. See Garson Decl. ¶¶ 25-27 and Exhibits 7-12. However, even had it not been, pursuant to *Fed. R. Civ. P.* 37(c)(1), evidence such as prior art, may be relied upon and is admissible, where a parties' failure to disclose it during fact discovery is substantially justified or harmless. *See Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Courts have held that non-disclosure of prior art during fact discovery was harmless when it was disclosed during expert discovery, because the plaintiff still had a full opportunity to inquire into defendant's expert opinions

during expert discovery, through an expert's deposition or otherwise. *See Abbott Laboratories v. Sandoz, Inc.*, 743 F.Supp.2d 762, 771 (N.D. Ill. 2010) (citing *DataQuill Ltd. v. Handspring, Inc.*, No. 01 C 4635, 2003 WL 25696445, at *1 (N.D. Ill., Dec. 19, 2003)). The court in *Sandoz* followed the court in *DataQuill* and held that because plaintiff was aware of the prior art references at issue, and had a fair opportunity to investigate them, they should not be excluded. *See Abbot Laboratories*, 743 F.Supp.2d at 771 (N.D. Ill. 2010).

Fact discovery ended on January 14, 2022 according to the Scheduling Order [ECF No. 29 at 3]. Defendant requested Plaintiff to stipulate to a reasonable extension of the fact discovery cut-off several times to allow for more time to complete fact discovery as both parties had outstanding discovery requests pending and were still in the process of scheduling depositions. *See,* Garson Decl. at ¶¶ 16-20, 31, 33, 35 and related correspondence, Exhibits 1-4, 16-18 thereto). Plaintiff however obfuscated, frustrated and simply ignored such requests, allowing fact discovery to expire.

Nonetheless, soon after the commencement of expert discovery Defendant produced to Plaintiff on January 30, 2022 multiple examples of prior sold and offered product obtained through a search agent's report. Ex. 10 to Garson Decl. In Opposition to Plaintiff's *Ex Parte* Application [ECF No. 56-12 at 5-6]. According

to the Court's scheduling order, expert discovery began on January 17, 2022 and ends on March 18, 2022.

Defendant provided Plaintiff with this prior art well in advance of the expert discovery deadline of March 18, 2022. During this time, Plaintiff failed to undertake any discovery, despite numerous opportunities and time to do so to further investigate the prior art produced and relied upon by Defendant's experts. The obvious inference to be drawn is that Plaintiff declined to conduct a prior art search because it knew the results would undermine its position. See Lane Decl. at ¶¶ 9-17.

Plaintiff has not suffered any prejudice due to Defendant's disclosing and producing prior art a mere 16-days after the fact discovery cut-off, and more than a month and half prior to the expiration of the expert deadline.[2] Federal courts have held that the disclosure of prior art after the fact discovery deadline, but before the expert deadline, is harmless and thus not subject to sanctions under *Fed.R.Civ.P.* 37(c)(1), when Plaintiff had a full and reasonable opportunity to review and investigate the produced and disclosed prior art, but simply opted not to do so. *See Abbott Laboratories v. Sandoz, Inc.* at 771 (citing *DataQuill Ltd. v. Handspring, Inc.*, No. 01 C 4635, 2003 WL 25696445, at *1 (N.D. Ill., Dec. 19, 2003)).

---

[2] Arguably instead of filing a profligate *Ex Parte* motion Plaintiff should have researched the prior art.

### c. Defendant's Prior Art Evidence Is Admissible

Plaintiff misconstrues the case law regarding admissibility of prior art at the summary judgment stage. Courts may consider proof that is currently inadmissible from the party offering it if it can be established in admissible form at trial. *See Fed.R.Civ.P.* 56(c) advisory committee's note (2010). Under Rule 56(c)(2), courts have held a party is required to provide a basis for authentication only if an objection challenges the ability of the offering party to provide a basis for authentication. *Martin v, Performance Boat Brockerage.com, LLC*, 973 F.Supp.2d 820, 824 (W.D. Tenn, 2013); *Nana-Akua Takyiwaa Shalom v. Payless Shoesource Worldwide, Inc.*, 921 F.Supp.2d 470, 472 n. 2 (D. Md. 2013); *Akers v. Beal Bank*, 845 F.Supp.2d 238, 243 (D.D.C. 2012), aff'd 1012 WL 4774676 (D.C. Cir. 2012); *Foreward Magazine, Inc. v. OverDrive, Inc.*, 2011 WL 5169384, at *2 (W.D. Mich., Oct. 31, 2011) (concluding that the new rule creates "a multi-step process by which a proponent may submit evidence, subject to an objection by the opponent and an opportunity for the proponent to either authenticate the document or propose a method [for] doing so at trial.")

A party seeking to admit an exhibit need only make a *prima facie* showing that it is what it claims to be. *See Firehouse Restaurant Group, Inc.*, No. 4:09-cv-00618, 2011 WL 3555704, at *1, *4 (D.S.C., August 11, 2011) (citing *Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 542 (D. Md. 2007)). To authenticate

information containing information from other Internet websites, there are several methods of authentication that can be used, such as expert testimony and distinctive characteristics. *Firehouse Restaurant Group* 2011 WL 3555704 at *4 The court in *Firehouse* found a *prima facie* showing of authenticity for internet printouts that contain a date and web address. *Id.*

As in *Firehouse*, Defendant has proffered prior art that conforms to the authenticity standards set by the court by producing internet searches with a date and web address. *Id.* The prior art yielded from the GLS Search Report was obtained from a reputable search agent of long standing through accepted search methods. See Lane Decl. at ¶¶5-8, and Ex. A thereto. Further one of the most fatal examples of invalidating prior art, the Rasolli-Jhatnna prior sold sandal (Motion at 16-17 [ECF 54] and Ex. 3 to First Holden Dec. [ECF 54-9 at 5]) has been additionally authenticated by confirming its continued existence and availability for sale. See, Second Holden Decl. at ¶¶14-15 and Exhs. A-C thereto.

Therefore, Plaintiff's objections are unfounded, since Defendant is relying on prior art evidence of record that complies with the current authenticity standards relevant to summary judgment motions. *See* F.R.C.P. 56(c) advisory committee's note (2010); *Foreward Magazine,* 2011 WL 5169384 at *1-2.

### d. Defendant's Expert Has Presented a Proper Analysis of the Prior Art in Comparison to the '941 Design Patent

Plaintiff willfully ignores the significant substance of Defendant's expert's prior art study and conclusions in asserting that a proper "obviousness" analysis was not performed by Mr. Holden. Opp. at 12-14 [ECF No. 64]. In the first Holden Declaration, [ECF 54-6, ¶7 pp. at 5-7] ("First Holden Declaration") a side-by-side analysis of the '941 Patent compared to the prior art was fully performed. In particular, this analysis was conducted with reference to Ex. 4 [ECF 54-11] showing each feature of the '941 Patent as compared to each feature of the cited prior art. The same analysis and demonstrative exhibit (Ex. 4) was also contained in Mr. Holden's initial expert report disclosed to Plaintiff on February 11, 2022 when initial expert reports were exchanged. See, ¶¶ 2-6 of the Second Holden Declaration, accompanying Defendant's Reply ("Second Holden Declaration"). However, Plaintiff unfairly ignores these analyses completely.

Further and to more specifically elaborate upon Mr. Holden's analysis,.with regard to the applicable legal standards, the Second Holden Declaration, also more completely fleshes out Mr, Holden's analysis of the prior art and his conclusions. See, Second Holden Declaration at ¶¶ 7-22. In his Second Declaration Mr. Holden goes through each prior art reference point-by-point in relation to the legal standards for evaluating the principles of novelty and obviousness, relevant to the validity of design patents, pursuant to established Supreme Court and Federal Circuit authority. *See eg. KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 406, 127

9
DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

S.Ct. 1727, 167 L.Ed.2d 705 (2007) (quoting *Graham v. John Deere Co. of Kan. City*, 383 U.S. 1, 17-18, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966)) and *High Point Design LLC v. Buyers Direct, Inc.*, 730 F.3d 1301, 1311-12 (Fed. Cir. 2013).

Further, the Second Holden Declaration, in reevaluating the Rasolli-Jhatnna prior art reference specifically (See, ¶¶ 12-13), shows that this prior art product should be considered a "knock-out" reference, and thus render the '941 Patent completely lacking in novelty. *See Grand Gen. Accessories Mfg. v. United Pac. Indus. Inc.*, 732 F.Supp.2d 1014, 1021-23 (C.D.Cal. 2010); *See also, Medcursor Inc. v. Shenzen KLM Internet Trading Co., Ltd.*, 543 F.Supp.3d 866, 871 (C.D.Cal. 2021). Here all of the main features of the '941 Patent are present, a fluffy/textured 4-ribbed vamp, a backstrap and a high platform midsole, including midsole sidewall portions having a textured ornamental appearance, the same as shown in the '941 Design Patent. On the basis of this reference alone, the '941 Design Patent is completely lacking in novelty.

Mr. Holden's analysis demonstrates the extremely devastating substance of the extensive prior art raised against the '941 Design Patent, that Plaintiff has gone to great lengths trying to avoid. Solely on this evidence, entry of summary judgment is appropriate.

### III. PLAINTIFF'S UNREGISTERED TRADE DRESS CLAIM IS FATALLY FLAWED

#### a. Plaintiff Cannot Establish Secondary Meaning

The Supreme Court has established that, absent a showing of acquired distinctiveness, there are no trademark rights in unregistered trade dress. *See Wal-Mart Stores, Inc. v. Samara Bros.*, 529 U.S. at 205, 211-13 (2000). A survey is a necessary evidentiary step in establishing secondary meaning, hence Plaintiff has offered expert evidence in this regard. However, to be probative, survey results must show that consumers view the applied-for mark as indicating the source of the relevant goods and/or services. *See Nextel Commc'ns, Inc. v. Motorola, Inc.*, 91 USPQ2d 1393, 1402-03 (TTAB 2009); *Boston Beer Co. v. Slesar Bros. Brewing Co.*, 9 F.3d 175, 183, 28 USPQ2d 1778, 1784 (1st Cir. 1993)). A survey must also be properly conducted to have probative value. *See Stuart Spector Designs Ltd. v. Fender Musical Instruments Corp.*, 94 USPQ2d 1549, 1569-71 (TTAB 2009); *In re Wilcher Corp.*, 40 USPQ2d 1929, 1934 (TTAB 1996) (citing *Flowers Indus. Inc. v. Interstates Brands Corp.*, 5 USPQ2d 1580 (TTAB 1987)).

Plaintiff's survey conducted by Matthew Ezell is far from probative as it suffers from a number of fatal flaws as demonstrated by the rebuttal report of Dr. David Neal dated February 25, 2022. The Neal Rebuttal Report is attached as Ex. 19 to the Garson Decl. In particular Dr. Neal identified a number of flaws but three fatal ones, any of which renders Plaintiff's survey invalid and unreliable. Plaintiff's survey (i) violates the anonymous source rule by defining secondary meaning based on what brands respondents can name; (ii) fails to accurately

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

represent the proper universe; and (iii) leadingly suggests, or "primes," a narrow interpretation of the Fluff Yeah Trade Dress by framing the UGG Fluff Yeah Slide solely as a "slipper" throughout the survey. *Id.* at ¶ 2, pp 4-14.

The fact that Mr. Ezell's methods are suspect, has been recognized previously in *Vineyard House v. Constellation Brands US Ops.*, 515 F.Supp.3d 1061 (N.D. Cal. 2021).[3] In that case, based on the flaws in the construction of the survey, including the universe that was selected the Court found "[g]iven the stark failures in conducting the survey, the Court finds Mr. Ezell's credibility to be entirely lacking and affords his opinion little to no weight."

In contradistinction, Dr. Neal's survey which shows an absence of secondary meaning, stands unchallenged by Plaintiff's inability to challenge or failure to serve a rebuttal report and was untested in deposition. See Neal Decl. [ECF 54-5]. Plaintiff's attempt at rebuttal by footnote is not only precluded as no rebuttal report was served, it is unsupported and unavailing. Simply put, Deckers cannot establish whether actual purchasers associate the UGG Fluff Yeah design asserted in this case with a single source.

---

[3] "The survey evidence presented in this case was fundamentally flawed and provides virtually no useful evidence for resolving the issues of confusion in this action. Moreover, the manner in which the surveyor, Matthew G. Ezell, created and conducted the survey strains credulity and presents a cautionary tale for those who seek to provide courts with useful information" (*Id.* at 1072).

### b. The Claimed Trade Dress is Weakened by the Manner of Inconsistent Use

Plaintiff's claimed trade dress is deliberately vague and overbroad to the point of being meaningless and does not accurately describe the shape of the product or the product configuration. Complaint [ECF No. 1, ¶ 20]. During discovery it was found that Deckers does not consistently use one product configuration but instead uses a multiplicity of them. It is indisputable that under the "Fluff Yeah" banner, a number of different product configurations are used including 3-band vamps, 4-band vamps, a single furry vamp, a slide with a platform and a slide without a platform (See, Ex. 6 to First Holden Decl. [ECF No.54-13] at pp. 2-4). This inconsistent use categorically undermines the central question of consumers being able to associate the specific design elements claimed as features of the proposed trade dress with a single source.

Moreover, it transpires that Deckers has also released a slide under the Koolaburra trademark, at a lower price point targeting a different consumer. Again, this militates against the public being able to associate specific design elements with a single source when the Plaintiff itself is deliberately blurring the source by releasing iterations under different trademarks, undermining the exclusivity of use.

### c. Plaintiff's Length of Use and Advertising Evidence Falls Well Short of the Mark

Plaintiff mistakes size for length, they are not the same. Simply because Deckers is able to spend millions in advertising does not in of itself demonstrate secondary meaning. Otherwise any deep-pocketed manufacturer could spend wildly and then claim secondary meaning in a very short period of time. Deckers may have marketed since 2018 but that is far short of others that have acquired secondary meaning in such a manner as Adidas which could show that its shoe had been marketed continuously since 1969 in *Adidas-Salomon AG v. Target Corp.*, 228 F.Supp.2d 1192, 1196 (D. Or. 2002). Moreover, Deckers conceded in deposition that in its marketing figures it could only track that which was spent on the Fluff collection as a whole, but not that spent exclusively on the Fluff Yeah sandal design in suit. Ex. 14 to Garson Decl. [Bereda Dep at p. 135]. Moreover, Plaintiff has not provided any evidence which would show the existence of any organic press, it can only show that which it paid for.

The ultimate test in determining acquisition of distinctiveness is not Plaintiff's efforts, but Plaintiff's success in educating the public to associate the claimed mark with a single source. *See In re Redken Labs., Inc.,* 170 USPQ 526 (TTAB 1971). Plaintiff's extensive sales and promotion may demonstrate the commercial success of applicant's goods, but not that relevant consumers view the matter as a mark for these goods. *See In re Boston Beer Co.*, 198 F.3d 1370, 1371-73, 53 USPQ2d 1056, 1057-58 (Fed. Cir. 1999); *In re Busch Entm't Corp.*, 60 USPQ2d 1130,

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

1132-34 (TTAB 2000). Similarly, Plaintiff's advertising expenditures are merely indicative of its efforts to develop distinctiveness; not evidence that the product configuration has acquired distinctiveness. *See In re Pennzoil Prods. Co.,* 20 USPQ2d 1753, 1757-58 (TTAB 1991).

### d. The Claimed Trade Dress is Clearly Functional

It is undeniable that the majority of the features of the claimed trade dress are entirely functional including the platform midsole, the vamp and backstrap.[4]

## IV. CONCLUSION

In view of the foregoing the Court should grant Defendant's Motion since the '941 Patent is invalid, there is no trade dress and its State law unfair competition claims are preempted as a matter of law.

Respectfully submitted,

Dated: March 18, 2022

                **GS2 LAW PLLC**
                **By:s/John R. Lane**
                Robert D. Garson (Pro Hac Vice)
                John R. Lane (Pro Hac Vice)
                20803 Biscayne Blvd, 4th Floor
                Aventura, FL 33154
                Tel: (305) 780-5212

                **THE LAW OFFICES OF BENJAMIN TAYLOR**
                Benjamin Taylor (SBN 240636)
                1880 Century Park East, Suite 714
                Los Angeles, CA 90067
                Tel: (310) 201-7600
                *Attorneys for Defendant, Walmart, Inc.*

---

[4] Deckers seeks to rely upon a purposeful misreading of Holden's deposition, which is addressed in full in the Second Holden Declaration, ¶¶ 26-33.

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Defendant Walmart, Inc.'s Reply in Support of Defendant's Motion for Summary Judgment and the accompanying Garson and Lane Declarations with respective exhibits, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the Electronic Service List for this Case.

DATED: March 18, 2022

        **GS2 LAW PLLC**

        **By:_s/ John R. Lane_____**
Robert D. Garson (Pro Hac Vice)
John R. Lane (Pro Hac Vice)
20803 Biscayne Blvd, 4th Floor
Aventura, FL 33154
Tel: (305) 780-5212
Fax: (347) 537-4540

**THE LAW OFFICES OF BENJAMIN TAYLOR**
Benjamin Taylor (SBN 240636)
1880 Century Park East, Suite 714
Los Angeles, CA 90067
Tel: (310) 201 -7600
Fax: (310) 201-7601

*Attorneys for Defendant, Walmart, Inc.*