1  Brent H. Blakely (SBN 157292)
   bblakely@blakelylawgroup.com
2  Jamie Fountain (SBN 316567)
   jfountain@blakelylawgroup.com
3  BLAKELY LAW GROUP
   1334 Parkview Avenue, Suite 280
4  Manhattan Beach, California 90266
   Telephone: (310) 546-7400
5  Facsimile: (310) 546-7401

6  ***Attorneys for Plaintiff***
   ***Deckers Outdoor Corporation***
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  DECKERS OUTDOOR                    ) CASE NO. 2:20-cv-09521-FLA (Ex)
    CORPORATION, a Delaware            )
12  Corporation,                       ) **DECKERS' SEPARATE**
                                       ) **STATEMENT OF EVIDENTIARY**
13                   Plaintiff,        ) **OBJECTIONS TO DEFENDANT'S**
                                       ) **REPLY RE MOTION FOR**
14        v.                           ) **SUMMARY JUDGMENT**
                                       )
15  WALMART INC., and DOES 1-10,       ) Hearing
    inclusive                         )
16                                     ) Date:    April 1, 2022
                     Defendants.       ) Time:    1:30 P.M.
17                                     ) Ctrm.:   6d
                                       )
18                                     ) Complaint Filed:       10/16/2020
                                       ) Motion Hearing Cut-Off: 04/01/2022
19                                     ) Pre-Trial Conference:   05/13/2022
                                       ) Trial Date:            05/24/2022
20                                     )
21                                     ) **Hon. Fernando L. Aenlle-Rocha**
22                                     )
                                       )
23                                     )

24

25

26

27

28

Pursuant to this Court's Standing Order (ECF No. 30) in the present action, Plaintiff Deckers Outdoor Corporation ("Deckers") hereby submits this Separate Statement of Evidentiary Objections to Defendant's Reply Re Motion for Summary Judgment.

OBJECTIONS TO SECOND DECLARATION OF LENNY HOLDEN ECF No. 65-3 TO 65-7

| Excluded Evidence | Reason |
|---|---|
| Holden's Second Declaration in support of Motion for Summary Judgment (ECF 65-7); Defendant's Reply Brief (ECF No. 65) | Holden's Opinions Concerning the Affirmative Defense of Obviousness Should be Excluded For Failure to Disclose<br><br>Relevance FRE 401, 403; Failure to Plead in Accordance with FRCP 8; Violation of the Scheduling Order. The first time Walmart raised an invalidity defense (obviousness) was in its Motion for Summary Judgment. (ECF No. 54) Obviousness was never addressed in any of Walmart's expert reports. *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (parties are required to make their expert disclosures at the time and in the manner ordered by the court) Walmart's invalidity defense for obviousness is barred, and therefore prior art is irrelevant. *Advanced Cardiovascular Sys. v. Medtronic, Inc.*, 1996 U.S. Dist. LEXIS 11700 **9-10 (N.D. Cal. July 24, 2006)(not alleged); *Metso Minerals, Inc. v. Powerscreen Int'l Distrib., Ltd.*, 681 F. Supp. 2d 309, 327 (EDNY 2010) (not in report); *Christiansen v. Syverson*, 516 F. Supp. 3d 1151, 1154 (D. Idaho 2021)<br><br>Failure to Disclose FRCP 26 & 37. Walmart's prior art references contained in the search report, all of which were produced for the first time after the fact discovery deadline in this case, should be excluded. *Apple Inc. v. Samsung Elecs. Co.*, 786 F.3d 983, 1000 (Fed. Cir. 2015).<br><br>Holden's Opinions Should be Excluded Because they Fall Outside of his Initial Report |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure requires that parties make expert disclosures "at the times and in the sequence that the court orders."

Rule 26(a)(2)(B) requires that written expert reports set forth a "complete statement of all opinions the witness will express and the basis and reasons for them." "Although an expert is not strictly limited to the precise words contained within an expert report, it is axiomatic that an expert may not present new opinions on topics not timely included or otherwise disclosed in the expert's report. This is blackletter law." *Gianni Versace S.r.l. v. Fashion Nova, Inc.*, 2021 U.S. Dist LEXIS 143444 *8 (C.D. Cal. May 10, 2021) citing *Garcia v. Cty. of Riverside*, 2019 U.S. Dist. LEXIS 167582 *28 (c.d. Cal. June 7, 2019).

Relatedly, Rule 26(a)(2)(D)(ii) permits the admission of rebuttal expert testimony that is "intended solely to contradict or rebut evidence on the same subject matter identified" by an initial expert witness. Thus, "[t]he function of rebuttal testimony is to explain, repel, counteract or disprove evidence of the adverse party." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 749, 759 (8th Cir. 2006) (internal quotation marks and citation omitted). "Accordingly, a supplemental expert report that states additional opinions or seeks to strengthen or deepen opinions expressed in the original expert report is beyond the scope of proper supplementation and subject to exclusion under Rule 37(c)." *Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1062 (C.D. Cal. 2010) (internal quotation marks and citation omitted).

As Judge Guilford observed in *Neville v. Found. Constructors*, 2019 U.S. Dist. LEXIS 221333 *13 (C.D. Cal. Aug. 19, 2019) "it's unusual [for] parties to submit expert declarations in support of their summary judgment motions and oppositions, as opposed to their experts' reports themselves (as attested to by each expert under oath)."

It is reasonable to conclude that Defendant did not submit the expert report of Mr. Holden in its Motion for Summary Judgment because the Holden report makes no mention of invalidity due to obviousness, or any other invalidity defense

for that matter. Instead, Walmart has incrementally attempted to smuggle in the affirmative defense of obviousness through Holden's "rebuttal" report, and declarations in support of Defendant's Motion for Summary Judgment.

Plaintiff's expert did not address the issue of obviousness because it was never asserted as an affirmative defense or otherwise raised in this case until Defendant's Motion for Summary Judgment. Consequently, any references to patent invalidity or prior art in Holden's rebuttal report is improper.

It is also highly improper for Defendant to attempt to sneak in obviousness in Holden's affidavits filed in support for a motion for summary judgment. Like FRCP 26(e):

"supplementary disclosures do not permit a party to introduce new opinions after the disclosure deadline under the guise of a 'supplement.' Although Rule 26(e) obliges a party to 'supplement or correct' its disclosures upon information later acquired, this '***does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report (indeed, the lawsuit from the outset***). To rule otherwise would create a system where preliminary reports could be followed by supplementary reports and there would be no finality to expert reports . . . .' Enabling this pattern of behavior "would surely circumvent the full disclosure requirement implicit in Rule 26 and would interfere with the Court's ability to set case management deadlines." Accordingly, a supplemental expert report that states additional opinions or "seeks to 'strengthen' or 'deepen' opinions expressed in the original expert report" is beyond the scope of proper supplementation and subject to exclusion under Rule 37(c).

*United States v. Celgene Corp.*, 2016 U.S. Dist. LEXIS 156826 *16 (C.D. Cal. Aug. 23, 2016); see also *Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1062-1063. (C.D. Cal. 2010) Under Rule 37(c)(1) of the Federal Rules of Civil Procedure, a party is precluded from using expert reports where they are not disclosed in a timely manner. See *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>This Court Should not Consider New Arguments and Evidence Submitted by Defendant for the First Time in Defendant's Reply</u>: "The district court need not consider arguments raised for the first time in a reply brief." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *Docusign, Inc. v. Sertifi, Inc.*, 468 F.Supp.2d 1305, 1307 (W.D. Wash. 2006) ("It is well established that new arguments and evidence presented for the first time in Reply are waived"); *Iconix, Inc. v. Tokuda*, 457 F.Supp.2d 969, 976 (N.D. Cal. 2006) (sustaining an objection to new evidence and argument submitted with a plaintiff's reply); Pajas v. Cty. of Monterey, 2017 U.S. Dist. LEXIS 60656, (N.D. Cal. Apr. 20, 2017) ("It is well accepted that . . . [the] submission of new facts in [a] reply brief is improper."); *Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers."); *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 308 n.5 (N.D. Cal. 2005) (disregarding new evidence in reply, as it "is well settled that new arguments cannot be made for the first time in reply. This goes for new facts too.")

This Court should not consider the new arguments and evidence Defendant has submitted for the first time in its Reply. As a Washington Court aptly observed, "[c]onsidering the evidence that [moving party] filed along with its reply brief, however, would effectively allow [moving party] to circumvent the court's case schedule by allowing [moving party] to meet its initial summary judgment burden after the court's dispositive motions deadline has passed… Relying on [moving party's] late-filed evidence would undermine the court's case schedule and violate the spirit, if not the letter, of the court's order."

*Laughing Rabbit, Inc. v. Nat'l Auto. Parts Ass'n*, 2014 U.S. Dist. LEXIS 18012 **18-19 (D Wash. Feb. 11, 2014); see also *Taylor v. Kuerston*, 2020 U.S. Dist. LEXIS 120014 *4 (E.D. Cal. July 8, 2020) (exercises discretion not to consider evidence); *Care First Surgical Ctr. v. ILWU-PMA Welfare Plan*, 2014 U.S. Dist. LEXIS 165744 Fn. 45 (C.D. Cal. July 28, 2014)(same); *Tae Youn Shim v. Lawler*, 2019 U.S. Dist. LEXIS 113935 *22 (N.D. Cal. July 9, 2019) (same)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>Mr. Holden's opinions Fail the Requirements Set forth for Experts in Rule 702</u>

Mr. Holden's opinions should be excluded in their entirety.  Expert testimony is admissible under Federal Rule of Evidence 702 only if (1) it will assist the trier of fact to understand the evidence or to determine a fact in issue, (2) it is based on sufficient data, (3) it is the product of reliable principles and methods, and (4) the witness has properly applied the principles and methods to the facts of the case. *Daubert v. Merrell DowPharms., Inc*., 509 U.S. 579, 591-95 (1993). When a party seeks to exclude expert testimony, the proponent of the expert testimony has the burden of establishing, by a preponderance of the evidence, that the pertinent admissibility requirements are met. District Courts are given wide latitude to determine the admissibility of expert testimony, and their decision to exclude such testimony will be affirmed on appeal absent an abuse of discretion. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 138-139 (1997).  Mr. Holden's opinions within his report regarding infringement and alleged prior art, if offered as testimony, would fail the requirements for experts as set forth in Rule 702. By introducing testimony that relates to prior art and obviousness, as well as his opinions on trade dress, Mr. Holden's opinions are based on deeply flawed methodology and inadmissible evidence that cannot be allowed to be presented to the trier of fact.

As a threshold matter, during his deposition Mr. Holden demonstrated a complete lack of technical knowledge regarding the matters upon which he was giving opinions - patent and trade dress infringement.  FRE 702. While Mr. Holden clearly has experience making shoes, he couldn't differentiate between a patent and a trade dress, articulate the test for either patent or trade dress infringement, or even identify the definition for obviousness or prior art. As such, he was clearly unqualified to render opinions on these matters.

Mr. Holden's opinions are also unsubstantiated. "[A]n ultimate conclusion with no analysis is meaningless and is not

1    helpful to the factfinder.  *Winters v. Fru-Con Inc.*, 498 F. 3d
2    734, 743 (7th Cir. 2007).

3    <u>Mr. Holden's opinions regarding obviousness are conclusory
     and based on inadmissible evidence</u>.  As this Court held in a
4    previous case involving another Deckers' patent:

5
6    "First, Deckers argues that "Poetsch's expert opinions should
     be excluded because they are entirely conclusory and based on
7    inadmissible evidence."(Id.) Deckers contends that Poetsch's
     opinions regarding obviousness are conclusory because she
8    fails to provide sufficient analysis for her legal conclusion.
9    (Id.) To support their argument, Deckers cites *Innogenetics*,
     where the district court excluded an expert's testimony because
10   the expert failed to "state how or why a person ordinarily
11   skilled in the art would have found the claims . . . obvious . . ."
     *Innogenetics, N.V. v. Abbott Labs*., 512 F.3d 1363, 1373 (Fed.
12   Cir. 2008) (upholding district court's exclusion of expert
13   testimony).  R&J opposes Deckers' Motion and argues that
     Poetsch's testimony "is not conclusory merely because it can
14   be stated succinctly." (ECF No. 204 at 2.) However, the Court
15   agrees with Deckers, and finds that Poetsch's testimony fails to
     provide sufficient analysis which states how or why a person
16   skilled in the art would have found the claims of the patents at
17   issue obvious. See *Innogenetics*, 512 F.3d at 1373. The court
     in *Innogenetics* found that vague expert testimony would not
18   be helpful and stated, that "there must be some articulated
19   reasoning with some rational underpinning to support the legal
     conclusion of obviousness." *Id*. at 1373 (citing *In re Kahn*, 441
20   F.3d 977, 988 (Fed. Cir. 2006)). Therefore, the Court finds that
21   to the extent that Poetsch's report provides conclusory opinions
     regarding the obviousness of the '189 Patent, that evidence is
22   excluded from trial."

23
     *Deckers Outdoor Corp. v. Romeo & Juliette, Inc*., 2017 U.S.
24   Dist. LEXIS 217136 *9 (C.D. Cal. Oct. 6, 2017)

25
         Similarly, Mr. Holden fails to articulate any reason why
26   the '941 Patent is invalidated by the purported prior art. He
27   does not discuss primary or secondary references.  Rather, Mr.
     Holden's opinions do nothing more than parrot Walmart's
28   counsel's statements that the website screenshots are prior art

| | |
|---|---|
| | (when they're not) and makes no analysis whatsoever as to why said purported prior art renders the '941 Patent obvious under clear and convincing evidence. |
| Holden Dec. Paragraph 3 claiming he provided an opinion regarding obviousness in his initial report and that this was based on clear prior art. | <u>Holden's Opinions Concerning the Affirmative Defense of Obviousness Should be Excluded For Failure to Disclose</u><br><br><u>Relevance FRE 401, 403; Failure to Plead in Accordance with FRCP 8; Violation of the Scheduling Order.</u> The first time Walmart raised an invalidity defense (obviousness) was in its Motion for Summary Judgment. (ECF No. 54) Obviousness was never addressed in any of Walmart's expert reports. *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (parties are required to make their expert disclosures at the time and in the manner ordered by the court) Walmart's invalidity defense for obviousness is barred, and therefore prior art is irrelevant. *Advanced Cardiovascular Sys. v. Medtronic, Inc.*, 1996 U.S. Dist. LEXIS 11700 **9-10 (N.D. Cal. July 24, 2006)(not alleged); *Metso Minerals, Inc. v. Powerscreen Int'l Distrib., Ltd.*, 681 F. Supp. 2d 309, 327 (EDNY 2010) (not in report); *Christiansen v. Syverson*, 516 F. Supp. 3d 1151, 1154 (D. Idaho 2021)<br><br><u>Failure to Disclose FRCP 26 & 37</u>. Walmart's prior art references contained in the search report, all of which were produced for the first time after the fact discovery deadline in this case, should be excluded. *Apple Inc. v. Samsung Elecs. Co.*, 786 F.3d 983, 1000 (Fed. Cir. 2015).<br><br><u>Holden's Opinions Should be Excluded Because they Fall Outside of his Initial Report</u><br><br>Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure requires that parties make expert disclosures "at the times and in the sequence that the court orders."<br><br>Rule 26(a)(2)(B) requires that written expert reports set forth a "complete statement of all opinions the witness will express and the basis and reasons for them." "Although an expert is not strictly limited to the precise words contained within an expert report, it is axiomatic that an expert may not present new opinions on topics not timely included or otherwise |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

disclosed in the expert's report.  This is blackletter law." *Gianni Versace S.r.l. v. Fashion Nova, Inc.*, 2021 U.S. Dist LEXIS 143444 *8 (C.D. Cal. May 10, 2021) citing *Garcia v. Cty. of Riverside*, 2019 U.S. Dist. LEXIS 167582 *28 (c.d. Cal. June 7, 2019).

Relatedly, Rule 26(a)(2)(D)(ii) permits the admission of rebuttal expert testimony that is "intended solely to contradict or rebut evidence on the same subject matter identified" by an initial expert witness. Thus, "[t]he function of rebuttal testimony is to explain, repel, counteract or disprove evidence of the adverse party." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 749, 759 (8th Cir. 2006) (internal quotation marks and citation omitted). "Accordingly, a supplemental expert report that states additional opinions or seeks to strengthen or deepen opinions expressed in the original expert report is beyond the scope of proper supplementation and subject to exclusion under Rule 37(c)." *Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1062 (C.D. Cal. 2010) (internal quotation marks and citation omitted).

As Judge Guilford observed in *Neville v. Found. Constructors*, 2019 U.S. Dist. LEXIS 221333 *13 (C.D. Cal. Aug. 19, 2019) "it's unusual [for] parties to submit expert declarations in support of their summary judgment motions and oppositions, as opposed to their experts' reports themselves (as attested to by each expert under oath)."

It is reasonable to conclude that Defendant did not submit the expert report of Mr. Holden in its Motion for Summary Judgment because the Holden report makes no mention of invalidity due to obviousness, or any other invalidity defense for that matter.  Instead, Walmart has incrementally attempted to smuggle in the affirmative defense of obviousness through Holden's "rebuttal" report, and declarations in support of Defendant's Motion for Summary Judgment.

Plaintiff's expert did not address the issue of obviousness because it was never asserted as an affirmative defense or otherwise raised in this case until Defendant's Motion for Summary Judgment.  Consequently, any references to patent invalidity or prior art in Holden's rebuttal report is improper.

It is also highly improper for Defendant to attempt to sneak in obviousness in Holden's affidavits filed in support for a motion for summary judgment.  Like FRCP 26(e):

"supplementary disclosures do not permit a party to introduce new opinions after the disclosure deadline under the guise of a 'supplement.' Although Rule 26(e) obliges a party to 'supplement or correct' its disclosures upon information later acquired, this '***does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report (indeed, the lawsuit from the outset***). To rule otherwise would create a system where preliminary reports could be followed by supplementary reports and there would be no finality to expert reports . . . .' Enabling this pattern of behavior "would surely circumvent the full disclosure requirement implicit in Rule 26 and would interfere with the Court's ability to set case management deadlines." Accordingly, a supplemental expert report that states additional opinions or "seeks to 'strengthen' or 'deepen' opinions expressed in the original expert report" is beyond the scope of proper supplementation and subject to exclusion under Rule 37(c).

*United States v. Celgene Corp.*, 2016 U.S. Dist. LEXIS 156826 *16 (C.D. Cal. Aug. 23, 2016); see also *Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1062-1063. (C.D. Cal. 2010) Under Rule 37(c)(1) of the Federal Rules of Civil Procedure, a party is precluded from using expert reports where they are not disclosed in a timely manner. See *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

<u>This Court Should not Consider New Arguments and Evidence Submitted by Defendant for the First Time in Defendant's Reply</u>: "The district court need not consider arguments raised for the first time in a reply brief." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *Docusign, Inc. v. Sertifi, Inc.*, 468 F.Supp.2d 1305, 1307 (W.D. Wash. 2006) ("It is well established that new arguments and evidence presented for the first time in Reply are waived"); *Iconix, Inc. v. Tokuda*, 457 F.Supp.2d 969, 976 (N.D. Cal. 2006) (sustaining an objection to new evidence and argument submitted with a plaintiff's

reply); *Pajas v. Cty. of Monterey*, 2017 U.S. Dist. LEXIS 60656, (N.D. Cal. Apr. 20, 2017) ("It is well accepted that . . . [the] submission of new facts in [a] reply brief is improper."); *Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers."); *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 308 n.5 (N.D. Cal. 2005) (disregarding new evidence in reply, as it "is well settled that new arguments cannot be made for the first time in reply. This goes for new facts too.")

This Court should not consider the new arguments and evidence Defendant has submitted for the first time in its Reply. As a Washington Court aptly observed, "[c]onsidering the evidence that [moving party] filed along with its reply brief, however, would effectively allow [moving party] to circumvent the court's case schedule by allowing [moving party] to meet its initial summary judgment burden after the court's dispositive motions deadline has passed… Relying on [moving party's] late-filed evidence would undermine the court's case schedule and violate the spirit, if not the letter, of the court's order."

*Laughing Rabbit, Inc. v. Nat'l Auto. Parts Ass'n*, 2014 U.S. Dist. LEXIS 18012 **18-19 (D Wash. Feb. 11, 2014); see also *Taylor v. Kuerston*, 2020 U.S. Dist. LEXIS 120014 *4 (E.D. Cal. July 8, 2020) (exercises discretion not to consider evidence); *Care First Surgical Ctr. v. ILWU-PMA Welfare Plan*, 2014 U.S. Dist. LEXIS 165744 Fn. 45 (C.D. Cal. July 28, 2014)(same); *Tae Youn Shim v. Lawler*, 2019 U.S. Dist. LEXIS 113935 *22 (N.D. Cal. July 9, 2019) (same)

<u>Mr. Holden's opinions Fail the Requirements Set forth for Experts in Rule 702</u>

Mr. Holden's opinions should be excluded in their entirety.   Expert testimony is admissible under Federal Rule of Evidence 702 only if (1) it will assist the trier of fact to understand the evidence or to determine a fact in issue, (2) it is based on sufficient data, (3) it is the product of reliable principles and methods, and (4) the witness has properly

applied the principles and methods to the facts of the case. *Daubert v. Merrell DowPharms., Inc.*, 509 U.S. 579, 591-95 (1993). When a party seeks to exclude expert testimony, the proponent of the expert testimony has the burden of establishing, by a preponderance of the evidence, that the pertinent admissibility requirements are met. District Courts are given wide latitude to determine the admissibility of expert testimony, and their decision to exclude such testimony will be affirmed on appeal absent an abuse of discretion. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 138-139 (1997). Mr. Holden's opinions within his report regarding infringement and alleged prior art, if offered as testimony, would fail the requirements for experts as set forth in Rule 702. By introducing testimony that relates to prior art and obviousness, as well as his opinions on trade dress, Mr. Holden's opinions are based on deeply flawed methodology and inadmissible evidence that cannot be allowed to be presented to the trier of fact.

As a threshold matter, during his deposition Mr. Holden demonstrated a complete lack of technical knowledge regarding the matters upon which he was giving opinions - patent and trade dress infringement. FRE 702. While Mr. Holden clearly has experience making shoes, he couldn't differentiate between a patent and a trade dress, articulate the test for either patent or trade dress infringement, or even identify the definition for obviousness or prior art. As such, he was clearly unqualified to render opinions on these matters.

Mr. Holden's opinions are also unsubstantiated. "[A]n ultimate conclusion with no analysis is meaningless and is not helpful to the factfinder. *Winters v. Fru-Con Inc.*, 498 F. 3d 734, 743 (7th Cir. 2007).

<u>Mr. Holden's opinions regarding obviousness are conclusory and based on inadmissible evidence</u>. As this Court held in a previous case involving another Deckers' patent:

"First, Deckers argues that "Poetsch's expert opinions should be excluded because they are entirely conclusory and based on inadmissible evidence."(Id.) Deckers contends that Poetsch's opinions regarding obviousness are conclusory because she fails to provide sufficient analysis for her legal conclusion.

(Id.) To support their argument, Deckers cites *Innogenetics*, where the district court excluded an expert's testimony because the expert failed to "state how or why a person ordinarily skilled in the art would have found the claims . . . obvious . . ." *Innogenetics, N.V. v. Abbott Labs*., 512 F.3d 1363, 1373 (Fed. Cir. 2008) (upholding district court's exclusion of expert testimony). R&J opposes Deckers' Motion and argues that Poetsch's testimony "is not conclusory merely because it can be stated succinctly." (ECF No. 204 at 2.) However, the Court agrees with Deckers, and finds that Poetsch's testimony fails to provide sufficient analysis which states how or why a person skilled in the art would have found the claims of the patents at issue obvious. See *Innogenetics*, 512 F.3d at 1373. The court in *Innogenetics* found that vague expert testimony would not be helpful and stated, that "there must be some articulated reasoning with some rational underpinning to support the legal conclusion of obviousness." *Id*. at 1373 (citing *In re Kahn*, 441 F.3d 977, 988 (Fed. Cir. 2006)). Therefore, the Court finds that to the extent that Poetsch's report provides conclusory opinions regarding the obviousness of the '189 Patent, that evidence is excluded from trial."

*Deckers Outdoor Corp. v. Romeo & Juliette, Inc*., 2017 U.S. Dist. LEXIS 217136 *9 (C.D. Cal. Oct. 6, 2017)

Similarly, Mr. Holden fails to articulate any reason why the '941 Patent is invalidated by the purported prior art. He does not discuss primary or secondary references. Rather, Mr. Holden's opinions do nothing more than parrot Walmart's counsel's statements that the website screenshots are prior art (when they're not) and makes no analysis whatsoever as to why said purported prior art renders the '941 Patent obvious under clear and convincing evidence.

Foundation FRE 602; Speculation. Rule 56 requires that, before evidence can be considered on summary judgment, a proper foundation must be laid. *Bias v. Moynihan*, 508 F.3d 1212, 1224 (9th Cir. 2007). Affidavits or declarations used in support of or opposition to a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R.

Civ. P. 56(c)(4) No declaration signed under penalty of perjury is submitted in connection with the search report that lays a foundation for the documents contained therein (the internet screenshots), and thus said documents cannot be considered on summary judgment. [Fed. R. Civ. P. 56(e); See also *United States for Use and Benefit of Austin v. W. Elec. Co*., 337 F.2d 568, 574-75 (9th Cir. 1964); *Robinson v. Penner*, 2008 U.S. Dist. LEXIS 14481, at *2 (E.D. Cal. Feb. 25, 2008)]

Hearsay 801(c), 802. "A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). Hearsay, which is an out-of-court statement used to prove the truth of the matter asserted, is not admissible unless there is an applicable exception. See Fed. R. Evid. 801(c), 802. The internet screenshots and additional information from GLS are out of court statements used to prove the truth of the matter asserted and are not admissible.

Failure to Authenticate FRE 901(a).

Only admissible evidence is considered on a motion for summary judgment. *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002); see Fed. R. Civ. P. 56(e). Authentication is a "condition precedent to admissibility," and can by satisfied "by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). At the summary judgment stage, the focus is not on the admissibility of the evidence's form, but on the admissibility of its contents. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003)

Defendant has failed to authenticate any of internet screenshots and they are therefore inadmissible as prior art. To be authenticated, some statement or affidavit from someone with knowledge is required. *In re Homestore.com, Inc. Sec. Litig*., 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004) ("for example, Homestore's web master or someone else with personal knowledge would be sufficient" to authenticate content of homestore.com printouts) Defendants has not submitted any affidavits from the web master or anyone else for that matter with personal knowledge of the various websites to lay foundation for the printouts.  Content on the

| | |
|---|---|
| | printouts is thus nothing more than inadmissible hearsay. FRE 801, 802.  Even then, the printouts alone are insufficient to demonstrate that the purported prior art depicted therein were in public use, such as invoices and other indicia of actual sales in commerce, in the United States.  *Deckers v. Romeo & Juliette*, 2017 U.S. Dist. LEXIS 91711 **6-15 (C.D. Cal. June 13, 2017) (Defendants fail to authenticate any of the pictures that they contend correspond to this boot style); *Apple, Inc. v. Samsung Elecs. Co*., 2012 U.S. Dist. LEXIS 90889, at *38 (N.D. Cal. June 29, 2012) ("Other than Mr. Bogue's declaration, Samsung cites no evidence that Tablecloth was known or used in a publicly accessible manner, or that Tablecloth was in public use or on sale. Absent corroboration, Mr. Bogue's declaration cannot serve to invalidate the '381 Patent.") |
| | In should be noted that out of the handful of factually distinguishable cases Defendant cites for its argument that the purported "prior art" is admissible, none are from the Ninth Circuit. ECF No. 65, pg. 11. In fact, Defendant completely ignores the authority cited by Plaintiff from the Ninth Circuit, most notably *Deckers v. Romeo & Juliette*, 2017 U.S. Dist. LEXIS 91711 **6-15 (C.D. Cal. June 13, 2017), which hold that this type of unauthenticated "prior art" evidence is not admissible. |
| Holden Dec. Paragraphs 4&5 regarding his analysis of purported prior art | Relevance FRE 401, 403; Failure to assert obviousness as an affirmative defense. FRCP 8; Violation of the Scheduling Order.

Prior art is only relevant to certain patent invalidity defenses (e.g., obviousness, anticipation, inequitable conduct), none of which were plead as an affirmative defense in Walmart's Answer.  The first time Walmart raised an invalidity defense (obviousness) was in its Motion for Summary Judgment. (ECF No. 54) Obviousness was never addressed in any of Walmart's expert reports.  Walmart's invalidity defense for obviousness is barred, and therefore prior art is irrelevant.  *Advanced Cardiovascular Sys. v. Medtronic, Inc*., 1996 U.S. Dist. LEXIS 11700 **9-10 (N.D. Cal. July 24, 2006)(not alleged); *Metso Minerals, Inc. v. Powerscreen Int'l Distrib., Ltd*., 681 F. Supp. 2d 309, 327 (EDNY 2010) (not in report). |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>Failure to Disclose FRCP 26 & 37</u>. Walmart's prior art references contained in the search report, all of which were produced for the first time after the fact discovery deadline in this case, should be excluded.  *Apple Inc. v. Samsung Elecs. Co.*, 786 F.3d 983, 1000 (Fed. Cir. 2015)

<u>Foundation FRE 602; Speculation.</u> Rule 56 requires that, before evidence can be considered on summary judgment, a proper foundation must be laid. *Bias v. Moynihan*, 508 F.3d 1212, 1224 (9th Cir. 2007). Affidavits or declarations used in support of or opposition to a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4)  No declaration signed under penalty of perjury is submitted in connection with the search report that lays a foundation for the documents contained therein (the internet screenshots), and thus said documents cannot be considered on summary judgment. [Fed. R. Civ. P. 56(e); See also *United States for Use and Benefit of Austin v. W. Elec. Co.*, 337 F.2d 568, 574-75 (9th Cir. 1964); *Robinson v. Penner*, 2008 U.S. Dist. LEXIS 14481, at *2 (E.D. Cal. Feb. 25, 2008)]

<u>Hearsay 801(c), 802</u>. "A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). Hearsay, which is an out-of-court statement used to prove the truth of the matter asserted, is not admissible unless there is an applicable exception. See Fed. R. Evid. 801(c), 802. The internet screenshots and additional information from GLS are out of court statements used to prove the truth of the matter asserted and are not admissible.

<u>Failure to Authenticate FRE 901(a)</u>.

Only admissible evidence is considered on a motion for summary judgment. *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002); see Fed. R. Civ. P. 56(e). Authentication is a "condition precedent to admissibility," and can by satisfied "by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). At the summary judgment stage, the focus is

not on the admissibility of the evidence's form, but on the admissibility of its contents. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003)

Defendant has failed to authenticate any of internet screenshots and they are therefore inadmissible as prior art. To be authenticated, some statement or affidavit from someone with knowledge is required. *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004) ("for example, Homestore's web master or someone else with personal knowledge would be sufficient" to authenticate content of homestore.com printouts) Defendants has not submitted any affidavits from the web master or anyone else for that matter with personal knowledge of the various websites to lay foundation for the printouts.  Content on the printouts is thus nothing more than inadmissible hearsay. FRE 801, 802.  Even then, the printouts alone are insufficient to demonstrate that the purported prior art depicted therein were in public use, such as invoices and other indicia of actual sales in commerce, in the United States.  *Deckers v. Romeo & Juliette*, 2017 U.S. Dist. LEXIS 91711 **6-15 (C.D. Cal. June 13, 2017) (Defendants fail to authenticate any of the pictures that they contend correspond to this boot style); *Apple, Inc. v. Samsung Elecs. Co.*, 2012 U.S. Dist. LEXIS 90889, at *38 (N.D. Cal. June 29, 2012) ("Other than Mr. Bogue's declaration, Samsung cites no evidence that Tablecloth was known or used in a publicly accessible manner, or that Tablecloth was in public use or on sale. Absent corroboration, Mr. Bogue's declaration cannot serve to invalidate the '381 Patent.")

In should be noted that out of the handful of factually distinguishable cases Defendant cites for its argument that the purported "prior art" is admissible, none are from the Ninth Circuit. ECF No. 65, pg. 11. In fact, Defendant completely ignores the authority cited by Plaintiff from the Ninth Circuit, most notably *Deckers v. Romeo & Juliette*, 2017 U.S. Dist. LEXIS 91711 **6-15 (C.D. Cal. June 13, 2017), which hold that this type of unauthenticated "prior art" evidence is not admissible.

1

Mr. Holden's opinions regarding obviousness are conclusory and based on inadmissible evidence.  As this Court held in a previous case involving another Deckers' patent:

"First, Deckers argues that "Poetsch's expert opinions should be excluded because they are entirely conclusory and based on inadmissible evidence."(Id.) Deckers contends that Poetsch's opinions regarding obviousness are conclusory because she fails to provide sufficient analysis for her legal conclusion. (Id.) To support their argument, Deckers cites *Innogenetics*, where the district court excluded an expert's testimony because the expert failed to "state how or why a person ordinarily skilled in the art would have found the claims . . . obvious . . ." *Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1373 (Fed. Cir. 2008) (upholding district court's exclusion of expert testimony).  R&J opposes Deckers' Motion and argues that Poetsch's testimony "is not conclusory merely because it can be stated succinctly." (ECF No. 204 at 2.) However, the Court agrees with Deckers, and finds that Poetsch's testimony fails to provide sufficient analysis which states how or why a person skilled in the art would have found the claims of the patents at issue obvious. See *Innogenetics*, 512 F.3d at 1373. The court in *Innogenetics* found that vague expert testimony would not be helpful and stated, that "there must be some articulated reasoning with some rational underpinning to support the legal conclusion of obviousness." *Id.* at 1373 (citing *In re Kahn*, 441 F.3d 977, 988 (Fed. Cir. 2006)). Therefore, the Court finds that to the extent that Poetsch's report provides conclusory opinions regarding the obviousness of the '189 Patent, that evidence is excluded from trial."

*Deckers Outdoor Corp. v. Romeo & Juliette, Inc.*, 2017 U.S. Dist. LEXIS 217136 *9 (C.D. Cal. Oct. 6, 2017)

Similarly, Mr. Holden fails to articulate any reason why the '941 Patent is invalidated by the purported prior art. He does not discuss primary or secondary references.  Rather, Mr. Holden's report does nothing more than parrot Walmart's counsel's statements that the website screenshots are prior art (when they're not) and makes no analysis whatsoever as to why said purported prior art renders the '941 Patent obvious under clear and convincing evidence.

| | |
|---|---|
| Holden Dec. Paragraph 6 regarding Holden's First Declaration in Support of Defendant's Motion for Summary Judgment | <u>Holden's Opinions Concerning the Affirmative Defense of Obviousness Should be Excluded For Failure to Disclose</u><br><br><u>Relevance FRE 401, 403; Failure to Plead in Accordance with FRCP 8; Violation of the Scheduling Order.</u> The first time Walmart raised an invalidity defense (obviousness) was in its Motion for Summary Judgment. (ECF No. 54) Obviousness was never addressed in any of Walmart's expert reports. *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (parties are required to make their expert disclosures at the time and in the manner ordered by the court) Walmart's invalidity defense for obviousness is barred, and therefore prior art is irrelevant. *Advanced Cardiovascular Sys. v. Medtronic, Inc.*, 1996 U.S. Dist. LEXIS 11700 **9-10 (N.D. Cal. July 24, 2006)(not alleged); *Metso Minerals, Inc. v. Powerscreen Int'l Distrib., Ltd.*, 681 F. Supp. 2d 309, 327 (EDNY 2010) (not in report); *Christiansen v. Syverson*, 516 F. Supp. 3d 1151, 1154 (D. Idaho 2021)<br><br><u>Failure to Disclose FRCP 26 & 37.</u> Walmart's prior art references contained in the search report, all of which were produced for the first time after the fact discovery deadline in this case, should be excluded. *Apple Inc. v. Samsung Elecs. Co.*, 786 F.3d 983, 1000 (Fed. Cir. 2015).<br><br><u>Holden's Opinions Should be Excluded Because they Fall Outside of his Initial Report</u><br><br>Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure requires that parties make expert disclosures "at the times and in the sequence that the court orders."<br><br>Rule 26(a)(2)(B) requires that written expert reports set forth a "complete statement of all opinions the witness will express and the basis and reasons for them." "Although an expert is not strictly limited to the precise words contained within an expert report, it is axiomatic that an expert may not present new opinions on topics not timely included or otherwise disclosed in the expert's report. This is blackletter law." *Gianni Versace S.r.l. v. Fashion Nova, Inc.*, 2021 U.S. Dist LEXIS 143444 *8 (C.D. Cal. May 10, 2021) citing *Garcia v.* |

1
2

*Cty. of Riverside*, 2019 U.S. Dist. LEXIS 167582 *28 (c.d.
Cal. June 7, 2019).

3
4
5
6
7
8
9
10
11
12

Relatedly, Rule 26(a)(2)(D)(ii) permits the admission of
rebuttal expert testimony that is "intended solely to contradict
or rebut evidence on the same subject matter identified" by an
initial expert witness. Thus, "[t]he function of rebuttal
testimony is to explain, repel, counteract or disprove evidence
of the adverse party." *Marmo v. Tyson Fresh Meats, Inc.*, 457
F.3d 749, 759 (8th Cir. 2006) (internal quotation marks and
citation omitted). "Accordingly, a supplemental expert report
that states additional opinions or seeks to strengthen or deepen
opinions expressed in the original expert report is beyond the
scope of proper supplementation and subject to exclusion
under Rule 37(c)." *Plumley v. Mockett*, 836 F. Supp. 2d 1053,
1062 (C.D. Cal. 2010) (internal quotation marks and citation
omitted).

13
14
15
16

As Judge Guilford observed in *Neville v. Found. Constructors*,
2019 U.S. Dist. LEXIS 221333 *13 (C.D. Cal. Aug. 19, 2019)
"it's unusual [for] parties to submit expert declarations in
support of their summary judgment motions and oppositions,
as opposed to their experts' reports themselves (as attested to
by each expert under oath)."

17
18
19
20
21
22

It is reasonable to conclude that Defendant did not submit the
expert report of Mr. Holden in its Motion for Summary
Judgment because the Holden report makes no mention of
invalidity due to obviousness, or any other invalidity defense
for that matter.  Instead, Walmart has incrementally attempted
to smuggle in the affirmative defense of obviousness through
Holden's "rebuttal" report, and declarations in support of
Defendant's Motion for Summary Judgment.

23
24
25
26

Plaintiff's expert did not address the issue of obviousness
because it was never asserted as an affirmative defense or
otherwise raised in this case until Defendant's Motion for
Summary Judgment.  Consequently, any references to patent
invalidity or prior art in Holden's rebuttal report is improper.

27
28

**PLAINTIFF'S EVIDENTIARY OBJECTIONS RE REPLY**

It is also highly improper for Defendant to attempt to sneak in obviousness in Holden's affidavits filed in support for a motion for summary judgment.  Like FRCP 26(e):

"supplementary disclosures do not permit a party to introduce new opinions after the disclosure deadline under the guise of a 'supplement.' Although Rule 26(e) obliges a party to 'supplement or correct' its disclosures upon information later acquired, this '***does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report (indeed, the lawsuit from the outset***). To rule otherwise would create a system where preliminary reports could be followed by supplementary reports and there would be no finality to expert reports . . . .' Enabling this pattern of behavior "would surely circumvent the full disclosure requirement implicit in Rule 26 and would interfere with the Court's ability to set case management deadlines." Accordingly, a supplemental expert report that states additional opinions or "seeks to 'strengthen' or 'deepen' opinions expressed in the original expert report" is beyond the scope of proper supplementation and subject to exclusion under Rule 37(c).

*United States v. Celgene Corp.*, 2016 U.S. Dist. LEXIS 156826 *16 (C.D. Cal. Aug. 23, 2016); see also *Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1062-1063. (C.D. Cal. 2010) Under Rule 37(c)(1) of the Federal Rules of Civil Procedure, a party is precluded from using expert reports where they are not disclosed in a timely manner. See *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

<u>Mr. Holden's opinions Fail the Requirements Set forth for Experts in Rule 702</u>

Mr. Holden's opinions should be excluded in their entirety.  Expert testimony is admissible under Federal Rule of Evidence 702 only if (1) it will assist the trier of fact to understand the evidence or to determine a fact in issue, (2) it is based on sufficient data, (3) it is the product of reliable principles and methods, and (4) the witness has properly applied the principles and methods to the facts of the case.

*Daubert v. Merrell DowPharms., Inc.*, 509 U.S. 579, 591-95 (1993). When a party seeks to exclude expert testimony, the proponent of the expert testimony has the burden of establishing, by a preponderance of the evidence, that the pertinent admissibility requirements are met. District Courts are given wide latitude to determine the admissibility of expert testimony, and their decision to exclude such testimony will be affirmed on appeal absent an abuse of discretion. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 138-139 (1997). Mr. Holden's opinions within his report regarding infringement and alleged prior art, if offered as testimony, would fail the requirements for experts as set forth in Rule 702. By introducing testimony that relates to prior art and obviousness, as well as his opinions on trade dress, Mr. Holden's opinions are based on deeply flawed methodology and inadmissible evidence that cannot be allowed to be presented to the trier of fact.

As a threshold matter, during his deposition Mr. Holden demonstrated a complete lack of technical knowledge regarding the matters upon which he was giving opinions - patent and trade dress infringement. FRE 702. While Mr. Holden clearly has experience making shoes, he couldn't differentiate between a patent and a trade dress, articulate the test for either patent or trade dress infringement, or even identify the definition for obviousness or prior art. As such, he was clearly unqualified to render opinions on these matters.

Mr. Holden's opinions are also unsubstantiated. "[A]n ultimate conclusion with no analysis is meaningless and is not helpful to the factfinder. *Winters v. Fru-Con Inc.*, 498 F. 3d 734, 743 (7th Cir. 2007).

<u>Mr. Holden's opinions regarding obviousness are conclusory and based on inadmissible evidence.</u>  As this Court held in a previous case involving another Deckers' patent:

"First, Deckers argues that "Poetsch's expert opinions should be excluded because they are entirely conclusory and based on inadmissible evidence."(Id.) Deckers contends that Poetsch's opinions regarding obviousness are conclusory because she fails to provide sufficient analysis for her legal conclusion. (Id.) To support their argument, Deckers cites *Innogenetics*,

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

where the district court excluded an expert's testimony because the expert failed to "state how or why a person ordinarily skilled in the art would have found the claims . . . obvious . . ." *Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1373 (Fed. Cir. 2008) (upholding district court's exclusion of expert testimony).  R&J opposes Deckers' Motion and argues that Poetsch's testimony "is not conclusory merely because it can be stated succinctly." (ECF No. 204 at 2.) However, the Court agrees with Deckers, and finds that Poetsch's testimony fails to provide sufficient analysis which states how or why a person skilled in the art would have found the claims of the patents at issue obvious. See *Innogenetics*, 512 F.3d at 1373. The court in *Innogenetics* found that vague expert testimony would not be helpful and stated, that "there must be some articulated reasoning with some rational underpinning to support the legal conclusion of obviousness." *Id*. at 1373 (citing *In re Kahn*, 441 F.3d 977, 988 (Fed. Cir. 2006)). Therefore, the Court finds that to the extent that Poetsch's report provides conclusory opinions regarding the obviousness of the '189 Patent, that evidence is excluded from trial."

*Deckers Outdoor Corp. v. Romeo & Juliette, Inc.*, 2017 U.S. Dist. LEXIS 217136 *9 (C.D. Cal. Oct. 6, 2017)

    Similarly, Mr. Holden fails to articulate any reason why the '941 Patent is invalidated by the purported prior art. He does not discuss primary or secondary references.  Rather, Mr. Holden's opinions do nothing more than parrot Walmart's counsel's statements that the website screenshots are prior art (when they're not) and makes no analysis whatsoever as to why said purported prior art renders the '941 Patent obvious under clear and convincing evidence.

Hearsay 801(c), 802. "A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). Hearsay, which is an out-of-court statement used to prove the truth of the matter asserted, is not admissible unless there is an applicable exception. See Fed. R. Evid. 801(c), 802. The internet screenshots and additional

1    information from GLS are out of court statements used to
2    prove the truth of the matter asserted and are not admissible.

3    Failure to Authenticate FRE 901(a).

4    Only admissible evidence is considered on a motion for
     summary judgment. *Orr v. Bank of Am., NT & SA*, 285 F.3d
5    764, 773 (9th Cir. 2002); see Fed. R. Civ. P. 56(e).
6    Authentication is a "condition precedent to admissibility," and
     can by satisfied "by evidence sufficient to support a finding
7    that the matter in question is what its proponent claims." Fed.
8    R. Evid. 901(a). At the summary judgment stage, the focus is
     not on the admissibility of the evidence's form, but on the
9    admissibility of its contents. *Fraser v. Goodale*, 342 F.3d
10   1032, 1036 (9th Cir. 2003)

11   Defendant has failed to authenticate any of internet
12   screenshots and they are therefore inadmissible as prior art. To
     be authenticated, some statement or affidavit from someone
13   with knowledge is required.  *In re Homestore.com, Inc. Sec.
     Litig.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004) ("for
14   example, Homestore's web master or someone else with
15   personal knowledge would be sufficient" to authenticate
     content of homestore.com printouts) Defendants has not
16   submitted any affidavits from the web master or anyone else
17   for that matter with personal knowledge of the various
     websites to lay foundation for the printouts.  Content on the
18   printouts is thus nothing more than inadmissible hearsay. FRE
19   801, 802.  Even then, the printouts alone are insufficient to
     demonstrate that the purported prior art depicted therein were
20   in public use, such as invoices and other indicia of actual sales
21   in commerce, in the United States.  *Deckers v. Romeo &
     Juliette*, 2017 U.S. Dist. LEXIS 91711 **6-15 (C.D. Cal. June
22   13, 2017) (Defendants fail to authenticate any of the pictures
23   that they contend correspond to this boot style); *Apple, Inc. v.
     Samsung Elecs. Co*., 2012 U.S. Dist. LEXIS 90889, at *38
24   (N.D. Cal. June 29, 2012) ("Other than Mr. Bogue's
25   declaration, Samsung cites no evidence that Tablecloth was
     known or used in a publicly accessible manner, or that
26   Tablecloth was in public use or on sale. Absent corroboration,
27   Mr. Bogue's declaration cannot serve to invalidate the '381
     Patent.")
28

| | |
|---|---|
| | In should be noted that out of the handful of factually distinguishable cases Defendant cites for its argument that the purported "prior art" is admissible, none are from the Ninth Circuit. ECF No. 65, pg. 11. In fact, Defendant completely ignores the authority cited by Plaintiff from the Ninth Circuit, most notably *Deckers v. Romeo & Juliette*, 2017 U.S. Dist. LEXIS 91711 **6-15 (C.D. Cal. June 13, 2017), which hold that this type of unauthenticated "prior art" evidence is not admissible. |
| Holden Dec. Paragraphs 7-22 wherein Holden Improperly attempts to smuggle into this case an obviousness analysis for the first time in Defendant's Reply Brief | **Holden's Opinions Concerning the Affirmative Defense of Obviousness Should be Excluded For Failure to Disclose**

**Relevance FRE 401, 403; Failure to Plead in Accordance with FRCP 8; Violation of the Scheduling Order.** The first time Walmart raised an invalidity defense (obviousness) was in its Motion for Summary Judgment. (ECF No. 54) Obviousness was never addressed in any of Walmart's expert reports. *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (parties are required to make their expert disclosures at the time and in the manner ordered by the court) Walmart's invalidity defense for obviousness is barred, and therefore prior art is irrelevant. *Advanced Cardiovascular Sys. v. Medtronic, Inc.*, 1996 U.S. Dist. LEXIS 11700 **9-10 (N.D. Cal. July 24, 2006)(not alleged); *Metso Minerals, Inc. v. Powerscreen Int'l Distrib., Ltd.*, 681 F. Supp. 2d 309, 327 (EDNY 2010) (not in report); *Christiansen v. Syverson*, 516 F. Supp. 3d 1151, 1154 (D. Idaho 2021)

**Failure to Disclose FRCP 26 & 37.** Walmart's prior art references contained in the search report, all of which were produced for the first time after the fact discovery deadline in this case, should be excluded. *Apple Inc. v. Samsung Elecs. Co.*, 786 F.3d 983, 1000 (Fed. Cir. 2015).

**Holden's Opinions Should be Excluded Because they Fall Outside of his Initial Report** |

Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure requires that parties make expert disclosures "at the times and in the sequence that the court orders."

Rule 26(a)(2)(B) requires that written expert reports set forth a "complete statement of all opinions the witness will express and the basis and reasons for them." "Although an expert is not strictly limited to the precise words contained within an expert report, it is axiomatic that an expert may not present new opinions on topics not timely included or otherwise disclosed in the expert's report.  This is blackletter law." *Gianni Versace S.r.l. v. Fashion Nova, Inc.*, 2021 U.S. Dist LEXIS 143444 *8 (C.D. Cal. May 10, 2021) citing *Garcia v. Cty. of Riverside*, 2019 U.S. Dist. LEXIS 167582 *28 (c.d. Cal. June 7, 2019).

Relatedly, Rule 26(a)(2)(D)(ii) permits the admission of rebuttal expert testimony that is "intended solely to contradict or rebut evidence on the same subject matter identified" by an initial expert witness. Thus, "[t]he function of rebuttal testimony is to explain, repel, counteract or disprove evidence of the adverse party." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 749, 759 (8th Cir. 2006) (internal quotation marks and citation omitted). "Accordingly, a supplemental expert report that states additional opinions or seeks to strengthen or deepen opinions expressed in the original expert report is beyond the scope of proper supplementation and subject to exclusion under Rule 37(c)." *Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1062 (C.D. Cal. 2010) (internal quotation marks and citation omitted).

As Judge Guilford observed in *Neville v. Found. Constructors*, 2019 U.S. Dist. LEXIS 221333 *13 (C.D. Cal. Aug. 19, 2019) "it's unusual [for] parties to submit expert declarations in support of their summary judgment motions and oppositions, as opposed to their experts' reports themselves (as attested to by each expert under oath)."

It is reasonable to conclude that Defendant did not submit the expert report of Mr. Holden in its Motion for Summary Judgment because the Holden report makes no mention of invalidity due to obviousness, or any other invalidity defense

for that matter.  Instead, Walmart has incrementally attempted to smuggle in the affirmative defense of obviousness through Holden's "rebuttal" report, and declarations in support of Defendant's Motion for Summary Judgment.

Plaintiff's expert did not address the issue of obviousness because it was never asserted as an affirmative defense or otherwise raised in this case until Defendant's Motion for Summary Judgment.  Consequently, any references to patent invalidity or prior art in Holden's rebuttal report is improper.

It is also highly improper for Defendant to attempt to sneak in obviousness in Holden's affidavits filed in support for a motion for summary judgment.  Like FRCP 26(e):

"supplementary disclosures do not permit a party to introduce new opinions after the disclosure deadline under the guise of a 'supplement.' Although Rule 26(e) obliges a party to 'supplement or correct' its disclosures upon information later acquired, this '***does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report (indeed, the lawsuit from the outset***). To rule otherwise would create a system where preliminary reports could be followed by supplementary reports and there would be no finality to expert reports . . . .' Enabling this pattern of behavior "would surely circumvent the full disclosure requirement implicit in Rule 26 and would interfere with the Court's ability to set case management deadlines." Accordingly, a supplemental expert report that states additional opinions or "seeks to 'strengthen' or 'deepen' opinions expressed in the original expert report" is beyond the scope of proper supplementation and subject to exclusion under Rule 37(c).

*United States v. Celgene Corp*., 2016 U.S. Dist. LEXIS 156826 *16 (C.D. Cal. Aug. 23, 2016); see also *Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1062-1063. (C.D. Cal. 2010) Under Rule 37(c)(1) of the Federal Rules of Civil Procedure, a party is precluded from using expert reports where they are not disclosed in a timely manner. See *Yeti by Molly, Ltd. v. Deckers Outdoor Corp*., 259 F.3d 1101, 1106 (9th Cir. 2001).

**PLAINTIFF'S EVIDENTIARY OBJECTIONS RE REPLY**

This Court Should not Consider New Arguments and Evidence Submitted by Defendant for the First Time in Defendant's Reply: "The district court need not consider arguments raised for the first time in a reply brief." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *Docusign, Inc. v. Sertifi, Inc.*, 468 F.Supp.2d 1305, 1307 (W.D. Wash. 2006) ("It is well established that new arguments and evidence presented for the first time in Reply are waived"); *Iconix, Inc. v. Tokuda*, 457 F.Supp.2d 969, 976 (N.D. Cal. 2006) (sustaining an objection to new evidence and argument submitted with a plaintiff's reply); Pajas v. Cty. of Monterey, 2017 U.S. Dist. LEXIS 60656, (N.D. Cal. Apr. 20, 2017) ("It is well accepted that . . . [the] submission of new facts in [a] reply brief is improper."); *Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers."); *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 308 n.5 (N.D. Cal. 2005) (disregarding new evidence in reply, as it "is well settled that new arguments cannot be made for the first time in reply. This goes for new facts too.")

This Court should not consider the new arguments and evidence Defendant has submitted for the first time in its Reply. As a Washington Court aptly observed, "[c]onsidering the evidence that [moving party] filed along with its reply brief, however, would effectively allow [moving party] to circumvent the court's case schedule by allowing [moving party] to meet its initial summary judgment burden after the court's dispositive motions deadline has passed… Relying on [moving party's] late-filed evidence would undermine the court's case schedule and violate the spirit, if not the letter, of the court's order."

*Laughing Rabbit, Inc. v. Nat'l Auto. Parts Ass'n*, 2014 U.S. Dist. LEXIS 18012 **18-19 (D Wash. Feb. 11, 2014); see also *Taylor v. Kuerston*, 2020 U.S. Dist. LEXIS 120014 *4 (E.D. Cal. July 8, 2020) (exercises discretion not to consider evidence); *Care First Surgical Ctr. v. ILWU-PMA Welfare Plan*, 2014 U.S. Dist. LEXIS 165744 Fn. 45 (C.D. Cal. July 28, 2014)(same); *Tae Youn Shim v. Lawler*, 2019 U.S. Dist. LEXIS 113935 *22 (N.D. Cal. July 9, 2019) (same)

<u>Mr. Holden's opinions Fail the Requirements Set forth for Experts in Rule 702</u>

Mr. Holden's opinions should be excluded in their entirety.   Expert testimony is admissible under Federal Rule of Evidence 702 only if (1) it will assist the trier of fact to understand the evidence or to determine a fact in issue, (2) it is based on sufficient data, (3) it is the product of reliable principles and methods, and (4) the witness has properly applied the principles and methods to the facts of the case. *Daubert v. Merrell DowPharms., Inc*., 509 U.S. 579, 591-95 (1993). When a party seeks to exclude expert testimony, the proponent of the expert testimony has the burden of establishing, by a preponderance of the evidence, that the pertinent admissibility requirements are met. District Courts are given wide latitude to determine the admissibility of expert testimony, and their decision to exclude such testimony will be affirmed on appeal absent an abuse of discretion. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 138-139 (1997).  Mr. Holden's opinions within his report regarding infringement and alleged prior art, if offered as testimony, would fail the requirements for experts as set forth in Rule 702. By introducing testimony that relates to prior art and obviousness, as well as his opinions on trade dress, Mr. Holden's opinions are based on deeply flawed methodology and inadmissible evidence that cannot be allowed to be presented to the trier of fact.

As a threshold matter, during his deposition Mr. Holden demonstrated a complete lack of technical knowledge regarding the matters upon which he was giving opinions - patent and trade dress infringement.  FRE 702. While Mr. Holden clearly has experience making shoes, he couldn't differentiate between a patent and a trade dress, articulate the test for either patent or trade dress infringement, or even identify the definition for obviousness or prior art. As such, he was clearly unqualified to render opinions on these matters.

Mr. Holden's opinions are also unsubstantiated. "[A]n ultimate conclusion with no analysis is meaningless and is not helpful to the factfinder.  *Winters v. Fru-Con Inc.*, 498 F. 3d 734, 743 (7th Cir. 2007).

<u>Mr. Holden's opinions regarding obviousness are conclusory and based on inadmissible evidence;</u>  As this Court held in a previous case involving another Deckers' patent:

"First, Deckers argues that "Poetsch's expert opinions should be excluded because they are entirely conclusory and based on inadmissible evidence."(Id.) Deckers contends that Poetsch's opinions regarding obviousness are conclusory because she fails to provide sufficient analysis for her legal conclusion. (Id.) To support their argument, Deckers cites *Innogenetics*, where the district court excluded an expert's testimony because the expert failed to "state how or why a person ordinarily skilled in the art would have found the claims . . . obvious . . ." *Innogenetics, N.V. v. Abbott Labs*., 512 F.3d 1363, 1373 (Fed. Cir. 2008) (upholding district court's exclusion of expert testimony).  R&J opposes Deckers' Motion and argues that Poetsch's testimony "is not conclusory merely because it can be stated succinctly." (ECF No. 204 at 2.) However, the Court agrees with Deckers, and finds that Poetsch's testimony fails to provide sufficient analysis which states how or why a person skilled in the art would have found the claims of the patents at issue obvious. See *Innogenetics*, 512 F.3d at 1373. The court in *Innogenetics* found that vague expert testimony would not be helpful and stated, that "there must be some articulated reasoning with some rational underpinning to support the legal conclusion of obviousness." *Id*. at 1373 (citing *In re Kahn*, 441 F.3d 977, 988 (Fed. Cir. 2006)). Therefore, the Court finds that to the extent that Poetsch's report provides conclusory opinions regarding the obviousness of the '189 Patent, that evidence is excluded from trial."

*Deckers Outdoor Corp. v. Romeo & Juliette, Inc*., 2017 U.S. Dist. LEXIS 217136 *9 (C.D. Cal. Oct. 6, 2017)

Similarly, Mr. Holden fails to articulate any reason why the '941 Patent is invalidated by the purported prior art. He does not discuss primary or secondary references.  Rather, Mr. Holden's opinions do nothing more than parrot Walmart's counsel's statements that the website screenshots are prior art (when they're not) and makes no analysis whatsoever as to

why said purported prior art renders the '941 Patent obvious under clear and convincing evidence.

Hearsay 801(c), 802. "A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). Hearsay, which is an out-of-court statement used to prove the truth of the matter asserted, is not admissible unless there is an applicable exception. See Fed. R. Evid. 801(c), 802. The internet screenshots and additional information from GLS are out of court statements used to prove the truth of the matter asserted and are not admissible.

Failure to Authenticate FRE 901(a).

Only admissible evidence is considered on a motion for summary judgment. *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002); see Fed. R. Civ. P. 56(e). Authentication is a "condition precedent to admissibility," and can by satisfied "by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). At the summary judgment stage, the focus is not on the admissibility of the evidence's form, but on the admissibility of its contents. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003)

Defendant has failed to authenticate any of internet screenshots and they are therefore inadmissible as prior art. To be authenticated, some statement or affidavit from someone with knowledge is required. *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004) ("for example, Homestore's web master or someone else with personal knowledge would be sufficient" to authenticate content of homestore.com printouts) Defendants has not submitted any affidavits from the web master or anyone else for that matter with personal knowledge of the various websites to lay foundation for the printouts. Content on the printouts is thus nothing more than inadmissible hearsay. FRE 801, 802. Even then, the printouts alone are insufficient to demonstrate that the purported prior art depicted therein were in public use, such as invoices and other indicia of actual sales in commerce, in the United States. *Deckers v. Romeo & Juliette*, 2017 U.S. Dist. LEXIS 91711 **6-15 (C.D. Cal. June

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br><br>8<br>9<br>10<br>11<br>12<br>13<br>14 | | 13, 2017) (Defendants fail to authenticate any of the pictures that they contend correspond to this boot style); *Apple, Inc. v. Samsung Elecs. Co*., 2012 U.S. Dist. LEXIS 90889, at *38 (N.D. Cal. June 29, 2012) ("Other than Mr. Bogue's declaration, Samsung cites no evidence that Tablecloth was known or used in a publicly accessible manner, or that Tablecloth was in public use or on sale. Absent corroboration, Mr. Bogue's declaration cannot serve to invalidate the '381 Patent.")<br><br>In should be noted that out of the handful of factually distinguishable cases Defendant cites for its argument that the purported "prior art" is admissible, none are from the Ninth Circuit. ECF No. 65, pg. 11. In fact, Defendant completely ignores the authority cited by Plaintiff from the Ninth Circuit, most notably *Deckers v. Romeo & Juliette*, 2017 U.S. Dist. LEXIS 91711 **6-15 (C.D. Cal. June 13, 2017), which hold that this type of unauthenticated "prior art" evidence is not admissible. |
| 15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26<br>27<br>28 | Holden Dec. Exs A (65-4)&B(65-5); screenshots Holden pulled from the internet regarding Rasolli. | Relevance FRE 401, 403; Failure to plead obviousness as an affirmative defense. FRCP 8; Violation of the Scheduling Order.  Prior art is only relevant to certain patent invalidity defenses (e.g., obviousness, anticipation, inequitable conduct), none of which were plead as an affirmative defense in Walmart's Answer.  The first time Walmart raised an invalidity defense (obviousness) was in its Motion for Summary Judgment. (ECF No. 54) Obviousness was never addressed in any of Walmart's expert reports.  Walmart's invalidity defense for obviousness is barred, and therefore prior art is irrelevant.  *Advanced Cardiovascular Sys. v. Medtronic, Inc*., 1996 U.S. Dist. LEXIS 11700 **9-10 (N.D. Cal. July 24, 2006)(not alleged); *Metso Minerals, Inc. v. Powerscreen Int'l Distrib., Ltd*., 681 F. Supp. 2d 309, 327 (EDNY 2010) (not in report).<br><br>The images are also irrelevant because they do not demonstrate that the purported prior art was being offered prior to the filing of the '941 Patent.  Rather, even if admissible, all these screenshots demonstrate is that a |

1    company called Rasolli is <u>currently</u> offering a sandal called the
      Jhatnna on its website.

2    <u>Failure to Disclose FRCP 26 & 37</u>. Walmart's prior art
3    references contained in the search report, all of which were
      produced for the first time after the fact discovery deadline in
4    this case, should be excluded. *Apple Inc. v. Samsung Elecs.
5    Co.*, 786 F.3d 983, 1000 (Fed. Cir. 2015)

6    <u>This Court Should not Consider New Arguments and Evidence</u>
7    <u>Submitted by Defendant for the First Time in Defendant's</u>
      <u>Reply</u>: "The district court need not consider arguments raised
8    for the first time in a reply brief." *Provenz v. Miller*, 102 F.3d
9    1478, 1483 (9th Cir. 1996); *Docusign, Inc. v. Sertifi, Inc.*, 468
      F.Supp.2d 1305, 1307 (W.D. Wash. 2006) ("It is well
10   established that new arguments and evidence presented for the
11   first time in Reply are waived"); *Iconix, Inc. v. Tokuda*, 457
12   F.Supp.2d 969, 976 (N.D. Cal. 2006) (sustaining an objection
      to new evidence and argument submitted with a plaintiff's
13   reply); Pajas v. Cty. of Monterey, 2017 U.S. Dist. LEXIS
14   60656, (N.D. Cal. Apr. 20, 2017) ("It is well accepted that . . .
      [the] submission of new facts in [a] reply brief is improper.");
15   *Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000)
16   ("It is improper for a moving party to introduce new facts or
      different legal arguments in the reply brief than those
17   presented in the moving papers."); *Contratto v. Ethicon, Inc.*,
18   227 F.R.D. 304, 308 n.5 (N.D. Cal. 2005) (disregarding new
      evidence in reply, as it "is well settled that new arguments
19   cannot be made for the first time in reply. This goes for new
20   facts too.")

21   This Court should not consider the new arguments and
22   evidence Defendant has submitted for the first time in its
      Reply. As a Washington Court aptly observed, "[c]onsidering
23   the evidence that [moving party] filed along with its reply
24   brief, however, would effectively allow [moving party] to
      circumvent the court's case schedule by allowing [moving
25   party] to meet its initial summary judgment burden after the
      court's dispositive motions deadline has passed… Relying on
26   [moving party's] late-filed evidence would undermine the
27   court's case schedule and violate the spirit, if not the letter, of
      the court's order."

28

*Laughing Rabbit, Inc. v. Nat'l Auto. Parts Ass'n*, 2014 U.S. Dist. LEXIS 18012 **18-19 (D Wash. Feb. 11, 2014); see also *Taylor v. Kuerston*, 2020 U.S. Dist. LEXIS 120014 *4 (E.D. Cal. July 8, 2020) (exercises discretion not to consider evidence); *Care First Surgical Ctr. v. ILWU-PMA Welfare Plan*, 2014 U.S. Dist. LEXIS 165744 Fn. 45 (C.D. Cal. July 28, 2014)(same); *Tae Youn Shim v. Lawler*, 2019 U.S. Dist. LEXIS 113935 *22 (N.D. Cal. July 9, 2019) (same)

Foundation FRE 602; Speculation. Rule 56 requires that, before evidence can be considered on summary judgment, a proper foundation must be laid. *Bias v. Moynihan*, 508 F.3d 1212, 1224 (9th Cir. 2007). Affidavits or declarations used in support of or opposition to a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4) While Holden may have pulled these screenshots from the Rasolli website, there is no foundation for the contention that these items were being sold prior to the filing of the '941 Patent, and thus said documents cannot be considered on summary judgment. [Fed. R. Civ. P. 56(e); See also *United States for Use and Benefit of Austin v. W. Elec. Co.*, 337 F.2d 568, 574-75 (9th Cir. 1964); *Robinson v. Penner*, 2008 U.S. Dist. LEXIS 14481, at *2 (E.D. Cal. Feb. 25, 2008)]

Hearsay 801(c), 802. "A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). Hearsay, which is an out-of-court statement used to prove the truth of the matter asserted, is not admissible unless there is an applicable exception. See Fed. R. Evid. 801(c), 802. The internet screenshots are out of court statements used to prove the truth of the matter asserted and are not admissible.

Failure to Authenticate FRE 901(a).

Only admissible evidence is considered on a motion for summary judgment. *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002); see Fed. R. Civ. P. 56(e). Authentication is a "condition precedent to admissibility," and

1
2
3
4

can by satisfied "by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). At the summary judgment stage, the focus is not on the admissibility of the evidence's form, but on the admissibility of its contents. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003)

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

Defendant has failed to authenticate any of internet screenshots and they are therefore inadmissible as prior art. To be authenticated, some statement or affidavit from someone with knowledge is required. *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004) ("for example, Homestore's web master or someone else with personal knowledge would be sufficient" to authenticate content of homestore.com printouts) Defendants has not submitted any affidavits from the web master or anyone else for that matter with personal knowledge of the various websites to lay foundation for the printouts.  Content on the printouts is thus nothing more than inadmissible hearsay. FRE 801, 802.  Even then, the printouts alone are insufficient to demonstrate that the purported prior art depicted therein were in public use, such as invoices and other indicia of actual sales in commerce, in the United States. *Deckers v. Romeo & Juliette*, 2017 U.S. Dist. LEXIS 91711 **6-15 (C.D. Cal. June 13, 2017) (Defendants fail to authenticate any of the pictures that they contend correspond to this boot style); *Apple, Inc. v. Samsung Elecs. Co*., 2012 U.S. Dist. LEXIS 90889, at *38 (N.D. Cal. June 29, 2012) ("Other than Mr. Bogue's declaration, Samsung cites no evidence that Tablecloth was known or used in a publicly accessible manner, or that Tablecloth was in public use or on sale. Absent corroboration, Mr. Bogue's declaration cannot serve to invalidate the '381 Patent.")

23
24
25
26
27

In should be noted that out of the handful of factually distinguishable cases Defendant cites for its argument that the purported "prior art" is admissible, none are from the Ninth Circuit. ECF No. 65, pg. 11. In fact, Defendant completely ignores the authority cited by Plaintiff from the Ninth Circuit, most notably *Deckers v. Romeo & Juliette*, 2017 U.S. Dist. LEXIS 91711 **6-15 (C.D. Cal. June 13, 2017), which hold

28

| | |
|---|---|
| | that this type of unauthenticated "prior art" evidence is not admissible. |
| Hoden Dec. Ex. C(65-6), Holden's purchase of a Rasolli sandal on March 14, 2022. | <u>Relevance FRE 401, 403; Failure to plead obviousness as an affirmative defense.</u> <u>FRCP 8; Violation of the Scheduling Order.</u> Prior art is only relevant to certain patent invalidity defenses (e.g., obviousness, anticipation, inequitable conduct), none of which were plead as an affirmative defense in Walmart's Answer. The first time Walmart raised an invalidity defense (obviousness) was in its Motion for Summary Judgment. (ECF No. 54) Obviousness was never addressed in any of Walmart's expert reports. Walmart's invalidity defense for obviousness is barred, and therefore prior art is irrelevant. *Advanced Cardiovascular Sys. v. Medtronic, Inc*., 1996 U.S. Dist. LEXIS 11700 **9-10 (N.D. Cal. July 24, 2006)(not alleged); *Metso Minerals, Inc. v. Powerscreen Int'l Distrib., Ltd*., 681 F. Supp. 2d 309, 327 (EDNY 2010) (not in report).<br><br>The images are also irrelevant because they do not demonstrate that the purported prior art was being offered prior to the filing of the '941 Patent. Rather, even if admissible, all these screenshots demonstrate is that a company called Rasolli is <u>currently</u> offering a sandal called the Jhatnna on its website.<br><br><u>Failure to Disclose FRCP 26 & 37</u>. Walmart's prior art references contained in the search report, all of which were produced for the first time after the fact discovery deadline in this case, should be excluded. *Apple Inc. v. Samsung Elecs. Co.*, 786 F.3d 983, 1000 (Fed. Cir. 2015)<br><br><u>This Court Should not Consider New Arguments and Evidence Submitted by Defendant for the First Time in Defendant's Reply</u>: "The district court need not consider arguments raised for the first time in a reply brief." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *Docusign, Inc. v. Sertifi, Inc*., 468 F.Supp.2d 1305, 1307 (W.D. Wash. 2006) ("It is well established that new arguments and evidence presented for the first time in Reply are waived"); *Iconix, Inc. v. Tokuda*, 457 F.Supp.2d 969, 976 (N.D. Cal. 2006) (sustaining an objection to new evidence and argument submitted with a plaintiff's reply); Pajas v. Cty. of Monterey, 2017 U.S. Dist. LEXIS |

60656, (N.D. Cal. Apr. 20, 2017) ("It is well accepted that . . . [the] submission of new facts in [a] reply brief is improper."); *Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers."); *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 308 n.5 (N.D. Cal. 2005) (disregarding new evidence in reply, as it "is well settled that new arguments cannot be made for the first time in reply. This goes for new facts too.")

This Court should not consider the new arguments and evidence Defendant has submitted for the first time in its Reply. As a Washington Court aptly observed, "[c]onsidering the evidence that [moving party] filed along with its reply brief, however, would effectively allow [moving party] to circumvent the court's case schedule by allowing [moving party] to meet its initial summary judgment burden after the court's dispositive motions deadline has passed… Relying on [moving party's] late-filed evidence would undermine the court's case schedule and violate the spirit, if not the letter, of the court's order."

*Laughing Rabbit, Inc. v. Nat'l Auto. Parts Ass'n*, 2014 U.S. Dist. LEXIS 18012 **18-19 (D Wash. Feb. 11, 2014); see also *Taylor v. Kuerston*, 2020 U.S. Dist. LEXIS 120014 *4 (E.D. Cal. July 8, 2020) (exercises discretion not to consider evidence); *Care First Surgical Ctr. v. ILWU-PMA Welfare Plan*, 2014 U.S. Dist. LEXIS 165744 Fn. 45 (C.D. Cal. July 28, 2014)(same); *Tae Youn Shim v. Lawler*, 2019 U.S. Dist. LEXIS 113935 *22 (N.D. Cal. July 9, 2019) (same)

Foundation FRE 602; Speculation. Rule 56 requires that, before evidence can be considered on summary judgment, a proper foundation must be laid. *Bias v. Moynihan*, 508 F.3d 1212, 1224 (9th Cir. 2007). Affidavits or declarations used in support of or opposition to a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4)  While Holden may have pulled these screenshots from the Rasolli website, there is no foundation

for the contention that these items were being sold prior to the filing of the '941 Patent, and thus said documents cannot be considered on summary judgment. [Fed. R. Civ. P. 56(e); See also *United States for Use and Benefit of Austin v. W. Elec. Co.*, 337 F.2d 568, 574-75 (9th Cir. 1964); *Robinson v. Penner*, 2008 U.S. Dist. LEXIS 14481, at *2 (E.D. Cal. Feb. 25, 2008)]

Hearsay 801(c), 802. "A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). Hearsay, which is an out-of-court statement used to prove the truth of the matter asserted, is not admissible unless there is an applicable exception. See Fed. R. Evid. 801(c), 802. The internet screenshots are out of court statements used to prove the truth of the matter asserted and are not admissible.

Failure to Authenticate FRE 901(a).

Only admissible evidence is considered on a motion for summary judgment. *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002); see Fed. R. Civ. P. 56(e). Authentication is a "condition precedent to admissibility," and can by satisfied "by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). At the summary judgment stage, the focus is not on the admissibility of the evidence's form, but on the admissibility of its contents. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003)

Defendant has failed to authenticate any of internet screenshots and they are therefore inadmissible as prior art. To be authenticated, some statement or affidavit from someone with knowledge is required. *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004) ("for example, Homestore's web master or someone else with personal knowledge would be sufficient" to authenticate content of homestore.com printouts) Defendants has not submitted any affidavits from the web master or anyone else for that matter with personal knowledge of the various websites to lay foundation for the printouts.  Content on the printouts is thus nothing more than inadmissible hearsay. FRE

| | |
|---|---|
| | 801, 802. Even then, the printouts alone are insufficient to demonstrate that the purported prior art depicted therein were in public use, such as invoices and other indicia of actual sales in commerce, in the United States. *Deckers v. Romeo & Juliette*, 2017 U.S. Dist. LEXIS 91711 **6-15 (C.D. Cal. June 13, 2017) (Defendants fail to authenticate any of the pictures that they contend correspond to this boot style); *Apple, Inc. v. Samsung Elecs. Co*., 2012 U.S. Dist. LEXIS 90889, at *38 (N.D. Cal. June 29, 2012) ("Other than Mr. Bogue's declaration, Samsung cites no evidence that Tablecloth was known or used in a publicly accessible manner, or that Tablecloth was in public use or on sale. Absent corroboration, Mr. Bogue's declaration cannot serve to invalidate the '381 Patent.") |
| | In should be noted that out of the handful of factually distinguishable cases Defendant cites for its argument that the purported "prior art" is admissible, none are from the Ninth Circuit. ECF No. 65, pg. 11. In fact, Defendant completely ignores the authority cited by Plaintiff from the Ninth Circuit, most notably *Deckers v. Romeo & Juliette*, 2017 U.S. Dist. LEXIS 91711 **6-15 (C.D. Cal. June 13, 2017), which hold that this type of unauthenticated "prior art" evidence is not admissible. |
| Holden Declarations Paragraphs 23-24 concerning Plaintiff's UGG Koolaburra-Fuzzin Faux II Sandal. | <u>Relevance FRE 401, 403; Failure to plead obviousness as an affirmative defense.</u> <u>FRCP 8; Violation of the Scheduling Order.</u> Prior art is only relevant to certain patent invalidity defenses (e.g., obviousness, anticipation, inequitable conduct), none of which were plead as an affirmative defense in Walmart's Answer. The first time Walmart raised an invalidity defense (obviousness) was in its Motion for Summary Judgment. (ECF No. 54) Obviousness was never addressed in any of Walmart's expert reports. Walmart's invalidity defense for obviousness is barred, and therefore prior art is irrelevant. *Advanced Cardiovascular Sys. v. Medtronic, Inc*., 1996 U.S. Dist. LEXIS 11700 **9-10 (N.D. Cal. July 24, 2006)(not alleged); *Metso Minerals, Inc. v. Powerscreen Int'l Distrib., Ltd*., 681 F. Supp. 2d 309, 327 (EDNY 2010) (not in report). |

Failure to Disclose FRCP 26 & 37. Walmart's prior art references contained in the search report, all of which were produced for the first time after the fact discovery deadline in this case, should be excluded. *Apple Inc. v. Samsung Elecs. Co.*, 786 F.3d 983, 1000 (Fed. Cir. 2015)

This Court Should not Consider New Arguments and Evidence Submitted by Defendant for the First Time in Defendant's Reply: "The district court need not consider arguments raised for the first time in a reply brief." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *Docusign, Inc. v. Sertifi, Inc.*, 468 F.Supp.2d 1305, 1307 (W.D. Wash. 2006) ("It is well established that new arguments and evidence presented for the first time in Reply are waived"); *Iconix, Inc. v. Tokuda*, 457 F.Supp.2d 969, 976 (N.D. Cal. 2006) (sustaining an objection to new evidence and argument submitted with a plaintiff's reply); Pajas v. Cty. of Monterey, 2017 U.S. Dist. LEXIS 60656, (N.D. Cal. Apr. 20, 2017) ("It is well accepted that . . . [the] submission of new facts in [a] reply brief is improper."); *Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal 2000) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers."); *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 308 n.5 (N.D. Cal. 2005) (disregarding new evidence in reply, as it "is well settled that new arguments cannot be made for the first time in reply. This goes for new facts too.")

This Court should not consider the new arguments and evidence Defendant has submitted for the first time in its Reply. As a Washington Court aptly observed, "[c]onsidering the evidence that [moving party] filed along with its reply brief, however, would effectively allow [moving party] to circumvent the court's case schedule by allowing [moving party] to meet its initial summary judgment burden after the court's dispositive motions deadline has passed… Relying on [moving party's] late-filed evidence would undermine the court's case schedule and violate the spirit, if not the letter, of the court's order."

*Laughing Rabbit, Inc. v. Nat'l Auto. Parts Ass'n*, 2014 U.S. Dist. LEXIS 18012 **18-19 (D Wash. Feb. 11, 2014); see also *Taylor v. Kuerston*, 2020 U.S. Dist. LEXIS 120014 *4 (E.D.

Cal. July 8, 2020) (exercises discretion not to consider evidence); *Care First Surgical Ctr. v. ILWU-PMA Welfare Plan*, 2014 U.S. Dist. LEXIS 165744 Fn. 45 (C.D. Cal. July 28, 2014)(same); *Tae Youn Shim v. Lawler*, 2019 U.S. Dist. LEXIS 113935 *22 (N.D. Cal. July 9, 2019) (same)

Foundation FRE 602; Speculation. Rule 56 requires that, before evidence can be considered on summary judgment, a proper foundation must be laid. Bias v. Moynihan, 508 F.3d 1212, 1224 (9th Cir. 2007). Affidavits or declarations used in support of or opposition to a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4)

Hearsay 801(c), 802. "A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). Hearsay, which is an out-of-court statement used to prove the truth of the matter asserted, is not admissible unless there is an applicable exception. See Fed. R. Evid. 801(c), 802. The internet screenshots and additional information from GLS are out of court statements used to prove the truth of the matter asserted and are not admissible.

Failure to Authenticate FRE 901(a).

Only admissible evidence is considered on a motion for summary judgment. *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002); see Fed. R. Civ. P. 56(e). Authentication is a "condition precedent to admissibility," and can by satisfied "by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). At the summary judgment stage, the focus is not on the admissibility of the evidence's form, but on the admissibility of its contents. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003)

Defendant has failed to authenticate any of internet screenshots and they are therefore inadmissible as prior art. To be authenticated, some statement or affidavit from someone with knowledge is required. *In re Homestore.com, Inc. Sec.*

**PLAINTIFF'S EVIDENTIARY OBJECTIONS RE REPLY**

*Litig.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004) ("for example, Homestore's web master or someone else with personal knowledge would be sufficient" to authenticate content of homestore.com printouts) Defendants has not submitted any affidavits from the web master or anyone else for that matter with personal knowledge of the various websites to lay foundation for the printouts.  Content on the printouts is thus nothing more than inadmissible hearsay. FRE 801, 802.  Even then, the printouts alone are insufficient to demonstrate that the purported prior art depicted therein were in public use, such as invoices and other indicia of actual sales in commerce, in the United States.  *Deckers v. Romeo & Juliette*, 2017 U.S. Dist. LEXIS 91711 **6-15 (C.D. Cal. June 13, 2017) (Defendants fail to authenticate any of the pictures that they contend correspond to this boot style); *Apple, Inc. v. Samsung Elecs. Co*., 2012 U.S. Dist. LEXIS 90889, at *38 (N.D. Cal. June 29, 2012) ("Other than Mr. Bogue's declaration, Samsung cites no evidence that Tablecloth was known or used in a publicly accessible manner, or that Tablecloth was in public use or on sale. Absent corroboration, Mr. Bogue's declaration cannot serve to invalidate the '381 Patent.")

In should be noted that out of the handful of factually distinguishable cases Defendant cites for its argument that the purported "prior art" is admissible, none are from the Ninth Circuit. ECF No. 65, pg. 11. In fact, Defendant completely ignores the authority cited by Plaintiff from the Ninth Circuit, most notably *Deckers v. Romeo & Juliette*, 2017 U.S. Dist. LEXIS 91711 **6-15 (C.D. Cal. June 13, 2017), which hold that this type of unauthenticated "prior art" evidence is not admissible.

| | |
|---|---|
| Holden paragraph 25 and Exhibit D(65-7) concerning a March 15, 2022 letter from Weir | Relevance FRE 401, 403; Failure to plead obviousness as an affirmative defense. FRCP 8; Violation of the Scheduling Order.  Prior art is only relevant to certain patent invalidity defenses (e.g., obviousness, anticipation, inequitable conduct), none of which were plead as an affirmative defense in Walmart's Answer.  The first time Walmart raised an invalidity defense (obviousness) was in its Motion for Summary Judgment. (ECF No. 54) Obviousness was never addressed in any of Walmart's expert reports.  Walmart's |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS RE REPLY**

| | |
|---|---|
| 1  regarding alleged<br><br>2  prior art | invalidity defense for obviousness is barred, and therefore prior art is irrelevant. *Advanced Cardiovascular Sys. v. Medtronic, Inc.*, 1996 U.S. Dist. LEXIS 11700 **9-10 (N.D. Cal. July 24, 2006)(not alleged); *Metso Minerals, Inc. v. Powerscreen Int'l Distrib., Ltd.*, 681 F. Supp. 2d 309, 327 (EDNY 2010) (not in report). |

3

4

5  <u>Failure to Disclose FRCP 26 & 37</u>. Walmart's prior art
6  references contained in the search report, all of which were
7  produced for the first time after the fact discovery deadline in
   this case, should be excluded. *Apple Inc. v. Samsung Elecs.*
8  *Co.*, 786 F.3d 983, 1000 (Fed. Cir. 2015)

9  <u>This Court Should not Consider New Arguments and Evidence</u>
10  <u>Submitted by Defendant for the First Time in Defendant's</u>
    <u>Reply</u>: "The district court need not consider arguments raised
11  for the first time in a reply brief." *Provenz v. Miller*, 102 F.3d
12  1478, 1483 (9th Cir. 1996); *Docusign, Inc. v. Sertifi, Inc.*, 468
    F.Supp.2d 1305, 1307 (W.D. Wash. 2006) ("It is well
13  established that new arguments and evidence presented for the
14  first time in Reply are waived"); *Iconix, Inc. v. Tokuda*, 457
    F.Supp.2d 969, 976 (N.D. Cal. 2006) (sustaining an objection
15  to new evidence and argument submitted with a plaintiff's
16  reply); Pajas v. Cty. of Monterey, 2017 U.S. Dist. LEXIS
    60656, (N.D. Cal. Apr. 20, 2017) ("It is well accepted that . . .
17  [the] submission of new facts in [a] reply brief is improper.");
18  *Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000)
    ("It is improper for a moving party to introduce new facts or
19  different legal arguments in the reply brief than those
20  presented in the moving papers."); *Contratto v. Ethicon, Inc.*,
    227 F.R.D. 304, 308 n.5 (N.D. Cal. 2005) (disregarding new
21  evidence in reply, as it "is well settled that new arguments
22  cannot be made for the first time in reply. This goes for new
    facts too.")
23

24  This Court should not consider the new arguments and
25  evidence Defendant has submitted for the first time in its
    Reply. As a Washington Court aptly observed, "[c]onsidering
26  the evidence that [moving party] filed along with its reply
27  brief, however, would effectively allow [moving party] to
    circumvent the court's case schedule by allowing [moving
28  party] to meet its initial summary judgment burden after the
    court's dispositive motions deadline has passed… Relying on

[moving party's] late-filed evidence would undermine the court's case schedule and violate the spirit, if not the letter, of the court's order."

*Laughing Rabbit, Inc. v. Nat'l Auto. Parts Ass'n*, 2014 U.S. Dist. LEXIS 18012 **18-19 (D Wash. Feb. 11, 2014); see also *Taylor v. Kuerston*, 2020 U.S. Dist. LEXIS 120014 *4 (E.D. Cal. July 8, 2020) (exercises discretion not to consider evidence); *Care First Surgical Ctr. v. ILWU-PMA Welfare Plan*, 2014 U.S. Dist. LEXIS 165744 Fn. 45 (C.D. Cal. July 28, 2014)(same); *Tae Youn Shim v. Lawler*, 2019 U.S. Dist. LEXIS 113935 *22 (N.D. Cal. July 9, 2019) (same)

Foundation FRE 602; Speculation. Rule 56 requires that, before evidence can be considered on summary judgment, a proper foundation must be laid. Bias v. Moynihan, 508 F.3d 1212, 1224 (9th Cir. 2007). Affidavits or declarations used in support of or opposition to a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4)

Hearsay 801(c), 802. "A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). Hearsay, which is an out-of-court statement used to prove the truth of the matter asserted, is not admissible unless there is an applicable exception. See Fed. R. Evid. 801(c), 802. The internet screenshots and additional information from GLS are out of court statements used to prove the truth of the matter asserted and are not admissible.

Failure to Authenticate FRE 901(a).

Only admissible evidence is considered on a motion for summary judgment. *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002); see Fed. R. Civ. P. 56(e). Authentication is a "condition precedent to admissibility," and can by satisfied "by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). At the summary judgment stage, the focus is

not on the admissibility of the evidence's form, but on the admissibility of its contents. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003)

Defendant has failed to authenticate any of internet screenshots and they are therefore inadmissible as prior art. To be authenticated, some statement or affidavit from someone with knowledge is required. *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004) ("for example, Homestore's web master or someone else with personal knowledge would be sufficient" to authenticate content of homestore.com printouts) Defendants has not submitted any affidavits from the web master or anyone else for that matter with personal knowledge of the various websites to lay foundation for the printouts.  Content on the printouts is thus nothing more than inadmissible hearsay. FRE 801, 802.  Even then, the printouts alone are insufficient to demonstrate that the purported prior art depicted therein were in public use, such as invoices and other indicia of actual sales in commerce, in the United States.  *Deckers v. Romeo & Juliette*, 2017 U.S. Dist. LEXIS 91711 **6-15 (C.D. Cal. June 13, 2017) (Defendants fail to authenticate any of the pictures that they contend correspond to this boot style); *Apple, Inc. v. Samsung Elecs. Co.*, 2012 U.S. Dist. LEXIS 90889, at *38 (N.D. Cal. June 29, 2012) ("Other than Mr. Bogue's declaration, Samsung cites no evidence that Tablecloth was known or used in a publicly accessible manner, or that Tablecloth was in public use or on sale. Absent corroboration, Mr. Bogue's declaration cannot serve to invalidate the '381 Patent.")

In should be noted that out of the handful of factually distinguishable cases Defendant cites for its argument that the purported "prior art" is admissible, none are from the Ninth Circuit. ECF No. 65, pg. 11. In fact, Defendant completely ignores the authority cited by Plaintiff from the Ninth Circuit, most notably *Deckers v. Romeo & Juliette*, 2017 U.S. Dist. LEXIS 91711 **6-15 (C.D. Cal. June 13, 2017), which hold that this type of unauthenticated "prior art" evidence is not admissible.

| | |
|---|---|
| Holden declaration paragraphs 29-33 concerning his deposition | <u>Contradiction of Deposition Testimony</u>: "The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991). In his deposition Mr. Holden stated unequivocally that the Fluff Yeah Trade Dress is non-functional, which it is. |

OBJECTIONS TO REPLY DECLARATION OF JOHN R. LANE ECF No. 65-8

| | |
|---|---|
| Lane Paragraph 6 referring to the search results first submitted on January 30, 2022, weeks after the discovery cutoff. | <u>Relevance FRE 401, 403; Failure to plead obviousness as an affirmative defense.</u> <u>FRCP 8; Violation of the Scheduling Order.</u> Prior art is only relevant to certain patent invalidity defenses (e.g., obviousness, anticipation, inequitable conduct), none of which were plead as an affirmative defense in Walmart's Answer. The first time Walmart raised an invalidity defense (obviousness) was in its Motion for Summary Judgment. (ECF No. 54) Obviousness was never addressed in any of Walmart's expert reports. Walmart's invalidity defense for obviousness is barred, and therefore prior art is irrelevant. *Advanced Cardiovascular Sys. v. Medtronic, Inc.*, 1996 U.S. Dist. LEXIS 11700 **9-10 (N.D. Cal. July 24, 2006)(not alleged); *Metso Minerals, Inc. v. Powerscreen Int'l Distrib., Ltd.*, 681 F. Supp. 2d 309, 327 (EDNY 2010) (not in report). |
| | <u>Failure to Disclose FRCP 26 & 37.</u> Walmart's prior art references contained in the search report, all of which were produced for the first time after the fact discovery deadline in this case, should be excluded. *Apple Inc. v. Samsung Elecs. Co.*, 786 F.3d 983, 1000 (Fed. Cir. 2015) |
| | <u>Foundation FRE 602; Speculation.</u> Rule 56 requires that, before evidence can be considered on summary judgment, a proper foundation must be laid. *Bias v. Moynihan*, 508 F.3d 1212, 1224 (9th Cir. 2007). Affidavits or declarations used in support of or opposition to a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or |

PLAINTIFF'S EVIDENTIARY OBJECTIONS RE REPLY

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4) There is no foundation for the contention that these items were being sold prior to the filing of the '941 Patent, and thus said documents cannot be considered on summary judgment. [Fed. R. Civ. P. 56(e); See also *United States for Use and Benefit of Austin v. W. Elec. Co*., 337 F.2d 568, 574-75 (9th Cir. 1964); *Robinson v. Penner*, 2008 U.S. Dist. LEXIS 14481, at *2 (E.D. Cal. Feb. 25, 2008)]

Hearsay 801(c), 802. "A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). Hearsay, which is an out-of-court statement used to prove the truth of the matter asserted, is not admissible unless there is an applicable exception. See Fed. R. Evid. 801(c), 802. The internet screenshots and additional information from GLS are out of court statements used to prove the truth of the matter asserted and are not admissible.

Failure to Authenticate FRE 901(a).

Only admissible evidence is considered on a motion for summary judgment. *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002); see Fed. R. Civ. P. 56(e). Authentication is a "condition precedent to admissibility," and can by satisfied "by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). At the summary judgment stage, the focus is not on the admissibility of the evidence's form, but on the admissibility of its contents. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003)

Defendant has failed to authenticate any of internet screenshots and they are therefore inadmissible as prior art. To be authenticated, some statement or affidavit from someone with knowledge is required.  *In re Homestore.com, Inc. Sec. Litig*., 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004) ("for example, Homestore's web master or someone else with personal knowledge would be sufficient" to authenticate content of homestore.com printouts) Defendants has not submitted any affidavits from the web master or anyone else for that matter with personal knowledge of the various websites to lay foundation for the printouts.  Content on the

| | | |
|---|---|---|
| 1 | | printouts is thus nothing more than inadmissible hearsay. FRE 801, 802.  Even then, the printouts alone are insufficient to demonstrate that the purported prior art depicted therein were in public use, such as invoices and other indicia of actual sales in commerce, in the United States.  *Deckers v. Romeo & Juliette*, 2017 U.S. Dist. LEXIS 91711 **6-15 (C.D. Cal. June 13, 2017) (Defendants fail to authenticate any of the pictures that they contend correspond to this boot style); *Apple, Inc. v. Samsung Elecs. Co.*, 2012 U.S. Dist. LEXIS 90889, at *38 (N.D. Cal. June 29, 2012) ("Other than Mr. Bogue's declaration, Samsung cites no evidence that Tablecloth was known or used in a publicly accessible manner, or that Tablecloth was in public use or on sale. Absent corroboration, Mr. Bogue's declaration cannot serve to invalidate the '381 Patent.") |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | | In should be noted that out of the handful of factually distinguishable cases Defendant cites for its argument that the purported "prior art" is admissible, none are from the Ninth Circuit. ECF No. 65, pg. 11. In fact, Defendant completely ignores the authority cited by Plaintiff from the Ninth Circuit, most notably *Deckers v. Romeo & Juliette*, 2017 U.S. Dist. LEXIS 91711 **6-15 (C.D. Cal. June 13, 2017), which hold that this type of unauthenticated "prior art" evidence is not admissible. |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | Lane Paragraph 7 regarding the purported reliability of the GLS Search | Irrelevant. FRE 402 and 403; Improper Opinion; Lack of Foundation FRE 602:  Whether or not GLS is a reputable firm, it has not, and cannot, authenticate or otherwise lay a foundation for the screenshots depicting prior art.  Defendant has failed to authenticate any of internet screenshots and they are therefore inadmissible as prior art. To be authenticated, some statement or affidavit from someone with knowledge is required.  *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004) ("for example, Homestore's web master or someone else with personal knowledge would be sufficient" to authenticate content of homestore.com printouts) Defendant has not submitted any affidavits from the web master or anyone else for that matter with personal knowledge of the website to lay foundation for the printouts. Content on the printouts is thus nothing more than inadmissible hearsay. FRE 801, 802.  Even then, the printouts |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS RE REPLY**

alone are insufficient to demonstrate that the purported images depicted therein were in public use, such as invoices and other indicia of actual sales in commerce, in the United States, prior to the filing of the '941 Patent. *Deckers v. Romeo & Juliette*, 2017 U.S. Dist. LEXIS 91711 **6-15 (C.D. Cal. June 13, 2017) (Defendants fail to authenticate any of the pictures that they contend correspond to this boot style); *Apple, Inc. v. Samsung Elecs. Co*., 2012 U.S. Dist. LEXIS 90889, at *38 (N.D. Cal. June 29, 2012) ("Other than Mr. Bogue's declaration, Samsung cites no evidence that Tablecloth was known or used in a publicly accessible manner, or that Tablecloth was in public use or on sale. Absent corroboration, Mr. Bogue's declaration cannot serve to invalidate the '381 Patent.").

Foundation FRE 602:  Rule 56 requires that, before evidence can be considered on summary judgment, a proper foundation must be laid. *Bias v. Moynihan*, 508 F.3d 1212, 1224 (9th Cir. 2007). Affidavits or declarations used in support of or opposition to a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4) There is no basis for Lane's statements that GLS is a reputable firm.  Indeed, GLS's search results, a smattering of unauthenticated screenshots which appear to have been altered with a cheap cut and pasting of photographs and dates, would indicate otherwise.  Indeed, the fact that GLS presented the UGG Koolumburra as prior art, when it was first sold in 2020, two years after the filing of the '941 Patent, would indicate that GLS's work was rushed, careless, and cannot be trusted.

| | |
|---|---|
| Lane Paragraph 8 and Exhibit A where Lane attempts to introduce new evidence regarding the scope of the | This argument and evidence suffer the same infirmities as the evidence first produced by Defendant's on January 30, 2022, weeks after the discovery cutoff, purporting to show prior art. Indeed, it is magnified by GLS's failure and/or refusal to provide an affidavit under oath concerning its searches.  Even then, had GLS provided an affidavit it still would not have first hand knowledge or otherwise be able to authenticate whether the purported "prior art" was indeed prior art, as they do not have first hand knowledge from the distributors of the various products as to when they were first offered for sale, where, and to what extent. |

| | |
|---|---|
| search GLS purportedly conducted | <u>Relevance FRE 401, 403; Failure to plead obviousness as an affirmative defense.</u> <u>FRCP 8; Violation of the Scheduling Order.</u>  Prior art is only relevant to certain patent invalidity defenses (e.g., obviousness, anticipation, inequitable conduct), none of which were plead as an affirmative defense in Walmart's Answer.  The first time Walmart raised an invalidity defense (obviousness) was in its Motion for Summary Judgment. (ECF No. 54) Obviousness was never addressed in any of Walmart's expert reports.  Walmart's invalidity defense for obviousness is barred, and therefore prior art is irrelevant.  *Advanced Cardiovascular Sys. v. Medtronic, Inc.*, 1996 U.S. Dist. LEXIS 11700 **9-10 (N.D. Cal. July 24, 2006)(not alleged); *Metso Minerals, Inc. v. Powerscreen Int'l Distrib., Ltd.*, 681 F. Supp. 2d 309, 327 (EDNY 2010) (not in report). |
| | The images are also irrelevant because they do not demonstrate that the purported prior art was being offered prior to the filing of the '941 Patent. |
| | <u>Failure to Disclose FRCP 26 & 37.</u> Walmart's prior art references contained in the search report, all of which were produced for the first time after the fact discovery deadline in this case, should be excluded.  *Apple Inc. v. Samsung Elecs. Co.*, 786 F.3d 983, 1000 (Fed. Cir. 2015) |
| | <u>This Court Should not Consider New Arguments and Evidence Submitted by Defendant for the First Time in Defendant's Reply</u>: "The district court need not consider arguments raised for the first time in a reply brief." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *Docusign, Inc. v. Sertifi, Inc.*, 468 F.Supp.2d 1305, 1307 (W.D. Wash. 2006) ("It is well established that new arguments and evidence presented for the first time in Reply are waived"); *Iconix, Inc. v. Tokuda*, 457 F.Supp.2d 969, 976 (N.D. Cal. 2006) (sustaining an objection to new evidence and argument submitted with a plaintiff's reply); Pajas v. Cty. of Monterey, 2017 U.S. Dist. LEXIS 60656, (N.D. Cal. Apr. 20, 2017) ("It is well accepted that . . . [the] submission of new facts in [a] reply brief is improper."); *Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) ("It is improper for a moving party to introduce new facts or different legal arguments in the |

PLAINTIFF'S EVIDENTIARY OBJECTIONS RE REPLY

reply brief than those presented in the moving papers.");
*Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 308 n.5 (N.D. Cal.
2005) (disregarding new evidence in reply, as it "is well
settled that new arguments cannot be made for the first time in
reply. This goes for new facts too.")

This Court should not consider the new arguments and
evidence Defendant has submitted for the first time in its
Reply. As a Washington Court aptly observed, "[c]onsidering
the evidence that [moving party] filed along with its reply
brief, however, would effectively allow [moving party] to
circumvent the court's case schedule by allowing [moving
party] to meet its initial summary judgment burden after the
court's dispositive motions deadline has passed… Relying on
[moving party's] late-filed evidence would undermine the
court's case schedule and violate the spirit, if not the letter, of
the court's order."

*Laughing Rabbit, Inc. v. Nat'l Auto. Parts Ass'n*, 2014 U.S.
Dist. LEXIS 18012 **18-19 (D Wash. Feb. 11, 2014); see also
*Taylor v. Kuerston*, 2020 U.S. Dist. LEXIS 120014 *4 (E.D.
Cal. July 8, 2020) (exercises discretion not to consider
evidence); *Care First Surgical Ctr. v. ILWU-PMA Welfare
Plan*, 2014 U.S. Dist. LEXIS 165744 Fn. 45 (C.D. Cal. July
28, 2014)(same); *Tae Youn Shim v. Lawler*, 2019 U.S. Dist.
LEXIS 113935 *22 (N.D. Cal. July 9, 2019) (same)


Foundation FRE 602; Speculation. Rule 56 requires that,
before evidence can be considered on summary judgment, a
proper foundation must be laid. Bias v. Moynihan, 508 F.3d
1212, 1224 (9th Cir. 2007). Affidavits or declarations used in
support of or opposition to a motion for summary judgment
"must be made on personal knowledge, set out facts that
would be admissible in evidence, and show that the affiant or
declarant is competent to testify on the matters stated." Fed. R.
Civ. P. 56(c)(4)

Hearsay 801(c), 802. "A trial court can only consider
admissible evidence in ruling on a motion for summary
judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773
(9th Cir. 2002). Hearsay, which is an out-of-court statement
used to prove the truth of the matter asserted, is not admissible

unless there is an applicable exception. See Fed. R. Evid.
801(c), 802. The internet screenshots and additional
information from GLS are out of court statements used to
prove the truth of the matter asserted and are not admissible.

Failure to Authenticate FRE 901(a).

Only admissible evidence is considered on a motion for
summary judgment. *Orr v. Bank of Am., NT & SA*, 285 F.3d
764, 773 (9th Cir. 2002); see Fed. R. Civ. P. 56(e).
Authentication is a "condition precedent to admissibility," and
can by satisfied "by evidence sufficient to support a finding
that the matter in question is what its proponent claims." Fed.
R. Evid. 901(a). At the summary judgment stage, the focus is
not on the admissibility of the evidence's form, but on the
admissibility of its contents. *Fraser v. Goodale*, 342 F.3d
1032, 1036 (9th Cir. 2003)

Defendant has failed to authenticate any of internet
screenshots and they are therefore inadmissible as prior art. To
be authenticated, some statement or affidavit from someone
with knowledge is required. *In re Homestore.com, Inc. Sec.
Litig.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004) ("for
example, Homestore's web master or someone else with
personal knowledge would be sufficient" to authenticate
content of homestore.com printouts) Defendants has not
submitted any affidavits from the web master or anyone else
for that matter with personal knowledge of the various
websites to lay foundation for the printouts.  Content on the
printouts is thus nothing more than inadmissible hearsay. FRE
801, 802.  Even then, the printouts alone are insufficient to
demonstrate that the purported prior art depicted therein were
in public use, such as invoices and other indicia of actual sales
in commerce, in the United States.  *Deckers v. Romeo &
Juliette*, 2017 U.S. Dist. LEXIS 91711 **6-15 (C.D. Cal. June
13, 2017) (Defendants fail to authenticate any of the pictures
that they contend correspond to this boot style); *Apple, Inc. v.
Samsung Elecs. Co.*, 2012 U.S. Dist. LEXIS 90889, at *38
(N.D. Cal. June 29, 2012) ("Other than Mr. Bogue's
declaration, Samsung cites no evidence that Tablecloth was
known or used in a publicly accessible manner, or that
Tablecloth was in public use or on sale. Absent corroboration,

| | |
|---|---|
| | Mr. Bogue's declaration cannot serve to invalidate the '381 Patent.") |
| | In should be noted that out of the handful of factually distinguishable cases Defendant cites for its argument that the purported "prior art" is admissible, none are from the Ninth Circuit. ECF No. 65, pg. 11. In fact, Defendant completely ignores the authority cited by Plaintiff from the Ninth Circuit, most notably *Deckers v. Romeo & Juliette*, 2017 U.S. Dist. LEXIS 91711 **6-15 (C.D. Cal. June 13, 2017), which hold that this type of unauthenticated "prior art" evidence is not admissible. |
| Lane paragraphs 9-17 concerning Defendant not providing purported prior art during fact discovery. | At the outset, Lane's comments are irrelevant because Defendant never raised obviousness as an affirmative defense. Rather the first-time obviousness was raised was in Defendant's Motion for Summary Judgment. |
| | <u>Relevance FRE 401, 403; Failure to plead obviousness as an affirmative defense. FRCP 8; Violation of the Scheduling Order.</u>  Prior art is only relevant to certain patent invalidity defenses (e.g., obviousness, anticipation, inequitable conduct), none of which were plead as an affirmative defense in Walmart's Answer.  The first time Walmart raised an invalidity defense (obviousness) was in its Motion for Summary Judgment. (ECF No. 54) Obviousness was never addressed in any of Walmart's expert reports.  Walmart's invalidity defense for obviousness is barred, and therefore prior art is irrelevant.  *Advanced Cardiovascular Sys. v. Medtronic, Inc*., 1996 U.S. Dist. LEXIS 11700 **9-10 (N.D. Cal. July 24, 2006)(not alleged); *Metso Minerals, Inc. v. Powerscreen Int'l Distrib., Ltd*., 681 F. Supp. 2d 309, 327 (EDNY 2010) (not in report). |
| | The images are also irrelevant because they do not demonstrate that the purported prior art was being offered prior to the filing of the '941 Patent. |
| | <u>Failure to Disclose FRCP 26 & 37; Scheduling Order:</u> |
| | Defendant, who has the burden of demonstrating patent invalidity and prior art by clear and convincing evidence, appears to believe that Plaintiff should have the burden of |

doing Defendant's work for it. Under Defendant's view of the law, Plaintiff should be required not only to guess or otherwise anticipate what Defendant's unalleged affirmative defenses may happen to be, but also to prove the lack of authenticity of the GWS screenshots purporting to demonstrate "prior art". This is not how it works.

Patent invalidity contentions require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed. *Kandypens, Inc. v. Puff Corp.*, 2020 U.S. Dist. LEXIS 259022 *5 (CDCAL Sept. 20, 2020) Patent invalidity for reasons such as obviousness must be plead as an affirmative defense. *Eli Lilly & Co. v. Barr Labs., Inc.*, 251 F.3d 955, 962 (Fed. Cir. 2001).

Defendant's Fifth Affirmative Defense states in its entirety: "*Defendant has not infringed and is not infringing on any valid claim of the '941 Patent.*" ECF No. 20.

Patents can be challenged on the basis of: proof of sale or public use (35 USC §§ 102(a)(1), 282(b)(2)); subject matter; the patented invention is not novel; ineligibility (35 USC §101); obviousness (35 USC §102); anticipation (35 USC §103); indefiniteness; lack of enablement; failure to meet the written description requirement (35 USC §112); the patent claims are so unclear or ambiguous that they "fail to inform, with reasonable certainty," people with knowledge of the subject matter involved (*Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898 (2014)); or the patent holder omitted information or provided inaccurate information when applying to the USPTO (inequitable conduct).

Defendant's bare bone language contained in the Fifth Affirmative Defense falls well short of what is required *Twombly* and *Iqbal* to put Plaintiff on notice of what affirmative defenses Defendant was asserting. Indeed, even if Defendant had claimed patent invalidity due to obviousness, which it didn't, this would be insufficient unless Defendant specifically set forth the reasons why the '941 was purportedly obvious. *Advanced Cardiovascular Sys. v. Medtronic, Inc.*, 1996 U.S. Dist. LEXIS 11700 **9-10 (N.D. Cal. July 24, 2006)

Additionally, Defendant was required to disclose this discovery well before the fact discovery cutoff in this case. Walmart's prior art references contained in the search report, all of which were produced for the first time after the fact discovery deadline in this case, should be excluded. *Apple Inc. v. Samsung Elecs. Co.*, 786 F.3d 983, 1000 (Fed. Cir. 2015)

Defendant's production of the search results weeks after the fact discovery cutoff mandates their exclusion pursuant to Rule 37 and this Court's Scheduling Order, even though expert discovery was underway. As the Court held in *Finjan, LLC v. Qualys Inc.*, 2020 U.S. Dist. LEXIS 210427, *4-5, (N.D. Cal. Nov. 10, 2020):

"Just because you want access to materials for the purpose of enabling your expert to conduct an analysis and write a report doesn't mean you're asking for expert discovery. The plain language of Rule 26 makes clear that expert discovery means discovery of the expert, not by the expert. See ParkerVision, Inc., v. Qualcomm Inc., 2013 U.S. Dist. LEXIS 99787, 2013 WL 3771226, at *4 (M.D. Fl. July 17, 2013) ("[T]he expert discovery period in the Amended CMSO does not provide an extended period of document discovery related to the disclosed experts; rather, it allows for an extended period of time to exchange expert reports pertaining to the current litigation and to complete expert depositions."); see also, e.g., Gore v. 3M Company, 2017 U.S. Dist. LEXIS 182337, 2017 WL 5076021, at *2 (E.D.N.C. Nov. 3, 2017) ("[T]he pathology slides constitute facts upon which experts may base their opinions at trial, and therefore are distinct from the expert opinions themselves. Accordingly, the court finds the pathology slides were subject to the March 6, 2017 fact discovery deadline . . .").

If the desire to obtain information so your expert can use it were enough to turn something into expert discovery, then the fact discovery cutoff in patent infringement cases would be nearly meaningless because almost all of the fact discovery is designed to support one or more expert reports. See Ruiz-Bueno, 2014 U.S. Dist. LEXIS 17919, 2014 WL 576400, at *3

("[M]uch of the information produced during 'fact discovery' is used as a foundation for expert opinions. It would make little sense to have separate cutoff dates for fact and expert discovery if discovery of any information which might form the basis for expert opinions could be deferred to the 'expert discovery' phase; that phase, which is usually much shorter than the fact discovery phase, would then turn out to be more extensive, and it would be very difficult to determine when discovery was really concluded."); United States v. North East Medical Services, 2014 U.S. Dist. LEXIS 174446, 2014 WL 7208627, at *5 (N.D. Cal. Dec. 17, 2014) ("NEMS's position elides the distinction between fact discovery and expert discovery. . . . Documents that have a direct bearing on the factual disputes in the case are the subject of fact discovery, which often (as here) concludes before expert discovery so that the parties may rely on a complete factual record to inform their own experts and depose their opponents' experts.")."

Likewise, in *Henry v. Quicken Loans Inc*., 2008 U.S. Dist. LEXIS 107155, 2008 WL 4735228, at *6 (E.D. Mich. Sept. 30, 2008) the court held that "based on the design of the Federal Rules of Civil Procedure, there is an apparent presumption that data for an expert report should be gathered during fact discovery and that the extended deadline for the expert report is provided to give the expert time to thoroughly analyze the collected data."

See also *Ruiz-Bueno v. Scott*, 2014 U.S. Dist. LEXIS 17919, 2014 WL 576400, at *4 (S.D. Ohio Feb. 12, 2014): "This Court knows exactly what it intended by setting separate dates for the completion of fact and expert discovery. The latter type of discovery is devoted to the exchange of expert reports and information about those reports, including the required Rule 26(a)(2) disclosures and depositions of the experts."

There is simply no excuse for Defendant's production of purported "prior art" weeks after the discovery cutoff. Defendant failed to mention prior art or obviousness in its initial disclosers. An email submitted by Defendant from Plaintiff's counsel accurately reflects the chronology of events surrounding Defendant's lack of diligence in this case. ECF

No. 65-11, pages 154-156.  In summary, despite having seven months to conduct discovery in this case, Defendant did nothing in terms of developing their defenses.  Indeed, in the face of a court order (ECF No. 44) requiring Defendant to produce documents relevant to the claims and defenses in this case, and Plaintiff's repeated requests that Walmart do so, Walmart waited until two weeks after the discovery cutoff to first disclose purported "prior art."  Not only has Walmart violated FRCP 26 & 37, but its conduct is also in contempt of a court order requiring Walmart to produce these documents in December 2021.  ECF No. 44.  Defendant's belated production deprived Plaintiff of any possibility of refuting Defendant's unauthenticated hearsay screenshots as purportedly being "prior art."  In any event, it is Defendant, not Plaintiff, that has the burden by clear and convincing evidence to establish that these unauthenticated screenshots are somehow "prior art."

Foundation:  Rule 56 requires that, before evidence can be considered on summary judgment, a proper foundation must be laid. *Bias v. Moynihan*, 508 F.3d 1212, 1224 (9th Cir. 2007). Affidavits or declarations used in support of or opposition to a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4) Mr. Lane's statement that the purported "prior art" was produced on January 25, 2022, is simply not true.  This first time the GWS information was provided was on January 30, 2022.  Even then, Defendant failed to explain exactly why it was providing prior art.  Defendant never made any mention of an obviousness, anticipation, or inequitable conduct defense to the validity of the '941 Patent.  Indeed, the initial Holden report discussed the purported prior art in the context of Plaintiff's trade dress claims.

Hearsay 801(c), 802. "A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). Hearsay, which is an out-of-court statement used to prove the truth of the matter asserted, is not admissible unless there is an applicable exception. See Fed. R. Evid.

801(c), 802. The internet screenshots and additional information from GLS are out of court statements used to prove the truth of the matter asserted and are not admissible.

<u>Failure to Authenticate FRE 901(a).</u>

Only admissible evidence is considered on a motion for summary judgment. *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002); see Fed. R. Civ. P. 56(e). Authentication is a "condition precedent to admissibility," and can by satisfied "by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). At the summary judgment stage, the focus is not on the admissibility of the evidence's form, but on the admissibility of its contents. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003)

Defendant has failed to authenticate any of internet screenshots and they are therefore inadmissible as prior art. To be authenticated, some statement or affidavit from someone with knowledge is required. *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004) ("for example, Homestore's web master or someone else with personal knowledge would be sufficient" to authenticate content of homestore.com printouts) Defendants has not submitted any affidavits from the web master or anyone else for that matter with personal knowledge of the various websites to lay foundation for the printouts. Content on the printouts is thus nothing more than inadmissible hearsay. FRE 801, 802. Even then, the printouts alone are insufficient to demonstrate that the purported prior art depicted therein were in public use, such as invoices and other indicia of actual sales in commerce, in the United States. *Deckers v. Romeo & Juliette*, 2017 U.S. Dist. LEXIS 91711 **6-15 (C.D. Cal. June 13, 2017) (Defendants fail to authenticate any of the pictures that they contend correspond to this boot style); *Apple, Inc. v. Samsung Elecs. Co.*, 2012 U.S. Dist. LEXIS 90889, at *38 (N.D. Cal. June 29, 2012) ("Other than Mr. Bogue's declaration, Samsung cites no evidence that Tablecloth was known or used in a publicly accessible manner, or that Tablecloth was in public use or on sale. Absent corroboration, Mr. Bogue's declaration cannot serve to invalidate the '381 Patent.")

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

In should be noted that out of the handful of factually distinguishable cases Defendant cites for its argument that the purported "prior art" is admissible, none are from the Ninth Circuit. ECF No. 65, pg. 11. In fact, Defendant completely ignores the authority cited by Plaintiff from the Ninth Circuit, most notably *Deckers v. Romeo & Juliette*, 2017 U.S. Dist. LEXIS 91711 **6-15 (C.D. Cal. June 13, 2017), which hold that this type of unauthenticated "prior art" evidence is not admissible.

Lane's testimony regarding the purported strength of the unauthenticated hearsay prior art evidence is improper opinion evidence. See para 17.

Lane's statement in Paragraph 17 that prior art was provided to Plaintiff on January 25, 2022 is demonstrably false. As evidenced by Defendant's own communications and Separate Statement, Defendant wasn't provided the prior art search results until January 26, 2022. The following is the exact text:

*Defendant performed a prior art search through its agent Government Liaison Services ("GLS Search") the results of which were provided to Defendant on January 26, 2022.* (Def Und. Fact #4, ECF No. 54-1, pg. 2)

Plaintiff responded that it had not been provided with these results until January 30, 2022. ECF No. 64-1, pg. 3.

In Defendant's Opposition to Plaintiff's Statement of Genuine Issues of Material Fact, Defendant changed its original allegedly undisputed fact to read as follows:

*Defendant performed a prior art search through its agent Government Liaison Services the results of which were provided to Plaintiff on January 30, 2022.* ECF No. 65-1, pg. 3.

Contrary to Mr. Lane's representation, not only would it have been impossible for Defendant to provide Plaintiff with this prior art on January 25, 2022, since it was first received by Defendant's counsel on January 26, 2022, it was first provided

| | | |
|---|---|---|
| | | to Plaintiff's counsel on January 30, 2022, more than two weeks after the fact discovery cutoff. |
| | Lane paragraphs 18-21 where he testifies that Walmart plead obviousness as an affirmative defense in its Answer | At the outset, Mr. Lane's characterization of Walmart's answer and the Fifth Affirmative Defense asserted therein is irrelevant because the Answer speaks for itself.  Nowhere in the Answer does Defendant assert an affirmative defense of obviousness. Furthermore, it is improper opinion evidence.

Defendant, who has the burden of demonstrating patent invalidity and prior art by clear and convincing evidence, appears to believe that Plaintiff should have the burden of doing Defendant's work for it.  Under Defendant's view of the law, Plaintiff should be required not only to guess or otherwise anticipate what Defendant's unalleged affirmative defenses may happen to be, but also to prove the lack of authenticity of the GWS screenshots purporting to demonstrate "prior art". This is not how it works.

Patent invalidity contentions require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed. *Kandypens, Inc. v. Puff Corp.*, 2020 U.S. Dist. LEXIS 259022 *5 (CDCAL Sept. 20, 2020) Patent invalidity for reasons such as obviousness must be plead as an affirmative defense. *Eli Lilly & Co. v. Barr Labs., Inc.*, 251 F.3d 955, 962 (Fed. Cir. 2001).

Defendant's Fifth Affirmative Defense states in its entirety: "*Defendant has not infringed and is not infringing on any valid claim of the '941 Patent*."  ECF No. 20.

Patents can be challenged on the basis of: proof of sale or public use (35 USC §§ 102(a)(1), 282(b)(2)); subject matter; the patented invention is not novel; ineligibility (35 USC §101); obviousness (35 USC §102); anticipation (35 USC §103); indefiniteness; lack of enablement; failure to meet the written description requirement (35 USC §112); the patent claims are so unclear or ambiguous that they "fail to inform, with reasonable certainty," people with knowledge of the subject matter involved (*Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898 (2014)); or the patent holder omitted information or provided inaccurate information when applying to the USPTO (inequitable conduct). |

| | |
|---|---|
| | Defendant's bare bone language contained in the Fifth Affirmative Defense falls well short of what is required *Twombly* and *Iqbal* to put Plaintiff on notice of what affirmative defenses Defendant was asserting.  Indeed, even if Defendant had claimed patent invalidity due to obviousness, which it didn't, this would be insufficient unless Defendant specifically set forth the reasons why the '941 was purportedly obvious.  *Advanced Cardiovascular Sys. v. Medtronic, Inc*., 1996 U.S. Dist. LEXIS 11700 **9-10 (N.D. Cal. July 24, 2006) |

OBJECTIONS TO DECLARATION OF ROBERT D. GARSON ECF No. 65-10 to 65-11

| | |
|---|---|
| Garson paragraph 5 where he states that he was not involved in this case until December 3, 2021. | Foundation FRE 602; Irrelevant FRE 402 & 403; Misstatement of facts:<br><br>In paragraph 5 Mr. Garson states that his firm was not substituted in as counsel in this case until December 3, 2021.  While this statement is technically true, it is misleading.  As shown by the correspondence between counsel, Mr. Garson was acting as lead counsel for Walmart in this case as early as September 15, 2021 and was intimately involved in this case for months prior to the filing of a formal substitution of attorney.  ECF No. 41-1 to 41-16.  Indeed, he met and conferred on numerous occasions regarding Walmart's dilatory discovery responses which ultimately lead to Plaintiff having to file a motion to compel (ECF No. 41), which resulted in an order compelling production. (ECF No. 44). |
| Garson paragraph 6 where he claims that as of December 3, 2021, little | Relevance FRE 402 & 403; Foundation FRE 602; misstatement of evidence.<br><br>While it is an accurate statement that Walmart did little in terms of discovery in this case, the statement is false as it pertains to Deckers. |

| | | |
|---|---|---|
| discovery was done by Plaintiff in this case. | -On May 18, 2021, Plaintiff served its first requests for documents and interrogatories on Walmart. ECF No. 41.<br>-Deckers granted Walmart's request for a 30-day extension to respond. (id)<br>-When Walmart responded on July 19, 2021, the responses were mostly objections and a statement that documents would be produced after entry of a protective order. (id)<br>- On September 8 and September 17, 2021 the parties met and conferred pursuant to Local Rule 37-1 regarding Defendant's outstanding document production. (id)<br>-On October 28, 2021, Plaintiff sent another meet and confer letter regarding Walmart's failure to provide any documents. (id)<br>-On October 28, 2021, Plaintiff noticed the deposition of Walmart for November 30, 2021.  (id)<br>-On November 19, 2021, Plaintiff sent two more meet and confer letters regarding Walmart's failure to produce documents. (id)<br>-On November 19, 2021, Plaintiff was forced to file a motion to compel documents that Walmart previously agreed to produce, but never did.  (id)<br>-On November 30, 2021, the Court granted Plaintiff's Motion to Compel, ordering Defendant to produce responsive documents by December 7, 2021.  ECF No. 44 |
| Garson paragraph 7 where he gives an opinion that Deckers document production is a boilerplate bundle. | Irrelevant FRE 402 & 403; Foundation FRE 602; Improper Opinion Evidence; Speculation:<br><br>Rule 56 requires that, before evidence can be considered on summary judgment, a proper foundation must be laid. *Bias v. Moynihan*, 508 F.3d 1212, 1224 (9th Cir. 2007). Affidavits or declarations used in support of or opposition to a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).  Ms. Garson has no personal knowledge of what Deckers has produced in other cases as opposed to this case.   As with most of Garson's declaration, he is throwing spaghetti at the wall. |

| | | |
|---|---|---|
| 1 | Garson paragraphs | <u>Relevance FRE 401, 403; Failure to plead obviousness as an</u> <u>affirmative defense.</u> <u>FRCP 8; Violation of the Scheduling</u> <u>Order.</u>  Prior art is only relevant to certain patent invalidity defenses (e.g., obviousness, anticipation, inequitable conduct), none of which were plead as an affirmative defense in Walmart's Answer.  The first time Walmart raised an invalidity defense (obviousness) was in its Motion for Summary Judgment. (ECF No. 54) Obviousness was never addressed in any of Walmart's expert reports.  Walmart's invalidity defense for obviousness is barred, and therefore prior art is irrelevant.  *Advanced Cardiovascular Sys. v. Medtronic, Inc.*, 1996 U.S. Dist. LEXIS 11700 **9-10 (N.D. Cal. July 24, 2006)(not alleged) |
| 2 | 8 through 14 | |
| 3 | regarding | |
| 4 | Walmart's requests | |
| 5 | for production | |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | | Patent invalidity contentions require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed. *Kandypens, Inc. v. Puff Corp.*, 2020 U.S. Dist. LEXIS 259022 *5 (CDCAL Sept. 20, 2020) Patent invalidity for reasons such as obviousness must be plead as an affirmative defense. *Eli Lilly & Co. v. Barr Labs., Inc.*, 251 F.3d 955, 962 (Fed. Cir. 2001). |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | Defendant's Fifth Affirmative Defense states in its entirety: "*Defendant has not infringed and is not infringing on any valid claim of the '941 Patent.*"  ECF No. 20. |
| 17 | | |
| 18 | | |
| 19 | | Patents can be challenged on the basis of: proof of sale or public use (35 USC §§ 102(a)(1), 282(b)(2)); subject matter; the patented invention is not novel; ineligibility (35 USC §101); obviousness (35 USC §102); anticipation (35 USC §103); indefiniteness; lack of enablement; failure to meet the written description requirement (35 USC §112); the patent claims are so unclear or ambiguous that they "fail to inform, with reasonable certainty," people with knowledge of the subject matter involved (*Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898 (2014)); or the patent holder omitted information or provided inaccurate information when applying to the USPTO (inequitable conduct). |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | Defendant's bare bone language contained in the Fifth |
| 28 | | Affirmative Defense falls well short of what is required |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS RE REPLY**

*Twombly* and *Iqbal* to put Plaintiff on notice of what
affirmative defenses Defendant was asserting. Indeed, even if
Defendant had claimed patent invalidity due to obviousness,
which it didn't, this would be insufficient unless Defendant
specifically set forth the reasons why the '941 was purportedly
obvious. *Advanced Cardiovascular Sys. v. Medtronic, Inc.*,
1996 U.S. Dist. LEXIS 11700 **9-10 (N.D. Cal. July 24,
2006)

Whether Defendant requested Plaintiff to produce prior art in
discovery does not somehow absolve Defendant from stating,
early and clearly as affirmative defenses, what its invalidity
defenses are. What purported prior art Deckers was aware of
at the time it submitted the '941 Patent, the topic which
Defendant's discovery was directed, is most relevant to the
affirmative defense of inequitable conduct. See *Volterra
Semiconductor Corp. v. Primarion, Inc.*, 796 F. Supp. 2d
1025, 1065-1067 (N.D. Cal. 2011). Given the myriad of
invalidity defenses and the fact that none had been alleged as
an affirmative defense in Defendant's Answer, along with the
fact that Defendant never requested an opportunity to amend
its answer, Plaintiff was left guessing as to what reason
Defendant was requesting Deckers' knowledge of prior art.

As Deckers testified during its deposition, the only prior art of
which it was aware was disclosed to the USPTO and identified
in the '941 Patent itself. The inventor's inspiration, the Gucci
loafer identified in Ms. Kim's declaration (ECF No. 64-8),
was determined not to be prior art, and was disclosed to
Defendant's counsel. ECF No. 65-11, pg. 14.

| | |
|---|---|
| Garson paragraph 16 where he states that Walmart's deposition did not go forward because Plaintiff's counsel did not appear at the noticed time. | Relevance FRE 402; Foundation 602:<br><br>-On October 28, 2021 Plaintiff noticed the deposition of Walmart for November 30, 2021.<br>-Walmart requested that its deposition be moved from November 30 to December 10. This request was granted.<br>-On December 6, 2021 Walmart made a second request to move its deposition from December 10 to December 20. This request was granted.<br>-The December 20, 2021 deposition was scheduled to begin at 9 am Pst.. When there was later confusion about whether the |

| | | |
|---|---|---|
| | | Dec. 20, 2022 deposition would occur at 6 am pst or 9 am pst., Walmart appeared at 6 am but refused to return at 9 am.. <br><br> -When Walmart's representative, Ms. Efird, finally appeared for deposition on January 7, 2021, she lacked knowledge regarding many of the topics, most important what efforts, if any, Walmart took to locate and produce documents in this case.  ECF No. 64-21. |
| | Garson paragraphs 17-24, 30-34, and Exhibits 1-6, 16-18 where he discusses Walmart's failure to participate in discovery in this litigation. | **Irrelevant FRE 402 & 403:** <br><br> This Court issued its scheduling order on May 25, 2021, setting a discovery deadline of January 14, 2022.  ECF No. 29. As of that date, Plaintiff had already propounded discovery. ECF No. 41.  For whatever reason, Walmart failed or otherwise refused to participate in discovery for approximately eight (8) months. This resulted in Plaintiff having to file a motion to compel (ECF No. 41) which was granted by this Court. (ECF No. 44). <br><br> This Court's Standing Order set firm requirements for completing discovery.  As set forth therein, "the parties should begin to propound discovery before the Scheduling Conference" and "produce discovery promptly."  ECF No. 23. <br><br> Furthermore, the Scheduling Order provides: "The cut-off date for discovery is not the date by which discovery requests must be served; it is the date by which all discovery, including all hearings on any related motions, must be completed. Thus, written discovery must be served and depositions must begin sufficiently in advance of the discovery cut-off date to permit the propounding party enough time to challenge responses deemed to be deficient via motion practice. Given the requirements to meet and confer and to give notice, a planned motion to compel must ordinarily be discussed with the opposing party at least six (6) weeks before the cut-off." ECF No. 29. <br><br> Walmart waited until December 21, 2021 to notice the deposition of Deckers for January 4, 2022, which occurred on January 6, 2022.  Despite being identified in Deckers' Initial Disclosures that were served on May 18, 2021, Walmart never attempted, and thus failed, to serve the inventor of the '941 |

Patent, Ms. Kim, with a subpoena for her deposition prior to the discovery cutoff.  In contrast, when Deckers personally served a key Walmart witness (Ms. Smotzer) with a subpoena for her deposition prior to the discovery cutoff, Ms. Smotzer refused and otherwise failed to appear.   A complete and accurate chronology of Defendant's lack of diligence in this case is set forth in Plaintiff's counsel's email dated January 12, 2022.  ECF No. 65-11, pgs. 154-155.

Pursuant to FRCP 16(b)(3)(A), courts are required to issue a scheduling order fixing a time for completion of discovery. Unless an extension of relief is granted, discovery not completed by the cut-off date is not enforceable.  *Draper v. Coombs*, 792 F. 2d 915, 924 (9th Cir. 1986).  Because of heavy caseloads, trial courts enter scheduling orders "to establish deadlines to foster the efficient treatment and resolution of cases." *Wong v. Regents of the University of California*, 410 F.3d 1052, 1060 (9th Cir. 2005). A trial court's case management efforts "will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines." *Id*. at 1061. Failure to comply with scheduling order deadlines "may properly support severe sanctions and the exclusion of evidence." Id. Rule 16(f) authorizes the trial court on motion, or sua sponte, to impose any of the sanctions authorized by Rule 37(b)(2)(A)(1)(ii-vii) for a party's failure to obey a scheduling order or other pretrial order. Courts establish discovery plans and scheduling orders "to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to." *Id*. at 1062. The Ninth Circuit has recognized that disruption of the court's discovery plan and scheduling order "is not harmless." *Id*

In contravention of this Court's Scheduling Order, Walmart waited late December 2021, until fact discovery was nearly over, before it woke up in this case and engaged in discovery. Even then, it waited until after discovery had concluded to produce documents which it was required to produce in December 2021 pursuant to a Court Order (ECF No. 44).

| | | |
|---|---|---|
| | | Walmart never took issue with any of Plaintiff's discovery responses. It certainly never filed any motion to compel in this case. Mr. Garson's statements in his affidavit are nothing more than an attempt to shift blame for Walmart's counsels' own lack of diligence in this matter, are unsubstantiated, and are completely irrelevant to the determination of the Motion for Summary Judgment. |
| | Garson paragraph 25-29 wherein he inaccurately characterizes Ms. Bereda's testimony, and exhibits 7-14 which he attempts to improperly introduce for the first time in a Reply Brief | Garson's characterization of Ms. Bereda's testimony is Irrelevant FRE 402, improper opinion testimony FRE 701, and lacks foundation FRE 602. Rather, Ms. Bereda's deposition itself is best evidence of her testimony. See FRE 1002; *Taylor v. Shippers Transp. Express, Inc.*, 2014 U.S. Dist. LEXIS 180061 *18 (C.D. Cal. Sept. 30, 2014) (the deposition transcripts are the best evidence).<br><br>Walmart is also attempting to improperly introduce evidence and arguments for the first time in its Reply.<br><br>Relevance FRE 401, 403; Failure to plead obviousness as an affirmative defense. FRCP 8; Violation of the Scheduling Order. Prior art is only relevant to certain patent invalidity defenses (e.g., obviousness, anticipation, inequitable conduct), none of which were plead as an affirmative defense in Walmart's Answer. The first time Walmart raised an invalidity defense (obviousness) was in its Motion for Summary Judgment. (ECF No. 54) Obviousness was never addressed in any of Walmart's expert reports. Walmart's invalidity defense for obviousness is barred, and therefore prior art is irrelevant. *Advanced Cardiovascular Sys. v. Medtronic, Inc.*, 1996 U.S. Dist. LEXIS 11700 **9-10 (N.D. Cal. July 24, 2006)(not alleged); *Metso Minerals, Inc. v. Powerscreen Int'l Distrib., Ltd.*, 681 F. Supp. 2d 309, 327 (EDNY 2010) (not in report).<br><br>The images are also irrelevant because they do not demonstrate that the purported prior art was being offered prior to the filing of the '941 Patent. |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS RE REPLY**

<u>This Court Should Not Consider New Arguments and Evidence Submitted by Defendant for the First Time in Defendant's Reply</u>: "The district court need not consider arguments raised for the first time in a reply brief." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *Docusign, Inc. v. Sertifi, Inc.*, 468 F.Supp.2d 1305, 1307 (W.D. Wash. 2006) ("It is well established that new arguments and evidence presented for the first time in Reply are waived"); *Iconix, Inc. v. Tokuda*, 457 F.Supp.2d 969, 976 (N.D. Cal. 2006) (sustaining an objection to new evidence and argument submitted with a plaintiff's reply); Pajas v. Cty. of Monterey, 2017 U.S. Dist. LEXIS 60656, (N.D. Cal. Apr. 20, 2017) ("It is well accepted that . . . [the] submission of new facts in [a] reply brief is improper."); *Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers."); *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 308 n.5 (N.D. Cal. 2005) (disregarding new evidence in reply, as it "is well settled that new arguments cannot be made for the first time in reply. This goes for new facts too.")

This Court should not consider the new arguments and evidence Defendant has submitted for the first time in its Reply. As a Washington Court aptly observed, "[c]onsidering the evidence that [moving party] filed along with its reply brief, however, would effectively allow [moving party] to circumvent the court's case schedule by allowing [moving party] to meet its initial summary judgment burden after the court's dispositive motions deadline has passed… Relying on [moving party's] late-filed evidence would undermine the court's case schedule and violate the spirit, if not the letter, of the court's order."

*Laughing Rabbit, Inc. v. Nat'l Auto. Parts Ass'n*, 2014 U.S. Dist. LEXIS 18012 **18-19 (D Wash. Feb. 11, 2014); see also *Taylor v. Kuerston*, 2020 U.S. Dist. LEXIS 120014 *4 (E.D. Cal. July 8, 2020) (exercises discretion not to consider evidence); *Care First Surgical Ctr. v. ILWU-PMA Welfare Plan*, 2014 U.S. Dist. LEXIS 165744 Fn. 45 (C.D. Cal. July 28, 2014)(same); *Tae Youn Shim v. Lawler*, 2019 U.S. Dist. LEXIS 113935 *22 (N.D. Cal. July 9, 2019) (same)

1

2    <u>Foundation FRE 602; Speculation.</u> Rule 56 requires that,
before evidence can be considered on summary judgment, a

3    proper foundation must be laid. *Bias v. Moynihan*, 508 F.3d
1212, 1224 (9th Cir. 2007). Affidavits or declarations used in

4    support of or opposition to a motion for summary judgment

5    "must be made on personal knowledge, set out facts that
would be admissible in evidence, and show that the affiant or

6    declarant is competent to testify on the matters stated." Fed. R.

7    Civ. P. 56(c)(4) While someone may have pulled these
screenshots (Exs. 7-13) from websites, there is no foundation

8    for the contention that these items were being sold prior to the

9    filing of the '941 Patent, and thus said documents cannot be
considered on summary judgment. [Fed. R. Civ. P. 56(e); See

10   also *United States for Use and Benefit of Austin v. W. Elec.

11   Co.*, 337 F.2d 568, 574-75 (9th Cir. 1964); *Robinson v.
Penner*, 2008 U.S. Dist. LEXIS 14481, at *2 (E.D. Cal. Feb.

12   25, 2008)]

13

14   <u>Hearsay 801(c), 802.</u> "A trial court can only consider
admissible evidence in ruling on a motion for summary

15   judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773

16   (9th Cir. 2002). Hearsay, which is an out-of-court statement
used to prove the truth of the matter asserted, is not admissible

17   unless there is an applicable exception. See Fed. R. Evid.

18   801(c), 802. The internet screenshots and additional
information from GLS are out of court statements used to

19   prove the truth of the matter asserted and are not admissible.

20   <u>Failure to Authenticate FRE 901(a).</u>

21

22   Only admissible evidence is considered on a motion for
summary judgment. *Orr v. Bank of Am., NT & SA*, 285 F.3d

23   764, 773 (9th Cir. 2002); see Fed. R. Civ. P. 56(e).
Authentication is a "condition precedent to admissibility," and

24   can by satisfied "by evidence sufficient to support a finding

25   that the matter in question is what its proponent claims." Fed.
R. Evid. 901(a). At the summary judgment stage, the focus is

26   not on the admissibility of the evidence's form, but on the

27   admissibility of its contents. *Fraser v. Goodale*, 342 F.3d
1032, 1036 (9th Cir. 2003)

28

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26 | Defendant has failed to authenticate any of the exhibits and they are therefore inadmissible as prior art. To be authenticated, some statement or affidavit from someone with knowledge is required.  *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004) ("for example, Homestore's web master or someone else with personal knowledge would be sufficient" to authenticate content of homestore.com printouts) Defendants has not submitted any affidavits from the web master or anyone else for that matter with personal knowledge of the various websites to lay foundation for the printouts.  Content on the printouts is thus nothing more than inadmissible hearsay. FRE 801, 802.  Even then, the printouts alone are insufficient to demonstrate that the purported prior art depicted therein were in public use, such as invoices and other indicia of actual sales in commerce, in the United States.  *Deckers v. Romeo & Juliette*, 2017 U.S. Dist. LEXIS 91711 **6-15 (C.D. Cal. June 13, 2017) (Defendants fail to authenticate any of the pictures that they contend correspond to this boot style); *Apple, Inc. v. Samsung Elecs. Co*., 2012 U.S. Dist. LEXIS 90889, at *38 (N.D. Cal. June 29, 2012) ("Other than Mr. Bogue's declaration, Samsung cites no evidence that Tablecloth was known or used in a publicly accessible manner, or that Tablecloth was in public use or on sale. Absent corroboration, Mr. Bogue's declaration cannot serve to invalidate the '381 Patent.")<br><br>In should be noted that out of the handful of factually distinguishable cases Defendant cites for its argument that the purported "prior art" is admissible, none are from the Ninth Circuit. ECF No. 65, pg. 11. In fact, Defendant completely ignores the authority cited by Plaintiff from the Ninth Circuit, most notably *Deckers v. Romeo & Juliette*, 2017 U.S. Dist. LEXIS 91711 **6-15 (C.D. Cal. June 13, 2017), which hold that this type of unauthenticated "prior art" evidence is not admissible.<br><br>Finally, none of the footwear in Reply Exhibits 7-14 were claimed to be prior art in Defendant's Motion for Summary Judgment and are completely irrelevant. FRE 402. |
| 27<br>28 | Garson paragraphs 35- 39 where he | <u>Relevance FRE 401, 403; Failure to plead obviousness as an affirmative defense. FRCP 8; Violation of the Scheduling Order.</u> |

| | |
|---|---|
| discusses Walmart's failure to allege obviousness as an affirmative defense in its answer, first raising this affirmative defense in Walmart's motion for summary judgment. | **Failure to Disclose FRCP 26 & 37; Scheduling Order:**

Defendant, who has the burden of demonstrating patent invalidity and prior art by clear and convincing evidence, appears to believe that Plaintiff should have the burden of doing Defendant's work for it. Under Defendant's view of the law, Plaintiff should be required not only to guess or otherwise anticipate what Defendant's unalleged affirmative defenses may happen to be, but also to prove the lack of authenticity of the GWS screenshots purporting to demonstrate "prior art". This is not how it works.

Patent invalidity contentions require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed. *Kandypens, Inc. v. Puff Corp.*, 2020 U.S. Dist. LEXIS 259022 *5 (CDCAL Sept. 20, 2020) Patent invalidity for reasons such as obviousness must be plead as an affirmative defense. *Eli Lilly & Co. v. Barr Labs., Inc.*, 251 F.3d 955, 962 (Fed. Cir. 2001).

Defendant's Fifth Affirmative Defense states in its entirety: "*Defendant has not infringed and is not infringing on any valid claim of the '941 Patent.*" ECF No. 20.

Patents can be challenged on the basis of: proof of sale or public use (35 USC §§ 102(a)(1), 282(b)(2)); subject matter; the patented invention is not novel; ineligibility (35 USC §101); obviousness (35 USC §102); anticipation (35 USC §103); indefiniteness; lack of enablement; failure to meet the written description requirement (35 USC §112); the patent claims are so unclear or ambiguous that they "fail to inform, with reasonable certainty," people with knowledge of the subject matter involved (*Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898 (2014)); or the patent holder omitted information or provided inaccurate information when applying to the USPTO (inequitable conduct).

Defendant's bare bone language contained in the Fifth Affirmative Defense falls well short of what is required *Twombly* and *Iqbal* to put Plaintiff on notice of what affirmative defenses Defendant was asserting. Indeed, even if |

Defendant had claimed patent invalidity due to obviousness, which it didn't, this would be insufficient unless Defendant specifically set forth the reasons why the '941 was purportedly obvious. *Advanced Cardiovascular Sys. v. Medtronic, Inc.*, 1996 U.S. Dist. LEXIS 11700 **9-10 (N.D. Cal. July 24, 2006)

Mr. Garson's improper opinion testimony about whether Plaintiff should have been on notice is not only speculative, but also irrelevant. The fact of the matter is that the first time an obviousness affirmative defense was raised in this case was in connection with Walmart's Motion for Summary Judgment.

Lack of Foundation. Rule 56 requires that, before evidence can be considered on summary judgment, a proper foundation must be laid. *Bias v. Moynihan*, 508 F.3d 1212, 1224 (9th Cir. 2007). Affidavits or declarations used in support of or opposition to a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Many of the statements made by Garson not only lack foundation but are false.

For instance, in paragraphs 36 & 37 Garson states that Deckers did nothing to ascertain the existence of any prior art that may have existed at or around the time the '941 Patent was applied for. This is contradicted both by the Bereda deposition testimony and her affidavit. ECF No. 64-4, paragraph 11. Not only did they ask Ms. Kim, but Deckers' outside counsel Greer Burns Crane conducted a prior art review. Id.

Garson's statement in paragraph 37 that Deckers did not search for prior art until shortly before the discovery cutoff is purely speculative and contrary to the facts. The only "prior art" Deckers had was disclosed as part of the '941 Patent application, which was provided to Defendant at the beginning of this litigation.

Garson's statement in paragraph 39 that although Walmart never alleged obviousness as an affirmative defense in its

| | |
|---|---|
| | answer, and first raised this defense in its Motion for Summary Judgment, Deckers should have guessed Walmart was raising an obviousness affirmative defense, as opposed to a myriad of other unalleged defenses to patent validity, is irrelevant and improper opinion testimony. |
| Garson paragraph 40 where he claims to have provided examples of prior art during Bereda's deposition | Relevance FRE 401, 403; Failure to plead obviousness as an affirmative defense. FRCP 8; Violation of the Scheduling Order. Prior art is only relevant to certain patent invalidity defenses (e.g., obviousness, anticipation, inequitable conduct), none of which were plead as an affirmative defense in Walmart's Answer. The first time Walmart raised an invalidity defense (obviousness) was in its Motion for Summary Judgment. (ECF No. 54) Obviousness was never addressed in any of Walmart's expert reports. Walmart's invalidity defense for obviousness is barred, and therefore prior art is irrelevant. *Advanced Cardiovascular Sys. v. Medtronic, Inc.*, 1996 U.S. Dist. LEXIS 11700 **9-10 (N.D. Cal. July 24, 2006)(not alleged); *Metso Minerals, Inc. v. Powerscreen Int'l Distrib., Ltd.*, 681 F. Supp. 2d 309, 327 (EDNY 2010) (not in report).<br><br>This Court Should Not Consider New Arguments and Evidence Submitted by Defendant for the First Time in Defendant's Reply: "The district court need not consider arguments raised for the first time in a reply brief." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *Docusign, Inc. v. Sertifi, Inc.*, 468 F.Supp.2d 1305, 1307 (W.D. Wash. 2006) ("It is well established that new arguments and evidence presented for the first time in Reply are waived"); *Iconix, Inc. v. Tokuda*, 457 F.Supp.2d 969, 976 (N.D. Cal. 2006) (sustaining an objection to new evidence and argument submitted with a plaintiff's reply); Pajas v. Cty. of Monterey, 2017 U.S. Dist. LEXIS 60656, (N.D. Cal. Apr. 20, 2017) ("It is well accepted that . . . [the] submission of new facts in [a] reply brief is improper."); *Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers."); *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 308 n.5 (N.D. Cal. 2005) (disregarding new evidence in reply, as it "is well |

settled that new arguments cannot be made for the first time in reply. This goes for new facts too.")

This Court should not consider the new arguments and evidence Defendant has submitted for the first time in its Reply. As a Washington Court aptly observed, "[c]onsidering the evidence that [moving party] filed along with its reply brief, however, would effectively allow [moving party] to circumvent the court's case schedule by allowing [moving party] to meet its initial summary judgment burden after the court's dispositive motions deadline has passed… Relying on [moving party's] late-filed evidence would undermine the court's case schedule and violate the spirit, if not the letter, of the court's order."

*Laughing Rabbit, Inc. v. Nat'l Auto. Parts Ass'n*, 2014 U.S. Dist. LEXIS 18012 **18-19 (D Wash. Feb. 11, 2014); see also *Taylor v. Kuerston*, 2020 U.S. Dist. LEXIS 120014 *4 (E.D. Cal. July 8, 2020) (exercises discretion not to consider evidence); *Care First Surgical Ctr. v. ILWU-PMA Welfare Plan*, 2014 U.S. Dist. LEXIS 165744 Fn. 45 (C.D. Cal. July 28, 2014)(same); *Tae Youn Shim v. Lawler*, 2019 U.S. Dist. LEXIS 113935 *22 (N.D. Cal. July 9, 2019) (same)

<u>Foundation FRE 602; Speculation.</u> Rule 56 requires that, before evidence can be considered on summary judgment, a proper foundation must be laid. *Bias v. Moynihan*, 508 F.3d 1212, 1224 (9th Cir. 2007). Affidavits or declarations used in support of or opposition to a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4) There is no foundation for the contention that these items were being sold prior to the filing of the '941 Patent, and thus said documents cannot be considered on summary judgment. [Fed. R. Civ. P. 56(e); See also *United States for Use and Benefit of Austin v. W. Elec. Co*., 337 F.2d 568, 574-75 (9th Cir. 1964); *Robinson v. Penner*, 2008 U.S. Dist. LEXIS 14481, at *2 (E.D. Cal. Feb. 25, 2008)]

<u>Hearsay 801(c), 802.</u> "A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773

(9th Cir. 2002). Hearsay, which is an out-of-court statement used to prove the truth of the matter asserted, is not admissible unless there is an applicable exception. See Fed. R. Evid. 801(c), 802. The internet screenshots and additional information from GLS are out of court statements used to prove the truth of the matter asserted and are not admissible.

Failure to Authenticate FRE 901(a).

Only admissible evidence is considered on a motion for summary judgment. *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002); see Fed. R. Civ. P. 56(e). Authentication is a "condition precedent to admissibility," and can by satisfied "by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). At the summary judgment stage, the focus is not on the admissibility of the evidence's form, but on the admissibility of its contents. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003)

Defendant has failed to authenticate any of the exhibits and they are therefore inadmissible as prior art. To be authenticated, some statement or affidavit from someone with knowledge is required. *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004) ("for example, Homestore's web master or someone else with personal knowledge would be sufficient" to authenticate content of homestore.com printouts) Defendants has not submitted any affidavits from the web master or anyone else for that matter with personal knowledge of the various websites to lay foundation for the printouts. Content on the printouts is thus nothing more than inadmissible hearsay. FRE 801, 802. Even then, the printouts alone are insufficient to demonstrate that the purported prior art depicted therein were in public use, such as invoices and other indicia of actual sales in commerce, in the United States. *Deckers v. Romeo & Juliette*, 2017 U.S. Dist. LEXIS 91711 **6-15 (C.D. Cal. June 13, 2017) (Defendants fail to authenticate any of the pictures that they contend correspond to this boot style); *Apple, Inc. v. Samsung Elecs. Co.*, 2012 U.S. Dist. LEXIS 90889, at *38 (N.D. Cal. June 29, 2012) ("Other than Mr. Bogue's declaration, Samsung cites no evidence that Tablecloth was known or used in a publicly accessible manner, or that Tablecloth was in

| | | |
|---|---|---|
| | | public use or on sale. Absent corroboration, Mr. Bogue's declaration cannot serve to invalidate the '381 Patent.")

Not only is there no basis for asserting that the Bereda deposition exhibits were prior art, but Defendant did also not claim that these documents were prior art in its Motion for Summary Judgment.  Garson is simply throwing more spaghetti at the wall with irrelevant, misleading representations to this Court. |
| | Garson paragraph 41 where he states that Deckers does not sell UGG branded footwear to Walmart | <u>Irrelevant FRE 402.</u>  It is undisputed that UGG Fluff Yeah Slides are sold on Walmart's website, Walmart.com.  While Deckers does not sell directly to Walmart, these are diverted products provided to Walmart by third parties. |
| | Garson Paragraph 45 where he characterizes the deposition of Dr. Neal. | <u>Garson's characterization of Dr. Neal's testimony is Irrelevant FRE 402, improper opinion testimony FRE 701, and lacks foundation FRE 602.</u>  Rather, Dr. Neal's deposition itself is best evidence of his testimony. See FRE 1002; *Taylor v. Shippers Transp. Express, Inc.*, 2014 U.S. Dist. LEXIS 180061 *18 (C.D. Cal. Sept. 30, 2014) (the deposition transcripts are the best evidence).

As discussed in Plaintiff's prior objections, Prof. Neal's survey is inadmissible in its entirety because it is fundamentally flawed in its methodology.  Specifically, Prof Neal uses the exact same heel strap depicted in the test cell in the control cell, which resulted in an erroneous 19.2% result.



    Despite respondents not always being able to articulate their reasons for a particular belief that the Control Cell was associated with UGG, no fewer than 6 of Neal's control cell |

respondents specifically mentioned the strap as the reason for their association.

o   169 "The style and the **strap in the back**"
o   187 "The **design and back**"
o   189 "The **strap**"
o   226 "They look like slides that Ugg has put out recently. The **thick band around the ankle is where the logo is**."
o   17 "They have **straps** on most of there [sic] shoes"
o   233 "The **band behind the heel**"

   Prof. Neal's survey effectively predetermined the result by showing the respondents a sandal with the exact same heel strap as the UGG Fluff Yeah Slide.  See e.g., *Bobrick Washroom Equip., Inc. v. Am. Specialties, Inc*., 2012 U.S. Dist. LEXIS 111465 **49-51 (C.D. Cal. Aug. 8, 2012); *Mattel, Inc. v. MCA Records, Inc.*, 28 F. Supp. 2d 1120, 1135 (C.D. Cal. 1998) ("A survey question which begs its answer cannot be a true indicator of the likelihood of consumer confusion.") (quoting *Universal City Studios, Inc. v. Nintendo Co.*, 746 F.2d 112 (2d Cir. 1984).

As this Court can see from the Ezell survey, along with the incredible number of sales and media attention the UGG Fluff Yeah has achieved over the past three years, and the expert opinions of Dr. Joachimsthaler and Caroline de Beare, the Neal survey is an outlier, not accurately reflecting the impressive amount of secondary meaning the UGG Fluff Yeah has achieved in the marketplace. See e.g., *Herman Miller, Inc. v. Blumenthal Distrib.*, 2019 U.S. Dist. LEXIS 54393 *51 (C.D. Cal. March 4, 2019)  In fact, for what reason would Walmart have deliberately copied the UFF Fluff Yeah other than to trade off the enormous goodwill it had garnered in the marketplace.

DATED:  March 22, 2022          BLAKELY LAW GROUP

                               By:   */s/ Brent Blakely*_____
                                     Brent H. Blakely
                                     Jamie Fountain
                                     ***Attorneys for Plaintiff***

PLAINTIFF'S EVIDENTIARY OBJECTIONS RE REPLY

1

*Deckers Outdoor Corporation*

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28