```
Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Jamie Fountain (SBN 316567)
jfountain@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401
```

*Attorneys for Plaintiff*
*Deckers Outdoor Corporation*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br>v.<br>WALMART INC., and DOES 1-10, inclusive,<br>Defendants. | CASE NO. 2:20-cv-09521-FLA (Ex)<br><br>**DECKERS MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br><u>Final Pretrial Conference</u>:<br>Date: May 13, 2022<br>Time: 3:00 p.m.<br>Courtroom: 6B – First Street Courthouse<br><br>**Hon. Fernando L. Aenlle-Rocha** |

Plaintiff Deckers hereby submits its Memorandum of Contentions of Fact and Law concerning the aforementioned matter:

**L.R. 16-4.1 - CLAIMS AND DEFENSES**

(a)  Plaintiff Deckers Outdoor Corporation ("Deckers") has pleaded and plans to pursue the following affirmative claims:

  Claim 1:  Trade Dress Infringement Under the Lanham Act;

  Claim 2:  Trade Dress Infringement Under California Common Law;

  Claim 3:  Unfair Competition, Cal. Bus. & Prof. Code §17200;

  Claim 4:  Unfair Competition Under California Law; and

  Claim 5:  Patent Infringement of Patent No. D866,941 ("'941" Patent)

(b) The elements required to establish Plaintiff's claims are:

<u>Claims 1-4: Trade Dress Infringement</u>

To succeed on a claim for infringement of an unregistered trade dress, a party must prove: (1) that its claimed dress is nonfunctional; (2) that its claimed dress serves a source-identifying role either because it is inherently distinctive or has acquired secondary meaning; and (3) that the defendant's product or service creates a likelihood of consumer confusion." *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1258 (9th Cir. 2001). The Ninth Circuit has stressed that in evaluating the elements of a trade dress claim, "it is crucial that [courts] focus not on the individual elements, but rather on the overall visual impression that the combination and arrangement of those elements create." *Clicks Billiards* at 1259.

Deckers has defined its UGG® Fluff Yeah Trade Dress as follows:
- A slipper and sandal combined into a statement shoe made famous by the UGG® brand;
- A platform, sling back slide;
- A platform sole with a furry footbed and furry perimeter sides;
- A wide vamp having a furry exterior;
- An open toe; and
- An elastic heel strap extending from one side of the vamp to the other.

  

ECF No. 1 ¶¶ 22 & 23.

Damages Related to Claims 1-4

Under 15 U.S.C. § 1117(a), Deckers is entitled to recover Walmart's profits, damages sustained, and the costs of the action for Walmart's infringement of the Fluff Yeah Trade Dress in violation of the Lanham Act. Ninth Cir. Mod. Jury Inst. No. 15.27 (actual damages)[1] & 15.29 (profits).

Like "enhanced damages" for willful infringement of the '941 Patent, under 15 U.S.C. § 1117(a), a court may award treble damages "according to the circumstances of the case" and in "exceptional cases," reasonable attorney fees to the prevailing party. "Willfulness can be established by evidence of knowing conduct or by evidence that the defendant acted with an aura of indifference to plaintiff's rights — in other words, that the defendant willfully blinded himself to facts that would put him on notice that he was infringing another's trademarks, having cause to suspect it." *Philip Morris USA Inc. v. Liu*, 489 F. Supp. 2d 1119, 1123 (C.D. Cal. 2007). A finding of willfulness does not require a showing of bad intent. In fact, courts in this circuit have found cases exceptional where the infringer had actual or constructive knowledge of its

---

[1] If you find for the plaintiff on the plaintiff's claims, you must determine the plaintiff's actual damages.

The plaintiff has the burden of proving actual damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant's infringement of the plaintiff's UGG Fluff Yeah trade dress.

You should consider the following:

(1) The injury to the plaintiff's reputation;

(2) The injury to plaintiff's goodwill, including injury to the plaintiff's general business reputation;

(3) The lost profits that the plaintiff would have earned but for the defendant's infringement. Profit is determined by deducting all expenses from gross revenue;

(4) The expense of preventing customers from being deceived; and

(5) The cost of future corrective advertising reasonably required to correct any public confusion caused by the infringement.

3
**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW [L.R. 16-4]**

1  infringing acts yet proceeded to perform such acts in reckless disregard of a plaintiff's
2  intellectual property rights. See, e.g., *Brookfield Commc'ns, Inc. v. West Coast Entm't*
3  *Corp.*, 1999 US Dist. LEXIS 23246, at *8 (C.D. Cal. Nov. 15, 1999).

4      In addition to damages under federal law, Deckers is entitled to additional
5  remedies under its state law claims, most significantly, punitive damages for the same
6  reasons set forth above.  In addition to enhanced or treble damages for intentional or
7  willful infringement for Deckers' patent and Lanham Act claims against Walmart,
8  "[u]nder the cases addressing California common law unfair competition and
9  trademark infringement, punitive damages are justified if the defendant acted in
10 reckless disregard of the plaintiff's rights." *The Chronicle Publishing Co. v. Legrand*,
11 (N.D. Cal. 1992); see also *Transgo Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d
12 1001, 1024-25 (9th Cir. 1985)

13      <u>Claim 5: Patent Infringement – '941 Patent</u>

14      The infringement inquiry "requires the fact-finder to determine whether the
15 patented design as a whole is substantially similar in appearance" to the accused
16 design. *OddzOn Products, Inc. V. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir.
17 1997) cited more recently in *Sofpool LLC v. Kmart Corp.*, 2013 U.S. Dist. LEXIS
18 76293, at *4 (E.D. Cal. May 29, 2013)] In making this comparison, the fact-finder puts
19 itself into the place of an "ordinary observer." *Egyptian Goddess, Inc. V. Swisa, Inc.*,
20 543 F.3d 665, 667 (Fed. Cir. 2008) (en banc), cert. denied, 556 U.S. 1167 (2009).  The
21 "ordinary observer" is not an expert, but rather an observer "of ordinary acuteness,
22 bringing to the examination of the article upon which the design has been placed that
23 degree of observation which men of ordinary intelligence give." *Sofpool LLC v. Kmart*
24 *Corp.*, 2013 U.S. Dist. LEXIS 76293, at *4 citing *Gorham Mfg. Co. V. White,* 81 U.S.
25 511, 528, 20 L. Ed. 731 (1871)]

26      "Differences . . . must be evaluated in the context of the claimed design as a
27 whole, and not in the context of separate elements in isolation." *Ethicon Endo-Surgery,*
28 *Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015). "[M]inor differences between a patented

design and an accused article's design cannot, and shall not, prevent a finding of infringement." *Litton Sys., Inc. v. Whirlpool Corp.*, 728 F.2d 1423, 1444 (Fed. Cir. 1984) cited by *Performance Designed Prods. LLC v. Mad Catz, Inc.*, 2016 U.S. Dist. LEXIS 84848, at *7 (S.D. Cal. June 29, 2016); see also *Internat'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1243 (Fed. Cir. 2009*); Rockport Co. v. Deer Stags, Inc.*, 65 F. Supp. 2d 189, 193 (S.D.N.Y. 1999) [*39]  ('The accused design does not have to be identical to the patented design for infringement to be found.')]

Deckers also asserts that Defendant has willfully infringed Deckers' '941 design patent.  Under the Supreme Court decision issued in *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016), Deckers must prove by a ***preponderance*** of evidence that Defendants acted willfully, in bad faith, deliberately, or with reckless disregard in their infringement of the '941 Patent. *Id.* at 1934; See also *Apple Inc. v. Samsung Elecs. Co.*, 2017 U.S. Dist. LEXIS 97765 at *93 (N.D. Cal. 2017)] Post-filing conduct alone can serve as the basis of a willfulness finding and an award of enhanced damages. *Id.*; *Apple v. Samsung*, 2017 U.S. Dist. LEXIS 97765 at *105] Where Defendants have not asserted an advice of counsel defense, they are precluded from presenting testimony and/or evidence regarding same.

<u>Damages Related to Claim 5</u>

Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court. The court may increase the damages up to three times the amount found or assessed. 35 U.S.C. § 284.

"Two alternative categories of infringement compensation are the patentee's lost profits and the reasonable royalty he would have received through arms-length bargaining." *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed. Cir., 2009); *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152, 1157 (6th Cir.1978).

35 U.S.C. § 289 allows the patentee to recover the extent of the defendant's total profit from the infringement. 35 U.S.C. § 289; *Gryphon Mobile Elecs., LLC v. Volitiger Power, Inc.*, 2016 U.S. Dist. LEXIS 87612 at *9 (Central Dist. of CA July 6, 2016). Once a patent owner establishes the amount of infringing sales, the burden shifts to the infringer to demonstrate the nature and amount of the costs that should be considered in calculating its "total profits," as well as their relationship to the infringing product. *Bergstrom v. Sears, Roebuck and Co.*, 496 F. Supp. 476, 497 (D. Minn.3d. 1980); see also *Schnadig Corp. v. Gaines Mfg. Co., Inc.*, 620 F.2d 1166, 1174 (6th Cir. 1980); *Henry Hanger & Display Fixture Corp. of America v. Sel-O-Rak Corp.*, 270 F.2d 635, 643 (5th Cir. 1959). "Any doubts about the actual amount of profits will be resolved against the infringer." *Lam, Inc. v. Johns-Manville Corp.*, 718 F.2d 1056, 1065 (Fed. Cir. 1983) (If a patent owner is unable to determine the amount of damages with precision, the court resolves doubts against the infringer)]

Section 284 of the Patent Act provides that, in a case of infringement, courts "may increase the damages up to three times the amount found or assessed." 35 U.S.C. § 284; *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1928 (2016). In *Halo Electronics*, the Supreme Court clarified that a district court has discretion to award enhanced damages even absent a showing of "egregious culpability, such as bad faith or fraud." Id. at 1932; see also *Vaporstream, Inc. v. Snap Inc.*, No. 2:17-cv-00220-MLH (KSx), 2020 U.S. Dist. LEXIS 5642, at *53-54 (C.D. Cal. Jan. 13, 2020). In determining willfulness, the Federal Circuit's "decision in Read [is] relevant to an award of enhanced damages." *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 875 F.3d 1369, 1382-83 (Fed. Cir. 2017) (citing *Read Corp. v. Portec, Inc.*, 970 F.2d 816 (Fed. Cir. 1992)). The most pertinent *Read* factors here include: (i) whether Walmart "deliberately copied the ideas or design of" Plaintiff; (ii) whether Walmart investigated the scope of the '941 Patent and formed a good-faith belief that it was invalid or not infringed; and (iii) the duration of Walmart's misconduct before any remedial action, if any, was taken. See *Read Corp.*, 970 F.2d at 826-27.

(c) In brief, the key evidence Plaintiff relies on for each of the claims is:

Claims 1-4: Trade Dress Infringement

- Deckers owns the UGG Fluff Yeah Trade Dress, which is non-functional and has achieved secondary meaning,
- Walmart's design, distribution, advertisement, offering for sale, and sale of the infringing Accused Product,
- Defendant's willful infringement of the UGG Fluff Yeah Trade Dress, including but not limited to the continued sale of infringing products after the filing of this lawsuit.
- Defendant's reckless disregard of Plaintiff's UGG Fluff Yeah Trade Dress.

Summary

Deckers Outdoor Corporation, one of the most respected footwear companies in the United States, commenced this action shortly after learning that Walmart, Inc. was once again selling low-quality knockoffs of Deckers' iconic footwear. Although Deckers has sued Walmart twice before for selling knockoffs of its famous UGG® footwear, Walmart continues to infringe on Decker's popular designs. It was also selling a "dupe" of another beloved Deckers' product, the UGG Fluff Yeah Slide, which is protected by the UGG Fluff Yeah Trade Dress and its federally registered design patent on the Fluff Yeah Slide (D866,941 Patent ("'941 Patent")):

    

UGG® Fluff Yeah Slide        Accused Product        '941 Patent

If these products look similar, that is because Walmart intended them to be. Since its launch in 2018, the UGG Fluff Yeah slide has been an incredible success

story; selling millions of units to consumers and has become "go to" footwear for numerous celebrities.

In January 2020 Walmart set out to deliberately copy the UGG Fluff Yeah:

> **Message**
>
> **From:** Samantha Sandone [samantha.sandone@shoes.com]
> **Sent:** 1/7/2020 11:28:57 PM
> **To:** Pajar Distribution Ltd - Greg Nicoghosian [gregn@pajar.com]; kerri jackson [kerri.jackson096@gmail.com]
> **CC:** Alexandra Debrody [alexandra.debrody@shoes.com]; Kelsey Smotzer [kelsey.smotzer@shoes.com]; Kelsey Smotzer [kelsey.smotzer@walmart.com]; Alexandra Debrody [alexandra.debrody@walmart.com]
> **Subject:** RE: Kendall + Kylie
> **Attachments:** K+K Slipper Inspo.pptx
>
> Hi Greg,
>
> Adding in Kelsey and Alexandra's new emails.
>
> After reviewing with the team, there are a couple of styles we'd like your partnership on to make sure we can get out the door at a sharp price point. Given that MOQs are increased from Spring, we want to feel comfortable that we can sell through the additional units. Please see our attached notes on styles we'd like to align on.
>
> Additionally, we'd like to see branded Kendall + Kylie slippers. We think this could be a great gifting item to update to our fur-trimmed pool slide in spring. Ideally, we'd like to target the $12.50 AUC that we bought the pool slides at for spring. I've added in an inspiration slide for reference. Please let me know if your team can accommodate.

Walmart even gave instructions on how to better copy the UGG Fluff Yeah:



Exacerbating the willful nature of Walmart's conduct is the fact the deliberate copying of well-known brands and products is not an exception, but rather the norm at the world's largest retailer. Even though Walmart has been sued hundreds of times for infringement, Walmart takes no real measures to prevent this illegal conduct. Indeed, Walmart continued to sell the Accused Product into 2022 despite being sued by Deckers in October 2020, demonstrating a complete disregard for Deckers' rights.

Claim 5: Patent Infringement – '941

- Deckers' ownership of the '941 Patent;
- Walmart's design, distribution, advertisement, offering for sale, and sale of the infringing Accused Product.
- Defendant's willful infringement of Deckers 941 Patent, including but not limited to the continued sale of infringing products after the filing of this lawsuit.

Summary

See above summary in connection with trade dress infringement.

(d) Defendants have pleaded the following Counterclaims and Affirmative Defenses in its Answer (ECF No. 20):

No. 1: Failure to State a Claim

No. 2: Defendant has not used Plaintiff's Asserted Trade Dress in Commerce.

No. 3: Plaintiff's claimed trade dress is functional.

No. 4: Plaintiff's claimed trade dress is non-distinctive.

No. 5: Defendant has not infringed the '941 Patent.

(e) Elements Required to Establish Defendants' Affirmative Defenses:

<u>Affirmative Defense 1: Failure to State a Claim</u>

Defendant's affirmative defenses are not affirmative defenses—rather, they merely challenge an aspect of Decker's case-in-chief. A defense that alleges the plaintiff has failed to state a claim or otherwise merely challenges the plaintiff's *prima facie* case is not an affirmative defense. Rule 8(c)(1) provides that a party responding to a pleading must affirmatively state any avoidance or affirmative defense. An affirmative defense does not merely negate an element of a plaintiff's *prima facie* case; instead, it intervenes to defeat the claim even if plaintiff proves every element of its case. See *United States v. Continental Ill. Natl Bank & Trust Co. of Chicago*, 889 F.2d 1248, 1253 (2d Cir. 1989). (striking defendant's defense alleging failure to state a claim because it was not an affirmative defense "but rather a failure of Plaintiff's prima facie case"); see also *Barnes v. AT & T Pension Ben. Plan–Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010) (ruling that failure to state a claim is not an affirmative defense).

Here, Defendant's defenses merely challenge Decker's *prima facie* case and do not raise any cognizable affirmative defenses.

<u>Affirmative Defense 2: Defendant has not used Plaintiff's Asserted Trade Dress in Commerce.</u>

See response to affirmative defense No. 1 above.

<u>Affirmative Defense 3: Plaintiff's Claimed Trade Dress is Functional</u>

See response to affirmative defense No. 1 above.

<u>Affirmative Defense 4: Plaintiff's claimed trade-dress is non-distinctive</u>

See response to affirmative defense No. 1 above.

<u>Affirmative Defense 5: Defendant has not Infringed on the '941 Patent</u>

See response to affirmative defense No. 1 above.

 (f) Key evidence relied on in opposition to Defendants' Affirmative Defenses:

See response to affirmative defense No. 1 above. Plaintiff plans on proving its affirmative claims.

 (g) No Third Parties

 (h) Anticipated Evidentiary Issues

See Parties' Respective Motions in Limine.

 (i) Issues of Law

  None.

**16 – 4.2 - [ABROGATED]**

**16 – 4.3 - BIFURCATION OF ISSUES**

None.

**16 – 4.4 - JURY TRIAL**

The Parties have agreed that a Jury Trial will take approximately 3-4 days.

**16 – 4.5 - ATTORNEYS' FEES**

Deckers may be entitled to attorneys' fees under 35 U.S.C. § 285 and 15 U.S.C. §1117.

**16 – 4.6 - ABANDONMENT OF ISSUES**

Deckers has not abandoned any issues.

DATED: April 15, 2022  BLAKELY LAW GROUP

         By: */s/ Brent H. Blakely*
           Brent H. Blakely
           Jamie Fountain
           ***Attorneys for Plaintiff***
           ***Deckers Outdoor Corporation***