1  Brent H. Blakely (SBN 157292)
   bblakely@blakelylawgroup.com
2  Jamie Fountain (SBN 316567)
   jfountain@blakelylawgroup.com
3  BLAKELY LAW GROUP
   1334 Parkview Avenue, Suite 280
4  Manhattan Beach, California 90266
   Telephone: (310) 546-7400
5  Facsimile: (310) 546-7401

6  *Attorneys for Plaintiff*
   *Deckers Outdoor Corporation*
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 DECKERS OUTDOOR                    ) CASE NO. 2:20-cv-09521-FLA (Ex)
   CORPORATION, a Delaware            )
12 Corporation,                       ) **PLAINTIFF'S NOTICE OF MOTION**
                                      ) **AND MOTION IN LIMINE NO. 3 TO**
13                Plaintiff,          ) **EXCLUDE EXPERT OPINIONS AND**
                                      ) **TESTIMONY OF LENNY HOLDEN;**
14        v.                          ) **MEMORANDUM OF POINTS AND**
                                      ) **AUTHORITIES IN SUPPORT**
15 WALMART INC., and DOES 1-10,       ) **THEREOF**
   inclusive,                         )
16 Defendants.                        ) Hearing on Motions in Limine:
                                      )
17                                    ) Date:        May 13, 2022
                                      ) Time:        3:00 p.m.
18                                    ) Courtroom:   6B – 6th Floor
                                      )
19                                    ) Complaint Filed:  10/16/2020
                                      ) Trial Date:       05/24/2022
20                                    )
                                      )
21                                    )    **Hon. Fernando L. Aenlle-Rocha**
                                      )
22                                    )
                                      )
23 _____        )

24

25

26

27

28

1

2

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on **May 13, 2022** at 3:00 p.m. in Courtroom 6B

3

4

of the above-entitled Court, located at 350 West First Street, Los Angeles, California

90012, plaintiff Deckers Outdoor Corporation ("Deckers") will and hereby will and

5

6

hereby does move this Court for an order *in limine* to exclude introduction of any

expert opinions, testimony and reports of Lenny Holden.

7

8

This motion is based on the Notice of Motion, the accompanying Memorandum

of Points and Authorities, the Declaration of Brent Blakely, and all pleadings and

9

10

papers on file in this action, and upon such other matters as may be presented at the

time of hearing.

11

12

This motion is made following the conference of counsel pursuant to L.R. 7-3

which first took place on March 30, 2022. (Declaration of Brent Blakely, ¶ 11.)

13

14

DATED:    April 15, 2022        BLAKELY LAW GROUP

15

16

By:   */s/ Brent Blakely*_____
         Brent H. Blakely

17

         Jamie Fountain
         Tara A. Currie

18

         ***Attorneys for Plaintiff***
         ***Deckers Outdoor Corporation***

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

I.    INTRODUCTION ............................................................................1

II.   STATEMENT OF RELEVANT FACTS...........................................1

III.  LEGAL STANDARD ...................................................................2

IV.  MR. HOLDEN'S EXPERT OPINIONS REGARDING THE VALIDITY OF THE TRADE DRESS AND '941 PATENT SHOULD BE EXCLUDED UNDER FED. R. EVID. 702......................2

    A.   Mr. Holden's Conclusory Opinions are Not Helpful to the Trier of Fact ...............................................................................2

        1.   Mr. Holden's Opinion Regarding the '941 Patent ...............2

        2.   Mr. Holden's Opinion Regarding the Trade Dress ..............3

    B.   Mr. Holden's Opinion Regarding the '941 Patent is Based on Unauthenticated Prior Art .................................................4

    C.   Mr. Holden's Expert Opinion is Unreliable ...................................6

        1.   Mr. Holden's Opinion Regarding the Validity of the '941 Patent Fails to Consider the Overall Appearance of the Asserted Prior Art ...................................................6

        2.   Mr. Holden's Opinion Regarding Validity of the Trade Dress Fails to Consider All Relevant Secondary Meaning Factors ...................................................................7

    D.   Mr. Holden's Lacks a Technical Knowledge of Correct Legal Standards for Trade Dress and Patent Infringement ......................7

V.   CONCLUSION...............................................................................10

1

# <u>TABLE OF AUTHORITIES</u>

2

<u>CASES</u>

3

*adidas Am., Inc. v. Sketchers USA, Inc.,*
    890 F.3d 747 (9th Cir. 2018) ................................................................. 7

4

*Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.,*
    738 F.3d 960 (9th Cir. 2013) ................................................................. 8

5

6

*Am. Med. Sys. v. Laser Peripherals, LLC,*
    712 F. Supp. 2d 885 (D. Minn. 2010) .................................................. 10

7

8

*Apple, Inc. v. Samsung Electronics Co., Ltd.,*
    678 F.3d 1314 (Fed. Cir. 2012) ............................................................. 3

9

*Billiards, Inc. v. Sixshooters, Inc.,*
    251 F.3d 1252 (9th Cir. 2001) ............................................................... 4

10

*Deckers v. Romeo & Juliette,*
    2017 U.S. Dist. LEXIS 91711 (C.D. Cal. June 13, 2017) ...................... 6

11

*Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns, Inc.,*
    198 F.3d 1143 (9th Cir. 1999) ............................................................... 7

12

13

*Gorham Co. v. White,*
    81 U.S. 511 (1871) ................................................................................ 8

14

*Hebert v. Lisle Corp.,*
    99 F.3d 1109 (Fed. Cir. 1996) ............................................................. 10

15

16

*In re Homestore.com, Inc. Sec. Litig.,*
    347 F. Supp. 2d 769 (C.D. Cal. 2004) ................................................... 5

17

*Innogenetics, N.V. v. Abbott Labs.,*
    512 F.3d 1363 (Fed. Cir. 2008) ............................................................. 3

18

19

*Inwood Laboratories, Inc. v. Ives Laboratories, Inc.,*
    456 U.S. 844 (1982) .............................................................................. 7

20

*Microsoft Corp. v. i4i Ltd. P'ship,*
    564 U.S. 91 (2011) ................................................................................ 2

21

22

*OddzOn Prods. v. Just Toys,*
    122 F.3d 1396 (Fed. Cir. 1997) ............................................................. 8

23

*Primiano v. Cook,*
    598 F.3d 558 (9th Cir. 2010) ................................................................. 8

24

25

*Solar Sun Rings, Inc. v. Wal-Mart Stores, Inc.,*
    2012 U.S. Dist. LEXIS 156373 (C.D. Cal. Oct. 31, 2012) ..................... 2

26

27

*Winters v. Fru-Con Inc.,*
    498 F. 3d 734 (7th Cir. 2007) ............................................................. 3

28

1

## I.    <u>INTRODUCTION</u>

Defendant's expert Lenny Holden intends to provide expert testimony regarding the alleged invalidity of the '941 Patent due to certain unauthenticated prior art, and Fluff Yeah Trade Dress. Mr. Holden's opinions within his Report fail the requirements for experts as set forth in Rule 702 and are based on deeply flawed methodology and inadmissible evidence that cannot be allowed to be presented to the trier of fact. As set forth more fully below, the expert testimony, opinions, and Reports of Lenny Holden should be excluded for the following reasons: 1) Mr. Holden's conclusory opinions regarding patent and trade dress validity and infringement are conclusory; 2) Mr. Holden's opinion regarding patent invalidity is based on prior art that is  inadmissible; 3) Mr. Holden's opinion regarding patent invalidity based on prior art is unreliable as he fails to consider the overall appearance of the asserted prior art; 4) Mr. Holden's opinion regarding validity of the Fluff Yeah Trade Dress fails to consider all relevant secondary meaning factors; and 5) Mr. Holden lacks a technical knowledge regarding patent and trade dress infringement.

## II.    <u>STATEMENT OF RELEVANT FACTS</u>

On February 11, 2022, the parties exchanged initial expert reports. Declaration of Brent H. Blakely ("Blakely Dec."), ¶ 18. Defendant's proffered expert Lenny Holden, a footwear developer, made no mention of obviousness, or any other affirmative defense for that matter, in his Initial Report. Blakely Dec., ¶ 18, Exs. 12, 16 (Holden Dep) 20:22-22:25; 24:8-24.

On March 9, 2022, Plaintiff took the deposition of Mr. Holden. Blakely Dec., ¶ 25. It was clear during Mr. Holden's deposition that he does not understand the standards for patent infringement and trade dress infringement, instead, conflating and confusing the elements for each. Blakely Dec., ¶ 25, Ex. 16 (Holden Depo) 12:16-13:16; 14:3-16:14; 18:16-19:16; 24:25-30:10; 61:5-12; 62:2-4 76:8-79:11. Further, Mr. Holden testified that he did not authenticate the prior art which serves the basis for his opinon. Blakely Dec., ¶ 25, Ex. 16 (Holden Depo), 12:13-15; 43:9-46:22; 108:20-

112:12; 114:6-10; 117:1-7; 118:23-120:10; 123:11-132:10.  It also became clear that
Holden was retained the last minute at the end of January (Blakely Dec., ¶ 25, Ex. 16
(Holden Depo), 6:23-7:2), and that his Report, which is little more than throwing
spaghetti against the wall, was rushed on just a few days' notice: "[…] it's been a very
fast timeline as compared to other cases I've worked on […]" (Blakely Dec., ¶ 25, Ex.
16 (Holden Depo), 6:18-22); "I was informed that we were on a very tight timeline."
(Blakely Dec., ¶ 25, Ex. 16 (Holden Depo), 7:3-11).

## III.  LEGAL STANDARD

Fed. R. Evid. 702 provides that a witness who is qualified as an expert by
knowledge, skill, experience, training, or education may testify in the form of an
opinion or otherwise if: 1) the expert's scientific, technical, or other specialized
knowledge will help the trier of fact to understand the evidence or to determine a fact
in issue; 2) the testimony is based on sufficient facts or data; 3) the testimony is the
product of reliable principles and methods; and 4) the expert has reliably applied the
relevant principles and methods to the facts of the case. Fed. R. Evid. 702.

## IV.  HOLDEN'S OPINIONS SHOULD BE EXCLUDED UNDER FED. R. EVID. 702

### A. Holden's Conclusory Opinions are Not Helpful to the Trier of Fact

#### 1. Holden's Opinion Regarding the '941 Patent

Holden's Report merely concludes without explaining why, that the '941 Patent
"is likely not enforceable due to its invalidity in view of that prior art" without
discussing *how* or *why*. ECF No. 56-6, para 4.4. Invalidity of a design patent must be
proven by clear and convincing evidence. *Solar Sun Rings, Inc. v. Wal-Mart Stores,
Inc.*, 2012 U.S. Dist. LEXIS 156373, at *14 (C.D. Cal. Oct. 31, 2012) (citing *Microsoft
Corp. v. i4i Ltd. P'ship*, 564 U.S. 91 (2011)). A patent may be found invalid "if the
differences between the claimed invention and the prior art are such that the claimed
invention as a whole would have been obvious before the effective filing date of the
claimed invention to a person having ordinary skill in the art to which the claimed

invention pertains."  35 U.S.C.S. § 103. Nowhere in Holden's Report does he discuss or mention the notion of invalidity due to obviousness. In fact, Holden's Report makes no mention of "obviousness", nor does his Report discuss primary or secondary references. Blakely Dec., Ex. 12 (Holden Report), 16 (Holden Depo.) 20:22-22:25; 24:8-24; 30:11-16. Instead, Holden's Report simply parrot's Defendant's counsel's position that the asserted prior art *somehow* invalidates the '941 Patent.

Holden offered no opinion whatsoever as to *why* he believed the '941 patent is invalidated on any grounds including that of obviousness. In other words, he failed to "state how or why a person ordinarily skilled in the art would have found the claims […] obvious […]." *Innogenetics, N.V. v. Abbott Labs*., 512 F.3d 1363, 1373 (Fed. Cir. 2008).  "In addressing a claim of obviousness in a design patent, the ultimate inquiry is whether the claimed design would have been obvious to a designer of ordinary skill who designs articles of the type involved." *Apple, Inc. v. Samsung Electronics Co*., Ltd., 678 F.3d 1314, 1329 (Fed. Cir. 2012). This involves a two-step process: First, one must find a single reference in existence, the design characteristics of which are basically the same as the claimed design. *Id*. 1329-30. After, other references may be used to modify the primary reference to create a design that has the same overall visual appearance as the claimed design, only if they are so related to the primary reference that the appearance of certain ornamental features in one would suggest the application of those features to the other. *Id*. Holden did not conduct this analysis.

## 2. Holden's Opinion Regarding the Trade Dress

Likewise, Holden's opinions as to Trade Dress Validity and Infringement are also unsubstantiated and entirely confusing due to his lack of knowledge regarding the appropriate standards to apply. "[A]n ultimate conclusion with no analysis is meaningless and is not helpful to the factfinder. *Winters v. Fru-Con Inc.*, 498 F. 3d 734, 743 (7th Cir. 2007). First, Holden does not understand the elements Plaintiff is claiming in its Fluff Yeah Trade Dress, and instead interprets the Fluff Yeah Trade Dress to include the design claimed in the '941 Patent. Blakely Dec., ¶25, Ex. 16

3

(Holden Depo), 66:15-67:18; 71:6-73:3. Holden clearly basis his opinion regarding the Fluff Yeah Trade Dress on his own incorrect understanding that the Fluff Yeah Trade Dress incorporates all of the claimed elements of the '941 Patent including the number of ridges on the vamp, and that the '941 Patent is the basis for having a trade dress. Blakely Dec., ¶ 25, Ex. 16 (Holden Depo), 72:25-74:6.

Notwithstanding Holden's incorrect understanding of the elements claimed in the Fluff Yeah Trade Dress, Holden fails to apply the appropriate test for his tradedress infringement analysis. Blakely Dec., ¶ 25, Ex. 16 (Holden Depo), 76:8-78-13. Mr. Holden completely overlooks that to succeed on a claim for infringement of an unregistered trade dress, a party must only prove the trade dress: (1) is nonfunctional; (2) serves a source-identifying role either because it is inherently distinctive or has acquired secondary meaning; and (3) there is a likelihood of confusion. *Clicks Billiards, Inc. v. Sixshooters, Inc*., 251 F.3d 1252, 1258 (9th Cir. 2001). Instead, Holden seemingly concludes that because the Trade Dress is allegedly not unique or original that there is no protectable trade dress. Blakely Dec., Ex. 12 (Holden report) p. 25; Ex. 16 (Holden Depo), 16; 81:23-82:11; 82:19-83:21. Lastly, Holden's Report concludes without analysis into each relevant factor that the Trade Dress has not achieved secondary meaning because it has not been sold for several decades, as opposed to several years. Blakely Dec., Ex. 12 (Holden report) p. 26; Ex. 16 (Holden Depo), 84:13-85:18. Holden's conclusory opinions are based on an incomplete understanding of the law and are entirely unhelpful to a jury.

**B. Holden's Opinion Regarding the '941 Patent is Based on Unauthenticated Prior Art**

Mr. Holden opines that the Asserted Prior Art serves as prior art to the '941 Patent. Blakely Dec., Ex. 12; *See* ECF No. 54. This opinion is entirely based on unauthenticated Internet screenshots. *See* ECF No. 64, 64-2. Authentication is a "condition precedent to admissibility," and can by satisfied "by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R.

Evid. 901(a). For evidence to be authenticated, some statement or affidavit from someone with knowledge is required. *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004).

Here, Defendant has not submitted any affidavits from the web master, nor anyone else with knowledge, of the website which the screenshots were taken to lay foundation making the content in the printouts nothing more than inadmissible hearsay. *See* ECF No. 64, 64-2.; Fed. R. Evid. 801, 802; Blakely Dec., ¶ 25, Ex. 16 (Holden Depo), 12:13-15; 43:9-46:22; 108:20-112:12; 114:6-10; 117:1-7; 118:23-120:10; 123:11-132:10.

Additionally, Holden conducted no investigation to verify that the Asserted Prior Art was actually in a printed publication or in public use more than one year before the filing dates of the '941 Patent.[1] Blakely Dec., ¶ 25, Ex. 16 (Holden Depo), 12:13-15; 43:9-46:22; 108:20-112:12; 114:6-10; 117:1-7; 118:23-120:10; 123:11-132:10. Instead, Holden relies on what appears to be dates autogenerated by a Google search. *Id.* However, as many commentators including Google advises, these dates can be unreliable for a variety of reasons. Blakely Decl. Ex. 14 & 15.

The inherent unreliability of the Internet screenshots and the dates therein is further underscored by Holden's reliance on the Koolaburra Fuzz'n Faux II as prior art. The Koolaburra® brand is owned by Plaintiff and contrary to Mr. Holden's purely speculative representations to this Court, Koolaburra Fuzz'n Faux II was first offered for sale in January **2020**, over two years *after* the UGG® Fluff Yeah Slide was first offered for sale. *See* ECF. No. 64, 64-4. Thus, it cannot be prior art. Additionally, Holden's own exhibit (*see* ECF No. 54-10) which depicts a November 2020 date, contradicts his own representations.

---

[1] See 35 U.S.C. 102(b); *Solar Sun Rings, Inc.*, 2012 U.S. Dist. LEXIS 156373, at *21 (C.D. Cal. Oct. 31, 2012) ("Prior art" references "may take the form of other patents, printed publications, or actual items which were in public use more than one year prior to the contested patent application.")

As this Court held in *Deckers v. Romeo & Juliette*, 2017 U.S. Dist. LEXIS 91711 **7-8 (C.D. Cal. June 13, 2017) a party's failure to authenticate is problematic in two ways. First, if the picture is not authenticated it is inadmissible for the purpose of an obviousness analysis. *Id.* Second, because there is no evidence showing that the pictures actually correspond to this style in question, the evidence purporting to prove the date this style was publicly available is meaningless – ie. there is no evidence that the style depicted in the pictures was offered for sale in the relevant time frame. *Id.* Here, the Internet screenshots relied upon by Holden are insufficient to demonstrate that the purported prior art depicted therein were in public use during the relevant time frame. There is no authenticating evidence such as invoices and other indicia of actual sales, that the Asserted Prior Art was sold in commerce in the United States. *See* ECF No. 64, 64-2.; Blakely Dec., ¶ 25, Ex. 16 (Holden Depo), 12:13-15; 43:9-46:22; 108:20-112:12; 114:6-10; 117:1-7; 118:23-120:10; 123:11-132:10; see also *Deckers v. Romeo & Juliette*, 2017 U.S. Dist. LEXIS 91711 **6-15 (C.D. Cal. June 13, 2017).[2] Thus, the Asserted Prior Art relied upon by Mr. Holden cannot be considered "prior art".

**C. Mr. Holden's Expert Opinion is Unreliable**

**1. Holden's Opinion Regarding the Validity of the '941 Patent Fails to Consider the Overall Appearance of the Asserted Prior Art**

Notwithstanding the above, it is *undisputed* that Defendant's conclusions regarding invalidity based on prior art are based on incomplete views of the references.

---

[2] In *Deckers v. Romeo* this Court excluded numerous purported prior art references when Romeo attempted to authenticate them through various emails and other correspondence. *Id.* at **8-15 ("This is insufficient, as the relevant statements in the e-mail constitute inadmissible hearsay with no applicable exception. See Fed. R. Evid. 801(c), 802.") Even when Romeo offered declarations signed under oath, this Court excluded the prior art because "these boots are inadmissible as prior art because Defendants fail to authenticate any of the pictures that they contend correspond to this boot style." *Id.* at 10. Here there is no attempt to authenticate the screenshots.

Blakely Dec., Ex. 12; *See In re Harvey*, 12 F.3d 1061, 1065 (10th Cir. 1993) (it is the overall appearance, the visual effect as a whole of the design, which must be taken into consideration). Here, the '941 Patent covers the ornamental design for a footwear upper and midsole, as shown and described in the patent. Defendant has not produced images or samples of the alleged prior art beyond that which is shown in Mr. Holden's Report, none of the ornamental features exhibited in Figures 3 (medial side) and 5 (back side) of the '941 Patent are shown, and thus, these designs as a whole are not similar enough to the '941 Patent such as to render it invalid.

## 2.  Holden's Opinion Regarding Validity of the Trade Dress Fails to Consider All Relevant Secondary Meaning Factors

Secondary meaning for trade dress means that a significant number of potential customers associate the trade dress with a single source of the product. *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456 U.S. 844, 851 (1982). "Secondary meaning can be established in many ways, including (but not limited to) direct consumer testimony; survey evidence; exclusivity, manner, and length of use of a mark; amount and manner of advertising; amount of sales and number of customers; established place in the market; and proof of intentional copying by the defendant." *Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns, Inc.*, 198 F.3d 1143, 1151 (9th Cir. 1999).

Not only does Holden conclude incorrectly and without providing any basis, that shoes must be sold for decades before they can obtain secondary meaning, he does not actually analyze whether consumers would associate the Fluff Yeah Trade Dress with the Accused Product. Blakely Dec. ¶ 25, Ex. 16 (Holden Depo) 76:8-78-13; 84:13-85:18. For instance, Holden fails to consider sales volume, media coverage, amount of advertising, and prevalence among a celebrity audience. Blakely Dec. ¶ 25, Ex. 16 (Holden Depo) 75:4-76:2; 77:8-78:13; 84:13-85:18; *adidas Am., Inc. v. Sketchers USA, Inc.*, 890 F.3d 747, 754 (9th Cir. 2018). Like an ostrich sticking his head in the sand Holden also ignored evidence of Walmart's deliberate copying.

**D. Holden's Lacks a Technical Knowledge of Correct Legal Standards for Trade Dress and Patent Infringement**

It is clear from Holden's Report and deposition testimony that he does not have even a basic understanding of the standard for patent or trade dress infringement, what is required for secondary meaning, or prior art and the types of prior art that can serve as a primary reference and/or secondary reference in the analysis. Instead, Holden's understanding of the standards for patent and trade dress infringement are often conflated; confusing whether prior art is applicable to an analysis for trade dress or patent claims. Blakely Dec. ¶ 25, Ex. 16 (Holden Depo) 12:16-13:16; 14:3-16:14; 18:16-19:16; 24:25-30:10; 35:9-37:8; 59:21-61:4; 61:5-12; 62:2-4; 68:4-70:16; 76:8-79:11.

"[T]he trial court must assure that the expert testimony 'both rests on a reliable foundation and is relevant to the task at hand.'" *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010) (quoting *Daubert v. Merrell Dow Pharm., Inc*., 509 U.S. 579, 597 (1993)). "The district court is not tasked with deciding whether the expert is right or wrong, just whether his testimony has substance such that it would be helpful to a jury." *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc*., 738 F.3d 960, 969-70 (9th Cir. 2013).

"The comparison step of the [patent] infringement analysis requires the fact-finder to determine whether the patented design as a whole is substantially similar in appearance to the accused design." *OddzOn Prods. v. Just Toys*, 122 F.3d 1396, 1405 (Fed. Cir. 1997). "[I]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other." *Gorham Co. v. White*, 81 U.S. 511, 528 (1871). Complete similarity is not required to find infringement, and "minor changes in a design are often readily made without changing its overall appearance." *Id*.

1    During his deposition Holden demonstrated astounding ignorance regarding the

2  test for infringement in a design patent or trade dress case. Blakely Dec., ¶ 25, Ex. 16

3  (Holden Depo) 12:16-13:16; 14:3-16:14; 18:16-19:16; 24:25-30:10; 35:9-37:8; 59:21-

4  61:4; 61:5-12; 62:2-4; 68:4-70:16; 76:8-79:11. As a threshold matter, Holden could not

5  differentiate between a patent and a trade dress,[3] articulate the test for either patent or

6  trade dress infringement,[4] is unfamiliar with the ordinary observer test for determining

7  patent infringement;[5] could not articulate whether prior art goes to validity or an

8  infringement analysis – oftentimes discussing prior art when asked about his opinion

9  regarding the trade dress claims,[6] or identify the definition for secondary meaning,

10  obviousness, prior art, or trade dress.[7] As such, he was clearly unqualified to render

11  opinions on these matters.

12    Indeed, Holden's analysis of the deconstruction of the footwear in his Report is

13  further evidence of his misunderstanding of the appropriate legal standards for patent

14  infringement - as consumers do not saw apart footwear which they are considering

15  purchasing. *Id.* (Holden Depo) 48:3-18; 66:2-14. Nor is it relevant whether the strap on

16  the Accused Product is 5mm shorter than that of the UGG® Fluff Yeah Slide if the

17  *overall* appearance of the two products are still similar. *Id.* (Holden Depo) 66:15-67:18

18    Holden's analysis of trade dress infringement fairs no better. As discussed,

19  above not only does Mr. Holden incorrectly state that shoes must be sold for decades

20  before they can obtain secondary meaning, he fails to properly analyze all relevant

21  secondary meaning factors such as sales volume, media coverage, amount of

22

23  [3] Blakely Dec., Ex. 16 (Holden Depo) 12:16-13:16; 14:3-16:14; 18:16-19:16; 24:25-
24  30:10; 35:9-37:8; 59:21-61:4; 61:5-12; 62:2-4; 68:4-70:16; 76:8-79:11

25  [4] Blakely Dec., (Holden Depo) 9:1-24; 48:3-18; 48:19-49:3; 53:15-54:25; 55:6-57:10;
   59:21-61:4; 61:5-12; 66:2-14; 66:15-67:18; 76:8-78-13; 81:23-82:11; 82:19-83:21

26  [5] Blakely Dec., Ex. 16 (Holden Depo) 61:5-12

27  [6] Blakely Dec., Ex. 16 (Holden Depo) 76:8-79:11

28  [7] Blakely Dec., Ex. 16 (Holden Depo) 61:14-62:4; 75:4-76:2; 77:8-78:13

advertising, and prevalence among a celebrity audience. Blakely Dec., ¶ 25, Ex. 16 (Holden Depo) 84:13-85:18; *See adidas Am., Inc.*, 890 F.3d 747 at 754. Indeed, Mr. Holden was unable to articulate the test for secondary meaning when asked during his deposition. Blakely Dec. ¶ 25, Ex. 16 (Holden Depo) 75:4-76:2; 77:8-78:13; 84:13-85:18.

"Incorrect statements of law are no more admissible through 'experts' than are falsifiable scientific theories." *Hebert v. Lisle Corp.*, 99 F.3d 1109, 1117 (Fed. Cir. 1996). Mr. Holden's analysis and deposition testimony demonstrates a blatant lack of understanding of the legal standard regarding patent and trade dress infringement, which has resulted in an unreliable expert opinion that should be excluded. *See e.g. Am. Med. Sys. v. Laser Peripherals, LLC*, 712 F. Supp. 2d 885, 901 (D. Minn. 2010) (opinions inadmissible because they are based on incorrect legal standards).

## V.    CONCLUSION

Based on the foregoing, Holden's expert opinions should be precluded from introduction to the jury at trial. And where Holden provides an expert opinion as to obviousness as an affirmative defense, such opinion and testimony should be precluded as Holden's Initial Expert Report did not mention and/or analyze obviousness.[8]

DATED:    April 15, 2022          BLAKELY LAW GROUP

                                 By:    */s/Brent H. Blakely*
                                        Brent H. Blakely
                                        Jamie Fountain
                                        **Attorneys for Plaintiff**
                                        **Deckers Outdoor Corporation**

---

[8] Nor did Defendant raise the affirmative defense in their Answer, or otherwise, and as such Defendant should be precluded from providing evidence or testimony regarding same for the reasons detailed in Plaintiff's Motion *in Limine* #1.