Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Jamie Fountain (SBN 316567)
jfountain@blakelylawgroup.com
Tara A. Currie (SBN 323984)
tcurrie@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

*Attorneys for Plaintiff*
*Deckers Outdoor Corporation*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation,<br><br>            Plaintiff,<br>v.<br>WALMART INC., and DOES 1-10, inclusive,<br><br>            Defendants. | CASE NO. 2:20-cv-09521-FLA (Ex)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 5 TO EXCLUDE IMPROPER EMPTY CHAIR ARGUMENTS AND UNDISCLOSED WITNESSES AND EVIDENCE REGARDING PAJAR; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing on Motions in Limine:<br><br>Date:         5/13/22<br>Time:         3:00 pm<br>Courtroom:    6B<br><br>Complaint Filed: 10/16/2020<br>Trial Date:      5/24/2022<br><br>**Hon. Fernando L. Aenlle-Rocha** |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 13, 2022 at 3:00 pm in Courtroom 6B of the above-entitled Court, located at 350 West First Street, Los Angeles, California 90012, plaintiff Deckers Outdoor Corporation ("Deckers" or "Plaintiff") will and hereby does move this Court for an order *in limine* to exclude Walmart from making empty chair arguments and introducing undisclosed evidence and witnesses in connection with Walmart's supplier of the Accused Product, Pajar Canada ("Pajar").

This motion will be brought pursuant to the Federal Rules of Evidence 402 & 403 on the grounds that whether Pajar is liable for infringement or otherwise indemnifying Walmart in connection with this lawsuit is not relevant to any issue in this litigation, and will inevitably mislead and confuse the jury. Deckers also moves to exclude the testimony of Eli Man, an employee of Pajar, who was first disclosed on April 14, 2022, three months after the discovery cutoff in this action. FRCP 26 & 37.

This motion is based on the Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Brent Blakely, and all pleadings and papers on file in this action, and upon such other matters as may be presented at the time of hearing.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took first place on March 30, 2022. Declaration of Brent Blakely, ¶ 31.

DATED:   April 15, 2022         BLAKELY LAW GROUP

By:   */s/ Brent H. Blakely*
      Brent H. Blakely
      Jamie Fountain
      Tara A. Currie
       *Attorneys for Plaintiff*
       *Deckers Outdoor Corporation*

**PLAINTIFF'S MOTION IN LIMINE NO. 5 TO EXCLUDE EMPTY CHAIR ARGUMENT REGARDING PAJAR**

1
2

# TABLE OF CONTENTS

I.   INTRODUCTION AND STATEMENT OF FACTS ............................... 1

II.  ARGUMENT ....................................................................................... 3

III. CONCLUSION ................................................................................... 7

# TABLE OF AUTHORITIES

CASES

*Adobe Sys. v. Blue Source Grp. Inc.*,
  125 F. Supp. 3d 945 (N.D. Cal. 2015)................................................................. 4

*Costello Publishing Co. v. Rotelle*,
  216 U.S. App. D.C. 216 (D.C. Cir. 1981) ............................................................ 4

*Hoffman v. Construction Protective Services, Inc.*,
  541 F. 3d 1175 (9th Cir. 2008) ............................................................................. 6

*Lockheed Martin Corp. v. Network Solutions, Inc.*,
  1997 U.S. Dist. LEXIS 10314 **8-9 (C.D. Cal. March 20, 1997) ..................... 4

*Microsoft Corp. v. Image & Bus. Solutions, Inc.*,
  2007 U.S. Dist. LEXIS 76519 *21 (C.D.Cal. May 4, 2007) ................................ 4

*Official Airline Guides, Inc. v. Goss*,
  6 F.3d 1385 (9th Cir. 1993) .................................................................................. 4

*Ollier v. Sweetwater Union High School Dist.*,
  267 FRD 339 (S.D. Cal. 2010) ............................................................................. 7

*Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distributors Pty. Ltd.*,
  207 U.S. App. D.C. 375 (D.C. Cir. 1981) ............................................................ 4

*TechShop, Inc. v. Rasure*,
  2019 U.S. Dist. LEXIS 78067 *7 (N.D.Cal. May 8, 2019).................................. 7

*Unicolors, Inc. v. Macy's, Inc.*,
  No. CV 14-08611-RGK SSX (C.D. Cal. Mar. 6, 2015)....................................... 4

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
  259 F.3d 1101 (9th Cir. 2001) .............................................................................. 6

RULES

FED. R. CIV. P. 37(c)(1) ............................................................................................. 6

FRCP 26 and 37. Under Rule 26(a)........................................................................... 5

Rule 37(c)(1) ............................................................................................................... 6

## I.     INTRODUCTION AND STATEMENT OF FACTS

Deckers, one of the most respected footwear companies in the United States, commenced this action shortly after learning that Walmart, Inc. ("Defendant" or "Walmart") was once again selling low-quality knockoffs of Deckers' iconic footwear. Although Deckers had sued Walmart <u>two times</u> before for selling knockoffs of its famous UGG® boots, Walmart has yet again *intentionally* infringed Deckers' products – the popular UGG® Fluff Yeah Slide.

| **Deckers' Authentic UGG® Fluff Yeah Slide** | **Walmart's Accused Products** |
|---|---|
|  |  |

If these products look the same, that is because Walmart intentionally sought to manufacture and sell knockoffs.  Since its launch in 2018, the UGG Fluff Yeah slide has been an incredible success story; selling millions of units to consumers and has become "go to" footwear for numerous celebrities:

      

*Addison Rae*      *Brie Larson*     *Meghan Fox*      *Gigi Hadid*      *Kylie Jenner*      *Gal Gadot*

In January 2020 Walmart set out to deliberately copy the UGG Fluff Yeah:

```
Message

From:        Samantha Sandone [samantha.sandone@shoes.com]
Sent:        1/7/2020 11:28:57 PM
To:          Pajar Distribution Ltd - Greg Nicoghosian [gregn@pajar.com]; kerri jackson [kerri.jackson096@gmail.com]
CC:          Alexandra Debrody [alexandra.debrody@shoes.com]; Kelsey Smotzer [kelsey.smotzer@shoes.com]; Kelsey Smotzer
             [kelsey.smotzer@walmart.com]; Alexandra Debrody [alexandra.debrody@walmart.com]
Subject:     RE: Kendall + Kylie
Attachments: K+K Slipper Inspo.pptx

Hi Greg,

Adding in Kelsey and Alexandra's new emails.

After reviewing with the team, there are a couple of styles we'd like your partnership on to make sure we can get out
the door at a sharp price point. Given that MOQs are increased from Spring, we want to feel comfortable that we can
sell through the additional units. Please see our attached notes on styles we'd like to align on.

Additionally, we'd like to see branded Kendall + Kylie slippers. We think this could be a great gifting item to update to
our fur-trimmed pool slide in spring. Ideally, we'd like to target the $12.50 AUC that we bought the pool slides at for
spring. I've added in an inspiration slide for reference. Please let me know if your team can accommodate.
```



Walmart even gave instructions on how to better copy the UGG Fluff Yeah:

```
From: Samantha Sandone <Samantha.Sandone@walmart.com>
Sent: Wednesday, September 23, 2020 4:20 PM
To: Greg Nicoghosian <gregn@pajar.com>
Cc: Kelsey Smotzer <Kelsey.Smotzer@walmart.com>
Subject: Shani Slipper Feedback

Hi Greg,

As Kelsey mentioned in her previous email, we have some key callouts regarding quality ahead of the next production
run.

STRAP TENSION:
    • Elastic is too short and isn't very stretchy, giving more tension and pulling foot forward
    • Compared to UGG style where strap isn't as tight, see picture below for reference
```



On October 16, 2020, Plaintiff filed the instant action against Walmart for trade dress infringement under the Lanham Act and California common law, unfair competition under California state and common law, and patent infringement arising from Defendant's infringement of the Fluff Yeah Trade Dress and '941 Patent. (ECF No. 1.) On January 25, 2021, Walmart filed its Answer. (ECF No. 20.) Subsequently, Deckers learned that Pajar was the supplier of the Accused Product to Walmart. Notably, Pajar, which is in Canada, is not a defendant in this present lawsuit.

Walmart's counsel in this case, who are hired and paid by Pajar pursuant to an indemnification agreement, have made it abundantly clear that they intend on pointing at the proverbial "empty chair," claiming that Pajar, a company much smaller than Walmart (most are) is ultimately responsible for Walmart's deliberate infringement. Furthermore, given that Walmart's counsel has repeatedly commented that Pajar is a small company and doesn't have the resources to pay a judgment, it is reasonable to conclude that they will make this same argument to the jury to garner sympathy. Indeed, on its Witness List exchanged on April 14, 2022, Walmart disclosed for the first time "Eli Man, Pajar Corporate Representative" as a witness in this case.

Whether Pajar is indemnifying Walmart in this case is irrelevant to any of the parties claims or defenses. The only reason Walmart would attempt to introduce this evidence would be to garner sympathy from the jury and distract from Walmart's own culpability – which is entirely improper. Walmart should be precluded from offering any argument or evidence regarding: 1) whether Pajar is defending or otherwise indemnifying Walmart in connection with this lawsuit, 2) Pajar's potential culpability, size, financial condition, or 3) otherwise attempt to introduce evidence from Pajar itself, such as the testimony of Mr. Man.

II.     **ARGUMENT**

"Courts in the Ninth Circuit have 'held that in patent, trademark, literary property, and copyright infringement cases, any member of the distribution chain' of allegedly infringing products can be 'jointly and severally liable' for the alleged

misconduct." *Adobe Sys. v. Blue Source Grp. Inc.*, 125 F. Supp. 3d 945, 973 (N.D. Cal. 2015) (quoting *Unicolors, Inc. v. Macy's, Inc.*, No. CV 14-08611-RGK SSX, 2015 U.S. Dist. LEXIS 28645, 2015 WL 1020101, at *4 (C.D. Cal. Mar. 6, 2015).

Thus, the plaintiff in a trademark or patent case can chose to sue less than all of the alleged infringers. *Lockheed Martin Corp. v. Network Solutions, Inc.*, 1997 U.S. Dist. LEXIS 10314 **8-9 (C.D. Cal. March 20, 1997); see e.g., *Costello Publishing Co. v. Rotelle*, 216 U.S. App. D.C. 216, 670 F.2d 1035, 1043 (D.C. Cir. 1981) ("it is well established that a suit for infringement is analogous to other tort actions and infringers are jointly and severally liable; hence plaintiff need only sue participants as it sees fit"); *Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distributors Pty. Ltd.*, 207 U.S. App. D.C. 375, 647 F.2d 200, 207 (D.C. Cir. 1981) ("Courts have long held that in patent, trademark, literary property, and copyright infringement cases, any member of the distribution chain can be sued as an alleged joint tortfeasor. Since joint tortfeasors are jointly and severally liable, the victim of trademark infringement may sue as many or as few of the alleged wrongdoers as he chooses; those left out of the lawsuit . . . are not indispensable parties").

Plaintiff was not required to sue Walmart's supplier of the Accused Product, Pajar, in this instant litigation. Rather, Deckers chose to litigate against Walmart, which deliberately infringed upon Deckers' '941 Patent and UGG Fluff Yeah Trade Dress.

Patent and trademark infringement are strict liability offenses, and the state of mind of the defendant is not relevant to the determination of whether an infringement has occurred. *Microsoft Corp. v. Image & Bus. Solutions, Inc.*, 2007 U.S. Dist. LEXIS 76519 *21 (C.D.Cal. May 4, 2007); see also *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1394 (9th Cir. 1993) ("intent is not a necessary element of trademark infringement"); *In re Seagate Tech., LLC*, 497 F.3d 1360, 1369 (Fed. Cir. 2007)( "patent infringement is a strict liability offense."). As the party that sold the Accused Product to consumers, Walmart is strictly liable for its conduct and any damages

flowing from these sales; irrespective of anything Pajar did.  Furthermore, the question of whether Walmart acted willfully will focus on Walmart's own conduct, not Pajars. While Walmart may seek indemnification from Pajar after the dust has settled at trial[1], Walmart's obligations cannot be delegated, nor should Walmart be allowed to point to the "empty chair" at trial.

This Court should bar any reference to the fact that Pajar could or otherwise should be a defendant as such information would invite the jury to speculate as to why Pajar is now not a defendant and could permit Walmart to "try an empty chair." Likewise, Walmart should be prohibited from playing on the sympathy of the jury by introducing evidence regarding Pajar; including but not limited to its culpability, size, wealth, or profitability.  Not only is such evidence irrelevant to the Parties claims and defenses and therefore inadmissible pursuant to FRE 402, the introduction of same would be unfairly prejudicial in violation of FRE 403.

Finally, this Court should exclude any testimony from Pajar, including that of Eli Man.  Walmart's disclosure of Mr. Man as a witness on April 14, 2022 for the first time in this litigation is yet another example of Walmart's disregard of FRCP 26 and 37.  Under Rule 26(a), parties have a duty to disclose initially:

> the name and, if known, the address and telephone number of each individual likely to have discoverable information -- along with the subjects of that information -- that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment . . ..

Additionally, the parties are under a duty to supplement disclosures and responses:

> A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission -- must supplement or correct its disclosure or response:

---

[1] Walmart could have counterclaimed for indemnification in this lawsuit if it so chose.  For whatever reason, Walmart chose not to do so.

  (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . ..

In order to "give[] teeth to these requirements," Rule 37(c)(1) permits the Court to preclude "the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105 (9th Cir. 2001). Failure to disclose may be excused if the party can demonstrate substantial justification or if the nondisclosure is harmless. FED. R. CIV. P. 37(c)(1).

Mr. Man was not identified in Walmart's Initial Disclosures (Ex. 3), any supplemental disclosure, or in any of Walmart's responses to discovery. Because Mr. Man was not disclosed in this case, he is automatically excluded pursuant to FRCP 37(c)(1) unless the failure was substantially justified or harmless. *Hoffman v. Construction Protective Services, Inc.*, 541 F. 3d 1175, 1179 (9th Cir. 2008). Walmart's failure to disclose Mr. Man until three months after the close of fact discovery is neither.

Walmart served its Initial Disclosures on July 16, 2021. (Ex. 3) While Walmart mentions certain employees from Walmart and Deckers in its' Initial Disclosures, neither Mr. Man nor any other employees from Pajar are mentioned. (id). In the following six months Walmart never supplemented its' disclosures. Neither Mr. Man, nor any other Pajar employee were identified in Walmart's discovery responses. Given the fact that Walmart's counsel (who have been involved in this case since August 2021) were hired by Pajar, there is simply no justification for Mr. Man being disclosed for the first time three months after the January 14, 2022 discovery cut-off.

There is also nothing harmless about this late disclosure. Plaintiff has been denied the opportunity to examine Mr. Man and has absolutely no idea what he may say on the stand. This belated disclosure also impacted decisions Plaintiff made during this litigation, and reopening discovery would be unduly costly and would disrupt this

Court and Plaintiff's schedule. *Ollier v. Sweetwater Union High School Dist.*, 267 FRD 339, 343 (S.D. Cal. 2010); *TechShop, Inc. v. Rasure*, 2019 U.S. Dist. LEXIS 78067 *7 (N.D. Cal. May 8, 2019)   It is this sort of trial by ambush which FRCP 26 and 37 were specifically designed to prevent.

### III. CONCLUSION

For the foregoing reasons, the Court should exclude any evidence, testimony, or argument concerning:

-Pajar not being a defendant in this case;

-Pajar indemnifying Walmart in this case;

-Pajar's culpability, size, wealth or financial condition; and

-Exclude Eli Man or any other witnesses and evidence not properly disclosed in this case.

DATED:   April 15, 2022      BLAKELY LAW GROUP

By:   */s/ Brent H. Blakely*
      Brent H. Blakely
      Jamie Fountain
      Tara A. Currie
      ***Attorneys for Plaintiff***
      ***Deckers Outdoor Corporation***