Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Jamie Fountain (SBN 316567)
jfountain@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

*Attorneys for Plaintiff*
*Deckers Outdoor Corporation*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation,<br><br>　　　　　　　Plaintiff,<br>　　v.<br>WALMART INC., and DOES 1-10, inclusive,<br><br>　　　　　　　Defendants. | CASE NO. 2:20-cv-09521-FLA (Ex)<br><br>**DECLARATION OF LISA BEREDA IN SUPPORT OF SECOND AMENDED APPLICATION TO FILE UNDER SEAL**<br><br>**Hon. Fernando L. Aenlle-Rocha** |

# DECLARATION OF LISA BEREDA

I, LISA BEREDA, declare as follows:

1. I am the Vice President, Deputy General Counsel for Plaintiff Deckers Outdoor Corporation ("Deckers"). I have personal knowledge of the matters set forth herein, and if called upon as a witness could competently testify thereto.

2. Deckers has been engaged in the design, distribution, marketing, offering for sale, and sale of footwear since 1975. Deckers owns several brands of footwear including UGG®, Koolaburra®, Teva®, Sanuk®, and Hoka One One®. Deckers' UGG® brand remains one of the most recognized premium comfort-leisure footwear brands in the industry.

3. In the course of expert discovery, Deckers retained Erich Joachimsthaler regarding the strength of the UGG® brand and the harm Walmart's actions have caused to the UGG® brand. Erich Joachimsthaler's expert report contains highly confidential information regarding Deckers' design process for the UGG® brand, and brand development strategy for the UGG® brand, including consumer research done by Deckers in relation to the branding strategy, which is intertwined throughout the entire report of Professor Joachimsthaler.

4. None of this information is publicly available and public disclosure thereof would provide competitors (other footwear manufacturers/sellers including Defendant themselves) an unfair competitive advantage. Indeed, public dissemination of such proprietary information could materially affect Deckers' ability to increase its competitive advantages and differentiate itself from competitors, such as Defendants.

5. Moreover, the aforementioned information is not generally disseminated within Deckers and only employees who require access to this information to perform their duties are given access to this type of information. Furthermore, those at Deckers who have access to this information are under a strict contractual and ethical obligation to maintain their confidentiality.

6. Deckers has expended a great deal of money and effort in developing the information contained in these documents to build its brand and to distinguish itself from its competitors. Should Deckers' competitors or Defendants have access to this information, they would have an unfair advantage in formulating their own research and competitive strategies.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _____April 18,_____, 2022 in Goleta, California.

*Lisa Bereda*
Lisa Bereda (Apr 18, 2022 13:20 PDT)
Lisa Bereda