Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Jamie Fountain (SBN 316567)
jfountain@blakelylawgroup.com
Tara A. Currie (SBN 323984)
tcurrie@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

*Attorneys for Plaintiff*
*Deckers Outdoor Corporation*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. 2:20-cv-09521-FLA (Ex)<br><br>**[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**<br><br>Final Pretrial Conference:<br><br>Date:    Friday, May 13, 2022<br>Time:    1:30 p.m.<br>Courtroom:  6B – First Street Courthouse<br><br>**Hon. Fernando L. Aenlle-Rocha** |

Pursuant to Local Rule 16-7 and the Scheduling Conference Order issued in this case (Docket #29), the parties hereby jointly submit the Proposed Final Pretrial Conference Order in the form below.

## **TABLE OF CONTENTS**

1.   THE PARTIES ........................................................................1

2.   JURISDICTION ......................................................................1

3.   TRIAL ESTIMATE ..................................................................1

4.   TRIAL BY JURY .....................................................................1

5.   ADMITTED FACTS ................................................................1

6.   STIPULATED FACTS...............................................................2

7.   THE PARTIES' CLAIMS AND DEFENSES .........................................2

8.   ISSUES TO BE TRIED ..............................................................8

9.   STATUS OF DISCOVERY ..........................................................9

10.  EXHIBITS .............................................................................9

11.  WITNESSES .........................................................................27

12.  PENDING MOTIONS................................................................27

13.  BIFURCATION........................................................................28

Following pretrial proceedings, pursuant to F.R.Civ.P. 16 and L.R. 16, IT IS
ORDERED:

1.    **THE PARTIES**

The parties are:

Plaintiff:    Deckers Outdoor Corporation ("Deckers");

Defendant:    Walmart Inc. ("Walmart")

Each of these parties has been served and has appeared. All other parties named
in the pleadings and not identified in the preceding paragraph are now dismissed.

The pleadings which raise the issues are: The Complaint.

2.    **JURISDICTION**

Federal jurisdiction and venue are invoked upon the grounds:

This Court has subject matter jurisdiction over the trade-dress and patent
infringement claims alleged in this action pursuant to 28 U.S.C. §§ 1331, 1338

Facts requisite to federal jurisdiction are **admitted** by the parties.

3.    **TRIAL ESTIMATE**

The trial is estimated to take **3-4** trial days.

4.    **TRIAL BY JURY**

Trial will be by jury.  Pursuant to this Court's May 25, 2021 Scheduling Order
(Docket #29), the Parties have concurrently submitted herewith Joint Agreed Upon
Proposed Jury Instructions, Disputed Jury Instructions, and Proposed Additional Voir
Dire questions.

5.    **ADMITTED FACTS**

The following facts are admitted and require no proof:

*    Deckers filed the application for the D866,941 Patent on September 12,
2018;

*    The D866,941 Patent was issued on November 19, 2019;

1        *        Deckers' employee, Esther Kim is a named inventor on U.S. Patent No.

2        D866,941;

3

4  **6.    STIPULATED FACTS**

5        None

6  **7.    THE PARTIES' CLAIMS AND DEFENSES**

7        <u>Plaintiff</u>

8        (a)    Plaintiff plans to pursue the following claims against Walmart:

9        Claim 1:    Trade Dress Infringement Under the Lanham Act;

10       Claim 2:    Trade Dress Infringement Under California Common Law;

11       Claim 3:    Unfair Competition, Cal. Bus. & Prof. Code §17200;

12       Claim 4:    Unfair Competition Under California Law; and

13       Claim 5:    Patent Infringement of Patent No. D866,941 ("'941" Patent)

14

15       (b)    The elements required to establish Plaintiff's claims are:

16       <u>Claims 1-4: Trade Dress Infringement</u>

17       To succeed on a claim for infringement of an unregistered trade dress, a party

18  must prove: (1) that its claimed dress is nonfunctional; (2) that its claimed dress serves

19  a source-identifying role either because it is inherently distinctive or has acquired

20  secondary meaning; and (3) that the defendant's product or service creates a likelihood

21  of consumer confusion." *Clicks Billiards, Inc. v. Sixshooters, Inc*., 251 F.3d 1252,

22  1258 (9th Cir. 2001).

23       Deckers is also seeking a finding that Walmart willfully infringed the Ugg Fluff

24  Yeah trade dress.

25       <u>Damages Related to Claims 1-4: Trade Dress Infringement</u>

26       Deckers is seeking to recover Walmart's profits, actual damages sustained, and

27  the costs of the action for Walmart's infringement of the Fluff Yeah Trade Dress.

28  Ninth Cir. Mod. Jury Inst. No. 15.27 (actual damages) & 15.29 (profits).  Plaintiff is

1    also seeking treble damages "according to the circumstances of the case" and in

2    "exceptional cases," reasonable attorney fees to the prevailing party. 15 U.S.C.

3    §1117(a); *Philip Morris USA Inc. v. Liu*, 489 F. Supp. 2d 1119, 1123 (C.D. Cal. 2007).

4        Deckers is also seeking punitive damages under its state law claims.  *The*

5    *Chronicle Publishing Co. v. Legrand*, (N.D. Cal. 1992); see also *Transgo Inc. v. Ajac*

6    *Transmission Parts Corp.*, 768 F.2d 1001, 1024-25 (9th Cir. 1985)

7        Deckers is also seeking a permanent injunction against Walmart.

8    Claim 5: Patent Infringement – '941 Patent

9        The infringement inquiry "requires the fact-finder to determine whether the

10   patented design as a whole is substantially similar in appearance" to the accused

11   design.  *OddzOn Products, Inc. V. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir.

12   1997).  In making this comparison, the fact-finder puts itself into the place of an

13   "ordinary observer." *Egyptian Goddess, Inc. V. Swisa, Inc.,* 543 F.3d 665, 667 (Fed.

14   Cir. 2008) (en banc), cert. denied, 556 U.S. 1167 (2009).  The "ordinary observer" is

15   not an expert, but rather an observer "of ordinary acuteness, bringing to the

16   examination of the article upon which the design has been placed that degree of

17   observation which men of ordinary intelligence give." *Sofpool LLC v. Kmart Corp.*,

18   2013 U.S. Dist. LEXIS 76293, at *4 citing *Gorham Mfg. Co. V. White,* 81 U.S. 511,

19   528, 20 L. Ed. 731 (1871)] Deckers also asserts that Walmart has willfully infringed

20   Deckers' '941 Patent.  *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016).

21   Damages Related to Claim 5

22       Deckers seeks Walmart's profits pursuant to 35 U.S.C. § 289, which allows the

23   patentee to recover the extent of the defendant's total profit from the infringement.  35

24   U.S.C. § 289; *Gryphon Mobile Elecs., LLC v. Volitiger Power, Inc.*, 2016 U.S. Dist.

25   LEXIS 87612 at *9 (Central Dist. of CA July 6, 2016).

26       Section 284 of the Patent Act provides that, in a case of infringement, courts

27   "may increase the damages up to three times the amount found or assessed." 35 U.S.C.

28   § 284; *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1928 (2016).

1    Deckers also seeks a permanent injunction against Walmart.

2    (c)    In brief, the key evidence Plaintiff relies on for each of the claims is:

3    • Deckers owns the UGG Fluff Yeah Trade Dress, which is non-functional and

4    has achieved secondary meaning,

5    • Walmart's design, distribution, advertisement, offering for sale, and sale of

6    the infringing Accused Product,

7    • Defendant's willful infringement of the UGG Fluff Yeah Trade Dress,

8    including but not limited to the continued sale of infringing products after the

9    filing of this lawsuit.

10    • Defendant's reckless disregard of Plaintiff's UGG Fluff Yeah Trade Dress.

11    <u>Summary</u>

12    Deckers Outdoor Corporation, one of the most respected footwear companies in

13    the United States, commenced this action shortly after learning that Walmart, Inc. was

14    once again selling low-quality knockoffs of Deckers' iconic footwear. Although

15    Deckers has sued Walmart twice before for selling knockoffs of its famous UGG®

16    footwear, Walmart continues to infringe on Decker's popular designs.  It was also

17    selling a "dupe" of another beloved Deckers' product, the UGG Fluff Yeah Slide,

18    which is protected by the UGG Fluff Yeah Trade Dress and its federally registered

19    design patent on the Fluff Yeah Slide (D866,941 Patent ("'941 Patent")):

20

21

22      

23

24

25

26    UGG® Fluff Yeah Slide            Accused Product                '941 Patent

27    If these products look similar, that is because Walmart intended them to be.

28    Since its launch in 2018, the UGG Fluff Yeah slide has been an incredible success

4

1  story; selling millions of units to consumers and has become "go to" footwear for

2  numerous celebrities.

3      In January 2020 Walmart set out to deliberately copy the UGG Fluff Yeah:

---

**Message**

| | |
|---|---|
| **From:** | Samantha Sandone [samantha.sandone@shoes.com] |
| **Sent:** | 1/7/2020 11:28:57 PM |
| **To:** | Pajar Distribution Ltd - Greg Nicoghosian [gregn@pajar.com]; kerri jackson [kerri.jackson096@gmail.com] |
| **CC:** | Alexandra Debrody [alexandra.debrody@shoes.com]; Kelsey Smotzer [kelsey.smotzer@shoes.com]; Kelsey Smotzer [kelsey.smotzer@walmart.com]; Alexandra Debrody [alexandra.debrody@walmart.com] |
| **Subject:** | RE: Kendall + Kylie |
| **Attachments:** | K+K Slipper Inspo.pptx |

Hi Greg,

Adding in Kelsey and Alexandra's new emails.

After reviewing with the team, there are a couple of styles we'd like your partnership on to make sure we can get out the door at a sharp price point. Given that MOQs are increased from Spring, we want to feel comfortable that we can sell through the additional units. Please see our attached notes on styles we'd like to align on.

Additionally, we'd like to see branded Kendall + Kylie slippers. We think this could be a great gifting item to update to our fur-trimmed pool slide in spring. Ideally, we'd like to target the $12.50 AUC that we bought the pool slides at for spring. I've added in an inspiration slide for reference. Please let me know if your team can accommodate.



---

22  Walmart even gave instructions on how to better copy the UGG Fluff Yeah:



**From:** Samantha Sandone <Samantha.Sandone@walmart.com>
**Sent:** Wednesday, September 23, 2020 4:20 PM
**To:** Greg Nicoghosian <gregn@paiar.com>
**Cc:** Kelsey Smotzer <Kelsey.Smotzer@walmart.com>
**Subject:** Shani Slipper Feedback

Hi Greg,

As Kelsey mentioned in her previous email, we have some key callouts regarding quality ahead of the next production run.

<u>STRAP TENSION:</u>

- Elastic is too short and isn't very stretchy, giving more tension and pulling foot forward
- Compared to UGG style where strap isn't as tight, see picture below for reference

Exacerbating the willful nature of Walmart's conduct is the fact the deliberate copying of well-known brands and products is not an exception, but rather the norm at the world's largest retailer.  Even though Walmart has been sued hundreds of times for infringement, Walmart takes no real measures to prevent this illegal conduct. Indeed, Walmart continued to sell the Accused Product into 2022 despite being sued by Deckers in October 2020, demonstrating a complete disregard for Deckers' rights.

<u>Claim 5: Patent Infringement – '941</u>

- Deckers' ownership of the '941 Patent;

- Walmart's design, distribution, advertisement, offering for sale, and sale of the infringing Accused Product.

- Defendant's willful infringement of Deckers 941 Patent, including but not limited to the continued sale of infringing products after the filing of this lawsuit.

<u>Summary</u>

See above summary in connection with trade dress infringement.

Plaintiff's Position Regarding Defendant's Purported Affirmative Defenses

As set forth in Plaintiff's Opposition to Defendant's Motion for Summary Judgement (ECF No. 64) and Plaintiff's Motion in Limine to exclude an obviousness affirmative defense (ECF No. 80) it is Plaintiff's position that Defendant is barred from asserting any affirmative defenses in this action challenging the validity of the '941 Patent.

**Walmart Statement Regarding the Case**

Defendant Walmart has specifically detailed its defenses and positions regarding this case and the legal and factual bases for why this action should be dismissed, particularly in the context of its currently pending Motion for Summary Judgment [ECF Nos. 54 and 65] ("Motion") as to all material claims and issues asserted by Plaintiff, Deckers Outdoor Corporation ("Plaintiff" or "Deckers") in this action. Each of the claims and defenses are also detailed in Defendant's Memorandum of Contentions of Fact and Law filed on April 15, 2022 [ECF No. 74].

Further and pursuant to the Court's March 24, 2022 Order [ECF No. 70] the Court has taken Defendant's Motion under submission as appropriate for decision without oral argument and further directed "the parties to continue litigating this action diligently, while awaiting the court's ruling on [the Motion]." Meanwhile Defendant is awaiting a decision by the Court on its Motion, which should significantly, if not completely resolve each of the disputed claims asserted by Plaintiff in this action.

As such the parties are awaiting a decision on the Motion and continue to discuss and prepare the trial preparation materials required pursuant to Local Rule 16 and the Court's Scheduling Order [ECF No. 29].

More specifically, Defendant's Motion shows that Plaintiff's design patent, U.S. Patent No. D866,941 ("the '941 Design Patent"), depicting a design for a common and ubiquitous footwear configuration, filed in 2018 and issued in 2019, is invalid due to Decker's conscious failure to perform a single prior art search before it filed its application with the USPTO or at any time during its examination. Such an omission was, to say the least, curious for a leading footwear company having abundant resources and knowledge of the industry and the competitive standing of others in the market. A straightforward prior art search by Defendant's search agent yielded a multitude of very similar designs offered, used and sold years before the effective filing date of Decker's application, rendering its design patent invalid pursuant to 35 U.S.C. §§ 102 & 103.

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

Deckers' also asserts unregistered trade dress rights based on a product configuration, launched only a few years ago in 2018, which represents only one of many of its fluffy sandal styles sold under the UGG trademark. Defendant's experts have unsurprisingly confirmed a complete absence of secondary meaning among consumers in the single UGG sandal style Deckers futilely claims has achieved iconic status because it has graced the feet of a few celebrities and has become one of its best-selling items of footwear.

The remainder of Plaintiff's add-on claims fall exclusively within California state law and are preempted by the federal law claims asserted under the Patent Statute and the Lanham Act.

As such the abundant factual and expert evidence presented in Defendant's Motion, and the application of compelling law to those facts, requires entry of summary judgment as to all claims now pending before the Court.

## 8.   <u>ISSUES TO BE TRIED</u>

In view of the admitted facts and the elements required to establish the claims, the following issues remain to be tried:

**Plaintiff's Position**:

(a)   Whether or not there has been infringement of Deckers' '941 Patent by Walmart;

(b)   Should liability be found with respect to infringement of the '941 Patent, the amount of damages to be awarded;

(c)   Whether or not Deckers' UGG Fluff Yeah trade dress has acquired secondary meaning;

(d)   Whether or not Deckers' UGG Fluff Yeah trade dress is non-functional;

(e)   Whether or not there has been infringement of Deckers' UGG Fluff Yeah trade dress;

(f)   Should liability be found with respect of the UGG Fluff Yeah trade dress, the amount of damages to be awarded;

(g)    Whether or not Walmart's conduct was willful;

(h)    Whether or not Deckers should be awarded punitive damages.

**Defendant's Position:**

In light of Defendant's summary of the case in Part #7 above, it is Defendant's position that there should be no triable issues remaining in this case after the Court rules on its currently pending Motion for Summary Judgment [ECF Nos. 54 and 65] ("Motion") as to all material claims and issues asserted by Plaintiff, in this action.

To the extent that any of Plaintiff's claims set forth in its Complaint survive Defendant's Motion, Plaintiff has omitted in its above listing of "The Issues to be Tried" each of the defenses raised by Defendant against each of Plaintiff's claims, namely, the invalidity of Plaintiff's '941 Design Patent on multiple grounds due to a multitude of prior art evidence and the absence of any enforceable trade dress rights in its asserted sandal configuration for failure to prove acquired distinctiveness (or secondary meaning) among consumers.

More specifically each of the asserted claims are denied by Defendant based on (1) the differences between the '941 Design Patent, in light of its narrow scope, and the accused Kendall & Kylie sandal design ("KK Sandal") as well as (2) Defendant's challenges to the validity of the '941 Design Patent based on several items of prior art, (3) the lack of any enforceable trade dress rights due to an absence of acquired distinctiveness of Plaintiff's UGG sandal design, which can only be attained by a product shape through secondary meaning, and additionally due to the fact that the asserted sandal design is functional and not eligible for trade dress coverage, and (4) that the state unfair competition claims are preempted.

9.    **STATUS OF DISCOVERY**

Fact Discovery closed on January 14, 2022.  ECF No. 29.

Expert Discovery closed on March 18, 2022.  ECF No. 29.

10.    **EXHIBITS**

All disclosures under F.R.Civ.P. 26(a)(3) have been made.

The Joint Exhibit List has been filed under separate cover as required by L.R. 16-6.1 and this Court's Scheduling Order. ECF No. 77. Unless all parties agree that an exhibit shall be withdrawn, all exhibits will be admitted without objection at trial, except those exhibits listed below:

**Plaintiff objects to Exhibit Nos.** 100-112, 120-137, 147, 148, 153-170.

**Defendant objects to Exhibit Nos.** 12-29, 31-71, 81-85, 91-99, 200-205.

The objections and grounds there for are:

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED EXHIBITS**

| Exhibit No. | Description | Objections |
|---|---|---|
| 12 | UGG® Fluff yeah Slide featured in The Zoe Report (thezoereport.com) (DOC003227-003231) | FRE 401 – 403, 802, 901 |
| 13 | UGG® Fluff yeah Slide featured in ET (etonline.com) (DOC003204-003226) | FRE 401 – 403, 802, 901 |
| 14 | UGG® Fluff yeah Slide featured in BuzzFeed (buzzfeed.com) (DOC001554) | FRE 401 – 403, 802, 901 |
| 15 | UGG® Fluff yeah Slide featured in InStyle (instyle.com) (DOC001555) | FRE 401 – 403, 802, 901 |
| 16 | UGG® Fluff yeah Slide featured in Vogue (DOC001758) | FRE 401 – 403, 802, 901 |
| 17 | UGG® Fluff yeah Slide featured in Life & Style (DOC000003-DOC000004) | FRE 401 – 403, 802, 901 |
| 18 | UGG® Fluff yeah Slide featured in Popsugar (DOC000012) | FRE 401 – 403, 802, 901 |
| 19 | UGG® Fluff yeah Slide featured in Refinery 29 (DOC000019) | FRE 401 – 403, 802, 901 |

[Proposed] Final Pretrial Conference Order

| 20 | UGG® Fluff yeah Slide featured in Page Six (DOC000019) | FRE 401 – 403, 802, 901 |
|---|---|---|
| 21 | UGG® Fluff yeah Slide featured in PopSugar (DOC000041) | FRE 401 – 403, 802, 901 |
| 22 | UGG® Fluff yeah Slide featured in Instyle (DOC000048) | FRE 401 – 403, 802, 901 |
| 23 | UGG® Fluff yeah Slide featured in Elle (DOC000070) | FRE 401 – 403, 802, 901 |
| 24 | UGG® Fluff yeah Slide featured in Variety (DOC000257) | FRE 401 – 403, 802, 901 |
| 25 | UGG® Fluff yeah Slide featured in Forbes (DOC000308) | FRE 401 – 403, 802, 901 |
| 26 | UGG® Fluff yeah Slide featured in US Weekly (DOC000475-DOC000476) | FRE 401 – 403, 802, 901 |
| 27 | UGG® Fluff yeah Slide featured in Life&Style (DOC000475-DOC000476) | FRE 401 – 403, 802, 901 |
| 28 | UGG® Fluff yeah Slide featured in Who What Wear (DOC000704) | FRE 401 – 403, 802, 901 |
| 29 | UGG® Fluff yeah Slide featured in The Seattle Times (DOC001270) | FRE 401 – 403, 802, 901 |
| 31 | Celebrities wearing UGG® Fluff Yeah Slides (DOC001775) | FRE 401 – 403, 802, 901 |
| 32 | Celebrities wearing UGG® Fluff Yeah Slides (DOC001774) | FRE 401 – 403, 802, 901 |
| 33 | Celebrities wearing UGG® Fluff Yeah Slides (DOC003013) | FRE 401 – 403, 802, 901 |
| 34 | Celebrities wearing UGG® Fluff Yeah Slides (DOC003020) | FRE 401 – 403, 802, 901 |
| 35 | Celebrities wearing UGG® Fluff Yeah Slides (DOC000234) | FRE 401 – 403, 802, 901 |
| 36 | Celebrities wearing UGG® Fluff Yeah Slides (DOC000023) | FRE 401 – 403, 802, 901 |

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

| 37 | Celebrities wearing UGG® Fluff Yeah Slides (DOC000032) | FRE 401 – 403, 802, 901 |
|---|---|---|
| 38 | Celebrities wearing UGG® Fluff Yeah Slides (DOC000059) | FRE 401 – 403, 802, 901 |
| 39 | Celebrities wearing UGG® Fluff Yeah Slides (DOC000388) | FRE 401 – 403, 802, 901 |
| 40 | Celebrities wearing UGG® Fluff Yeah Slides (DOC000418) | FRE 401 – 403, 802, 901 |
| 41 | Celebrities wearing UGG® Fluff Yeah Slides (DOC000539) | FRE 401 – 403, 802, 901 |
| 42 | Celebrities wearing UGG® Fluff Yeah Slides (DOC000559) | FRE 401 – 403, 802, 901 |
| 43 | Celebrities wearing UGG® Fluff Yeah Slides (DOC000678) | FRE 401 – 403, 802, 901 |
| 44 | Celebrities wearing UGG® Fluff Yeah Slides (DOC001002) | FRE 401 – 403, 802, 901 |
| 45 | Celebrities wearing UGG® Fluff Yeah Slides (DOC001165) | FRE 401 – 403, 802, 901 |
| 46 | Excel Spreadsheet – UGG® Fluff Yeah Customer Reviews (DOC002560) | FRE 401 – 403, 802, 901 |
| 47 | Excel Spreadsheet – UGG® Fluff Yeah Customer Reviews (DOC002563) | FRE 401 – 403, 802, 901 |
| 48 | Customer Reviews of UGG® Fluff Yeah Slides on zappos.com (DOC002906-2928) | FRE 401 – 403, 802, 901 |
| 49 | 02/11/2022 Expert Report of Caroline de Baere and Exhibits attached thereto | Hearsay FRE 801, 802 |
| 50 | 02/11/2022 Expert Report of Erich Joachimsthaler, PH.D. and Exhibits attached thereto walmart.com (DOC002798-2807) | FRE 401 – 403, 702 – 703, MIL ECF 72 |
| 51 | 02/11/2022 Expert Report of John Plumpe and Exhibits attached thereto | Hearsay FRE 801, 802 |

| 52 | 02/11/2022 Expert Report of Matthew Ezell and Exhibits attached thereto | Hearsay FRE 801, 802 |
|---|---|---|
| 53 | E-mail Chain (WM-DECKERS0000003-06) | FRE 401 – 403, 802 |
| 54 | E-mail Chain (WM-DECKERS0000056-59) | FRE 401 – 403, 802 |
| 55 | E-mail Chain (WM-DECKERS0000096-98) | FRE 401 – 403, 802 |
| 56 | E-mail Chain (WM-DECKERS0000125-131) | FRE 401 – 403, 802 |
| 57 | E-mail Chain (WM-DECKERS0000218-220) | FRE 401 – 403, 802 |
| 58 | E-mail Chain (WM-DECKERS0000260-263) | FRE 401 – 403, 802 |
| 59 | E-mail Chain (WM-DECKERS0000324-325) | FRE 401 – 403, 802 |
| 60 | E-mail Chain (WM-DECKERS0000336-340) | FRE 401 – 403, 802 |
| 61 | Photo of Kendall + Kylie Shani Slipper on walmart.com (DOC002798-2807) | FRE 802, 901 |
| 62 | Photo of Kendall + Kylie Shani Slipper on walmart.com (DOC002808-2818) | FRE 802, 901 |
| 63 | Photo of Kendall + Kylie Shani Slipper on walmart.com (DOC002819-2829) | FRE 802, 901 |
| 64 | Photo of Kendall + Kylie Shani Slipper on walmart.com (DOC002830-2839) | FRE 802, 901 |
| 65 | Sample-Kendall + Kylie Shani Slipper purchased on September 24, 2020 and accompanying shoe box/packaging | FRE 901 |

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

| 66 | Sample-Kendall + Kylie Shani Slipper purchased on October 14, 2021 and accompanying shoe box/packaging | FRE 901 |
|---|---|---|
| 67 | Photo of Kendall + Kylie Shani Slipper on Poshmark.com (DOC002754) | FRE 401 – 403, 802, 901 |
| 68 | Photo of Kendall + Kylie Shani Slipper on Mercari.com (DOC002755-2757) | FRE 401 – 403, 802, 901 |
| 69 | Photo of Kendall + Kylie Shani Slipper on Mercari.com (DOC002758-2760) | FRE 401 – 403, 802, 901 |
| 70 | Customer Reviews of Kendall + Kylie Shani Slipper on walmart.com (DOC002850-2898) | FRE 401 – 403, 802, 901 |
| 71 | Photo of UGG® Fluff Yeah Slide on Walmart.com (DOC002899-2904) | FRE 401 – 403, 802, 901 |
| 80 | *Transcript of Deposition of Nevada Efird Dated 1/7/2022 | Hearsay-FRE 801, 802 |
| 81 | Complaint filed in Deckers Outdoor Corporation v. Wal-Mart Stores, Inc., C.D. Cal. Case No. 2:14-cv-02577 | FRE 401 – 403, 408, 802 |
| 82 | Complaint filed in Deckers Outdoor Corporation v. Wal-Mart Stores, Inc.; et al., C.D. Cal. Case No. 2:19-cv-04414 | FRE 401 – 403, 408, 802 |
| 83 | Complaint filed in Chrome Hearts LLC v. Wal-Mart Stores, Inc., C.D. Cal. Case No. 2:15-cv-02933 | FRE 401 – 403, 408, 802 |
| 84 | Walmart's Supplemental Discovery Responses to Interrogatories in Chrome | |
| 85 | Hearts LLC v. Wal-Mart Stores, Inc., C.D. Cal. Case No. 2:15-cv-02933 | FRE 401 – 403, 408, 802, 901 |
| 90 | *Transcript of Deposition of Lenny Holden Dated 2/24/2022 | Hearsay FRE 801, 802 |

14

| 91 | Printout of PACER Search (DOC 002761-DOC 002764) | FRE 401 – 403, 802 |
|---|---|---|
| 92 | Printout of Walmart's YouTube Channel | FRE 401 – 403, 408, 802, 901 |
| 93 | Printout of Walmart's Pinterest Profile | FRE 401 – 403, 408, 802, 901 |
| 94 | Printout of Walmart's Instagram | FRE 401 – 403, 408, 802, 901 |
| 95 | Printout of UGG® Brand Instagram | FRE 401 – 403, 408, 802, 901 |
| 96 | Printout of UGG® Brand Pinterest Profile | FRE 401 – 403, 408, 802, 901 |
| 97 | Printout of UGG® Brand YouTube Channel | FRE 401 – 403, 408, 802, 901 |
| 98 | Blog Post "Help Google Search know the best date for your webpage" from Google's Search Central | FRE 401 – 403, 408, 802, 901 |
| 99 | "Why Do Search Results Not Have Dates?" by Leo A. Notenboom (askleo.com_ | FRE 401 – 403, 408, 802, 901 |
| 200 | Invoice Koolaburra® dated January 24, 2020 | FRE 401 – 403, 802, 901 |
| 201. | Lawsuits Filed by Deckers as of March 2022 (DOC 002603) | FRE 401 – 403, 802 |
| 202. | U.S. Patent D901,870, issued on November 17, 2020 | FRE 401 – 403 |
| 203. | U.S. Patent D920,652, issued on June 1, 2021 | FRE 401 – 403 |
| 204 | Complaint filed in *Vans, Inc. et al, v. Walmart, Inc., et al*, 8:21-cv-01876 (C.D.Cal.) | FRE 401 – 403, 802 |
| 205 | Order Granting Injunction filed in *Vans, Inc. et al, v. Walmart, Inc., et al*, 8:21-cv-01876 (C.D.Cal.) | FRE 401 – 403, 802 |

15

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED EXHIBITS**

| Exhibit No. | Description | Objections |
|---|---|---|
| 100. | *Lisa Bereda Deposition Testimony - Video | Hearsay FRE 801, 802. |
| 101. | USPTO Final Office Action in Application No 87310138 [ECF No. 54-4] | Relevance FRE 401, 403; Failure to Plead in Accordance with FRCP 8. Hearsay FRE 801, 802. ECF No. 83. |
| 102. | *Transcript of Deposition of Liza Bereda Dated 1/6/2022 | Hearsay FRE 801. |
| 103. | Patent D118,008 | Relevance FRE 401, 403; Failure to Plead in Accordance with FRCP 8; Failure to Produce in Discovery FRE 26 & 37; Violation of the Scheduling Order FRE 37; Lack of Authentication FRE 901; Hearsay FRE 801, 802; Foundation FRE 602. ECF No. 80. |
| 104. | Patent D130,268 | Relevance FRE 401, 403; Failure to Plead in Accordance with FRCP 8; Failure to Produce in Discovery FRE 26 & 37; Violation of the Scheduling Order FRE 37; Lack of Authentication FRE 901; Hearsay FRE 801, 802; Foundation FRE 602 |

| | | |
|---|---|---|
| | | ECF No. 80. |
| 105. | Patent D135,339 | Relevance FRE 401, 403;<br><br>Failure to Plead in Accordance with FRCP 8;<br><br>Failure to Produce in Discovery FRE 26 & 37;<br><br>Violation of the Scheduling Order FRE 37;<br><br>Lack of Authentication FRE 901;<br><br>Hearsay FRE 801, 802;<br><br>Foundation FRE 602<br><br>ECF No. 80. |
| 106. | Patent D167,159 | Relevance FRE 401, 403;<br><br>Failure to Plead in Accordance with FRCP 8;<br><br>Failure to Produce in Discovery FRE 26 & 37;<br><br>Violation of the Scheduling Order FRE 37;<br><br>Lack of Authentication FRE 901;<br><br>Hearsay FRE 801, 802;<br><br>Foundation FRE 602<br><br>ECF No. 80. |
| 107. | Patent D374,550 | Relevance FRE 401, 403;<br><br>Failure to Plead in Accordance with FRCP 8;<br><br>Failure to Produce in Discovery FRE 26 & 37;<br><br>Violation of the Scheduling Order FRE 37;<br><br>Lack of Authentication FRE 901;<br><br>Hearsay FRE 801, 802;<br><br>Foundation FRE 602.<br><br>ECF No. 80. |
| 108. | Patent D417,771 | Relevance FRE 401, 403; |

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

| | | Failure to Plead in Accordance with FRCP 8;<br><br>Failure to Produce in Discovery FRE 26 & 37;<br><br>Violation of the Scheduling Order FRE 37;<br><br>Lack of Authentication FRE 901;<br><br>Hearsay FRE 801, 802;<br><br>Foundation FRE 602<br><br>ECF No. 80. |
|---|---|---|
| 109. | Patent D486,956 | Relevance FRE 401, 403;<br><br>Failure to Plead in Accordance with FRCP 8;<br><br>Failure to Produce in Discovery FRE 26 & 37;<br><br>Violation of the Scheduling Order FRE 37;<br><br>Lack of Authentication FRE 901;<br><br>Hearsay FRE 801, 802;<br><br>Foundation FRE 602<br><br>ECF No. 80. |
| 110. | Patent D558,433 | Relevance FRE 401, 403;<br><br>Failure to Plead in Accordance with FRCP 8;<br><br>Failure to Produce in Discovery FRE 26 & 37;<br><br>Violation of the Scheduling Order FRE 37;<br><br>Lack of Authentication FRE 901;<br><br>Hearsay FRE 801, 802;<br><br>Foundation FRE 602.<br><br>ECF No. 80. |
| 111. | Patent D581,143 | Relevance FRE 401, 403;<br><br>Failure to Plead in Accordance with FRCP 8; |

| | | |
|---|---|---|
| | | Failure to Produce in Discovery FRE 26 & 37; |
| | | Violation of the Scheduling Order FRE 37; |
| | | Lack of Authentication FRE 901; |
| | | Hearsay FRE 801, 802; |
| | | Foundation FRE 602 |
| | | ECF No. 80. |
| 112. | Puma sandal Cited | Relevance FRE 401, 403; |
| | | Failure to Plead in Accordance with FRCP 8; |
| | | Failure to Produce in Discovery FRE 26 & 37; |
| | | Violation of the Scheduling Order FRE 37; |
| | | Lack of Authentication FRE 901; |
| | | Hearsay FRE 801, 802; |
| | | Foundation FRE 602. |
| | | ECF No. 80. |
| 120. | Fluff Yeah Genuine Shearling Slide Sandal | Relevance FRE 401, 403 |
| 121. | Fluff Yeah 3 band image | Relevance FRE 401, 403 |
| 122. | Fluff Yeah 3 band image | Relevance FRE 401, 403 |
| 123. | Fluff Yeah single vamp | Relevance FRE 401, 403 |
| 124. | Fluff Yeah Variant flat slide | Relevance FRE 401, 403 |
| 125. | Fluff Clog | Relevance FRE 401, 403 |
| 126. | Fluff Yeah Variant single vamp | Relevance FRE 401, 403 |
| 127. | Fluff Yeah single vamp Nordstroms | Relevance FRE 401, 403; Lack of Authentication FRE 901; Hearsay FRE 801, 802 |
| 128. | Sheepskin Elite | Relevance FRE 401, 403; Failure to Plead in Accordance with FRCP 8; |

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

| | | |
|---|---|---|
| | | Failure to Produce in Discovery FRE 26 & 37;<br><br>Violation of the Scheduling Order FRE 37;<br><br>Lack of Authentication FRE 901;<br><br>Hearsay FRE 801, 802;<br><br>Foundation FRE 602.<br><br>ECF No. 80. |
| 129. | Patent D603,152S | Relevance FRE 401, 403;<br><br>Failure to Plead in Accordance with FRCP 8;<br><br>Failure to Produce in Discovery FRE 26 & 37;<br><br>Violation of the Scheduling Order FRE 37;<br><br>Lack of Authentication FRE 901;<br><br>Hearsay FRE 801, 802;<br><br>Foundation FRE 602.<br><br>ECF No. 80. |
| 130. | Patent D122,468 | Relevance FRE 401, 403;<br><br>Failure to Plead in Accordance with FRCP 8;<br><br>Failure to Produce in Discovery FRE 26 & 37;<br><br>Violation of the Scheduling Order FRE 37;<br><br>Lack of Authentication FRE 901;<br><br>Hearsay FRE 801, 802;<br><br>Foundation FRE 602.<br><br>ECF No. 80. |
| 131. | Patent D627,544S | Relevance FRE 401, 403;<br><br>Failure to Plead in Accordance with FRCP 8;<br><br>Failure to Produce in Discovery FRE 26 & 37; |

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

| | | | |
|---|---|---|---|
| | | | Violation of the Scheduling Order FRE 37; |
| | | | Lack of Authentication FRE 901; |
| | | | Hearsay FRE 801, 802; |
| | | | Foundation FRE 602. |
| | | | ECF No. 80. |
| 132. | Crocs Fluffy Slipper | | Relevance FRE 401, 403; |
| | | | Failure to Plead in Accordance with FRCP 8; |
| | | | Failure to Produce in Discovery FRE 26 & 37; |
| | | | Violation of the Scheduling Order FRE 37; |
| | | | Lack of Authentication FRE 901; |
| | | | Hearsay FRE 801, 802; |
| | | | Foundation FRE 602. |
| | | | ECF No. 80. |
| 133. | She Values Slipper | | Relevance FRE 401, 403; |
| | | | Failure to Plead in Accordance with FRCP 8; |
| | | | Failure to Produce in Discovery FRE 26 & 37; |
| | | | Violation of the Scheduling Order FRE 37; |
| | | | Lack of Authentication FRE 901; |
| | | | Hearsay FRE 801, 802; |
| | | | Foundation FRE 602. |
| | | | ECF No. 80. |
| 134. | Patent D332,687 | | Relevance FRE 401, 403; |
| | | | Failure to Plead in Accordance with FRCP 8; |
| | | | Failure to Produce in Discovery FRE 26 & 37; |
| | | | Violation of the Scheduling Order FRE 37; |
| | | | Lack of Authentication FRE 901; |

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

| | | |
|---|---|---|
| | | Hearsay FRE 801, 802; Foundation FRE 602. ECF No. 80. |
| 135. | Rhianna Fenty | Relevance FRE 401, 403; Failure to Plead in Accordance with FRCP 8; Failure to Produce in Discovery FRE 26 & 37; Violation of the Scheduling Order FRE 37; Lack of Authentication FRE 901; Hearsay FRE 801, 802; Foundation FRE 602. ECF No. 80. |
| 136. | Patent D517,788S | Relevance FRE 401, 403; Failure to Plead in Accordance with FRCP 8; Failure to Produce in Discovery FRE 26 & 37; Violation of the Scheduling Order FRE 37; Lack of Authentication FRE 901; Hearsay FRE 801, 802; Foundation FRE 602. ECF No. 80. |
| 137. | Best Slippers Article  January 29, 2018 | Relevance FRE 401, 403; Failure to Plead in Accordance with FRCP 8; Failure to Produce in Discovery FRE 26 & 37; Violation of the Scheduling Order FRE 37; Lack of Authentication FRE 901; Hearsay FRE 801, 802; Foundation FRE 602. ECF No. 80. |

| 147. | Notice of References Cited Application 29/663,103 | Relevance FRE 401, 403; Failure to Plead in Accordance with FRCP 8. Hearsay FRE 801, 802. ECF No. 80. |
|---|---|---|
| 148. | MissBish Article - New Puma Monochrome Platform Sandals | Relevance FRE 401, 403; Failure to Plead in Accordance with FRCP 8; Failure to Produce in Discovery FRE 26 & 37; Violation of the Scheduling Order FRE 37; Lack of Authentication FRE 901; Hearsay FRE 801, 802; Foundation FRE 602. ECF No. 80. |
| 153. | GLS Search Results (Exhibit 3 Holden) | Relevance FRE 401, 403; Failure to Plead in Accordance with FRCP 8; Failure to Produce in Discovery FRE 26 & 37; Violation of the Scheduling Order FRE 37; Lack of Authentication FRE 901; Hearsay FRE 801, 802; Foundation FRE 602. ECF No. 80. |
| 154. | GLS Search Results (Ex 3-1 Holden) | Relevance FRE 401, 403; Failure to Plead in Accordance with FRCP 8; Failure to Produce in Discovery FRE 26 & 37; Violation of the Scheduling Order FRE 37; Lack of Authentication FRE 901; Hearsay FRE 801, 802; |

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

| | | | |
|---|---|---|---|
| | | | Foundation FRE 602. |
| | | | ECF No. 80. |
| | 155. | Comparison of Prior Art to '941 Patent (Ex 4 Holden) | Relevance FRE 401, 403; |
| | | | Failure to Plead in Accordance with FRCP 8; |
| | | | Failure to Produce in Discovery FRE 26 & 37; |
| | | | Violation of the Scheduling Order FRE 37; |
| | | | Lack of Authentication FRE 901; |
| | | | Hearsay FRE 801, 802; |
| | | | Foundation FRE 602; |
| | | | Exclusion FRE 702. |
| | | | ECF No. 80 and 82. |
| | 156. | Comparison of KK to '941 Patent (Ex 5 Holden) | Relevance FRE 401, 403; |
| | | | Failure to Plead in Accordance with FRCP 8; |
| | | | Failure to Produce in Discovery FRE 26 & 37; |
| | | | Violation of the Scheduling Order FRE 37; |
| | | | Lack of Authentication FRE 901; |
| | | | Hearsay FRE 801, 802; |
| | | | Exclusion FRE 702; |
| | | | Foundation FRE 602. |
| | | | ECF No. 80 and 82. |
| | 157. | Lack of Trade Dress (Ex 6 Holden) | Relevance FRE 401, 403; |
| | | | Failure to Plead in Accordance with FRCP 8; |
| | | | Failure to Produce in Discovery FRE 26 & 37; |
| | | | Violation of the Scheduling Order FRE 37; |
| | | | Lack of Authentication FRE 901; |
| | | | Hearsay FRE 801, 802; |
| | | | Exclusion FRE 702; |

| | | Foundation FRE 602. ECF No. 80 and 82. |
|---|---|---|
| 158. | WM- Deckers 0000028 Walmart Merchandise Agreement | Relevance FRE 401, 403. ECF No. 84. |
| 159. | Holden Report and Exhibits Dated February 10, 2022 | Relevance FRE 401, 403; Failure to Plead in Accordance with FRCP 8; Failure to Produce in Discovery FRE 26 & 37; Violation of the Scheduling Order FRE 37; Lack of Authentication FRE 901; Hearsay FRE 801, 802; Exclusion FRE 702; Foundation FRE 602. ECF No. 80 and 82. |
| 160. | David Neal Report and Exhibits Dated February 11, 2022 | Hearsay FRE 801, 802. |
| 161. | Holden Declaration 1 (with Exhibits) Dated February 21, 2022 [ECF Nos. 54-6 to 54-13] | Relevance FRE 401, 403; Failure to Plead in Accordance with FRCP 8; Failure to Produce in Discovery FRE 26 & 37; Violation of the Scheduling Order FRE 37; Lack of Authentication FRE 901; Hearsay FRE 801, 802; Exclusion FRE 702; Foundation FRE 602. ECF No. 80 and 82. |
| 162. | Holden Declaration 2 (with Exhibits) Dated March 18, 2022 [ECF Nos. 65-3 to 65-7] | Relevance FRE 401, 403; Failure to Plead in Accordance with FRCP 8; Failure to Produce in Discovery FRE 26 & 37; |

| | | Violation of the Scheduling Order FRE 37; |
|---|---|---|
| | | Lack of Authentication FRE 901; |
| | | Hearsay FRE 801, 802; |
| | | Exclusion FRE 702; |
| | | Foundation FRE 602. |
| | | ECF No. 80 and 82. |
| 163. | Holden Rebuttal Report Dated February 24, 2022 | Relevance FRE 401, 403; |
| | | Failure to Plead in Accordance with FRCP 8; |
| | | Failure to Produce in Discovery FRE 26 & 37; |
| | | Violation of the Scheduling Order FRE 37; |
| | | Lack of Authentication FRE 901; |
| | | Hearsay FRE 801, 802; |
| | | Exclusion FRE 702; |
| | | Foundation FRE 602. |
| | | ECF No. 80 and 82. |
| 164. | David Neal Rebuttal Report Dated February 25, 2022 | Hearsay FRE 801, 802. |
| 165. | Koolaburra Trademark US Reg 2415053 | Relevance FRE 401, 403; |
| | | Failure to Plead in Accordance with FRCP 8. |
| | | ECF No. 80. |
| 166. | David Neal Declaration Dated February 18, 2022 [ECF No. 54-5] | Hearsay FRE 801, 802. |
| 167. | (GLS March 15, 2022 Letter) Exhibit A to Lane Reply Declaration Dated March 18, 2022 [ECF No. 65-9] | Relevance FRE 401, 403; |
| | | Failure to Plead in Accordance with FRCP 8; |
| | | Failure to Produce in Discovery FRE 26 & 37; |
| | | Violation of the Scheduling Order FRE 37; |
| | | Lack of Authentication FRE 901; |

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

| | | |
|---|---|---|
| | | Hearsay FRE 801, 802; Foundation FRE 602. ECF No. 80. |
| 168. | Physical Samples of UGG Products | Plaintiff hasn't seen and reserves the right to object |
| 169. | Physical Samples of Walmart Products | Plaintiff hasn't seen and reserves the right to object |
| 170. | Physical Samples of Third Party Products | Relevance FRE 401, 403; Failure to Plead in Accordance with FRCP 8; Failure to Produce in Discovery FRE 26 & 37; Violation of the Scheduling Order FRE 37; Lack of Authentication FRE 901; Foundation FRE 602. ECF No. 80. |

## 11.    <u>WITNESSES</u>

Witness lists of the parties have been filed with the Court.

Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment).

Each party intending to present evidence by way of deposition testimony has marked such depositions in accordance with L.R. 16-2.7. For this purpose, the following depositions shall be lodged with the Clerk as required by L.R. 32-1:

Nevada Efird.

Plaintiff objects to the presentation of testimony by deposition of the following witnesses:

Defendant objects to the presentation of testimony by deposition of the following witnesses:

## 12.    <u>PENDING MOTIONS</u>

The following law and motion matters and motions *in limine*, and no others, are pending or contemplated:

Defendant Walmart's Motion for Summary Judgment (ECF No. 54), which is fully briefed and pending a ruling by the Court pursuant to its March 24, 2022 Order (ECF No. 70).

Plaintiff has filed the following Motions in Limine:

MIL #1: Obviousness and Prior Art (ECF No. 80)

MIL #2: Cost Deductions (ECF No. 81);

MIL #3: Holden (ECF No. 82);

MIL #4: Plaintiff's lack of registered trade-dress and interactions with the USPTO (ECF No. 83);

MIL #5: Empty Chair Argument, Undisclosed Witnesses, Evidence Re Pajar (ECF No. 84).

Walmart has filed the following Motions in Limine:

MIL #1 Joachimsthaler (ECF No. 72); and

MIL #2 Untimely Rebuttal Evidence and Experts (ECF No. 73).

## 13. **BIFURCATION**

**Deckers' Position:**

Deckers does not seek bifurcation on any issue in this case.

**Walmart's Position**:

Walmart has not made a formal application for bifurcation of any remaining triable issues at this time, although it reserves the right to do so should Plaintiff's presentation of its expert evidence regarding damages exceed the time allotted by the Court for trial, particularly with regard to the testimony of Joachimsthaler (if allowed to proceed), which at present Defendant has objected to and seeks to preclude in its pending Motion in limine #1  (ECF No. 72).

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial

1  Conference Order shall supersede the pleadings and govern the course of the trial of

2  this cause, unless modified to prevent manifest injustice.

3

4

5

6  DATED:        _____, 2022        By: _____

7                                              Hon. Fernando L. Aenlle-Rocha
                                              **United States District Judge**

8

9

10  Approved as to form and content.

11

12  By:   /s/ Brent H. Blakely
          _____

13        Brent H. Blakely
          Jamie Fountain

14        ***Attorneys for Plaintiff***
          ***Deckers Outdoor***

15        ***Corporation***

    By:   /s/ John R. Lane
          _____

16        Robert D. Garson (Pro Hac Vice)

17        rg@gs2law.com

          John R. Lane (Pro Hac Vice)

18        jrl@gs2law.com

          20803 Biscayne Blvd. 4ᵗʰ Floor

19        Aventura, FL 33154

20        Tel: (305) 780-5212

21  *Attorneys for Defendant, Walmart, Inc.*

22

23

24

25

26

27

28

**[Proposed] Final Pretrial Conference Order**