**THE LAW OFFICES OF BENJAMIN TAYLOR**
BENJAMIN TAYLOR (SBN 240636)
btaylor@taylorlawfirmpc.com
1880 Century Park East, Suite 714
Los Angeles, CA, 90067
Tel: (310) 201-7600
Fax: (310) 201-7601

OF COUNSEL
**GS2 LAW PLLC**
ROBERT D. GARSON (PRO HAC VICE)
rg@gs2law.com
JOHN R. LANE (PRO HAC VICE)
jrl@gs2law.com
20803 Biscayne Blvd, 4th Floor
Aventura, Fl 33154
Tel: (305) 780-5212
Fax: (347) 537-4540
**Attorneys for Defendant Walmart, Inc**.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>WALMART, INC., and DOES 1-10, inclusive<br><br>Defendants. | Case No. 2:20-cv-09521 FLA-E<br><br>**DEFENDANT WALMART, INC.'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1 [ECF. 80] TO EXCLUDE EVIDENCE/TESTIMONY OF:**<br>   1. **AFFIRMATIVE DEFENSE OF OBVIOUSNESS, AND**<br>   2. **PRIOR ART**<br>Hearing Date: May 13, 2022<br>Time: 3:00 p.m.<br>Courtroom: 6B<br>Hon. Fernando L. Aenlle-Rocha |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ii, iii

I. INTRODUCTION ........................................................................................................ 1

II. STATEMENT OF RELEVANT FACTS ..................................................................... 1

III. LEGAL ARGUMENT .................................................................................................. 2

    a. The Issues of Patent Interpretation and Invalidity are Properly Before the Court ................................................................................................................. 2

    b. Defendant's Prior Art Evidence is Not Barred by *Fed. R. Civ. P.* 37 or Otherwise ........................................................................................................... 3

    c. Defendant's Prior Art was Properly Produced and Plaintiff Suffered No Harm .................................................................................................................. 5

    d. Defendant's Prior Art Evidence Is Admissible .............................................. 6

    e. Defendant's Expert Has Presented a Proper Analysis of the Prior Art in Comparison to the '941 Design Patent ........................................................... 9

IV. CONCLUSION ........................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**

*Abbott Laboratories v. Sandoz, Inc.*
   743 F.Supp.2d 762 (N.D. Ill. 2010)............................................................... 3, 4, 5

*Aubin Industries, Inc. v. caster Concepts, Inc.*
   2015 WL 391400 (E.D. Cal, June 25, 2015)......................................................2

*Cole v. Layrite Products Co.*
   439 F.2d 958 (9th Cir. 1971) .............................................................................3

*Commodity Futures Trading Com'n v. Noble Metals Intern., Inc.*
   67 F.3d 766 (9th Cir. 1995) ...............................................................................6

*DataQuill Ltd. v. Handspring, Inc.*
   2003 WL 25696445 (N.D. Ill., Dec. 19, 2003)) ..............................................4, 5

*Erickson v. Neb. Mach. Co.*
2015 WL 4089849 (N.D.Cal. 2015).......................................................................7

*Firehouse Restaurant Group, Inc.*
   2011 WL 3555704 (D.S.C. August 11, 2011).................................................8, 9

*Golden Eye Media USA, Inc. v. Trolley Bags UK Ltd.*
   525 F.Supp.3d 1145 (S.D.Cal. 2021) ................................................................3

*Graham v. John Deere Co. of Kan. City*,
   383 U.S. 1,. 86 S.Ct. 684, 15 L.Ed.2d 545 (1966) .........................................10

*Grand Gen. Accessories Mfg. v. United Pac. Indus. Inc.*
   732 F.Supp.2d 1014 (C.D.Cal. 2010) ..............................................................10

*High Point Design LLC v. Buyers Direct, Inc.*
   730 F.3d 1301 (Fed. Cir. 2013) ..................................................................3, 10

*Kohler v. Flava Enterprises, Inc.*
   779 F.3d 1016 (9th Cir. 2015) ...........................................................................2

*KSR Int'l Co. v. Teleflex Inc.*
   550 U.S. 398, 127 S.Ct. 1727,167 L.Ed.2d 705 (2007) ................................10

*Lorraine v. Markel Am. Ins. Co.*
   241 F.R.D. 534 (D. Md. 2007) .........................................................................8

*Medcursor Inc. v. Shenzen KLM Internet Trading Co., Ltd.*
   543 F.Supp.3d 866 (C.D.Cal. 2021) ................................................................10

*Sackett v. Beaman*
   399 F.2d 884 (9th Cir. 1968) .............................................................................3

*United States ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co.*
    857 F.2d 600 (9th Cir. 1988) ...................................................................................6

*Valve Corporation v. Ironburg Inventions Ltd.*
    8 F.4th 1364 (Fed. Cir. 2021) ........................................................................ 6, 7, 9

*Yeti by Molly Ltd. v. Deckers Outdoor Corp.*
    259 F.3d 1101 (9th Cir. 2001) ...................................................................................3

**Statutes**

*Fed. R. Civ. P.* 26 ................................................................................................................3

*Fed. R. Civ. P.* 37 ....................................................................................................... 3, 5, 6

*Fed. R. Evid.* 901 ...................................................................................................................6

# I. INTRODUCTION

Plaintiff's first motion *in limine* [ECF No. 80], filed simultaneously with four other *in limine* motions, when considered collectively underscores an unfair agenda to have its claims considered by the Court and the jury in a complete vacuum, divorced from the reality of the actual design landscape and devoid of any substantive challenge from Defendant. The current motion is an attempt by Plaintiff to eviscerate Defendant's case, by preventing the jury from considering any substantive evidence, which is substantial, regarding the validity of its patent. Defendant has properly pleaded and pursued an affirmative defense of patent invalidity, and Plaintiff has consciously chosen to ignore the substantial prior art that Defendant timely produced during fact and expert discovery, rather than having to address and explain its substantive relevance. Additionally, Plaintiff failed even to show the prior art to its experts at any point during expert discovery, denying them the ability to address that evidence in any of Plaintiff's expert reports or declarations[1].

# II. STATEMENT OF RELEVANT FACTS

During fact discovery, particularly surrounding Plaintiff's Rule 30(b)(6) deposition, it became a point of contention that no prior art had been disclosed by Plaintiff. During Plaintiff's 30(b)(6) deposition, Defendant presented multiple items of prior art cited by the Examiner and others, which existed at the time of creation of the Deckers' design. Each of these items of prior art were shown to Plaintiff's designated witness, Ms. Bereda and were exhibited at the deposition. Following the deposition, Plaintiff not only declined to extend discovery but made active misrepresentations which would have allowed this issue to have been fully ventilated

---

[1] Presumably by design because the prior art is irrebuttable, especially in light of Plaintiff's failure to perform a prior art search prior to filing its patent application.

with the designer. *See,* Garson Decl. at ¶¶ 20 [ECF 65-10] and related correspondence, Exhibit 4, thereto). Defendant complied with all Court orders and discovery rules regarding prior art, which Plaintiff clearly did not. Even as late as January 6, 2022, Plaintiff vaguely identified its prior art as "a Gucci loafer with fur and a prior UGG style with fluffy Pom poms" and now seeks to cast Defendant as the aggressor for seeking to place the full facts before the jury.

### III. LEGAL ARGUMENT

#### a. The Issues of Patent Interpretation and Invalidity are Properly Before the Court

Defendant rejects the assertion that a challenge to the validity of the '941 Design Patent is not before the Court in this case. The issue was sufficiently raised in affirmative defenses pleaded and formed part of Defendant's case throughout discovery.

The Ninth Circuit has concluded that fair notice, (not the heightened pleading standard in *Twombly* and *Iqbal)*, controls when discussing the sufficiency of affirmative defenses. *See Aubin Industries, Inc. v. caster Concepts, Inc.*, No. 2:14-cv-02082, 2015 WL 391400, at *1, *6 (E.D. Cal, June 25, 2015) (citing *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016 (9th Cir. 2015)).

Defendant pleaded in its Answer, the affirmative defense that "Defendant has not infringed and is not infringing any ***valid*** claim of the '941 Patent." *See* Defendant's Answer [ ECF No. 20] at p. 7, ll. 14-15 (emphasis added). Defendant states a similar request in its Prayer for Relief. *Id.* at ll. 21-22. *See* Lane Decl. at ¶¶18-21 [ECF 65-8]. Moreover, during fact discovery, Defendant requested prior art from Plaintiff in its discovery requests (Garson Decl. [ECF No. 65-10] ¶¶ 7-14), produced prior art found from independent searches and examined Deckers' 30(b)(6) witness about such prior art at its deposition during fact discovery. *Id.* [ECF 65-10] at ¶¶ 25-27. Plaintiff cannot now plausibly assert that the validity of

the '941 Patent has not been part of this case or that Plaintiff is inexplicably prejudiced by such challenges.

Furthermore, prior art is directly relevant to issues of patent validity and the Court's interpretation of a patent as a matter of law. *See, eg. Golden Eye Media USA, Inc. v. Trolley Bags UK Ltd.,* 525 F.Supp.3d 1145, 1177-8 (S.D.Cal. 2021); *High Point Design LLC v. Buyers Direct, Inc.,* 730 F.3d 1301, 1311-12 (Fed. Cir. 2013).

Defendant has directly pursued the issues of validity and patent interpretation throughout this action. To the extent that the pleadings could be augmented more specifically, the Court has complete discretion to conform the pleadings to the facts forming part of the case. *See Cole v. Layrite Products Co.*, 439 F.2d 958, 961 (9th Cir. 1971) (citing *Sackett v. Beaman*, 399 F.2d 884 (9th Cir. 1968).

### b. Defendant's Prior Art Evidence is Not Barred by *Fed. R. Civ. P.* 37 or Otherwise

Plaintiff inaccurately seeks to sew a story that Defendant never disclosed prior art pursuant to *Fed. R. Civ. P.* 26(1)(A)(ii). Prior art was clearly disclosed during fact discovery. See Garson Decl. ¶¶ 25-27 [ECF 65-10] Exhibits 7-12. However, even had prior art not been produced during discovery, pursuant to *Fed. R. Civ. P.* 37(c)(1), evidence such as prior art, may be relied upon and is admissible, where a parties' failure to disclose it during fact discovery is substantially justified or harmless. *See Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

Courts have held that non-disclosure of prior art during fact discovery was harmless when it was disclosed during expert discovery, because the plaintiff still had a full opportunity to inquire into defendant's expert opinions during expert discovery, through an expert's deposition or otherwise. *See Abbott Laboratories v. Sandoz, Inc.*, 743 F.Supp.2d 762, 771 (N.D. Ill. 2010) (citing *DataQuill Ltd. v.*

3
DEFENDANT WALMART, INC.'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE/TESTIMONY OF: AFFIRMATIVE DEFENSE OF OBVIOUSNESS, AND PRIOR ART .

*Handspring, Inc.*, No. 01 C 4635, 2003 WL 25696445, at *1 (N.D. Ill., Dec. 19, 2003)). The court in *Abbott Laboratories* followed the court in *DataQuill* and held that because plaintiff was aware of the prior art references at issue, and had a fair opportunity to investigate them, they should not be excluded. *See Abbott Laboratories*, 743 F.Supp. 2d at 771.

Plaintiff's allusions to "surprise" or "trial by ambush" are groundless and a complete misstatement of the lifecycle of this case. During Deckers' 30(b)(6) deposition on January 6, 2022, multiple examples of prior art were produced. Fact discovery ended on January 14, 2022, according to the Scheduling Order [ECF No. 29 at 3]. Defendant requested Plaintiff to stipulate to a reasonable extension of the fact discovery cut-off several times to allow for more time to complete fact discovery as both parties had outstanding discovery requests pending and were still in the process of scheduling depositions. *See,* Garson Decl. at ¶¶ 16-20, 31, 33-4 [ECF 65-10] and related correspondence, Exhibits 1-4, 16-18 thereto). Plaintiff however obfuscated, frustrated and simply ignored such requests, allowing fact discovery to expire. Further, Plaintiff actively misled Defendant that the depositions of Walmart witnesses (Samantha Sandone, and Kelsey Smotzer) and Deckers' designer could still take place. *See* Garson Decl. at ¶¶ 20 [ECF 65-10] and related correspondence, Exhibits 4, thereto).

Nonetheless, soon after the commencement of expert discovery Defendant produced to Plaintiff on January 30, 2022, multiple examples of prior sold and offered product obtained through a search agent's report. See ¶¶ 9-12 to Lane Decl. [ECF 65-8]. Defendant provided Plaintiff with this prior art well in advance of the expert discovery deadline of March 18, 2022. The disclosure of prior art during expert discovery, results in no prejudice, because a plaintiff still has a full opportunity to inquire into defendant's expert opinions during expert discovery,

through an expert's deposition or otherwise. *Abbott Laboratories*, 743 F.Supp.2d at 771. However, Plaintiff failed to undertake any substantive discovery despite numerous opportunities and time to do so to further investigate the prior art produced and relied upon by Defendant's expert. The obvious inference to be drawn is that Plaintiff declined to conduct substantive discovery on Defendant's produced prior art because it knew the results would undermine its position. See Lane Decl. at ¶¶ 9-17 [ECF 65-8].

Plaintiff instead seeks to exclude Defendant's prior art based on self-created legal technicalities and purported imaginary harm that has befallen them. Plaintiff has suffered no prejudice due to Defendant's disclosure of some of the prior art evidence only 16-days after the fact discovery cut-off, and more than a month and half prior to the expiration of expert discovery.[2] Federal courts have held that the disclosure of prior art after the fact discovery deadline, but before the expert deadline, is harmless and thus not subject to sanctions under *Fed. R. Civ. P.* 37(c)(1), when Plaintiff had a full and reasonable opportunity to review and investigate the produced and disclosed prior art, but simply opted not to do so. *See Abbott Laboratories,* 743 F. Supp 2d at 771; *DataQuill Ltd*., 2003 WL 25696445, at *1.

### c. Defendant's Prior Art was Properly Produced and Plaintiff Suffered No Harm

It is abundantly clear that Plaintiff's strategy is to petition the Court to level harsh and extreme penalties on Defendant under *Fed. R. Civ. P.* 37, rather than having its broad allegations tested by the facts and evidence.

---

[2] Arguably instead of filing a baseless *Ex Parte* application [ECF Nos. 55-57] to strike Defendant's motion for summary judgment, Plaintiff should have investigated the prior art produced by Defendant.

5
DEFENDANT WALMART, INC.'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE/TESTIMONY OF: AFFIRMATIVE DEFENSE OF OBVIOUSNESS, AND PRIOR ART .

Plaintiff's argument revolves around a motion to compel that was filed nearly a year ago. Further, as discussed above, prior art evidence was clearly disclosed during fact discovery. See Garson Decl. ¶¶ 25-27 [ECF 65-10] Exhibits 7-12. Even if prior art was not disclosed during fact discovery, it was indisputably disclosed during expert discovery. *See*, *Abbott Laboratories*, 743 F.Supp.2d at 771.

Plaintiff seemingly does not wish to litigate this case at trial. Instead, Plaintiff asks the Court to inflict its harshest sanction under *Fed. R. Civ. P.* 37 and effectively eliminate Defendant's ability to fight this case. Such severe exclusion sanctions are only authorized in extreme circumstances, not present here. *See Commodity Futures Trading Com'n v. Noble Metals Intern., Inc.*, 67 F.3d 766, 770-771 (9th Cir. 1995) (citing *United States ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co.*, 857 F.2d 600, 603 n.5 (9th Cir. 1988)). To justify the imposition of such a harsh sanction, the district court must find that the violations were due to willfulness, bad faith, or fault of the party. *See*, *Commodity Futures Trading,* 67 F.3d at 771.

Defendant did not act willfully or in bad faith and produced the prior art well before the expiration of discovery, a courtesy not reciprocated by Plaintiff. Plaintiff's attempt to exclude this evidence should be denied.

### d. Defendant's Prior Art Evidence Is Admissible

A party seeking to offer into evidence printouts from third-party websites are subject to authentication requirements of *Fed. R. Evid.* 901. The Federal Circuit has approvingly authenticated the very same type of internet sourced evidence as that relied upon by Defendant in this case. *See*, *Valve Corporation v. Ironburg Inventions Ltd*., 8 F.4th 1364, 1374 (Fed. Cir. 2021) ("[d]istrict courts have taken judicial notice of the contents of webpages available through the Wayback Machine 'as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'") District Courts have found archived digital

cache databases such as the Wayback Machine to be reputable sources of information, as the information is derived from an "online digital archive of web pages run by nonprofit library in San Francisco, California." *Id.*; *see also, Erickson v. Neb. Mach. Co.*, 2015 WL 4089849, at *1, n.1 (N.D.Cal. 2015).

Defendant has presented the very same type of reliable evidence of prior art here. See Ex. 3 to the Holden Declaration [ECF No. 54-9]. Defendant's independent search agent, GLS performed and again confirms in support of this Opposition, that it conducted a thorough website search yielding multiple examples of prior sold and published sandal designs, identified and dated in an operative website with corroborating images and text information. GLS has further confirmed that each of these search results was verified through an online digital archive of web pages, identified as the "Wayback Machine" and "Google Cache" which yielded multiple examples of prior art bearing clear photographic evidence substantiated by a dated third-party website entry. See, April 28, 2022 GLS Letter attached as Ex. A to Lane Decl. in Support of Defendant's Opposition to MIL No. 1 ("Second Lane Decl.").

Pursuant to the holding in *Valve Corporation* and other cases, the Court may take judicial notice of such prior art information derived from the contents of webpages available through the Wayback Machine "as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Erickson,* 2015 WL 4089849, at *1 n.1.

Further, Defendant's footwear expert, Mr. Holden, who relied on this prior art evidence in each of his reports and declarations has corroborated this evidence insofar as it clearly comports with his knowledge and understanding of the type of textured ("furry") sandal/slipper designs that existed in the prior art for years. *See*

Holden Declarations in support of Defendant's pending Motion for Summary Judgment [ECF Nos. 54-6; 65-3].

Defendant has therefore presented ample proof of the authenticity and reliability of the prior art presented here as screen shots from online website search results having web addresses and dates and confirmed through an online digital archive of web pages. Such evidence will provide the Court, and if necessary a jury, with a reliable indicia of the authenticity of such evidence for ruling dispositively on summary judgment as well as at trial.

Further, a party seeking to admit an exhibit need only make a *prima facie* showing that it is what it claims to be. *See Firehouse Restaurant Group, Inc.*, No. 4:09-cv-00618, 2011 WL 3555704, at *1, *4 (D.S.C., August 11, 2011) (citing *Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 542 (D. Md. 2007)). To authenticate information containing information from other Internet websites, several methods are acceptable, such as expert testimony and distinctive characteristics. *Firehouse Restaurant Group* 2011 WL 3555704 at *4. The court in *Firehouse* found a *prima facie* showing of authenticity for internet printouts that contain a date and web address. *Id.*

As in *Firehouse*, Defendant has proffered prior art that conforms to authenticity standards by producing internet searches with a date and web address. *Id*. The prior art yielded from the GLS Search Report was obtained from a reputable search agent of long standing, through accepted search methods. *See* Lane Decl. at ¶¶5-8 [ECF 65-8], and Ex. A thereto. These search results have again been confirmed and verified in support of this Opposition. Second Lane Decl., Ex. A. Further one of the most fatal examples of invalidating prior art, the Rasolli-Jhatnna prior sold sandal (SJ Motion at 16-17 [ECF 54] and Ex. 3 to First Holden Dec. [ECF 54-9 at 5]) has been additionally authenticated by confirming its continued

existence and availability for sale.  See, Second Holden Decl. at ¶¶14-15 [ECF 65-3], and Exhs. A-C thereto.

Therefore, because Defendant has satisfied the standards set forth in both the *Valve Corporation* and the *Firehouse* cases, Defendant's prior art search results and images from third-party websites should be admitted as evidence in this case.

### e. Defendant's Expert Has Presented a Proper Analysis of the Prior Art in Comparison to the '941 Design Patent

Plaintiff willfully ignores the significant substance of Defendant's expert, Mr. Holden's assessment of the prior art and his conclusions in asserting that a proper "obviousness" analysis was not performed by Mr. Holden. Plaintiff's MIL #1 [ECF #80] at 8-10.  In the first Holden Declaration presented in support of Defendant's pending Motion for Summary Judgment, [ECF 54-6, ¶7 pp. at 5-7] ("First Holden Declaration") a side-by-side analysis of the '941 Patent compared to the prior art was fully performed.  In particular, this analysis was conducted with reference to Ex. 4 [ECF 54-11] thereto, showing an overall side-by-side comparison of each item of prior art to the '941 Patent design and each principal design feature of the '941 Patent as compared to each feature of the cited prior art. The same analysis and demonstrative exhibit (Ex. 4) was also contained in Mr. Holden's initial expert report disclosed to Plaintiff on February 11, 2022 when initial expert reports were exchanged.  *See*, ¶¶ 2-6 of the Second Holden Declaration [ECF No. 65-3].  However, Plaintiff unfairly ignores these analyses completely.

Further and to more specifically elaborate upon Mr. Holden's analysis, with regard to the applicable legal standards, the Second Holden Declaration, also completely fleshes out Mr. Holden's analysis of the prior art and his conclusions. *See*, Second Holden Declaration at ¶¶ 7-22 [ECF No. 65-3].  In his Second Declaration Mr. Holden goes through each prior art reference point-by-point in relation to the legal standards for evaluating the principles of novelty and

obviousness, relevant to the validity of design patents, pursuant to established Supreme Court and Federal Circuit authority. *See eg. KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 406, 127 S.Ct. 1727, 167 L.Ed.2d 705 (2007) (quoting *Graham v. John Deere Co. of Kan. City*, 383 U.S. 1, 17-18, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966)) and *High Point Design LLC v. Buyers Direct, Inc.*, 730 F.3d 1301, 1311-12 (Fed. Cir. 2013).

Further, the Second Holden Declaration, in reevaluating the Rasolli-Jhatnna prior art reference specifically (*See*, Second Holden Decl. ¶¶ 12-13) [ECF No. 65-3], shows that this prior art product should be considered a "knock-out" reference, and thus render the '941 Patent completely lacking in novelty. *See Grand Gen. Accessories Mfg. v. United Pac. Indus. Inc.*, 732 F.Supp.2d 1014, 1021-23 (C.D.Cal. 2010); *See also, Medcursor Inc. v. Shenzen KLM Internet Trading Co., Ltd.*, 543 F.Supp.3d 866, 871 (C.D.Cal. 2021).

Mr. Holden's analysis demonstrates the extremely devastating substance of the extensive prior art raised against the '941 Design Patent, that Plaintiff has gone to great lengths in trying to avoid, through the present Motion which should be denied.

## IV. <u>CONCLUSION</u>

In view of the foregoing, Plaintiff's Motion in *Limine* No. 1. should be denied.

| | |
|---|---|
| Dated: April 29, 2022 | Respectfully submitted, |

                                              **GS2 LAW PLLC**

                                              By: /s/ John R. Lane
Robert D. Garson (Pro Hac Vice)
John R. Lane (Pro Hac Vice)
20803 Biscayne Blvd., 4th Floor
Aventura, FL 33180
Tel: (305) 780-5212
Fax: (347) 537-4540

**THE LAW OFFICES OF BENJAMIN TAYLOR**

Benjamin Taylor (SBN 240636)
1990 Century Park East, Suite 714
Los Angeles, CA 90067
Tel: (310) 201-7600
Fax: (310) 201-7601*Attorneys for*

*Attorneys for Defendant, Walmart, Inc.*

11
DEFENDANT WALMART, INC.'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE/TESTIMONY OF: AFFIRMATIVE DEFENSE OF OBVIOUSNESS, AND PRIOR ART .

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Defendant's Opposition to Plaintiff's Motion In *Limine* No. 1. [ECF No. 80] To Exclude Evidence/Testimony of: Affirmative Defense of Obviousness and Prior Art, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the Electronic Service List for this Case.

DATED: April 29, 2022

        **GS2 LAW PLLC**

        By: /s/ John R. Lane
        Robert D. Garson (Pro Hac Vice)
        John R. Lane (Pro Hac Vice)
        20803 Biscayne Blvd., 4th Floor
        Aventura, FL 33180
        Tel: (305) 780-5212
        Fax: (347) 537-4540

        **THE LAW OFFICES OF BENJAMIN TAYLOR**

        Benjamin Taylor (SBN 240636)
        1990 Century Park East, Suite 714
        Los Angeles, CA 90067
        Tel: (310) 201-7600
        Fax: (310) 201-7601*Attorneys for*

        *Attorneys for Defendant, Walmart, Inc.*