Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Jamie Fountain (SBN 316567)
jfountain@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

*Attorneys for Plaintiff*
*Deckers Outdoor Corporation*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br>v.<br>WALMART INC., and DOES 1-10, inclusive,<br>Defendants. | CASE NO. 2:20-cv-09521-FLA (Ex)<br><br>**COMPETING VERDICT FORMS** |

　　Pursuant to this Court's Scheduling Order (ECF No. 29, Sect. IIA5), Plaintiff Deckers Outdoor Corporation ("Deckers") and Defendant Walmart Inc. hereby submit their Competing Verdict Forms.

# PLAINTIFF'S PROPOSED VERDICT FORM

We, the jury impaneled in this case, answer the questions submitted to us as follows:

1) As described in your instructions, did Defendant Walmart engage in trade-dress infringement and unfair competition?

    YES_____ NO_____

2) If you answered "NO" to question 1, proceed to question No. 4. If you answered "YES" to any or all of questions 1, 2 and 3, then answer the following:

   a. What is the total amount of Defendant Walmart's profits, if any, resulting from Defendant Walmart's trade-dress infringement and unfair competition?

      $_____

   b. What is the total amount of Plaintiff Decker's actual damages, if any, resulting from Defendant Walmart's trade-dress infringement and unfair competition?

      $_____

   c. Do you find that Defendant Walmart's trade-dress infringement and unfair competition was willful?

      YES_____ NO_____

   d. Did Defendant Walmart act with malice, oppression, fraud, or reckless disregard of Plaintiff's rights?

      YES_____ NO_____

   If you answered "YES" to Question 2d, go on to question 3; otherwise, skip ahead to question 4.

3) What amount of punitive damages, if any, do you award Plaintiff Deckers?

   $_____

4) As described in the instructions, did Defendant Walmart infringe Plaintiff Deckers' D866,941 design patent?

YES_____ NO_____

If "YES", answer the following questions. If "NO," sign and date the verdict. [If you already awarded profits in connection with question 2a, skip Question 4a and answer Question 4b.]

a) What amount, if any, of Defendant Walmart's profits are attributable to its sales of footwear that infringed Plaintiff Deckers' D866,941 design patent.

$_____

b) Do you find that Defendant Walmart's infringement of the D866,941 design patent willful?

YES_____ NO_____

Please date, sign and return this form.

Dated: _____, 2022

_____
Foreperson

# **DEFENDANT'S PROPOSED VERDICT FORM**

We, the jury impaneled in this case, answer the questions submitted to us as follows:

1) As described in your instructions, did Plaintiff Decker's prove the existence of enforceable "trade dress" rights by a showing of "secondary meaning" with respect to the sandal configuration asserted against Defendant Walmart in this action?

   YES_____ NO_____

2) If you answered "NO" to question 1, then skip ahead to question No. 4. If you answered "YES" to question 1, then answer the following:

   a. As described in your instructions, did Plaintiff Decker's prove the existence of enforceable "trade dress" rights by a showing with respect to the sandal configuration asserted against Defendant Walmart, that the Plaintiff's sandal configuration asserted in this case is nonfunctional?

   YES_____ NO_____

   If you answered "NO" to question No. 2a, then skip ahead to question No. 4. If you answered "YES" to question 2a, then answer the following:

   b. As described in your instructions, did Plaintiff Deckers prove that Defendant Walmart's sale and use of its accused Kendall & Kylie sandal would likely cause confusion with Plaintiff Decker's trade dress ?

   YES_____ NO_____

**If you answered "NO" to question No. 2b, then skip ahead to question No. 4. If you answered "YES" to question No. 2b, then proceed to answer the questions in No. 3 below.**

3) Profit and Damage:

   a.  What is the total amount of Defendant Walmart's net profits, if any, resulting from Defendant Walmart's sales of its Kendall & Kylie sandals after deduction of all cost of goods and other deductible costs and expenses?

        $_____

   b.  What are the total amount of Plaintiff Decker's actual damages, if any, caused by the sale of Defendant Walmart's Kendall & Kylie sandals ?

        $_____

   c.  Do you find that Defendant Walmart willfully infringed Plaintiff Deckers' trade dress?

        YES_____ NO_____

   d.  Do you find that Defendant Walmart's sales of its Kendall & Kylie sandals were conducted with malice, oppression, or fraud?

        YES_____ NO_____

**If you answered "YES" to Question 2d, then also answer question 2e; otherwise, skip ahead to question 4.**

   e.  What amount of punitive damages, if any, do you award Plaintiff Deckers?

        $_____

4) As described in the instructions, and based on the construction of Plaintiff's U.S. Patent No. D866,941 (the "941 Patent) that the Court has provided, do you find that the '941 Patent is invalid as anticipated, and therefore lacks novelty, based on any one of the following items of prior art admitted into evidence:

- Deckers' prior sold *Koolaburra* brand product style, the Koolaburra-Fuzzin Faux II?; YES_____ NO_____
- The Rasolli-Jahtnna Sandal?; YES_____ NO_____
- The Signlinmoo Sandal?; YES_____ NO_____
- The Sonoma Sandal? YES_____ NO_____
- Any other prior art item(s) admitted into evidence? YES____ NO_____
  [if "YES", please specify which other item(s) of prior art here:_____]

**[Proceed to question No. 5.]**

5) As described in the instructions, and based on the construction of Plaintiff's U.S. Patent No. D866,941 (the "941 Patent) that the Court has provided, do you find that the '941 Patent is obvious based on one or more of the following items of prior art admitted into evidence:

- Deckers' prior sold *Koolaburra* brand product style, the Koolaburra-Fuzzin Faux II?; YES_____ NO_____
- The Rasolli-Jahtnna Sandal?; YES_____ NO_____
- The Signlinmoo Sandal?; YES_____ NO_____
- The Sonoma Sandal? YES_____ NO_____
- The She Values Slipper? YES_____ NO_____
- Any other prior art item(s) admitted into evidence? YES_____ NO___
  [if "YES", please specify which other item(s) of prior art here:      ____]
- 

**If you answered "YES " to any part of either question Nos. 4 and 5, then skip to the end and sign and date the verdict form. If, and only if, you answered**

**"NO" to all parts of both question Nos. 4 and 5, then proceed to question No. 6:**

6) As described in the instructions, and based on the construction of Plaintiff's U.S. Patent No. D866,941 (the "941 Patent) that the Court has provided, does the design of the Kendall & Kylie sandal sold by Defendant Walmart infringe the '941 Patent?

    YES_____ NO_____

If "YES", answer the following questions. If "NO," then skip to the end and sign and date the verdict form.

 c) What amount, if any, of Defendant Walmart's net profits are attributable to its sales of footwear that infringed Plaintiff Deckers' D866,941 design patent? **[If any amount of Defendant Walmart's profits were included in your answer to question No. 3a above, then leave the below space blank and proceed to question No. 6b]**

    $_____

 d) Do you find that Defendant Walmart's infringement of the D866,941 design patent was willful?

    YES_____ NO_____

Please date, sign and return this form.

Dated: _____, 2022

               _____
                   Foreperson

**PLAINTIFF'S REDLINE OF DISPUTED LANGUAGE AND POSITION**

We, the jury impaneled in this case, answer the questions submitted to us as follows:

<span style="color:red">1) As described in your instructions, did Plaintiff Decker's prove the existence of enforceable "trade dress" rights by a showing of "secondary meaning" with respect to the sandal configuration asserted against Defendant Walmart in this action?</span>

        YES_____  NO_____

2) If you answered "NO" to question 1, then skip ahead to question No. 4. If you answered "YES" to question 1, then answer the following:

   <span style="color:red">a. As described in your instructions, did Plaintiff Decker's prove the existence of enforceable "trade dress" rights by a showing with respect to the sandal configuration asserted against Defendant Walmart, that the Plaintiff's sandal configuration asserted in this case is nonfunctional?</span>

        YES_____  NO_____

   If you answered "NO" to question No. 2a, then skip ahead to question No. 4. If you answered "YES" to question 2a, then answer the following:

   b. As described in your instructions, did Plaintiff Deckers prove that Defendant Walmart's sale and use of its accused Kendall & Kylie sandal would likely cause confusion with Plaintiff Decker's trade dress ?

        YES_____  NO_____

**If you answered "NO" to question No. 2b, then skip ahead to question No. 4. If you answered "YES" to question No. 2b, then proceed to answer the questions in No. 3 below.**

3) Profit and Damage:

    a.    What is the total amount of Defendant Walmart's net profits, if any, resulting from Defendant Walmart's sales of its Kendall & Kylie sandals after deduction of all cost of goods and other deductible costs and expenses?

          $_____

    b.    What are the total amount of Plaintiff Decker's actual damages, if any, caused by the sale of Defendant Walmart's Kendall & Kylie sandals ?

          $_____

    c.    Do you find that Defendant Walmart willfully infringed Plaintiff Deckers' trade dress?

          YES_____ NO_____

    d.    Do you find that Defendant Walmart's sales of its Kendall & Kylie sandals were conducted with malice, oppression, or fraud?

          YES_____ NO_____

**If you answered "YES" to Question 2d, then also answer question 2e; otherwise, skip ahead to question 4.**

    e.    What amount of punitive damages, if any, do you award Plaintiff Deckers?

          $_____

4)    As described in the instructions, and based on the construction of Plaintiff's U.S. Patent No. D866,941 (the "941 Patent) that the Court has provided, do you find that the '941 Patent is invalid as anticipated, and therefore lacks novelty, based on any one of the following items of prior art admitted into evidence:

- Deckers' prior sold *Koolaburra* brand product style, the Koolaburra-Fuzzin Faux II?; YES_____ NO_____

- The Rasolli-Jahtnna Sandal?;  YES_____     NO_____
- The Signlinmoo Sandal?;  YES_____     NO_____
- The Sonoma Sandal?  YES_____ NO_____
- Any other prior art item(s) admitted into evidence? YES____     NO_____
  [if "YES", please specify which other item(s) of prior art here:_____]

**[Proceed to question No. 5.]**

5)  As described in the instructions, and based on the construction of Plaintiff's U.S. Patent No. D866,941 (the "941 Patent) that the Court has provided,  do you find that the '941 Patent is obvious based on one or more of the following items of prior art admitted into evidence:

- Deckers' prior sold *Koolaburra* brand product style, the Koolaburra-Fuzzin Faux II?;  YES_____ NO_____
- The Rasolli-Jahtnna Sandal?;  YES_____     NO_____
- The Signlinmoo Sandal?;  YES_____     NO_____
- The Sonoma Sandal?  YES_____ NO_____
- The She Values Slipper?  YES_____     NO_____
- Any other prior art item(s) admitted into evidence? YES_____     NO___
  [if "YES", please specify which other item(s) of prior art here:        ____]

**If you answered "YES " to any part of either question Nos. 4 and 5, then skip to the end and sign and date the verdict form.  If, and only if, you answered "NO" to all parts of both question Nos. 4 and 5, then proceed to question No. 6:**

6) As described in the instructions, and based on the construction of Plaintiff's U.S. Patent No. D866,941 (the "941 Patent) that the Court has provided,  does the

<span style="color:red">design of the Kendall & Kylie sandal sold by Defendant Walmart infringe the '941 Patent?</span>

    YES_____ NO_____

If "YES", answer the following questions. If "NO," then skip to the end and sign and date the verdict form.

 e) What amount, if any, of Defendant Walmart's net profits are attributable to its sales of footwear that infringed Plaintiff Deckers' D866,941 design patent? **[If any amount of Defendant Walmart's profits were included in your answer to question No. 3a above, then leave the below space blank and proceed to question No. 6b]**

    $_____

 f) Do you find that Defendant Walmart's infringement of the D866,941 design patent was willful?

    YES_____ NO_____

Please date, sign and return this form.

Dated: _____, 2022

               _____
                   Foreperson

Plaintiff Deckers Outdoor Corporation ("Deckers") hereby submits the following objections to the Proposed Verdict Form submitted by Defendant.

***Deckers objects to Questions 1 and 2 Regarding Plaintiff's Trade Dress Claim***. The language Defendant uses is unnecessary, argumentative, biased, and improperly suggestive. Jury Instructions No. 15.7 sets forth the required elements for a trade dress claim. Instruction 15.11 discusses secondary meaning, 15.12 discussed functionality, and 15.18 discusses likelihood of confusion. It is unnecessary for a verdict form to contain questions regarding the underlying elements of each claim when those elements are covered in the instructions. Rather, the jury should simply be asked whether Defendant is liable for infringement.

***Deckers objects to Question 3a regarding profits***. As discussed in Plaintiff's Motion in Limine to exclude cost deductions (ECF No. 81), Defendant should not be allowed to deduct any costs in a profits calculation.

***Deckers objects to Question 3d regarding punitive damages***. Defendant's instruction is incomplete. In the Ninth Circuit reckless disregard of another's intellectual property can lead to punitive damages. *The Chronicle Publishing Co. v. Legrand*, (N.D. Cal. 1992); see also *Transgo Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1024-25 (9th Cir. 1985).

***Deckers objects to Questions 4&5 Regarding an Invalidity Affirmative Defense***. As discussed in Plaintiff's Motion in Limine to exclude an obviousness affirmative defense to validity (ECF No. 80), Plaintiff should not be allowed to assert invalidity affirmative defenses in this case. Indeed, request Question number 4 raises for the first time in this case an affirmative defense of anticipation. Even if Defendant were allowed to make these defenses, Defendant's questions are not only incredibly argumentative, but inaccurate and misleading statements of the law.

***Deckers objects to Question number 6 regarding patent infringement.*** Defendants have never raised an indefiniteness contention in this case. The Court never ordered a *Markman* hearing in this case, nor did Defendant ever request one.

1 | Consequently, any alternative claim construction has been waived the depictions in the
2 | patent drawings speak for themselves.

# DEFENDANT'S REDLINE OF DISPUTED LANGUAGE AND POSITION

1) ~~As described in your instructions, did Defendant Walmart engage in trade-dress infringement and unfair competition?~~

   ~~YES_____ NO_____~~

2) ~~If you answered "NO" to question 1, proceed to question No. 4. If you answered "YES" to any or all of questions 1, 2 and 3, then answer the following:~~

   a. ~~What is the total amount of Defendant Walmart's profits, if any, resulting from Defendant Walmart's trade-dress infringement and unfair competition?~~

   ~~$_____~~

   b. ~~What is the total amount of Plaintiff Decker's actual damages, if any, resulting from Defendant Walmart's trade-dress infringement and unfair competition?~~

   ~~$_____~~

   c. ~~Do you find that Defendant Walmart's trade-dress infringement and unfair competition was willful?~~

   ~~YES_____ NO_____~~

   d. ~~Did Defendant Walmart act with malice, oppression, fraud, or reckless disregard of Plaintiff's rights?~~

   ~~YES_____ NO_____~~

   ~~If you answered "YES" to Question 2d, go on to question 3; otherwise, skip ahead to question 4.~~

3) ~~What amount of punitive damages, if any, do you award Plaintiff Deckers?~~

   ~~$_____~~

4) ~~As described in the instructions, did Defendant Walmart infringe Plaintiff Deckers' D866,941 design patent?~~

   ~~YES_____ NO_____~~

~~If "YES", answer the following questions. If "NO," sign and date the verdict.~~

~~[If you already awarded profits in connection with question 2a, skip Question 4a and answer Question 4b.]~~

~~g) What amount, if any, of Defendant Walmart's profits are attributable to its sales of footwear that infringed Plaintiff Deckers' D866,941 design patent.~~

~~$_____~~

~~h) Do you find that Defendant Walmart's infringement of the D866,941 design patent willful?~~

~~_____YES_____NO_____~~

Defendant Walmart, Inc. ("Walmart") hereby submits the following objections to the Proposed Verdict Form submitted by Plaintiff.

***Walmart objects to the Entirety of Plaintiff's Proposed Verdict Form as Incomplete, Prejudicial and Completely Lacking in Merit***.

The entire form prepared and proposed by Plaintiff should be rejected because it improperly and unfairly omits any and all of Walmart's defenses raised in this action. Plaintiff speciously justifies these gross omissions based on its filing of several overreaching and meritless motions *in limine* currently pending [ECF Nos. 80-84], each of which Defendant has opposed [ECF Nos. 88-90, 95-96], that would eliminate practically the entirety of Walmart's ability to defend itself at trial.

In view of this apparent disconnect, Plaintiff should be required to confer with Defendant following the Final Pretrial Conference on May 13, 2022, when the pending motions *in limine* will be heard and decided and after the Court rules on Defendant's pending Motion for Summary Judgment, [ECF No. 54 & 65], should any of Plaintiff's claims remain.

<u>In view of the significant omissions in Plaintiff's proposed verdict form, the entire substance of its proposed form should be stricken, as reflected in the above redline.</u>