Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Jamie Fountain (SBN 316567)
jfountain@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

*Attorneys for Plaintiff*
*Deckers Outdoor Corporation*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., and DOES 1-10, inclusive,<br>Defendants,<br><br>Defendants. | ) CASE NO. 2:20-cv-09521-FLA (Ex)<br>)<br>) **JOINT PROPOSED UNDISPUTED**<br>) **JURY INSTRUCTIONS**<br>)<br>)<br>)<br>)<br>)<br>)<br>) **Hon. Fernando L. Aenlle-Rocha**<br>)<br>) Trial Date:    May 24, 2022<br>)<br>) |

Pursuant to Local Rules 51-1 through 51-4 and the Court's Order re Jury Instructions (ECF No. 29), Plaintiff Deckers Outdoor Corporation and Defendant Walmart, Inc. hereby jointly submit the attached set of *Undisputed* Proposed Jury Instructions.

DATED: ___April 29___, 2022     BLAKELY LAW GROUP

By:  /s/ Jamie Fountain _____
Brent H. Blakely
Jamie Fountain
*Attorneys for Plaintiff*
*Deckers Outdoor Corporation*

1   DATED:  _April 29_____, 2022     GS2Law

2                                    By:   _/s/ John Lane_____

3                                          Robert Garson
                                           John Lane
4                                          **_Attorneys for Defendant_**
                                           **_Walmart, Inc._**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**L.R. 5-4.3.4 ATTESTATION**

  All signatories set forth above and on whose behalf the filing is submitted concur in the filing's content and have authorized the filing.

DATED:    April 29   , 2022    BLAKELY LAW GROUP

            By:   /s/ Jamie Fountain

               Brent H. Blakely
               Jamie Fountain
               ***Attorneys for Plaintiff***
               ***Deckers Outdoor Corporation***

# INDEX

| No. | Description | Title | Source | Page No. |
|-----|-------------|-------|--------|----------|
| | | **Initial Instructions** | | |
| 1 | 1.2 | Duty of Jury | 9th Cir. 1.2 | 2 |
| 2 | 1.3 | Duty of Jury (Court Read Instructions Only) | 9th Cir. 1.3 | 3 |
| 3 | 1.4 | Duty of Jury (Court Reads and Provides Written Instructions at End of Case) | 9th Cir. 1.4 | 4 |
| 5 | 1.6 | Burden of Proof – Preponderance of the Evidence | 9th Cir. 1.6 | 5 |
| 6 | 1.7 | Burden of Proof – Clear and Convincing Evidence | 9th Cir. 1.7 | 6 |
| 7 | 1.8 | Two or More Parties – Different Legal Rights | 9th Cir. 1.8 | 7 |
| 8 | 1.9 | What is Evidence | 9th Cir. 1.9 | 8 |
| 9 | 1.10 | What is Not Evidence | 9th Cir. 1.10 | 9 |
| 10 | 1.11 | Evidence for Limited Purpose | 9th Cir. 1.11 | 10 |

**JOINT PROPOSED UNDISPUTED JURY INSTRUCTIONS**

| No. | Description | Title | Source | Page No. |
|-----|-------------|-------|--------|----------|
| 11 | 1.12 | Direct and Circumstantial Evidence | 9th Cir. 1.12 | 11 |
| 12 | 1.13 | Ruling on Objections | 9th Cir. 1.13 | 12 |
| 13 | 1.14 | Credibility of Witnesses | 9th Cir. 1.14 | 13 |
| 14 | 1.15 | Conduct of the Jury | 9th Cir. 1.15 | 15 |
| 15 | 1.16 | Publicity During Trial | 9th Cir. 1.16 | 18 |
| 16 | 1.17 | No Transcript Available to Jury | 9th Cir. 1.17 | 19 |
| 17 | 1.18 | Taking Notes | 9th Cir. 1.18 | 20 |
| 18 | 1.19 | Questions to Witnesses by Jurors During Trial | 9th Cir. 1.19 | 21 |
| 19 | 1.20 | Bench Conferences and Recesses | 9th Cir. 1.20 | 22 |
| 20 | 1.21 | Outline of Trial | 9th Cir. 1.21 | 23 |
| 21 | 2.0 | Cautionary Instructions | 9th Cir. 2.0 | 24 |
| 22 | 2.2 | Stipulation of Fact | 9th Cir. 2.2 | 25 |
| 23 | 2.3 | Judicial Notice | 9th Cir. 2.3. | 26 |
| 24 | 2.4 | Deposition in Lieu of Live | 9th Cir. 2.4 | 27 |

**JOINT PROPOSED UNDISPUTED JURY INSTRUCTIONS**

| No. | Description | Title | Source | Page No. |
|-----|-------------|-------|--------|----------|
| | | Testimony | | |
| 25 | 2.9 | Impeachment Evidence - Witness | 9th Cir. 2.9 | 28 |
| 26 | 2.10 | Tests and Experiments | 9th Cir. 2.10 | 29 |
| 27 | 2.11 | Use of Interrogatories | 9th Cir. 2.11 | 30 |
| 28 | 2.12 | Use of requests for Admission | 9th Cir. 2.12 | 31 |
| 29 | 2.13 | Expert Opinion | 9th Cir. 2.13 | 32 |
| 30 | 2.14 | Charts and Summaries Not Received in Evidence | 9th Cir. 2.14 | 33 |
| 31 | 2.15 | Charts and Summaries Received in Evidence | 9th Cir. 2.15 | 34 |
| 32 | 2.16 | Evidence in Electronic Format | 9th Cir. 2.16 | 35 |
| 33 | 3.1 | Duty to Deliberate | 9th Cir. 3.1 | 37 |
| 34 | 3.2 | Consideration of Evidence – Conduct of the Jury | 9th Cir. 3.2 | 38 |
| 35 | 3.3 | Communication with Court | 9th Cir. 3.3 | 40 |

**JOINT PROPOSED UNDISPUTED JURY INSTRUCTIONS**

| No. | Description | Title | Source | Page No. |
|-----|-------------|-------|--------|----------|
| 36 | 3.4 | Readback or Playback | 9th Cir. 3.4 | 41 |
| 37 | 3.5 | Return of Verdict | 9th Cir. 3.5 | 42 |
| 38 | 3.6 | Additional Instructions of Law | 9th Cir. 3.6 | 43 |
| 39 | 3.7 | Deadlocked Jury | 9th Cir. 3.7 | 44 |
| 40 | 3.8 | Continue Deliberations After Juror is Discharged | 9th Cir. 3.8 | 45 |
| 41 | 3.9 | Post-Discharge Instruction | 9th Cir. 3.9 | 46 |
| 42 | 5.1 | Damages – Proof | 9th Cir. 5.1; 15 U.S.C § 1117 | 47 |
| 44 | 15.3 | Definition – Trade Dress | 9th Cir. 15.3 | 48 |
| 45 | 15.5 | Theories and Policies | 9th Cir. 15.5. | 49 |
| 48 | 15.12 | Infringement – Elements – Validity – Trade Dress – Non-Functionality Requirement | 9th Cir. 15.12 | 50 |
| 53 | 15.27 | Trade-Dress Infringement Damages-Plaintiff's Actual Damages | 9th Cir., 15.27 | 51 |

**JOINT PROPOSED UNDISPUTED JURY INSTRUCTIONS**

| No. | Description | Title | Source | Page No. |
|-----|-------------|-------|--------|----------|
| 54 | 15.29 | Trademark Infringement Damages-Defendant's Profits | 9th Cir. 15.29; 15 U.S.C. § 1117(A) | 52 |
| 55 |  | Damages – Punitive Damages | *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1024 (9th Cir. 1985); *Chron. Pub. Co. v. Legrand*, 1992 WL 420808, at *4 (N.D. Cal. Sept. 3, 1992) ("Under the cases addressing California common law unfair competition and trademark infringement, punitive damages are justified if the defendant acted in reckless disregard of the plaintiff's rights."); *Duncan v. Stuetzle*, 76 F.3d 1480, 1490 (9th Cir. 1996). | 53 |
| 59 |  | Damages for Patent Infringement | N.D.CAL §5.1 & 5.2. | 54 |

**JOINT PROPOSED UNDISPUTED JURY INSTRUCTIONS**

# **JOINT AGREED INSTRUCTIONS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# INSTRUCTION NO. 1
## DUTY OF JURY

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected, and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be

Authorities: 9th Cir. 1.2

**JOINT PROPOSED JURY INSTRUCTIONS**

## <u>INSTRUCTION NO. 2</u>

## **DUTY OF JURY (COURT READS INSTRUCTIONS ONLY)**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

At the end of the trial, I will give you final instructions.  It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

<u>Authorities:</u> 9th Cir. 1.3

## <u>INSTRUCTION NO. 3</u>

## **DUTY OF JURY (COURT READS AND PROVIDES**

## **WRITTEN INSTRUCTIONS AT END OF CASE)**

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you on the law that applies to this case.

[Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.]

or

[A copy of these instructions will be sent to the jury room for you to consult during your deliberations.]

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

<u>Authorities:</u> 9th Cir. 1.4

## **INSTRUCTION NO. 5**

## **BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Authorities: 9th Cir. 1.6

**JOINT PROPOSED JURY INSTRUCTIONS**

## <u>INSTRUCTION NO. 6</u>

### BURDEN OF PROOF – CLEAR AND CONVINCING EVIDENCE

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true.  This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

<u>Authorities</u>:  9th Cir. 1.7

# INSTRUCTION NO. 7

## TWO OR MORE PARTIES – DIFFERENT LEGAL RIGHTS

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

Authorities:  9th Cir. 1.8

**JOINT PROPOSED JURY INSTRUCTIONS**

## **INSTRUCTION NO. 8**

### **WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I may instruct you to accept as proved.

<u>Authorities</u>:  9th Cir. 1.9

## INSTRUCTION NO. 9

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some evidence was received only for a limited purpose; when I [instruct] [have instructed] you to consider evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Authorities:  9th Cir. 1.10

**JOINT PROPOSED JURY INSTRUCTIONS**

# INSTRUCTION NO. 10

## EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

Authorities: 9th Cir. 1.11

# INSTRUCTION NO. 11

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

Authorities: 9th Cir. 1.12

# INSTRUCTION NO. 12

## RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered, or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

<u>Authorities:</u>  9th Cir. 1.13

**JOINT PROPOSED JURY INSTRUCTIONS**

# INSTRUCTION NO. 13

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)   the opportunity and ability of the witness to see or hear or know the things testified to;

(2)   the witness's memory;

(3)   the witness's manner while testifying;

(4)   the witness's interest in the outcome of the case, if any;

(5)   the witness's bias or prejudice, if any;

(6)   whether other evidence contradicted the witness's testimony;

(7)   the reasonableness of the witness's testimony in light of all the evidence; and;

(8)   any other factors that bear on believability.

(9)

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On

the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves

<u>Authorities:</u>  9th Cir. 1.14

**JOINT PROPOSED JURY INSTRUCTIONS**

# INSTRUCTION NO. 14

## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

**JOINT PROPOSED JURY INSTRUCTIONS**

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it[,although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

    A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to

**JOINT PROPOSED JURY INSTRUCTIONS**

start over. If any juror is exposed to any outside information, please notify the court immediately.

Authorities:  9th Cir. 1.15

# INSTRUCTION NO. 15

## PUBLICITY DURING TRIAL

If there is any news media account or commentary about the case or anything to do with it, you must ignore it.  You must not read, watch, or listen to any news media account or commentary about the case or anything to do with it.  The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies.  If any juror is exposed to any outside information, please notify me immediately.

Authorities:  9th Cir. 1.16

## **INSTRUCTION NO. 16**

### **NO TRANSCRIPT AVAILABLE TO JURY**

I urge you to pay close attention to the trial testimony as it is given.  During deliberations you will not have a transcript of the trial testimony.

<u>Authorities:</u>  9th Cir. 1.17

# INSTRUCTION NO. 17

## TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the jury room. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

Authorities:  9th Cir. 1.18

**JOINT PROPOSED JURY INSTRUCTIONS**

# INSTRUCTION NO. 18

## QUESTIONS TO WITNESSES BY JURORS DURING TRIAL

Option 1

Only the lawyers and I are allowed to ask questions of witnesses.  A juror is not permitted to ask questions of witnesses.  [Specific reasons for not allowing jurors to ask questions may be explained.]  If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

Option 2

When attorneys have finished their examination of a witness, you may ask questions of the witness.  [Describe procedure to be used.]  If the rules of evidence do not permit a particular question, I will advise you.  After your questions, if any, the attorneys may ask additional questions.

Authorities:  9th Cir. 1.19

**JOINT PROPOSED JURY INSTRUCTIONS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## INSTRUCTION NO. 19

## BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Authorities:  9th Cir. 1.20

**JOINT PROPOSED JURY INSTRUCTIONS**

# INSTRUCTION NO. 20

## OUTLINE OF TRIAL

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Authorities:  9th Cir. 1.21

**JOINT PROPOSED JURY INSTRUCTIONS**

## INSTRUCTION NO. 21

## CAUTIONARY INSTRUCTIONS

At the End of Each Day of the Case:

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

At the Beginning of Each Day of the Case:

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

Authorities:  9th Cir. 2.0

**JOINT PROPOSED JURY INSTRUCTIONS**

# INSTRUCTION NO. 22

## STIPULATIONS OF FACT

The parties have agreed to certain facts to be placed in evidence as Exhibit ___]. You must therefore treat these facts as having been proved.

Authorities:  9th Cir. 2.2

# **INSTRUCTION NO. 23**

## **JUDICIAL NOTICE**

The court has decided to accept as proved the fact that [state fact].  You must accept this fact as true.

Authorities:  9th Cir. 2.3.

## INSTRUCTION NO. 24

## DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  [When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.]

The deposition of [name of witness] was taken on [date].  Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Authorities: 9th Cir. 2.4

**JOINT PROPOSED JURY INSTRUCTIONS**

# INSTRUCTION NO. 25

## IMPEACHMENT EVIDENCE - WITNESS

The evidence that a witness [e.g., has been convicted of a crime, lied under oath on a prior occasion, etc.] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

Authorities: 9th Cir. 2.9

## <u>INSTRUCTION NO. 26</u>

## **TESTS AND EXPERIMENTS**

[Arrangements have been made to conduct a test or experiment.]  [A test or experiment was conducted.]

[Observe] [You observed] the conditions under which that test or experiment [is] [was] made.  These conditions may or may not duplicate the conditions and other circumstances that existed at the time and place of the incident involved in this case.

It is for you to decide what weight, if any, you give to the test or experiment.

<u>Authorities</u>: 9th Cir. 2.10

## INSTRUCTION NO. 27

## USE OF INTERROGATORIES

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.


<u>Authorities</u>: 9th Cir. 2.11

1

2
## **INSTRUCTION NO. 28**

3
## **USE OF REQUESTS FOR ADMISSION**

4

5
Evidence [will now be] [was] presented to you in the form of admissions to the truth of

6
certain facts.  These admissions were given in writing before the trial, in response to

7
requests that were submitted under established court procedures.  You must treat these

8
facts as having been proved.

9

10

11
Authorities: 9th Cir. 2.12

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **INSTRUCTION NO. 29**

## **EXPERT OPINION**

You [have heard] [are about to hear] testimony from [name] who [testified] [will testify] to opinions and the reasons for [their] opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Authorities: 9th Cir. 2.13

1

2

**<u>INSTRUCTION NO. 30</u>**

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

3

4    Certain charts and summaries not admitted into evidence [may be] [have been] shown

5    to you in order to help explain the contents of books, records, documents, or other

6    evidence in the case.  Charts and summaries are only as good as the underlying

7    evidence that supports them.  You should, therefore, give them only such weight as

8    you think the underlying evidence deserves.

9

10

11    <u>Authorities</u>: 9th Cir. 2.14

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

## INSTRUCTION NO. 31

## CHARTS AND SUMMARIES RECEIVED IN EVIDENCE

3

4    Certain charts and summaries [may be] [have been] admitted into evidence to illustrate

5    information brought out in the trial.  Charts and summaries are only as good as the

6    testimony or other admitted evidence that supports them.  You should, therefore, give

7    them only such weight as you think the underlying evidence deserves.

8

9

10    Authorities: 9th Cir. 2.15

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## INSTRUCTION NO. 32

## EVIDENCE IN ELECTRONIC FORMAT

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer, and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the [clerk] [bailiff].) If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with [the clerk] [the bailiff] present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the

computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material.  Do not attempt to alter the computer to obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials.  Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

Authorities: 9th Cir. 2.16

**JOINT PROPOSED JURY INSTRUCTIONS**

# INSTRUCTION NO. 33

## DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Authorities:  9th Cir. 3.1

**JOINT PROPOSED JURY INSTRUCTIONS**

## INSTRUCTION NO. 34

## CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the

witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings [, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

Authorities:  9th Cir. 3.2

**JOINT PROPOSED JURY INSTRUCTIONS**

# INSTRUCTION NO. 35

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

Authorities: 9th Cir. 3.3

**JOINT PROPOSED JURY INSTRUCTIONS**

# INSTRUCTION NO. 36

## READBACK OR PLAYBACK

Because a request has been made for a [readback] [playback] of the testimony of [witness's name] it is being provided to you, but you are cautioned that all [readbacks] [playbacks] run the risk of distorting the trial because of overemphasis of one portion of the testimony. [Therefore, you will be required to hear all the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible.] [Because of the length of the testimony of this witness, excerpts will be [read] [played].] The [readback] [playback] could contain errors.  The [readback] [playback] cannot reflect matters of demeanor [, tone of voice,] and other aspects of the live testimony.  Your recollection and understanding of the testimony controls.  Finally, in your exercise of judgment, the testimony [read] [played] cannot be considered in isolation but must be considered in the context of all the evidence presented.

Authorities:  9th Cir. 3.4

# INSTRUCTION NO. 37

## RETURN OF VERDICT

A verdict form has been prepared for you.  [Explain verdict form as needed.]  After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

<u>Authority:</u> 9th Cir. 3.5

# <u>INSTRUCTION NO. 38</u>

## ADDITIONAL INSTRUCTIONS OF LAW

At this point I will give you an additional instruction.  By giving an additional instruction at this time, I do not mean to emphasize this instruction over any other instruction.

You are not to attach undue importance to the fact that this instruction was read separately to you.  You must consider this instruction together with all of the other instructions that were given to you.

[Insert text of new instruction.]

You will now retire to the jury room and continue your deliberations.

<u>Authority:</u>  9th Cir. 3.6

**JOINT PROPOSED JURY INSTRUCTIONS**

# INSTRUCTION NO. 39

## DEADLOCKED JURY

Members of the jury, you have advised that you have been unable to agree upon a verdict in this case. I have decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience. Each of you must decide the case for yourself, but only after you consider the evidence impartially with the other jurors. During your deliberations, you should not be unwilling to reexamine your own views and change your opinion if you become persuaded that it is wrong. However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of the other jurors or for the mere purpose of returning a verdict.

All of you are equally honest and conscientious jurors who have heard the same evidence. All of you share an equal desire to arrive at a verdict. Each of you should ask yourself whether you should question the correctness of your present position.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole. You should not single out any part of any instruction, including this one, and ignore others. They are all equally important.

You may now return to the jury room and continue your deliberations.

Authority: 9th Cir. 3.7

## INSTRUCTION NO. 40

## CONTINUING DELIBERATIONS AFTER JUROR IS DISCHARGED

[One] [Some] of your fellow jurors [has] [have] been excused from service and will not participate further in your deliberations. You should not speculate about the reason the [juror is] [jurors are] no longer present.

You should continue your deliberations with the remaining jurors.  Do not consider the opinions of the excused [juror] [jurors] as you continue deliberating.  All the previous instructions given to you still apply, including the requirement that all the remaining jurors unanimously agree on a verdict.

Authority:  9th Cir. 3.8

## <u>INSTRUCTION NO. 41</u>

## POST-DISCHARGE INSTRUCTION

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings.  Now that the case is over, you are free to discuss it with any person you choose.  By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

[If you do decide to discuss the case with anyone, I would suggest you treat it with a degree of solemnity in that whatever you do decide to say, you would be willing to say in the presence of the other jurors or under oath here in open court in the presence of all the parties.]

[Finally, always bear in mind that if you do decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence.  Please respect the privacy of the views of the other jurors.]

[Finally, if you would prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me and I will assist.].

<u>Authority:</u>  9th Cir. 3.9

**JOINT PROPOSED JURY INSTRUCTIONS**

## INSTRUCTION NO. 42

## DAMAGES—PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for plaintiff, you must determine the plaintiff's damages. Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

The Lanham Act permits the award of monetary remedies in trademark infringement cases includes an award of defendant's profits, and any damages sustained by plaintiff. In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed.

Patent law also permits an award of monetary remedies, including an award of defendant's profits.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Authority:  9th Cir. 5.1; 15 U.S.C § 1117

# INSTRUCTION NO. 44

## DEFINITION-TRADE DRESS

Trade dress is the non-functional physical detail and design of a product, which indicates or identifies the product's source and distinguishes it from the products of others.

Trade dress is the product's total image and overall appearance, and may include features such as size, shape, color, color combinations, texture, or graphics. In other words, trade dress is the form in which a person presents a product or service to the market, its manner of display.

Trade dress concerns the overall visual impression created in the consumer's mind when viewing the non-functional aspects of the product and not from the utilitarian or useful aspects of the product. In considering the impact of these non-functional aspects, which are often a complex combination of many features, you must consider the appearance of features together, rather than separately.

A person who uses the trade dress of another may be liable for damages.

Authority: 9th Cir. 15.3

# INSTRUCTION NO. 45

## THEORIES AND POLICIES

The trade-dress laws balance three often-conflicting goals: 1) protecting the public from being misled about the nature and source of goods and services, so that the consumer is not confused or misled in the market; 2) protecting the rights of a business to identify itself to the public and its reputation in offering goods and services to the public; and 3) protecting the public interest in fair competition in the market.

The balance of these policy objectives vary from case to case, because they may often conflict. Accordingly, each case must be decided by examining its specific facts and circumstances, of which you are to judge.

In these instructions, I will identify types of facts you are to consider in deciding if defendant is liable to the plaintiff for violating the trade dress law. These facts are relevant to whether defendant is liable for unfairly competing, by using trade dress in a manner likely to cause confusion as to the origin or quality of plaintiff's goods.

Authorities:  9th Cir. 15.5.

## INSTRUCTION NO. 48

## INFRINGEMENT—ELEMENTS—VALIDITY—TRADE DRESS—
## NON-FUNCTIONALITY REQUIREMENT

For a product's design to be protected under trademark law, the design must be non-functional.

A claimed trade dress has functionality if it is essential to the use or purpose of a product or affects its cost or quality.  To determine whether this definition is satisfied, you should consider the following factors:

(1) whether the design yields a utilitarian advantage in how well the product works;

(2) whether alternative designs are available;

(3) whether advertising touts the utilitarian advantages of the design; and

(4) whether the particular design results from a comparatively simple or inexpensive method of manufacture.

No one factor is dispositive; all should be weighed together.

The plaintiff has the burden of proving non-functionality by a preponderance of the evidence.

Authorities: 9th Cir. Jury Inst. 15.12

**JOINT PROPOSED JURY INSTRUCTIONS**

## <u>INSTRUCTION NO. 53</u>

## TRADE-DRESS INFRINGEMENT DAMAGES – PLAINTIFF'S ACTUAL DAMAGES

If you find for the Plaintiff on Plaintiff's trade-dress infringement and unfair competition claims, you must determine the plaintiff's actual damages.

Plaintiff has the burden of proving actual damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate Plaintiff for any injury and or property damage you find was caused by Defendant's infringement of Plaintiff's trade-dress.  It is not necessary for Plaintiff to prove that Defendant acted willfully in order to recover damages

In determining Plaintiff's actual damages, you should consider the following:

1. The injury to Plaintiff's reputation;
2. The injury to Plaintiff's goodwill, including injury to Plaintiff's general business reputation;
3. The lost profits that the plaintiff would have earned but for the defendant's infringement. Profit is determined by deducting all expenses from gross revenue;
4. The expense of preventing customers from being deceived;
5. The cost of future corrective advertising reasonably required to correct any public confusion caused by the infringement;
6. Any other factors that bear on plaintiff's actual damages.

<u>Authorities</u>:  9th Cir., 15.27.

**JOINT PROPOSED JURY INSTRUCTIONS**

## INSTRUCTION NO. 54

## TRADEMARK INFRINGEMENT DAMAGES-DEFENDANT'S PROFITS
## (15 U.S.C. § 1117(A))

Plaintiff is entitled to any profits earned by Defendant that are attributable to the
infringement, which Plaintiff proves by a preponderance of the evidence. You may not,
however, include in any award of profits any amount that you took into account in
determining actual damages.

Profit is determined by deducting all expenses from gross revenue. Gross revenue is all
of Defendant's receipts from using the trademark in the sale of a product. Plaintiff has
the burden of proving Defendant's gross revenue by a preponderance of the evidence.

Expenses are all operating and production costs incurred in producing the gross
revenue. The defendant has the burden of proving the expenses and the portion of the
profit attributable to factors other than use of the infringed trademark by a
preponderance of the evidence.

Unless you find that a portion of the profit from the sale of the goods using the trade-
dress is attributable to factors other than use of the UGG Fluff Yeah trade-dress, you
shall find that the total profit is attributable to the infringement.

Authorities:  9th Cir. 15.29; 15 U.S.C. § 1117(A)

# INSTRUCTION NO. 55

## DAMAGES – PUNITIVE DAMAGES

If you award monetary recovery to Plaintiff on its trade-dress infringement, or unfair competition claims, you must also determine whether Plaintiff is entitled to punitive damages.  Plaintiff is entitled to punitive damages only if it proves that Defendant acted with malice or in willful, wanton, or reckless disregard for the rights of Plaintiff, or if deterrence is called for and Defendant's conduct is particularly aggravated.

You must find these facts by clear and convincing evidence.  Clear and convincing evidence means that the truth of the asserted evidence is highly probable.

Authorities:  *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1024 (9th Cir. 1985); *Chron. Pub. Co. v. Legrand*, 1992 WL 420808, at *4 (N.D. Cal. Sept. 3, 1992) ("Under the cases addressing California common law unfair competition and trademark infringement, punitive damages are justified if the defendant acted in reckless disregard of the plaintiff's rights."); *Duncan v. Stuetzle*, 76 F.3d 1480, 1490 (9th Cir. 1996).

**JOINT PROPOSED JURY INSTRUCTIONS**

## INSTRUCTION NO. 59

## DAMAGES FOR PATENT INFRINGEMENT

I will instruct you about the measure of damages. By instructing you on damages, I am not suggesting which party should win on any issue. If you find that defendant infringed any valid claim of the '941 Design Patent, you must then determine the amount of money damages to be awarded to plaintiff to compensate it for the infringement.

The amount of those damages must be adequate to compensate plaintiff for the infringement. A damages award should put the patent holder in approximately the financial position it would have been in had the infringement not occurred, but in no event may the damages award be less than a reasonable royalty. You should keep in mind that the damages you award are meant to compensate the patent holder and not to punish an infringer.

Plaintiff has the burden to persuade you of the amount of its damages. You should award only those damages that plaintiff more likely than not suffered. While plaintiff is not required to prove its damages with mathematical precision, it must prove them with reasonable certainty. Plaintiff is not entitled to damages that are remote or speculative.

In this case, Plaintiff seeks Defendant 's profits from sales of products that infringe Plaintiff's design patent. You may award to Plaintiff the Defendant's total profit attributable to the infringing products.

1

2    Defendant's "total profit" means the entire pre-tax profit on the sale of the article

3 to which the patented design is applied, or with which it is used and not just the portion

4 of profit attributable to the design or ornamental aspects of the patent.

5

6    Plaintiff is entitled to all profit earned before taxes by Defendant Walmart that is

7 attributable to the infringement. Profit is all of the Defendant's receipts from using the

8 design in the sale of the infringing products.

9

10    Any doubts about the actual amount of profits must be resolved against the

11 infringer.

12

13 Authorities: O'Malley, et al., Federal Jury Practice and Instructions (6th ed.) § 158:90;

14 IPO Model Design Patent Jury Instruction No. 10.1 adapted from National Jury

15 Instruction Project's Model Patent Jury Instructions, 6.1 and 7th Circuit Pattern Jury

16 Instructions, 4.1; 35 U.S.C. §§284 and 289; Catalina Lighting, Inc. v. Lamps Plus, Inc.,

17 295 F.3d 1277, 1290-92 (Fed. Cir. 2002)IPO Model Design Patent Jury Instruction No.

18 10.8 citing 35 U.S.C. § 289; Catalina Lighting, Inc. v. Lamps Plus, Inc., 295 F.3d

19 1277, 1291-1292, (Fed. Cir. 2002); Nike, Inc. v. Wal-Mart Stores, Inc., 138 F.3d 1437,

20 1447-48 (Fed. Cir. 1998); Braun, Inc. v. Dynamics Corp. of Am., 975 F.2d 815, 824

21 (Fed. Cir. 1992); Trans-World Mfg. Corp. v. A1 Nyman & Sons, Inc., 750 F.2d 1552,

22 1566-68 (Fed. Cir. 1984); Bergstrom v. Sears, Roebuck & Co., 496 F. Supp. 476, 495

23 (D. Minn. 1980); Chloe v. Queen Bee of Beverly Hills, 2009 U.S. Dist. LEXIS 84133,

24 2009 WL 2956827, at *5 (S.D.N.Y. Sept. 15, 2009) (If the actual sales of an infringer

25 "cannot be precisely determined, the court may resolve any doubts against the

26 defendant in calculating profits, particularly if the uncertainty is due to the defendant's

27 . . . failure to produce documentary evidence."); Lam, Inc. v. Johns-Manville Corp.,

28 718 F.2d 1056, 1065 (Fed. Cir. 1983) (If a patent owner is unable to determine the

**JOINT PROPOSED JURY INSTRUCTIONS**

1    amount of damages with precision, the court resolves doubts against the infringer);

2    Schnadig Corp. v. Gaines Mfg. Co., 620 F.2d 1166, 1169-71 (6th Cir. 1980).

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT PROPOSED JURY INSTRUCTIONS**