UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., and DOES 1-10, inclusive,<br>Defendants,<br><br>Defendants. | CASE NO. 2:20-cv-09521-FLA (Ex)<br><br>**DEFENDANT'S PROPOSED DISPUTED JURY INSTRUCTIONS**<br><br>**Hon. Fernando L. Aenlle-Rocha**<br><br>Trial Date: May 24, 2022 |

Pursuant to Local Rules 51-1 through 51-4 and the Court's Order re Jury Instructions (ECF No. 29), Defendant Walmart, Inc. hereby submits the attached set of *Disputed* Proposed Jury Instructions.

DATED: April 29, 2022

GS2Law

By: ***s/John R. Lane***_____
Robert Garson
John Lane
***Attorneys for Defendant Walmart, Inc.***

**INDEX**


| No. | Description | Title | Source | Page No. |
|---|---|---|---|---|
| | | **Disputed Instructions** | | |
| 1 | 1.5 | Claims and Defenses | 9th Cir. 1.2 | 1 |
| 2 | § 4 | Plaintiff's Patent Claim and Walmart's Defense | 2010 IPO § 4 | 2 |
| 3 | § 7.1 | Claim Construction - Generally | 2010 IPO § 7.1 | 3 |
| 4 | § 7.2 | Claim Construction – For the Case | 2010 IPO § 7.2 | 4 |
| 5 | § 158:60 | Invalidity of Patent | O'Malley § 158:60 | 5 |
| 6 | § 158:61 | Conditions That Invalidate Patent | O'Malley § 158:61 | 6 |
| 7 | § 9.2 | Scope and Content of Prior Art | 2010 IPO § 9.2 | 7 |
| 8 | § 9.3 | Anticipation- A Single Reference or a Single Product | 2010 IPO § 9.3 | 8 |
| 9 | § 9.5 | Anticipation- Offered for Sale | 2010 IPO § 9.5 | 9 |
| 10 | § 9.7 | Obviousness- | 2010 IPO § 9.7 | 10 |

| No. | Description | Title | Source | Page No. |
|---|---|---|---|---|
| | | Generally | | |
| 11 | | Willful Patent Infringement | Jury Instructions, 4.1 and AIPLA's Model Patent Jury Instructions, 13; 35 U.S.C. § 284; *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. __, 136 S. Ct. 1923 (2016); *Finjan v. Sophos*, No. 14-CV-01197 WHO (N.D. Cal. Sept. 21, 2016); 35 U.S.C. § 284. | 11-12 |

# DEFENDANT'S PROPOSED INSTRUCTIONS DISPUTED BY PLAINTIFF

## DEFENDANT'S DISPUTED INSTRUCTION NO. 1 (4)

## CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff asserts that Defendant is liable for (1) Trade Dress Infringement in violation of the Lanham Act; (2) Trade Dress Infringement under California Common Law; (3) Unfair Competition in violation of Cal. Bus. & Prof. Code § 17200 *et seq*; (4) Unfair Competition in violation of California law; and (5) Patent Infringement of U.S. Patent No. D866,941. The plaintiff has the burden of proving these claims.

The defendant denies those claims on the basis that (1) Plaintiff has failed to, and cannot, meet its burden to prove trade dress infringement in violation of the Lanham Act; (2) Plaintiff's claim for trade dress infringement under California Common Law is addressed by and fails for the same reasons as Plaintiff's claim under the Lanham Act; (3) Plaintiff's claim for unfair competition in violation of Cal. Bus. & Prof. Code § 17200 *et seq*; is preempted; (4) Plaintiff's claim for unfair competition in violation of California law is preempted; and (5) Plaintiff has failed to, and cannot, meet its burden to prove patent infringement because the asserted patent is invalid due to obviousness..

Authorities: 9th Cir. 1.5

**Defendant's Position**: Defendant proposes to add the redlined language as it comports with the model instruction and clarifies Defendant's positions in defending the claims asserted.

**DEFENDANT'S DISPUTED INSTRUCTION NO. 2 (57)**

**PLAINTIFF'S PATENT CLAIM AND WALMART'S DEFENSE**

Plaintiff asserts that Defendant has infringed one design patent: United States Design Patent No. D866,941 ["the '941 design patent"]. Plaintiff, also, contends that Defendant acted willfully. Plaintiff has the burden of proving these claims. Defendant denies these claims on the basis that the '941 Design Patent is invalid due to lack of novelty and/or obviousness of the design depicted in the drawings, which constitute the claims of a design patent.

Invalidity is a defense to infringement. Therefore, even though the USPTO examiner has allowed the claim of the '941 Design Patent, you, the jury, must decide whether the '941 Design Patent is invalid.

Authorities: 2010 IPO § 4

**Defendant's Position**: Defendant proposes to add model instructions more specific to design patent claims and invalidity defenses to those claims. In view of Plaintiff's persistent refusal to recognize Defendant's invalidity defenses it has rejected each instruction proposed by Defendant. These instructions are tailored to design patent cases and created by the Intellectual Property Owners Association, a well known and highly regarded intellectual property specialist bar association. The instruction has been tailored to the specific facts of the case.

## DEFENDANT'S DISPUTED INSTRUCTION NO. 3

## CLAIM CONSTRUCTION - GENERALLY

Before you decide whether defendant has infringed the plaintiff's patent or whether the plaintiff's patent is invalid, you will have to understand the design patent claim.
The design patent claim states that it covers the design "as shown and described." The figure drawings are intended to define the boundaries of the claimed design.

A design patent can only have one claim. However, it is permissible to illustrate more than one embodiment of a design in a single design patent application. Multiple embodiments may be presented only if they directed to substantially the same design and are not patentably distinct from one another.

Authorities: 2010 IPO § 7.1

**Defendant's Position**: Defendant proposes to add model instructions more specific to design patent claims and invalidity defenses to those claims. In view of Plaintiff's persistent refusal to recognize Defendant's invalidity defenses it has rejected each instruction proposed by Defendant. These instructions are tailored to design patent cases and created by the Intellectual Property Owners Association, a well known and highly regarded intellectual property specialist bar association.

## DEFENDANT'S DISPUTED INSTRUCTION NO. 4

## CLAIM CONSTRUCTION FOR THE CASE

It is my job as judge to provide to you the meaning of the claim of the asserted design patent. You must accept the meaning that I give you and use it when you decide whether the design patent has been infringed and whether the design patent is invalid. The scope of the claim encompasses the design's visual appearance as a whole and in particular the visual impression it creates. It does not cover any broad general design concept.

Taking into account all figures in the patent, you must consider all of the visual features of the '941 Design Patent as a whole and not merely isolated portions or individual features of the claimed design. All matter depicted in solid lines contributes to the overall appearance of the design. Any features shown in broken lines in the drawings of the '941 Design Patent and described in the specification as disclaimed are excluded from the claimed design. Failure to show features in broken lines signals inclusion of such features in the claimed design.

The various features of the overall appearance of the design may perform a function – that is the nature of an article of manufacture for which this design patent has been granted. If such functional features are illustrated in solid lines, they are part of the claimed design based on how they contribute to the overall visual appearance.

*[THE COURT NOW PROVIDES THE JURY WITH ITS MATTER OF LAW INTERPRETATION OF THE '941 DESIGN PATENT]*

Authorities: 2010 IPO § 7.2

**Defendant's Position**: Defendant proposes to add model instructions more specific to design patent claims and invalidity defenses to those claims. In view of Plaintiff's persistent refusal to recognize Defendant's invalidity defenses it has rejected each instruction proposed by Defendant. These instructions are tailored to design patent cases and created by the Intellectual Property Owners Association, a well known and highly regarded intellectual property specialist bar association. The instruction has been tailored to the specific facts of the case.

**DEFENDANT'S DISPUTED INSTRUCTION NO. 5**

**INVALIDITY OF PATENT**

Defendant claims the patent in suit is invalid because *[*of certain prior art references representing products previously sold, offered for sale and/or in public use before the effective filing date of the '941 Design Patent-In-Suit*]*. Because a patent is presumed to be valid, defendant has the burden to establish the invalidity of the patent by clear and convincing evidence.

Two of the main elements to a valid design patent are (1) novelty and (2) nonobviousness. Defendant claims the patent should not have been granted because one or more of these elements is not present. In order to prove invalidity of the patent in suit, defendant must show by clear and convincing evidence that at least one of these elements is not present.

If you find by clear and convincing evidence the patent in suit lacks novelty, or nonobviousness, then you should find the patent invalid and render a verdict for defendant.

**Authorities:** O'Malley § 158:60

**Defendant's Position**: Defendant proposes to add model instructions more specific to design patent claims and invalidity defenses to those claims. In view of Plaintiff's persistent refusal to recognize Defendant's invalidity defenses it has rejected each invalidity related instruction proposed by Defendant.

## DEFENDANT'S DISPUTED INSTRUCTION NO. 6
## CONDITIONS THAT INVALIDATE PATENT

***For Patents Filed on or After March 16, 2013***

Plaintiff 's patent may be invalid if:

The claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of Plaintiff 's invention.

The claimed invention was described in a U.S. patent, or in a published U.S. application for patent, in which the patent or application, as the case may be, names another inventor and was effectively filed before the effective filing date of Plaintiff 's invention.

Plaintiff derived the invention from another.

**Authorities: O'Malley § 158:61**

**Defendant's Position**: Defendant proposes to add model instructions more specific to design patent claims and invalidity defenses to those claims. In view of Plaintiff's persistent refusal to recognize Defendant's invalidity defenses it has rejected each invalidity related instruction proposed by Defendant.

## DEFENDANT'S DISPUTED INSTRUCTION NO. 7

## SCOPE AND CONTENT OF PRIOR ART

Prior art includes any of the following items received into evidence during trial:

1. Any design or product that was publicly known or used by others in the United States, or patented or described in a printed publication in the United States or a foreign country, before the effective filing date of the application for the patent-in-suit;

2. Patents and design registrations that were published or issued before the effective filing date of the application for the patent-in-suit;

3. Publications having a publication date before the effective filing date of the application for the patent-in-suit,;

4. Any design or product that was in public use, on sale by another party or otherwise available to the public before the effective filing date of the application for the patent-in-suit;

In this case, the Defendant contends that the following items constitute relevant prior art:

- Deckers' prior sold *Koolaburra* brand product style, the Koolaburra-Fuzzin Faux II;
- The Rasolli-Jahtnna Sandal
- The Signlinmoo Sandal
- The Sonoma Sandal
- The She Values Slipper [NB: Any other prior art item(s) admitted into evidence at trial should also be added here]

Authority: 2010 IPO § 9.2

**Defendant's Position**: Defendant proposes to add model instructions more specific to design patent claims and invalidity defenses to those claims. In view of Plaintiff's persistent refusal to recognize Defendant's invalidity defenses it has rejected each invalidity related instruction proposed by Defendant.

**DEFENDANT'S DISPUTED INSTRUCTION NO. 8**

**ANTICIPATION – A SINGLE REFERENCE OR A SINGLE PRODUCT**

A person cannot obtain a design patent if someone else already has made an identical version of the design. Simply put, the design must be new. A design that is not new or novel is said to be "anticipated by the prior art." Under the U.S. patent laws, a design that is "anticipated" is not entitled to patent protection. To prove anticipation, the Defendant must prove with clear and convincing evidence that the claimed design is not new.

In this case, the Defendant contends that the '941 Design Patent was anticipated by the Rasolli-Jhatnna sandal.

To find that a design patent is anticipated, the jury must find that, to an ordinary observer, the prior art reference when viewed as a whole is "identical in all material respects" to the overall visual impression of the claimed design. Minor differences between the prior art and the claimed design do not necessarily preclude a finding of anticipation.

You must keep this requirement in mind and apply it to each kind of anticipation you consider in this case. There are additional requirements that apply to the particular categories of anticipation that the Defendant contends apply in this case. I will now instruct you about those.

Authority: 2010 IPO § 9.3

**Defendant's Position**: Defendant proposes to add model instructions more specific to design patent claims and invalidity defenses to those claims. In view of Plaintiff's

persistent refusal to recognize Defendant's invalidity defenses it has rejected each invalidity related instruction proposed by Defendant.

**DEFENDANT'S DISPUTED INSTRUCTION NO. 9**

**ANTICIPATION – OFFERED FOR SALE**

An inventor may not obtain a patent if he offered his design for sale before he filed his patent application. An "offer to sell" is an invitation to a buyer to conclude a binding agreement. An "offer to sell" need not include a purchase price. The minimum that an "offer to sell" requires is a description of the goods offered and quantity terms. A claimed design is considered to be "on-sale," when an embodiment of the design was sold or offered for sale more than 1-year before the effective filing date to which the claim is entitled and the sale or offer to sell was primarily for profit rather than for experimental purposes.

Defendant asserts that the Plaintiff's "Koolaburra" sandal was offered for sale and/or sold more than one-year before the effective filing date of the '941 Patent (which was September 12, 2018.

To find that a design patent is anticipated, the jury must find that to an ordinary observer, the claimed design and the "on sale" design are identical in all material respects."

Authority: 2010 IPO § 9.5

**Defendant's Position**: Defendant proposes to add model instructions more specific to design patent claims and invalidity defenses to those claims. In view of Plaintiff's persistent refusal to recognize Defendant's invalidity defenses it has rejected each invalidity related instruction proposed by Defendant.

## DEFENDANT'S DISPUTED INSTRUCTION NO. 10

## OBVIOUSNESS – GENERALLY

Defendant contends that the claimed design of the '941 Design Patent is invalid because the claimed design is "obvious." A claimed design is invalid as "obvious" if it would have been obvious to a designer of ordinary skill who designs articles of the type involved. You must determine if the combination of a primary reference with a closely related secondary reference would suggest the claimed design to a designer of ordinary skill. More specifically, you must determine if a designer of ordinary skill in these designs would have combined these references to create the same overall visual appearance as the claimed design. If the combined references suggest only components of the claimed design, but not its overall appearance, the design is non-obvious. In order to be a proper primary reference, it must teach a specific design (not a design concept) which looks basically the same as the claimed design.

Unlike anticipation, which allows consideration of only one item of prior art, obviousness may be shown by considering more than one item of prior art. However, in order to combine two prior art references, they must be so related that the appearance of certain ornamental features in one would suggest the application of those features to the other. The following factors must be evaluated to determine whether defendant has established that the claimed design is obvious:

1. the scope and content of the prior art relied upon by the defendant
2. the difference or differences, if any, between the design of the '941 Design Patent that the defendant contends is obvious and the prior art;
3. the level of ordinary skill in the art at the time the design of the '941 Design Patent was made;
4. if the ordinary observer would find the two designs are substantially the same; and
5. additional considerations, if any, that indicate that the design was obvious or not obvious.

Each of these factors must be evaluated, although they may be analyzed in any order. The defendant must prove obviousness by clear and convincing evidence.

In this case, the Defendant contends that the '941 Design Patent is obvious in view of one or more of the following items of prior art admitted into evidence:
[NB: Any prior art item(s) admitted into evidence at trial should be identified here]

Authorities: 2010 IPO § 9.7

**Defendant's Position**: Defendant proposes to add model instructions more specific to design patent claims and invalidity defenses to those claims. In view of Plaintiff's persistent refusal to recognize Defendant's invalidity defenses it has rejected each invalidity related instruction proposed by Defendant.

**DEFENDANT'S DISPUTED INSTRUCTION NO. 11**

**WILLFUL PATENT INFRINGEMENT**

Plaintiff contends Defendant willfully infringed Plaintiff's patent-in-suit.

To prove willful infringement, Plaintiff must first persuade you by a preponderance of the evidence that Defendant infringed Plaintiff's design patent.

In addition, to prove willful infringement, Plaintiff must persuade you that it is more likely than not that after learning about Plaintiff's patent, Defendant acted with reckless disregard of Plaintiff's patent.

To demonstrate such "reckless disregard," Plaintiff must persuade you that Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of a valid and enforceable patent.

In deciding whether Defendant acted with reckless disregard for Plaintiff's patent, you should consider all of the facts surrounding the alleged infringement including, but not limited to, the following:

(1) Whether Defendant's infringing conduct was egregious, which can include conduct that is wanton, malicious, in bad faith, consciously wrongful or flagrant and

(2) Whether Defendant after having actual knowledge of the design patent asserted, intentionally copied the patented design, characteristic of a pirate, with no doubts about the validity of the subject patent or any notion of a defense .

Any evidence of willful infringement you consider, and any determination you make concerning willful infringement, should be put out of your mind completely in the award of damages for patent infringement.

Authority: Federal Jury Practice and Instructions, § 158:94; IPO Model Design Patent Jury Instruction No. 8.6 adapted from National Jury Instruction Project's Model Patent

Jury Instructions, 4.1 and AIPLA's Model Patent Jury Instructions, 13; 35 U.S.C. § 284; *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. __, 136 S. Ct. 1923 (2016); *Finjan v. Sophos*, No. 14-CV-01197 WHO (N.D. Cal. Sept. 21, 2016);
35 U.S.C. § 284.

**Defendant's Position**: Defendant proposes to modify the instruction for willful infringement to more specifically follow more recent case law following the Supreme Court decision in *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. __, 136 S. Ct. 1923 (2016); and to emphasize that a finding of willfulness should only be found in the most extreme cases of intentional infringement (not present in this case).