Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
**BLAKELY LAW GROUP**
1334 Parkview Ave., Suite 280
Manhattan Beach, CA. 90266
Telephone (310) 546-7400
Facsimile (310) 546-7410
*Attorneys for*
*Deckers Outdoor Corporation*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>WALMART INC.; and DOES 1-10, inclusive,<br><br>　　　　　　　Defendants. | Case No. 2:20-cv-09521 FLA-E<br><br>**Hon. Fernando L. Anelle-Rocha**<br><br>**STIPULATION SETTING SCHEDULE ON THE DISCLOSURE OF EXPERT REPORTS AND MOTION FOR SUMMARY JUDGMENT, WHICH WILL RUN FROM THE DATE OF THIS COURT'S RULING ON DECKERS' MOTION TO STRIKE (ECF No. 120)** |

　　　　Plaintiff Deckers Outdoor Corporation ("Deckers" or "Plaintiff") and Defendant Walmart Inc., ("Walmart" or "Defendant"), by and through their respective counsel of record, hereby stipulate and agree as follows:

　　　　WHEREAS on April 9, 2021, the Court issued an Order on Walmart's Motion for Summary Judgment. (ECF No. 112). In that Order, the Court re-opened

discovery on Deckers' Fifth Cause of Action for Patent Infringement of the '941 Patent and set a schedule for: a) infringement and non-infringement contentions, b) invalidity and validity contentions, and c) a motion for summary judgment, wherein the opening and opposing briefs were limited to 3,500 words. However, the Order did not set forth a schedule for the exchange of opening and rebuttal expert reports or Claim Construction Proceedings;

WHEREAS on April 19, 2024, Deckers filed a First Amended Complaint (ECF No. 113);

WHEREAS on May 3, 2024, Walmart filed its Amended Answer to the First Amended Complaint (ECF No. 114);

WHEREAS on June 7, 2024, Deckers filed a Motion to Strike Walmart's Affirmative Defenses (ECF No. 120). This Court has yet to rule on Deckers' Motion to Strike;

WHEREAS the only other continuance requested in this case was back on February 2, 2022, the Parties filed a stipulation to extend the expert disclosure and dispositive motion cutoff. ECF No. 50. The requested modification of the schedule is not being sought for purposes of delay, and the Parties agree that the requested modification will not prejudice either Party;

WHEREAS good cause exists for the foregoing reasons;

WHEREAS a ruling on Deckers' Motion to Strike will determine what affirmative defenses Walmart may raise in this litigation, which will have an impact on expert discovery and Walmart's Motion for Summary Judgment;

WHEREAS the Court has not set a schedule for Claim Construction Proceedings pursuant to N.D. Cal. Patent L.R. 4-1 – 4-7;

WHEREAS an order setting forth a schedule for expert disclosure will streamline the case and ensure neither party is prejudiced.

//

//

Based on the foregoing showing of good cause, and subject to approval by this Court,

IT IS HEREBY STIPULATED that the dates set forth in this Court's Order (ECF No. 112) are modified as follows:

A) The schedule will run from the Court's ruling on Deckers' motion to strike (ECF No. 120);

B) If the Court allows Walmart to include new affirmative defenses other than obviousness and anticipation (ECF No. 112) and permits motions for summary judgment by Walmart on those defenses the opening and opposition briefs can be 25-pages instead of the 3,500 words.

C) Once the Court makes this initial ruling, the following will be the schedule on expert disclosures and Walmart's Motion for Summary Judgment:

1. Initial Expert Disclosures on Issues Upon Which the Party has the Burden of Proof are Due fourteen (14) days after this Court Rules on Deckers' Motion to Strike;
2. Rebuttal Reports are due thirty (30) days after Initial Reports;
3. Expert Discovery closes fourteen (14) days after Rebuttal Reports;
4. Walmart's MSJ shall be filed seven (7) days after the close of expert discovery;
5. Deckers Opposition to Walmart's MSJ is due thirty (30) days after the filing of the MSJ;
6. Walmart's optional reply brief is due fourteen (14) days after the filing of Deckers' Opposition.

The amendment of the above dates will not require any further amendments to the remaining dates set forth in the Court's Order.

Dated: July 31, 2024                                   Respectfully submitted,

By: */s/Brent Blakely*                                   By; */s/ Robert Garson* _____
Brent H. Blakely                                              Robert Garson
Jamie Fountain                                               GS2LAW
BLAKELY LAW GROUP

*Attorneys for Plaintiff*                                    Benjamin Taylor (SBN 240636)
*Deckers Outdoor Corporation*                       THE LAW OFFICES OF BENJAMIN TAYLOR

                                                                        *Attorneys for Defendant*
                                                                        *Walmart, Inc.*

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Brent H. Blakely, attest that Robert Garson, counsel for Defendant, Walmart, Inc., provided his authority and concurrence to file the instant document and place their electronic signature on the document as set forth above.

DATED:   July 31, 2024          BLAKELY LAW GROUP

By:   */s/ Brent H. Blakely*
Brent H. Blakely
*Attorney for Plaintiff*