**THE LAW OFFICES OF BENJAMIN TAYLOR**
BENJAMIN TAYLOR (SBN 240636)
btaylor@taylorlawfirmpc.com
1880 Century Park East, Suite 714
Los Angeles, CA, 90067
Tel: (310) 201 -7600
Fax: (310) 201-7601
OF COUNSEL
**GS2 LAW PLLC**
ROBERT D. GARSON (PRO HAC VICE)
MICHAEL M. STEINMETZ (PRO HAC VICE)
rg@gs2law.com
20803 Biscayne Blvd, 4th Floor
Aventura, Fl 33154
Tel: (305) 780-5212
Fax: (347) 537-4540
**Attorneys for Defendant Walmart, Inc**.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>WALMART INC.; and DOES 1-10, inclusive<br><br>Defendants. | Case No. 2:20-cv-09521 FLA-E<br><br>**DEFENDANT'S *EX PARTE* APPLICATION TO MODIFY ORDER FOR THE LAST DATE FOR DISCOVERY MOTIONS AND MOTION FOR SUMMARY JUDGMENT** |

PLEASE TAKE NOTICE THAT Defendant Walmart Inc. ("Walmart" or "Defendant"), by and through their counsel of record, apply *ex parte* pursuant to Central District of California Local Rule 7-19 for an order modifying the schedule of this Court of April 9, 2024 [ECF 112] for the last date for discovery motions and the dated for the filings relating to Walmart's motion for summary judgment.

- 1 -

*EX PARTE APPLICATION*

Defendant makes this application under Federal Rules of Civil Procedure 6(b)(1)(A) and 16(b)(4) on the ground that good cause exists to modify the deadlines set in this Court's April 9, 2024 Order for the reasons set forth in the attached Memorandum of Points and Authorities and the Declaration of Defendant's counsel.

Good cause exists for filing this *ex parte* application because Defendant could not have filed a regularly noticed motion and have had it heard prior to the very deadlines that Defendant seeks relief from. This timing does not arise from any fault of Defendant. Rather, the fault lies squarely with Plaintiff and Plaintiff's counsel, who failed to produce witnesses in a timely manner despite repeated requests, and delayed the disclosure of critical information. Consequently, the timeframe within which Defendant must prepare its Motion for Summary Judgment has been significantly compressed, leaving no alternative but to seek expedited relief.

For the above reasons, Defendant respectfully requests that the Court grant Defendant's *ex parte* application to modify the fact and expert deadline and the deadline for motion for summary judgment.

Defendant submits herewith a proposed order modifying the Order.

## NOTICE OF *EX PARTE* APPLICATION

On August 11, 2024, counsel for the Defendant informed counsel for Plaintiff that it intended to move for *ex parte* relief on the above stated grounds. Pursuant to Central District of California Local Rule 7-19 and this Court's Standing Order, Defendant provides the following contact information for Plaintiff Deckers' counsel:

Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Jamie Fountain (SBN 316567)
jfountain@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

# STATEMENT OF OPPOSING COUNSEL'S POSITION

Pursuant to Central District of California Local Rule 7-19.1, counsel for Defendant Walmart certifies that it made reasonable, good faith efforts on August 1, 2024, August 2, 2024, August 5, 2024, August 8, 2024, August 9, 2024, and August 12, 2024 to advise counsel for Deckers of the dates and substance of the instant *ex parte* application, which has been delayed out of respect for opposing counsel's vacation with his family.

Counsel for Deckers indicated that he opposed the application, in the following terms: "Deckers' counsel opposes this *ex parte* application, which Walmart's counsel chose to file on a day that Deckers' counsel was on vacation in Hawaii with his family." It should be noted in the July 31, 2024 Joint Stipulation (Dkt. 142), Plaintiff agreed to the extension of the deadlines set forth in this Court's April 9, 2024 Order.

Dated: August 15, 2024.

By: */s/ Robert Garson*
Robert Garson
Michael Steinmetz
***Attorneys for Defendant Walmart, Inc.***
GS2Law
20803 Biscayne Blvd., #405
Aventura, FL 33180
rg@gs2law.com

**The Law Offices of Benjamin Taylor**
Benjamin Taylor (SBN 240636)
1880 Century Park East, Suite 714,
Los Angeles, CA 90067

**THE LAW OFFICES OF BENJAMIN TAYLOR**
BENJAMIN TAYLOR (SBN 240636)
btaylor@taylorlawfirmpc.com
1880 Century Park East, Suite 714
Los Angeles, CA, 90067
Tel: (310) 201-7600
Fax: (310) 201-7601
OF COUNSEL
**GS2 LAW PLLC**
ROBERT D. GARSON (PRO HAC VICE)
MICHAEL M. STEINMETZ (PRO HAC VICE)
rg@gs2law.com
20803 Biscayne Blvd, 4th Floor
Aventura, Fl 33154
Tel: (305) 780-5212
Fax: (347) 537-4540
**Attorneys for Defendant Walmart, Inc**.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>WALMART INC.; and DOES 1-10, inclusive<br><br>Defendants. | Case No. 2:20-cv-09521 FLA-E<br><br>**MEMORADUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S *EX PARTE* APPLICATION TO MODIFY ORDER RE DISCLOSURE OF EXPERT REPORTS AND MOTION FOR SUMMARY JUDGMENT** |

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     INTRODUCTION**

Defendant Walmart Inc. seeks *ex parte* relief to amend the April 9, 2024 Order (Dkt. No. 112) (the "Order") for the limited purpose of modifying imminent existing case deadlines for the last date of hearing for discovery disputes, as well as the deadline

for filing a motion for summary judgment. Pursuant to the Court's Order, all the last date to hear motions regarding fact and expert discovery is the August 23, 2024. (ECF No. 112.) The last day for Defendant to file its Motion for Summary Judgment is August 30, 2024. *Id.* On July 31, 2024, the parties filed a Joint Stipulation to modify the Order and extend the deadlines. (ECF No. 142).

The Court has the authority to amend the Order for the requested limited purpose, as good cause exists because Defendant would be irreparably prejudiced if not permitted to complete fact discovery due to just recently revealed information, the limited availability and repeated refusal to produce Plaintiff's witnesses, and the subsequent compressed deadline for Defendant to file its Motion for Summary Judgment. *F.R.C.P.* 16(b)(4); *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F.Supp. 488, 492(C.D. Cal. 1995).

Pursuant to the Court's Order, the parties attempted to work diligently to complete discovery in a timely fashion. However, despite repeated efforts, Plaintiff's counsel consistently delayed providing deposition dates for key witnesses, including Esther Kim and Mark Tran. (Declaration of Robert D. Garson ¶ 3) ("Garson Decl"). When Ms. Kim finally appeared for her deposition on August 8, 2024, it was after weeks of evasion, and her initial failure to appear despite being properly subpoenaed only compounded the delay. *Id.* ¶ 4.

Similarly, Plaintiff obstructed the availability of Mark Tran, the product developer of Plaintiff's design, offering his deposition only on August 19, 2024, after

weeks of delay, and continues to refuse to produce other key witnesses, including Marta Silva, the Product Line Manager of Plaintiff's design. *Id.* Both of these witnesses were part of the planning and development of the design shown on the '941 Patent even before the designer was involved in the process. These delays have not only disrupted the deposition process but have also revealed significant gaps in the discovery provided, necessitating a thorough review of the newly disclosed information, which has only come to light in the final stages of discovery. Garson Decl. ¶¶ 6-7. Plaintiff's counsel has confirmed their opposition to this *ex parte* application. *Id.* at ¶ 14; See Exh. A. Thus, this *ex parte* application is both necessary and proper.

## II. ARGUMENT

Federal Rule of Civil Procedure 6(b) authorizes a court to enlarge the time within which a party may do any act required by the rules. If a request for such relief is made before the expiration of the time originally prescribed to act, it may be made without notice to the opposing party. *See* Fed. R. Civ. P. 6(b)(1)(A). Moreover, it is within the district court's inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.,* 299 U.S. 248, 254 (1936); *see also Gold v. Johns-Manville Sales Corp.,* 723 F.2d 1068, 1077 (3d Cir. 1983) (holding that every court has power to manage cases on its docket and to ensure fair and efficient adjudication of the matter at hand). This discretion is consistent with the district court's mandate to construe and apply the Federal Rules of Civil Procedure to "secure the just, speedy, and inexpensive

determination of every action." *See* Fed. R. Civ. P. 1.  To modify a court-issued scheduling order, the party seeking modification must obtain leave of court and demonstrate good cause for the request.  *See* Fed. R. Civ. P. 16(b).  The primary focus is upon the moving party's reasons for modification.  *Johnson v. Mammoth Recreations, Inc.,* 915 F.2d 604, 609 (9th Cir. 1992).

To obtain ex parte relief, the moving party must show (1) there is a threat of immediate or irreparable injury; (2) there is danger that notice to the other party may result in the destruction of evidence or the party's flight; or (3) the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion (i.e., to file an overlong brief or shorten the time within which a motion may be brought).  *Id*.  It must be established that the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect.  *Mission Power Engineering Co. v. Continental Cas. Co.* (C.D. Cal. 1995) 883 F.Supp. 488, 492.

**A.    Good Cause Exists to Grant the Requested Relief.**

*1.    Good Cause Exists for the Court to allow a Limited Modification to its Order for the Purpose of Completing Fact Discovery and extending Defendant's time to file its Motion for Summary Judgment*

The Court has broad discretion to stay discovery as part of its inherent powers to control the proceedings in a manner which will promote economy of time and effort for itself, for counsel, and for litigants.  *See* Fed. R. Civ. P. 26(c)(1); *Little v. Seattle,* 863 F.2d 681, 685 (9th Cir. 1988) (district courts may exercise "wide discretion in

controlling discovery."). Federal Rule of Civil Procedure 26(c) provides that "for good cause shown," a court may enter an order to stay discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden and expense." Fed. R Civ. P. 26(c)(2). Additionally, the Court has the authority to vacate or modify a case schedule for good cause. *See* Fed. R. Civ. P. 16(b), (c).

At this stage, the proposed filing would necessitate the Court amending its Order; however, good cause exists to allow this limited modification of the Order as Defendant would be unfairly prejudiced if the requested leave was not granted. The Defendant has diligently conducted discovery but were unable to anticipate Plaintiff's obstruction, limited availability from its witnesses, experts, and counsel. Defendant acted in good faith in cooperating with Plaintiff's limited availability leading up to depositions including re-noticing the depositions due to unavailability.

Furthermore, on or around July 12, 2024, counsel for Defendant met and conferred with counsel for Plaintiff who was agreeable to extend the fact and expert discovery deadlines. The parties drafted and filed a Joint Stipulation (Dkt. 142), but this Court has yet to issue a ruling, and the refusal of Plaintiff's counsel without citing any reason whatsoever to the moving of such deadlines by a month has forced Defendant to act swiftly[1] in bringing this *ex parte* application to protect their right to complete discovery and adequately prepare to file its Motion for Summary Judgment.

---

[1] This motion would have been brought on Monday August 2, 2024 but has been filed today out of a courtesy afforded to Plaintiff's counsel's holidays.

- 9 -

*EX PARTE APPLICATION*

Lastly, Plaintiff will not be unfairly prejudiced as this one-month extension merely allows for the completion of already anticipated discovery, which Plaintiff has been aware of and agreed to previously. This application would simply restore balance by providing Defendant the necessary time to analyze and incorporate critical evidence that was delayed through no fault of its own.

2. *The Requested Relief Would Require Minimal Adjustment to the April 9, 2024 Order.*

The granting of Defendant's request would have minimal effect on judicial proceedings and should not impact the remainder of the Court's Order. If the requested relief is granted, Defendant will complete fact and expert discovery at the first available opportunity upon conferring with Plaintiff's counsel.

## III.   CONCLUSION

For the reasons set forth herein, Defendant respectfully requests this Court grant this *ex parte* application.

Dated: August 15, 2024

By: */s/ Robert Garson*
Robert Garson
Michael Steinmetz
***Attorneys for Defendant***
***Walmart, Inc.***
GS2Law
20803 Biscayne Blvd., #405
Aventura, FL 33180
rg@gs2law.com

**The Law Offices of Benjamin Taylor**
Benjamin Taylor (SBN 240636)
1880 Century Park East, Suite 714,
Los Angeles, CA 90067