UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WAL-MART STORES, INC., *et al.*,<br><br>　　　　　Defendants. | Case No. 2:20-cv-09521-FLA (Ex)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE [DKT. 120]** |

1

# RULING

Before the court is Plaintiff Deckers Outdoor Corporation's ("Plaintiff" or "Deckers") Motion to Strike Defendant Walmart Inc.'s ("Defendant" or "Walmart") Affirmative Defenses. Dkt. 120 ("Mot."). Defendant opposes the motion. Dkt. 127 ("Opp'n"). On July 3, 2024, the court found this matter appropriate for resolution without oral argument and vacated the hearing set for July 5, 2024. Dkt. 137; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons stated herein, the court GRANTS in part the Motion and STRIKES Defendant's first, second, third, tenth, eleventh, twelfth, fourteenth, and fifteenth affirmative defenses. The Motion is otherwise DENIED.

# BACKGROUND

On October 16, 2020, Plaintiff filed the Complaint in this action, asserting five causes of action against Wal-Mart for: (1) trade dress infringement in violation of the Lanham Act, 15 U.S.C. § 1051, *et seq.*; (2) trade dress infringement in violation of California common law; (3) unfair competition in violation of California Business and Professions Code § 17200, *et seq.* (the California Unfair Competition Law, "UCL"); (4) unfair competition in violation of California common law; and (5) infringement of U.S. Patent No. D866,941 S (the "D'941 Patent"). Dkt. 1 ("Compl."). Plaintiff alleges Defendant designs, manufactures, imports, distributes, advertises, markets, offers for sale, and sells footwear products that infringe upon Deckers' claimed "Fluff Yeah Trade Dress" and the D'941 Patent. *Id.* ¶ 12.

On January 25, 2021, Defendant filed its Answer to the Complaint, asserting five affirmative defenses:

1. Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted, including, without limitation because it fails to identify any particular products as Accused Products.

2. Defendant has not used Plaintiff's purported designs as trade dress in commerce.

3. Plaintiff's trade dress is functional.

    4. Plaintiff's claimed trade dress is non-distinctive.

    5. Defendant has not infringed and is not infringing on any valid claim of the [D]'941 Patent.

Dkt. 20 at 7.

On April 9, 2024, the court issued an Order, granting in part and denying in part Defendant's Motion for Summary Judgment (the "MSJ Order"). Dkt. 112 ("MSJ Order").[1] In relevant part, the court found the Complaint did not accuse or identify any specific product(s) as infringing Deckers' claimed "Fluff Yeah Trade Dress" or the D'941 Patent. *Id.* at 4. As Defendant did not move for summary judgment on this basis, the court granted Plaintiff leave to file a First Amended Complaint ("FAC") that identified the "KK Sandal" as the product accused. *Id.* at 5. The court also granted Defendant leave to include affirmative defenses of patent invalidity due to obviousness and anticipation based on prior art in its Answer to the FAC, and reopened in part fact and expert discovery as to Plaintiff's fifth cause of action for design patent infringement and Defendant's affirmative defenses thereto. *Id.* at 9.

On April 19, 2024, Plaintiff filed the FAC, asserting the same five causes of action as the Complaint. Dkt. 113 ("FAC"). On May 3, 2024, Defendant filed its Answer and Affirmative Defenses to the FAC ("Answer to the FAC"), asserting fifteen affirmative defenses:

    1. Plaintiff's FAC fails to state a claim against Defendant upon which relief may be granted, including, without limitation because it still fails to identify a particular product as Accused Products….

    2. Plaintiff's claimed trade dress lacks secondary meaning.

    3. Plaintiff no longer sells products containing the claimed trade dress and therefore possesses no protectible interest.

    4. Defendant has not used Plaintiff's purported designs as trade dress in commerce.

---

[1] The MSJ Order is incorporated into this Order by reference.

3

5. Plaintiff's trade dress is functional.

6. Plaintiff's claimed trade dress is non-distinctive.

7. Defendant has not infringed and is not infringing on any valid claim of the [D]'941 Patent.

8. The claims of the [D]'941 Patent are invalid under 35 U.S.C. §102 for anticipation. One or more claims of the [D]'941 Patent are present in prior art references that were available sufficiently prior to as to render each asserted claim and patent anticipated under said statute.

9. The claims of the [D]'941 Patent are invalid under 35 U.S.C. § 103 for obviousness. One or more claims of the [D]'941 Patent is obvious in view of the prior art.

10. Plaintiff has engaged in conduct involving the [D]'941 Patent with anticompetitive effect and has improperly sought to expand the physical scope of the patent grant by mismarking products with the [D]'941 Patent when such products fall outside of the scope and claims of the [D]'941 Patent….

11. The claims of the [D]'941 patent are unenforceable due to Plaintiff's inequitable conduct. …

12. Plaintiff is barred by the doctrine of unclean hands from receiving some or all of the relief requested in its FAC, or any relief at all.

13. Defendant alleges that the [D]'941 patent is invalid, pursuant to 35 U.S.C. § 112, for failure to provide an adequate written description of the invention and/or because of indefiniteness.

14. Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law. …

15. Plaintiff's claims for unfair competition are barred for failure to state a cause of action, including failure to plead that Defendant subjectively and knowingly intended to confuse buyers of a competitive product; (ii) consumers were likely to be confused; and (iii) the Defendant thereby caused plaintiff a competitive injury.

Dkt. 114 at 9–13.

/ / /

On June 7, 2024, Plaintiff filed the subject Motion, requesting the court strike all of Defendant's affirmative defenses. Mot.

## DISCUSSION

### I. Legal Standard

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) ("Rule 12(f)"). "The function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal quotation marks and ellipses omitted). The grounds for a motion to strike "must appear on the face of the pleading under attack or from matter which the court may judicially notice." *SEC v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995).

"Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *Fed. Deposit Ins. Corp. v. KMG Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987) (citing *Gomez v. Toledo*, 446 U.S. 635, 640–41 (1980)). An affirmative defense "may be insufficiently pleaded where it fails to provide the plaintiff with fair notice of the defense asserted." *Vogel v. Huntington Oaks Del. Partners, LLC*, 291 F.R.D. 438, 440 (C.D. Cal. 2013) (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)). An affirmative defense "may also be insufficient as a matter of law where there are no questions of fact, … any questions of law are clear and not in dispute, and … under no set of circumstances could the defense succeed." *Id.* (citation omitted).

### II. Analysis

First, Plaintiff moves to strike Defendant's affirmative defenses 2, 3, and 10–14 on the grounds that these affirmative defenses exceed the scope of leave to amend allowed under the MSJ Order. Mot. at 6–10. Defendant responds the court limited

only the scope of leave to amend granted to Plaintiff, and did not impose any limits on Defendant. Opp'n at 7–8. The court disagrees with Defendant.

The MSJ Order granted Plaintiff leave to identify the "KK Sandal" as the product accused and conform the pleading to the Order, while specifying that "Plaintiff shall not amend the Complaint otherwise to add new claims, accused products, or allegations." MSJ Order at 24. The court further ordered that "Defendant's Answer to the FAC … may include affirmative defenses of patent invalidity due to obviousness and anticipation based on prior art," and reopened fact and expert discovery as to the fifth cause of action for infringement of the D'941 Patent only. *Id.* The court did not grant Defendant leave to add new affirmative defenses that expanded the scope of the action.

Accordingly, the court GRANTS in part the Motion and STRIKES the tenth, eleventh, and twelfth affirmative defenses for exceeding the scope of leave allowed. *See* Fed. R. Civ. P. 12(f).[2] The Motion is DENIED in part as to the second, third, thirteenth, and fourteenth affirmative defenses, as these are reasonably related to issues raised by the parties in connection with the Motion for Summary Judgment.

Second, Plaintiff moves to strike affirmative defenses 1, 2, 3, 14, and 15 on the grounds that they are not affirmative defenses and "merely challenge an aspect of Plaintiff's case-in-chief…." Mot. at 11–13. The Ninth Circuit has recognized "[a] defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense," and, therefore, does not need to be pleaded in an answer. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).

///

---

[2] Defendant contends the Motion is untimely, as it was not filed within 21 days of the filing of the Answer to the FAC. Opp'n at 6. The court has the inherent authority to enforce its own orders. *Shillitani v. United States*, 384 U.S. 364, 370 (1966). The court, therefore, will not deny the Motion as to the tenth, eleventh, and twelfth affirmative defenses on this basis.

The court, therefore, STRIKES the first, second, third, fourteenth, and fifteenth affirmative defenses, as they do not qualify legally as affirmative defenses. Nevertheless, as these "affirmative defenses" constitute challenges to Plaintiff's case-in-chief that need not be pleaded, Defendant may challenge the sufficiency of Plaintiff's claims on these bases in further proceedings or at trial. *See* Fed. R. Civ. P. 12(h)(2).

Third, Plaintiff moves to strike affirmative defenses 4–9 and 12–13 on the grounds that Defendant failed to provide Plaintiff with fair notice of these affirmative defenses. Mot. at 13–15. Viewing the Answer to the FAC in context with the FAC and the record, the court finds Defendant provides fair notice of these affirmative defenses. *See Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) ("[T]he 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'"). The Motion is DENIED in part on this basis.

## CONCLUSION

For the aforementioned reasons, the court GRANTS in part the Motion and STRIKES Defendant's first, second, third, tenth, eleventh, twelfth, fourteenth, and fifteenth affirmative defenses. The Motion is otherwise DENIED.

IT IS SO ORDERED.

Dated: November 4, 2024

FERNANDO L. AENLLE-ROCHA
United States District Judge