**NESBIT LAW GROUP APC**
ALAN NESBIT (SBN 310466)
anesbit@nesbitlawgroup.com
8383 Wilshire Blvd., Suite 800
Los Angeles, CA 90211
Tel: (323) 456 -8605
OF COUNSEL
**GS2 LAW PLLC**
ROBERT D. GARSON (PRO HAC VICE)
MICHAEL M. STEINMETZ (PRO HAC VICE)
rg@gs2law.com
20803 Biscayne Blvd, 4th Floor
Aventura, Fl 33154
Tel: (305) 780-5212
Fax: (347) 537-4540
**Attorneys for Defendant Walmart, Inc**.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>WALMART INC.; and DOES 1-10, inclusive<br><br>Defendants. | *Case No. 2:20-cv-09521 FLA-E*<br><br>**DECLARATION OF ROBERT GARSON IN SUPPORT OF MOTION FOR RECONSIDERATION** |

I, Robert Garson, declare as follows:

1. I am a partner with the law firm of GS2Law PLLC and counsel to Defendant Walmart, Inc. ("Defendant" or "Walmart") in this action. I am admitted *pro hac vice* to appear before this Court in this matter. I am also an attorney duly licensed to practice before all courts of the State of New York, Florida, the District of Columbia and as a barrister in England and Wales. I have knowledge of the facts set forth herein and would testify to the same if called upon to do so.

2. I submit this declaration in support of the Defendant's Motion for Reconsideration ("Motion"). The Motion seeks partial reconsideration of this Court's Order Denying Defendant's Motion For Leave to Amend Invalidity Contentions ("Order") [ECF No. 177]. Specifically, Defendant seeks reconsideration of that part of the Order which denies the request to amend its invalidity contentions to include a prior art reference, namely the PDF file bearing Bates Nos. DOC002543-50 ("Addison Materials"). [ECF No. 168-3].

3. The Motion is being filed pursuant to Local Rule 7-18, based upon a manifest showing of a failure to consider material facts presented to the Court.

4. The patent that is the subject of this action, the '941 Patent, never cited Addison as prior art. A true and correct copy of the patent is attached hereto as **Exhibit 1**.

**DECLARATION OF ROBERT GARSON IN SUPPORT OF MOTION FOR RECONSIDERATION**

5. On January 6, 2022, Walmart deposed Lisa Bereda, Deckers' corporate representative, and raised questions about, *inter alia*, prior art. At no point did Ms. Bereda identify the Addison Materials as any kind of precursor to the Accused Product. She was also deposed in August 8, 2024, and again she never identified the Addison Materials as any kind of precursor to the Accused Product. True and correct copies of the depositions of Lisa Bereda are attached hereto as **Composite Exhibit 2**.

6. On June 9, 2021, Walmart served Deckers with a request for production, including a request for all prior art to the '941 Patent known to Deckers, the inventor of the '941 Patent, and prosecuting attorneys and agents for the '941 Patent. Deckers responded citing various objections, without identifying any documents, and stating "Plaintiff will produce any relevant and non-privileged documents found in its possession, custody, or control in response to this Request following a reasonable search in proportion to the needs of the case."

7. Shortly before the initial discovery deadline, on January 5, 2022, Deckers produced the Addison Materials.

8. After much effort, already outlined in the Motion for Leave to Amend Invalidity Contentions, Walmart was able to depose Esther Kim on August 8, 2024. At her deposition, in response to specific questions, Kim testified that the reason why the factory would know certain specifications that could not be

ascertained from the drawings produced, such as the shape of the sole, was because "this sole was something that we already had in existence." When asked, she responded that it was "on another shoe" called the Addison. She then admitted that this style uses the same mid-sole and sole. The pertinent portions of the deposition of Esther Kim is attached hereto as **Exhibit 3**.

9. Prior to filing this Motion, on November 7, 2024, the undersigned counsel conferred with counsel for Deckers in detail, over the phone, regarding the relief requested herein. Counsel then confirmed in writing that the requisite meet-and-confer conference was had, to each party's satisfaction. Decker's counsel did not agree to the relief requested herein.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 15th day of November, 2024 at Miami, Florida.

/s/ Robert Garson
Robert Garson

3

**DECLARATION OF ROBERT GARSON IN SUPPORT OF MOTION FOR RECONSIDERATION**